DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Tel.: (212) 450-4000
Brian M. Resnick
Angela M. Libby
Stephen D. Piraino
Richard J. Steinberg
Sihui (Sophy) Ma (*pro hac vice* pending)
Mordechai Rivkin

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SLEEP NUMBER CORPORATION, *et al.*,** | **Case No. 26-11399 (    )** |
| **Debtors.**[1] | **(Joint Administration Requested)** |

### MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER IMPLEMENTING CERTAIN NOTICE AND CASE MANAGEMENT PROCEDURES

Sleep Number Corporation and its direct and indirect subsidiaries (collectively, the "**Debtors**," the "**Company**," or "**Sleep Number**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby file this *Motion of the Debtors for Entry of an Order Implementing Certain Notice and Case Management Procedures* (this "**Motion**"). This Motion is supported by the *Declaration of Amy O'Keefe in Support of Debtors' Chapter 11 Proceedings and First Day Pleadings* (the "**First Day**

---

[1] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Sleep Number Corporation (7886); Select Comfort Retail Corporation (9757); Select Comfort Canada Holding Inc. (4273); Select Comfort SC LLC (5901); and Sleep Number Health Corporation (2499). The Debtors' mailing address is 1001 Third Avenue South, Minneapolis, MN 55404.

**Declaration**") filed contemporaneously herewith and incorporated herein by reference.  In further support of this Motion, the Debtors respectfully state as follows:

### Relief Requested

1.      By this Motion, and pursuant to sections 102(l), 105, and 1514 of title 11 of the United States Code (the "**Bankruptcy Code**"), rules 1015(c), 2002(m), 9007, and 9036 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rules 5005-2 and 9013-2 of the Local Bankruptcy Rules for the Southern District of New York (the "**Court**") (the "**Local Rules**"), the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), which sets out certain notice, case management, and administrative procedures that the Debtors submit will facilitate the orderly administration of the Chapter 11 Cases and reduce the burden on the Debtors and this Court without compromising the rights afforded to parties in interest with respect to notice and other procedures.

### Jurisdiction and Venue

2.      The United States Bankruptcy Court for the Southern District of New York has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.).

3.      This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).  The Debtors confirm their consent to the entry of a final order by the Court in connection with this Motion.  Venue of the Chapter 11 Cases and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

4.      On June 12, 2026 (the "**Petition Date**"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors remain in possession of their

property and continue to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request has been made for the appointment of a trustee or examiner, and no statutory committee has been appointed in the Chapter 11 Cases. The Debtors have filed a motion requesting joint administration of the Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b).

5.      Sleep Number is the leader in personalized sleep wellness.  Its mattresses are designed to evolve with each sleeper to help them feel and perform their best.  With adjustable firmness, pressure-relieving support, and temperature balancing comfort built into every mattress, Sleep Number beds adapt to customers' changing needs, night after night, year after year.  Backed by over 40 years of innovation, over 1,000 patents and patents pending, and billions of hours of sleep data, Sleep Number has helped more than 16 million people achieve their best sleep. Headquartered in Minneapolis, Minnesota, Sleep Number employs approximately 2,920 employees and operates 572 Sleep Number stores with locations in 50 U.S. states.

6.      Additional information about the events leading up to the Petition Date and the Debtors' businesses, affairs, capital structure, and prepetition indebtedness can be found in the First Day Declaration.

### The Proposed Case Management Procedures

7.      As set forth more fully in the Proposed Order (the "**Case Management Procedures**"), if approved, will, among other things:

(a)     establish requirements for filing and serving the Documents (as defined in the Case Management Procedures);

(b)     delineate standards for notices of hearings and agenda letters;

(c)     fix periodic omnibus hearing dates and articulate mandatory guidelines for the scheduling of hearings and objection deadlines; and

(d)     limit matters that are required to be heard by the Court.

8. Implementing the Case Management Procedures will maximize efficiency and orderliness, and reduce the costs and burdens associated with the administration of the Chapter 11 Cases, including costs and burdens on account of hearing preparation and serving documents. In addition, if approved, the Case Management Procedures will assist the Debtors and their personnel and professionals in organizing and prioritizing the numerous tasks attendant to the Chapter 11 Cases. The Debtors estimate that implementing the Case Management Procedures will yield significant cost savings to their estates and avoid unnecessary cost and delay. In particular, the Case Management Procedures will benefit the Debtors, the Court, and all parties in interest by, among other things:

(a) establishing omnibus hearings for the Court's consideration of motions, pleadings, applications, objections, and responses thereto;

(b) ensuring prompt and appropriate notice of matters affecting parties' interests;

(c) allowing for electronic notice via the Court's electronic filing system;

(d) providing ample opportunity to parties in interest to prepare for and respond to matters before the Court;

(e) reducing the substantial administrative and financial burden that would otherwise be incurred by the Debtors, the U.S. Trustee, and other parties that file documents in the Chapter 11 Cases; and

(f) otherwise reducing the administrative burdens on the Court and the clerk of the Court.

9. To ensure that parties in interest in the Chapter 11 Cases are made aware of the Case Management Procedures, the Debtors propose to: (a) serve the Case Management Procedures on the Master Service List (as defined in the Case Management Procedures); (b) publish the Case Management Procedures on the Debtors' case information website located at https://restructuring.ra.kroll.com/Sleepnumber (the "**Case Website**"); and (c) make the Case Management Procedures readily available upon request to the Debtors' proposed noticing and

claims agent, Kroll Restructuring Administration LLC  (the "**Claims and Noticing Agent**").  In the event the Case Management Procedures are approved and thereafter modified during the Chapter 11 Cases, the Debtors will (i) ensure that any such modified version of the Case Management Procedures is published on the Case Website and (ii) file a notice of any such modification to the Case Management Procedures on the docket of the Chapter 11 Cases.

**Basis for Relief**

10.     The Bankruptcy Code, the Bankruptcy Rules, and the Local Rules provide the Court with authority to implement the proposed Case Management Procedures.  Section 105 of the Bankruptcy Code provides in relevant part that "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a); *see also* 11 U.S.C. § 105(d)(1) ("The Court, on its own motion or on the request of a party in interest . . . shall hold such status conferences as are necessary to further the expeditious and economical resolution of the case").  The Debtors submit that implementing the proposed Case Management Procedures is appropriate in the Chapter 11 Cases and well within the Court's equitable powers under section 105 of the Bankruptcy Code.  Further, section 102(1) of the Bankruptcy Code provides that "after notice and a hearing" as used in the Bankruptcy Code "means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances." 11 U.S.C. § 102(1)(A).

11.     The Court may grant the relief requested herein pursuant to Bankruptcy Rules 1015(c), 2002(m), 9007, and 9036.  Bankruptcy Rules 2002(m) and 9007 empower the Court with the general authority to regulate the way notices required under the Bankruptcy Rules are provided.  Specifically, Bankruptcy Rule 2002(m) provides that "[e]xcept as these rules provide otherwise, the court may designate the matters about which, the entity to whom, and the form and manner in which a notice must be sent." Fed. R. Bankr. P. 2002(m).  In addition, Bankruptcy Rule 9036

authorizes the court clerk to "send notice or serve a document by electronic means that the recipient consented to in writing, including by designating an electronic address for receiving notices." Fed. R. Bankr. P. 9036. Bankruptcy Rule 9007(a) further provides that "[u]nless these rules provide otherwise, when notice is to be given, the court must designate: (1) the deadline for giving it; (2) the entities to whom it must be given; and (3) the form and manner of giving it."" Fed R. Bankr. P. 9007. Further, contemporaneously herewith, the Debtors have filed a motion requesting joint administration of the Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b). Bankruptcy Rule 1015(c) provides that when, as here, two or more cases are being administered jointly, the Court may enter orders "to avoid unnecessary costs and delay while still protecting the parties' rights under the Code." Fed R. Bankr. P. 1015(c). And section 1514 of the Bankruptcy Code generally governs notice to non-U.S. creditors (whether known or unknown) in any case commenced under any chapter of the Bankruptcy Code.

12.     Local Rule 9013-2 allows the Bankruptcy Court to set appropriate notice requirements in connection with the facts and circumstances of the Chapter 11 Cases. *See* Local Rule 9013-2(b). Therefore, the Debtors submit that omnibus hearings and electronic notice requirements as provided in the proposed Case Management Procedures, whenever possible, should be permitted to alleviate any notice or hearing burdens that may arise in the Chapter 11 Cases.

13.     Pursuant to Local Rule 5005-2, "[t]he Court's issuance of a [CM/ECF] account to a System user constitutes waiver of conventional service." Local Rule 5005-2. Therefore, any party submitting a Document with the Electronic Filing System already has consented to electronic service and will not be prejudiced by electronic notice. Such registered participants will receive a "Notice of Electronic Filing" via email whenever a filing is made, which will provide additional

-6-

notice to such parties. If a party cannot reasonably obtain access to email, then such party may seek an exemption from electronic service to receive paper copies of any Document,[2] as set forth in the Proposed Order. Therefore, no party will be adversely affected by the electronic filing and service procedures set forth in the Case Management Procedures.

14.     In fact, numerous courts in this jurisdiction have approved and adopted procedures similar to those proposed herein. *See, e.g.*, *In re Spirit Aviation Holdings, Inc.*, No. 25-11897 (SHL) (Bankr. S.D.N.Y. Sept. 3, 2025) [ECF No. 61]; *In re Azul S.A.*, No. 25-11176 (SHL) (Bankr. S.D.N.Y. July 11, 2025) [ECF No. 205]; *In re Genesis Global Holdco, LLC*, No. 23-10063 (SHL) (Bankr. S.D.N.Y. Jan. 27, 2023) [ECF No. 44]; *In re Revlon, Inc.*, No. 22-10760 (DSJ) (Bankr. S.D.N.Y. July 25, 2022) [ECF No. 279; *In re GBG USA Inc.*, No. 21-11369 (MEW) (Bankr. S.D.N.Y. Sept. 1, 2021) [ECF No. 145]. The Debtors submit that the circumstances described herein warrant similar relief, and that the relief requested herein is appropriate and in the best interests of the Court, the Debtors, their estates, and all parties in interest.

## Notice

15.     Notice of this Motion will be provided to the following parties (or their counsel) (collectively, the "**Notice Parties**"): (a) the Office of the United States Trustee for the Southern District of New York; (b) those creditors holding the 30 largest unsecured claims against the Debtors' estates; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Attorney's Office for the Southern District of New York; (f) the state attorneys general for states in which the Debtors conduct business; (g) Faegre Drinker Biddle & Reath LLP, as counsel to the agent under the Debtors' prepetition credit facility; and (h) any other

---

[2] In addition, parties without a CM/ECF account (as is the case for most non-attorneys) can subscribe to docket alerts for free on the Case Website.

party that is identified on Sleep Number's master service list,[3] is entitled to notice under Local Rule 9013-1(c), or has requested notice pursuant to Bankruptcy Rule 2002. A copy of this Motion and any order entered in respect thereto will also be made available on the Debtors' case information website located at the Case Website. Based on the urgency of the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no other or further notice is required.

*[Remainder of page intentionally left blank]*

---

[3] Accessible by visiting https://restructuring.ra.kroll.com/Sleepnumber.

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated:   June 12, 2026
         New York, New York

                                          DAVIS POLK & WARDWELL LLP

                                           /s/ *Brian M. Resnick*
                                          450 Lexington Avenue
                                          New York, NY 10017
                                          Tel.: (212) 450-4000
                                          Brian M. Resnick
                                          Angela M. Libby
                                          Stephen D. Piraino
                                          Richard J. Steinberg
                                          Sihui (Sophy) Ma (*pro hac vice* pending)
                                          Mordechai Rivkin

                                          *Proposed Counsel to the Debtors and Debtors in Possession*

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SLEEP NUMBER CORPORATION,** *et al.*, | **Case No. 26-11399 (     )** |
| **Debtors.**[1] | **Jointly Administered** |

### ORDER IMPLEMENTING CERTAIN NOTICE, CASE MANAGEMENT AND ADMINISTRATIVE PROCEDURES

Upon the motion (the "**Motion**")[2] of Sleep Number Corporation and its direct and indirect subsidiaries (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), pursuant to sections 102(1), 105, and 1514 of title 11 of the United States Code (the "**Bankruptcy Code**"), rules 1015(c), 2002(m), 9007, and 9036 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rules 5005-2 and 9013-2 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), for an order (this "**Order**") approving and implementing the notice, case management, and administrative procedures in the Chapter 11 Cases set forth in this Order (collectively, the "**Case Management Procedures**"); and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and due and proper notice of the Motion having been provided to the Notice Parties, such notice having been adequate and

---

[1] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Sleep Number Corporation (7886); Select Comfort Retail Corporation (9757); Select Comfort Canada Holding Inc. (4273); Select Comfort SC LLC (5901); and Sleep Number Health Corporation (2499). The Debtors' mailing address is 1001 Third Avenue South, Minneapolis, MN 55404.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion and the First Day Declaration; and the Court having held a hearing to consider the relief requested in the Motion (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and the First Day Declaration and at the Hearing establish just cause for the relief granted herein; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, their estates, and all other parties in interest; and all objections and reservations of rights filed or asserted in respect of the Motion, if any, having been withdrawn, resolved, or overruled with prejudice; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      The Motion is granted and as set forth herein.

2.      The Case Management Procedures set forth herein are approved and shall govern all aspects of the Chapter 11 Cases, except as otherwise ordered by the Court or agreed to by mutual consent of the parties.

3.      The Debtors' Claims and Noticing Agent is authorized, but not directed, to establish a case website (the "**Case Website**"), where, among other things, the Case Management Procedures and key dates and other information about the Chapter 11 Cases will be posted.  In the event the Case Management Procedures are modified during the Chapter 11 Cases, the Debtors will ensure that an updated version of the Case Management Procedures are available on the Case Website and will file notice of any such updated version on the Court's electronic filing system.

-3-

4.       The Bankruptcy Rules, the Local Rules, and this Court's Chambers' Rules[3] shall continue to apply to all proceedings in the Chapter 11 Cases, except to the extent that any provision of this Order by its terms supersedes or is inconsistent with such rules and procedures.

**Filing of Documents**

5.       All documents filed in the Chapter 11 Cases, including all notices, motions, applications, other requests for relief, and, in each case, any documents filed in support thereof (collectively, the "**Pleadings**"), objections or responses to Pleadings (collectively, the "**Objections**"), and replies to Objections (the "**Replies**" and, together with the Pleadings and the Objections, the "**Documents**") shall be filed electronically with the Court on the docket of *In re Sleep Number Corporation, et al.*, Case No. 26-11399 (    ) (the "**Docket**"), pursuant to Local Rule 5005-2, by users of the Court's electronic filing system in text-searchable portable document format ("**PDF**").

6.       Unless prior permission has been granted, moving and responsive briefs shall be no more than 40 pages in length, and reply briefs shall be no more than 20 pages in length, in each case, exclusive of any table of contents, table of authorities, or standalone signature pages. All Documents shall be double-spaced, 12-point font, with margins of at least one inch and submitted in text-searchable format. Briefs or memoranda of 15 pages or more shall contain a table of contents, headings, and a table of authorities.

---

[3] Available at [                    ].

-4-

7. Parties are required to provide to Chambers hard copies of every pleading, with exhibits, unless Chambers specifies otherwise.

**Parties Entitled to Service of Documents**

8. All Documents shall be served, in the manner described herein, on the following parties (collectively, the "**Standard Parties**"):

(a) the Chambers of the Honorable [      ] ("**Chambers**"), United States Bankruptcy Court for the Southern District of New York, [     ], [     ], NY [     ];

(b) the Debtors, c/o Sleep Number Corporation, 1001 Third Avenue South, Minneapolis, MN 55404 (Attn: Samuel R. Hellfeld);

(c) Davis Polk & Wardwell, LLP, 450 Lexington Avenue, New York, NY 10017 (Attn: Brian M. Resnick, Angela M. Libby, Stephen D. Piraino, Richard J. Steinberg, Sihui (Sophy) Ma, and Moredechai Rivkin), SleepNumberNotice@davispolk.com, proposed counsel for the Debtors;

(d) Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**"), 1 Bowling Green, New York, NY 10014, Attn: Andrea Schwartz (andrea.b.schwartz@usdoj.gov) and Daniel Rudewicz (Daniel.Rudewicz@usdoj.gov);

(e) counsel to any statutory committee appointed in these Chapter 11 Cases; and

(f) any person or entity believed to have a particularized interest in the subject matter of a certain Document, or their counsel (each, a "**Particularized Interest Party**").

9. In addition to being served on the Standard Parties, all Documents must be served on all persons and entities that have formally appeared and requested service in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002 and the Case Management Procedures (the "**Rule 2002 Parties**"). Documents filed in adversary proceedings do not need to be served on the Rule 2002 Parties.

10. The Claims and Noticing Agent shall maintain a master service list (the "**Master Service List**"), which shall include the Standard Parties (other than the Particularized Interest Parties) and the Rule 2002 Parties. The Master Service List shall contain addresses and e-mail addresses. The Claims and Noticing Agent shall use reasonable efforts to update the Master

-5-

Service List as often as practicable, but at least once a month. The Master Service List shall be made available by (a) accessing the Case Website, (b) contacting the Claims and Noticing Agent directly, or (c) contacting the Debtors' counsel directly.

11.     The proceedings with respect to which notice is limited to the Master Service List and any Particularized Interest Party shall include all matters covered by Bankruptcy Rule 2002, with the express exception of:  (a) notices of (i) a meeting of creditors pursuant to section 341 of the Bankruptcy Code, (ii) the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c), and (iii) the time fixed for filing objections to, and the hearings to consider, approval of a disclosure statement and a chapter 11 plan; and (b) notice and transmittal of ballots for accepting or rejecting a chapter 11 plan, which notices would be given in accordance with Bankruptcy Rule 2002 and other applicable Bankruptcy Rules, unless otherwise ordered by the Court or otherwise prescribed by the Bankruptcy Code.

### Method of Service of Documents

12.     Parties shall serve Documents on the Master Service List by U.S. mail, overnight delivery, hand delivery, or e-mail (the choice of the foregoing being in the serving party's (which, in the case of the Debtors, includes the Claims and Noticing Agent) sole discretion); *provided* that, if a party entitled to notice of a Document (including, for the avoidance of doubt, a Particularized Interest Party) does not have an e-mail address known by, or an e-mail address is not available to, the serving party, the party shall be served by U.S. mail, overnight delivery, facsimile (if agreed by such party), or hand delivery, the choice of the foregoing being in the sole discretion of the serving party in accordance with the Case Management Procedures. Notwithstanding the foregoing, parties may not serve Chambers by e-mail.

13.     Each Rule 2002 Party is responsible for filing with the Court an updated request, as necessary, to reflect changes to any notice information and must serve a copy of such updated request upon the Debtors and the Claims and Noticing Agent.

14.     If service is authorized and completed by e-mail, paper copies of the Documents shall not be required to be served on interested parties by any other method and e-mail service shall satisfy the Court's rules for service.

15.     Service by e-mail shall be effective as of the date (based on prevailing Eastern Time) the Document is sent to the applicable e-mail address.

16.     Each Document served by e-mail shall include the entire Document, including the proposed form(s) of order and any exhibits, attachments, and other relevant materials, in PDF format, readable by Adobe Acrobat or an equivalent program.  The relevant Document shall either be attached to the e-mail in a format specified above or the e-mail shall contain a link to such filing in such format.

17.     All Rule 2002 Parties must provide an e-mail for service to the Claims and Noticing Agent.  The Rule 2002 Parties shall be deemed to have consented to service by e-mail, and such parties shall thereby be served in accordance with the Case Management Procedures.

18.     Promptly after completion of noticing any particular matter, the party seeking relief shall file with the Court either an affidavit of service or a certification of service attaching the list of parties that received notice.

**Requesting Notice**

19.     Any creditor, equity interest holder, or party in interest that wishes to receive notice in the Chapter 11 Cases and is not otherwise entitled to notice pursuant to these Case

Management Procedures shall file a notice of appearance and request for service of papers in accordance with Bankruptcy Rules 2002 and 9010(b) (a "**Notice of Appearance**").

20.     A Notice of Appearance shall include the following information:  (a) the party's name and address; (b) the name of the client, if applicable; (c) an e-mail address at which the requesting party may be served or the certification in the very next paragraph; and (d) an address by which the requesting party may be served by U.S. mail, hand delivery, and overnight delivery.

21.     Any individual or entity filing a Notice of Appearance who does not maintain and cannot practicably obtain an e-mail address must also include in its notice of appearance a certification stating the same.  Notice will be provided to these individuals or entities by U.S. mail, overnight delivery, facsimile (if agreed by such party), or hand delivery, in the sole discretion of the serving party in accordance with the Case Management Procedures.

## Scheduling Hearings

22.     The Debtors shall be authorized to schedule, in cooperation with the Court, periodic omnibus hearings ("**Omnibus Hearings**") at which Pleadings and other matters shall be heard.   Following such scheduling, the Claims and Noticing Agent shall post the dates of the Omnibus Hearings on the Case Website.  Entities may contact the Claims and Noticing Agent for information concerning all scheduled Omnibus Hearings.

23.     Pre-trial conferences for adversary proceedings shall be scheduled on Omnibus Hearing dates; *provided* that, initial pre-trial conferences scheduled in connection with adversary proceedings involving the Debtors shall be set on a date that is at least thirty (30) days after the filing of the complaint.

24.     Pleadings filed in, and matters related to, adversary proceedings shall be scheduled upon request of a party to the adversary proceeding and approval of the Court.  After a hearing date has been set by the Court, unless otherwise ordered by the Court, the parties to the

adversary proceeding shall confer and agree upon a briefing schedule for all adversary matters, which shall be submitted for approval of the Court. If a briefing schedule cannot be agreed upon, the parties to the adversary proceeding shall appear at the next scheduled pre-trial conference or some other date set by the Court and be prepared to discuss the briefing schedule with the Court. Pursuant to Local Rule 7056-1, no motion for summary judgment may be made without first seeking a pre-motion conference. A request for such conference should be made by letter, filed electronically on the docket of the applicable adversary proceeding, setting forth the issues to be presented in the summary judgment motion, with a copy emailed to Chambers at shl.orders@nysb.uscourts.gov, and otherwise served in accordance with the Case Management Procedures.

25.    Hearings on Pleadings (other than Pleadings filed in adversary proceedings, which shall comply with paragraphs 23 and 24 above) must be scheduled for an Omnibus Hearing except as permitted under the Expedited Relief Procedures (as defined below). Notwithstanding the foregoing, hearings on Pleadings may thereafter be rescheduled by the moving parties for a date other than an Omnibus Hearing date through coordination with Chambers and the filing and service of a notice of such adjournment on the docket.

26.    If a Document is filed and purports to set a hearing date inconsistent with the Case Management Procedures, the hearing shall be scheduled, without the necessity of Court order, for the first applicable Omnibus Hearing date after the applicable notice period has expired and all applicable deadlines shall be accordingly extended.

27.    If a movant or applicant determines that a motion or application requires emergency or expedited relief, the movant or applicant shall contact opposing counsel by telephone or e-mail requesting that the motion or application be considered on an expedited basis

(the "**Expedited Relief Procedures**"). If the opposing counsel disagrees with the movant or applicant's determination regarding the emergency or expedited nature of the relief requested, the movant or applicant shall inform the Court of the disagreement by e-mail and thereafter arrange for a conference with Chambers, telephonic or in-person, to be held among the Court and the parties' counsel to discuss the disagreement. If the Court agrees with the position of the movant or applicant regarding the necessity for expedited consideration, the movant or applicant, may, by order to show cause, schedule an expedited hearing. The parties shall otherwise comply with the Chambers' Rules.

28.  If a Motion to extend the time to take any action is filed consistent with this Order before the expiration of the period prescribed by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or the provisions of any order entered by this Court, the time shall automatically be extended until the Court acts on the Motion, without the necessity for the entry of a bridge order.

**Filing Deadlines**

29.  Except as provided with respect to Pleadings requesting relief pursuant to Bankruptcy Rules 2002(a)–(b), Pleadings filed in adversary proceedings, or the Presentment Procedures (as defined below), Pleadings shall not be considered unless filed, noticed, and served in accordance with the Case Management Procedures at least fourteen (14) calendar days before the applicable hearing date; *provided*, that, if a Particularized Interest Party is served only (a) by U.S. mail, the Pleading must be filed and served at least seventeen (17) calendar days before the next applicable hearing; or (b) by overnight delivery, the Pleading must be filed and served at least fifteen (15) calendar days before the next applicable hearing; *provided further*, that, any applications submitted pursuant to Bankruptcy Rule 2016(a) are subject to notice of twenty-eight (28) calendar days before the applicable hearing date; *provided further*, that, subject to the Expedited Relief Procedures, nothing in the Case Management Procedures shall prejudice the right

of any party to move the Court to request an enlargement or reduction of any time period under

Bankruptcy Rules 9006(b) and 9006(c).

30.      If a Pleading requests relief pursuant to Bankruptcy Rules 2002(a)–(b), the

relevant hearing shall be set after the passage of the time period set forth in such rule; *provided*

that, pursuant to Bankruptcy Rule 9006(f), if service is by overnight delivery or U.S. mail, one or

three (3) calendar days, respectively, shall be added to the time period set forth in Bankruptcy Rule

2002(a) or (b).

31.      Notwithstanding anything contained herein, a party may settle or present a

proposed order for approval by the Court as provided by Local Rule 9013-2 or otherwise as

authorized by the Court; *provided*, that, unless otherwise authorized by the Court, the presentment

of a proposed order pursuant to Local Rule 9013-2, or any other similar administrative or standard

order, must be filed and served at least seven (7) calendar days before the presentment date and

Objections thereto must be filed and served at least one (1) calendar day before the presentment

date (the "**Presentment Procedures**"), and the presenting party shall otherwise comply with the

Chambers' Rules.

32.      The deadline to file an Objection to any Pleading (the "**Objection Deadline**") shall

be (a) 4:00 p.m.[4] on the date that is seven (7) calendar days before the applicable hearing date; or

(b) any date and time otherwise ordered by the Court (including pursuant to the Case Management

Procedures); *provided* that, if a Pleading is filed in advance of the deadline for the filing of a

Pleading as described above (the "**Filing Deadline**"), then the Objection Deadline for such

Pleading may be set for a date that is more than seven (7) calendar days before the applicable

hearing date, such date being equal to seven (7) calendar days plus the number of calendar days

---

[4] All times herein are expressed in prevailing Eastern Time.

such Pleading was filed in advance of the Filing Deadline; *provided further*, that, notwithstanding anything to the contrary herein, filed statements in support of Pleadings (other than Objections) may be filed by the Reply Deadline (defined below).  Unless otherwise ordered by the Court, the Objection Deadline may be extended with the consent of the movant or applicant, and notice to the Court.  An Objection will not be considered timely unless filed with the Court and received by the Standard Parties in accordance with the manner of service prescribed herein on or before the applicable Objection Deadline.  All parties filing an Objection (i) shall include their telephone and e-mail address (if available) in the signature block on the last page of the Objection and (ii) are required to attend the hearing, and failure to appear may result in the relief being granted or denied upon default without any further notice.

33.     Unless otherwise ordered by the Court, Replies, if any, shall be filed with the Court and served in accordance with the Case Management Procedures on or before 12:00 p.m. two (2) business days prior to the date of the applicable hearing (the "**Reply Deadline**").

34.     Sur-replies shall not be permitted or considered unless authorized by the Court.

**Motions for Relief from the Automatic Stay and/or
to Compel Assumption or Rejection of an Executory Contract or Unexpired Lease**

35.     Notwithstanding anything contained herein, motions (a) for relief from the automatic stay ("**Stay Relief Motions**") in accordance with section 362 of the Bankruptcy Code or (b) to compel assumption or rejection of an executory contract or unexpired lease, shall be noticed for consideration on an Omnibus Hearing Date that is at least twenty-one (21) calendar days after the motion is filed and notice thereof is served upon the Debtors.  Unless otherwise ordered by the Court, the objection deadline with respect thereto shall be 4:00 p.m. on the date that is seven (7) calendar days prior to the applicable hearing.

36.     Notwithstanding section 362(e) of the Bankruptcy Code, if a Stay Relief Motion is scheduled, in accordance with this Order, for, or adjourned to, a hearing date that falls on or after the thirtieth (30th) calendar day after the filing of the Stay Relief Motion, the moving party shall be deemed to have consented to the continuation of the automatic stay in effect pending the conclusion of, or as a result of, a final hearing and determination under section 362(d) of the Bankruptcy Code, and shall be deemed to have waived its right to assert the termination of the automatic stay under section 362(e) of the Bankruptcy Code.

## Hearing Procedures

37.     The initial hearing on all Pleadings will be a non-evidentiary hearing, unless: (a) the motion is of a type specified in Local Rule 9014-2(b), (c), (d), or (e); or (b) the Court otherwise directs in advance of or at such initial hearing.  If, upon or after the filing of a motion, any party seeks an evidentiary hearing on a motion not covered under Local Rule 9014-2, such party must confer with all other parties involved to determine whether there is agreement that an evidentiary hearing is appropriate.  In the absence of an agreement, the Court will consider requests for an evidentiary hearing by conference call initiated by an e-mail request to Chambers at shl.orders@nysb.uscourts.gov.  Notwithstanding Local Rule 9014-2, the Court may, upon advance request and for cause shown, order that the initial hearing on a motion of the type specified in Local Rule 9014-2(c), (d), or (e) will be a non-evidentiary hearing.  Generally, interests of judicial economy and the absence of disputed material issues of fact will collectively suggest that a non-evidentiary hearing is appropriate on motions subject to Local Rule 9014-2(c), (d), or (e).  Parties requesting an evidentiary hearing shall contact Chambers with as much notice as possible.

38.     Concurrently with any determination that an evidentiary hearing is necessary or desirable, Chambers must be notified with an estimate of expected trial time; parties may be

-13-

informed that a different return date is necessary if the available time on the requested day is insufficient. Any motion noticed as an evidentiary hearing must prominently state, just below the return date in the upper right-hand corner, "Evidentiary Hearing Requested."

39. A request for relief in a Pleading may be granted without a hearing; *provided* that, after the passage of the Objection Deadline, the attorney for the entity who has filed the Pleading (a) files a declaration indicating, pursuant to 28 U.S.C. § 1746, that no Objection that has been filed or served in accordance with these Case Management Procedures remains outstanding (the "**Certificate of No Objection**"); (b) serves the Certificate of No Objection via e-mail upon the attorneys for the Debtors, the U.S. Trustee, and any statutory committee prior to submission thereof and the proposed order for entry to the Court; and (c) delivers by e-mail to Chambers the proposed order (in Word or WordPerfect format only), the Certificate of No Objection, the underlying request for relief (with all exhibits), and the certificate of service for the underlying request for relief. Upon receipt of the foregoing, the Court may grant the relief requested in the Pleading without further submission, hearing, or request. If the Court does not grant the relief, the Pleading will be heard at the next Omnibus Hearing; *provided* that, if the Court does not grant the relief requested in a Pleading without a hearing, such action shall not constitute an extension of the Objection Deadline related thereto, unless otherwise agreed between the Debtors and the party seeking relief.

40. In the event a matter is properly noticed for hearing and the parties reach agreement on a settlement of the dispute prior to the final hearing, the parties may announce the settlement at the scheduled hearing. In the event the Court determines that the notice of the dispute and the hearing is adequate notice of the effects of the settlement (i.e., that the terms of the settlement are not materially different from what parties in interest could have expected if the

-14-

dispute were fully litigated), the Court may approve in its discretion the settlement at the hearing without further notice of the terms of the settlement. In the event the Court determines that additional or supplemental notice is required, the Debtors or other moving party shall serve such notice in accordance with the Case Management Procedures set forth herein and a hearing to consider such settlement shall be on the next hearing date deemed appropriate by the Court.

### Form of Documents

41. A "**Notice of Hearing**" shall be affixed to all Pleadings and shall include: (a) the title of the Pleading; (b) the parties upon whom any Objection to the Pleading is required to be served; (c) the date and time of the applicable Objection Deadline; (d) the date of the Omnibus Hearing or other hearing at which the Pleading is scheduled to be considered by the Court; and (e) a statement that the relief requested may be granted without a hearing if no Objection is timely filed and served in accordance with the Case Management Procedures and other applicable rules.

42. The applicable Objection Deadline and hearing date shall also appear in the upper right corner of the first page of the Notice of Hearing and on the upper right corner of the first page of each Pleading and each Objection thereto.

43. Nothing in these Case Management Procedures shall prejudice the right of any party to move the Court to request relief under section 107(b) of the Bankruptcy Code to protect any entity with respect to a trade secret or confidential research, development, or commercial information or to protect a person with respect to scandalous or defamatory matter contained in a Document filed in the Chapter 11 Cases.

### Discovery and Evidence

44. Expedited discovery in contested matters in the Chapter 11 Cases is authorized without further Court order. This authorization is without prejudice to the rights of any party or witness to seek protective order relief if the time to respond or appear, or the burden of the

-15-

requested discovery, is unreasonable or for other cause shown.  Parties are expected to work informally and cooperatively to effect any necessary discovery, with due recognition of the time exigencies that are typical in bankruptcy litigation.  Document requests by letter, facsimile (if available), or e-mail (if available) are authorized.

45.     Parties are required in the first instance to resolve discovery and due diligence disputes by negotiation in good faith and, if necessary, a conference call with the Court without submission of papers initiated by an e-mailed request to Chambers.  Such calls will not be scheduled until and unless the parties have first tried and failed to resolve the disputed matters themselves.  Unless otherwise ordered by the Court, no Motion with respect to a discovery or due diligence dispute may be filed unless the parties have first conferred in good faith to resolve it and also sought to resolve the matter by conference call with the Court.

46.     Except as otherwise ordered by the Court for cause shown before the hearing, all direct testimony in contested matters in the Chapter 11 Cases, other than duly designated deposition testimony and testimony by witnesses not under the party's reasonable control, must be submitted by affidavit or declaration under penalty of perjury, and all cross-examination and subsequent examination will be taken live.  Unless otherwise ordered by the Court, all affidavits/declarations and any designated testimony must be submitted to the adversary and the Court no later than three (3) business days before the hearing.

47.     Parties may, if they are so advised, introduce the testimony of witnesses who can reasonably be expected not to be cooperative (such as employees or agents of adversaries) by calling them as adverse witnesses and taking their testimony on "adverse direct."  The Court will generally regard taking direct testimony "live" as appropriate if, but only if, matters of credibility are important in the particular case, and credibility on direct, as well as after cross-examination, is

at issue; the Court generally will regard "live" direct as inappropriate where the bulk of the testimony is historical or involves more than minimal discussion of accounting information or other financial or numerical analysis. In any instances where direct testimony will proceed "live," the proponent(s) of such testimony will be responsible for so advising Chambers in advance and taking such steps (e.g., subpoenas) as are necessary to secure the attendance of any non-cooperating witnesses. The parties shall also meet and confer to agree on the admissibility of as many proposed exhibits as possible and shall submit a joint exhibit book to Chambers no later than three (3) business days before the hearing.

**Miscellaneous**

48.     By approximately 12:00 p.m. two (2) business days before a scheduled hearing or Omnibus Hearing, the Debtors—or, with respect to a hearing at which the movant is not the Debtors, such movant—shall file an agenda on the Docket (the "**Agenda**") setting forth each matter to be heard at the hearing (the Agenda may be updated after the initial submission if necessary) and shall serve the Agenda, by e-mail, on: (a) Chambers; (b) the Standard Parties (including, for the avoidance of doubt, the U.S. Trustee and counsel to any statutory committee, if appointed); and (c) any parties filing Documents to be heard at the hearing; *provided* that, an Agenda shall not be required where the Debtors or the non-Debtor movant, as applicable, has less than forty-eight (48) hours' notice of a hearing.

49.     The proposed Agenda shall include, to the extent known by the filing party: (a) the docket number and title of each matter scheduled to be heard at such Omnibus Hearing, including the Pleadings, Objections (if any), Replies (if any), or other Documents related thereto; (b) whether the matters are contested or uncontested; (c) whether the matters have settled or are

-17-

proposed to be continued; (d) a suggestion for the Court in which the matters should be addressed; and (e) any other comments on the status of matters that will assist the Court.

50.     Matters listed on the Agenda shall be limited to matters of substance and shall not include administrative filings such as notices of appearance and affidavits of service.

51.     Attorneys seeking to participate (including remotely) must be admitted to the Court or admitted *pro hac vice* pursuant to Local Rule 2090-1.  Any person wishing to participate in or listen to a remote proceeding is required to register twenty-four (24) hours in advance, as described below.  Any person wishing to attend a proceeding in person or to participate in a proceeding in person should also register twenty-four (24) hours in advance.

52.     Any person wishing to participate in or listen to a remote proceeding or using Zoom for Government® must register 24 hours in advance using the eCourt Appearance tool on the Court's website: https://www.nysb.uscourts.gov/ecourt-appearances.

53.     ***Non-Evidentiary Hearings and Trials.***  Attorneys who represent parties in non-evidentiary hearings, conferences, and other routine matters may participate in such matters by remote video access through Zoom for Government®, unless the Court directs otherwise.  Any creditor or other party in interest (as that term is used in the Bankruptcy Code and the Bankruptcy Rules) may also obtain remote video access to such matters through Zoom for Government®, but members of the public (including the media) may only obtain remote audio access through Zoom for Government®.  All persons using Zoom for Government® must register their appearances using the eCourt Appearance tool on the Court's website: https://www.nysb.uscourts.gov/ecourt-appearances.

54.     ***Evidentiary Hearings and Trials.***  Evidentiary hearings and trials will be held in person in Judge [      ]'s courtroom unless the Court orders otherwise.  Ordinarily, the participants

-18-

in an evidentiary hearing or trial will be expected to be present in the courtroom. For cause shown, however, including under Fed. R. Civ. P. 43(a) where applicable, the Court may authorize that a particular evidentiary hearing or trial, or a portion thereof, be made accessible via remote means for parties, their attorneys, witnesses, and interpreters. Creditors and other parties in interest (as that term is used in the Bankruptcy Code and the Bankruptcy Rules) that are not active participants in evidentiary hearings and trials will be permitted to obtain remote video access through Zoom for Government® to the portions of such proceedings that do not involve testimony. Members of the public (including the media) may have remote audio access to the portions of such proceedings that do not involve testimony. Unless otherwise approved by the Court for cause shown, no one may have remote access to portions of a hearing that involve actual testimony. Parties should attend in-person in the courtroom if they wish to view live testimony.

55.     Motions for reargument must identify with particularity the matter for reconsideration in accordance with Local Rule 9023-1. If, after review of the motion, the Court determines that it requires a response or a hearing, it will notify the parties accordingly.

56.     Any party in interest may seek to amend the Case Management Procedures from time to time throughout the Chapter 11 Cases and shall present such amendments to the Court by notice of presentment in accordance with this Order.

57.     Within three (3) business days of entry of this Order, the Claims and Noticing Agent shall serve a copy of this Order upon all parties on the Master Service List and post a copy of this Order on the Case Website.

58.     Within three (3) business days of the retention of counsel by any statutory committee appointed in these Chapter 11 Cases, the Debtors (including through the Claims and Noticing Agent) shall serve a copy of this Order on such counsel. The Debtors and such counsel

-19-

shall thereafter work in good faith to determine whether the appointment of such committee requires changes to be made to the Case Management Procedures. Any such changes shall then be proposed to Chambers via e-mail and, once approved by Chambers, filed on the Docket (if not entered by Chambers); *provided* that the Debtors may unilaterally amend paragraph 8 of the Case Management Procedures for the purposes of adding additional Standard Parties, and upon any such amendment, will file the amended Case Management Procedures on the Docket, at which point they will become effective without any further order of the Court.

59.      To the extent the Case Management Procedures conflict with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or Chambers' Rules, the Case Management Procedures shall govern the Chapter 11 Cases.

60.      The contents of the Motion and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Rules, and no other or further notice of the Motion or the entry of this Order shall be required.

61.      The Debtors and the Claims and Noticing Agent are authorized to take any action they deem necessary or appropriate to implement and effectuate the terms of, and the relief granted in, this Interim Order without seeking further order of the Court.

62.      The Court retains jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Order

Dated: _____, 2026
            , New York

_____
THE HONORABLE
UNITED STATES BANKRUPTCY JUDGE

-20-