**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SLEEP NUMBER CORPORATION, *et al.*,** | **Case No. 26-11399 (KYP)** |
| **Debtors.**[1] | **(Joint Administration Requested)** |

**ORDER AUTHORIZING RETENTION AND APPOINTMENT OF KROLL RESTRUCTURING ADMINISTRATION LLC AS CLAIMS AND NOTICING AGENT**

Upon the application (the "**Application**") of the Debtors for an order (this "**Order**") retaining and appointing Kroll Restructuring Administration LLC ("**Kroll**") as claims and noticing agent ("**Claims and Noticing Agent**") pursuant to 28 U.S.C. §156(c), section 105(a) of the Bankruptcy Code,[2] and Local Rule 5075-1 to, among other things, (i) distribute required notices to parties in interest, (ii) receive, maintain, docket and otherwise administer the proofs of claim filed in the Debtors' Chapter 11 Cases and (iii) provide such other administrative services – as required by the Debtors – that would fall within the purview of services to be provided by the Clerk's office; and upon the Steele Declaration submitted in support of the Application; and the Debtors having estimated that there are in excess of 1,000 creditors in these Chapter 11 Cases, many of which are expected to file proofs of claim; and it appearing that the receiving, docketing and maintaining of proofs of claim would be unduly time consuming and burdensome for the Clerk; and the Court being authorized under 28 U.S.C. §156(c) to utilize, at the Debtors' expense,

[1] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Sleep Number Corporation (7886); Select Comfort Retail Corporation (9757); Select Comfort Canada Holding Inc. (4273); Select Comfort SC LLC (5901); and Sleep Number Health Corporation (2499). The Debtors' mailing address is 1001 Third Avenue South, Minneapolis, MN 55404.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

outside agents and facilities to provide notices to parties in title 11 cases and to receive, docket, maintain, photocopy and transmit proofs of claim; and the Court being satisfied that Kroll has the capability and experience to provide such services and that Kroll does not hold an interest adverse to the Debtors or the estates respecting the matters upon which it is to be engaged; and good and sufficient notice of the Application having been given and no other or further notice being required; and it appearing that the employment of Kroll is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and due and proper notice of the Application having been provided to the Notice Parties, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion, the First Day Declaration, and the Steele Declaration; and the Court having held a hearing to consider the relief requested in the Application on a final basis (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Application, the First Day Declaration, the Steele Declaration, and at the Hearing, establish just cause for the relief granted herein; and all objections and reservations of rights filed or asserted in respect of the Application, if any, having been withdrawn, resolved, or overruled with prejudice; and upon all of the proceedings had before the Court; and after due deliberation; and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Application is granted and as set forth herein.

2. All objections to the entry of this Order, to the extent not withdrawn or settled, are overruled.

3. Notwithstanding the terms of the Engagement Agreement attached to the Application, the Application is approved solely as set forth in this Order.

4. The Debtors are authorized to retain Kroll as Claims and Noticing Agent effective *nunc pro tunc* to the Petition Date under the terms of the Engagement Agreement, and Kroll is authorized and directed to perform noticing services and to receive, maintain, record and otherwise administer the proofs of claim filed in these Chapter 11 Cases, and all related tasks, all as described in the Application.

5. Kroll shall serve as the interim custodian of court records and shall be designated as the authorized repository for all proofs of claim filed in these Chapter 11 Cases and is authorized and directed to maintain official claims registers for each of the Debtors, to provide public access to every proof of claim unless otherwise ordered by the Court and to provide the Clerk with a certified duplicate thereof upon the request of the Clerk who remains the official custodian of court records under 28 U.S.C. § 156(e).

6. Kroll is authorized and directed to provide an electronic interface for filing proofs of claim and to obtain a post office box or address for the receipt of proofs of claim.

7. Kroll is authorized to take such other action to comply with all duties set forth in the Application.

8. The Debtors are authorized to compensate Kroll in accordance with the terms of the Engagement Agreement upon the receipt of reasonably detailed invoices setting forth the services provided by Kroll and the rates charged for each, and to reimburse Kroll for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, without

the need for Kroll to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses.

9. Kroll shall maintain records of all services showing dates, categories of services, fees charged and expenses incurred, and shall serve monthly invoices on the Debtors, the United States Trustee for Region 2 ("**U.S. Trustee**"), counsel for the Debtors, counsel for any official committee monitoring the expenses of the Debtors and any party-in-interest who specifically requests service of the monthly invoices.

10. The parties shall meet and confer in an attempt to resolve any dispute which may arise relating to the Engagement Agreement or monthly invoices; provided that the parties may seek resolution of the matter from the Court if resolution is not achieved.

11. Pursuant to section 503(b)(1)(A) of the Bankruptcy Code, the fees and expenses of Kroll under this Order shall be an administrative expense of the Debtors' estates.

12. Kroll may apply its advance to all prepetition invoices, which advance shall be replenished to the original advance amount, and thereafter, Kroll may hold its advance under the Engagement Agreement during the Chapter 11 Cases as security for the payment of fees and expenses incurred under the Engagement Agreement.

13. The Debtors shall indemnify Kroll under the terms of the Engagement Agreement, as modified pursuant to this Order.

14. All requests by Kroll for the payment of indemnification as set forth in the Engagement Agreement shall be made by means of an application to the Court and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Agreement and is reasonable under the circumstances of the litigation or settlement in respect of which indemnity is sought; provided, however, that in no event shall Kroll be

indemnified in the case of its own bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, fraud, or willful misconduct.

15. In the event that Kroll seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Engagement Agreement, the invoices and supporting time records for the attorneys' fees and expenses shall be included in Kroll's own applications, both interim and final, but determined by this Court after notice and a hearing.

16. In the event Kroll is unable to provide the services set out in this order, Kroll will immediately notify the Clerk and the Debtors' attorney and, upon approval of the Court, cause to have all original proofs of claim and computer information turned over to another claims and noticing agent with the advice and consent of the Clerk and the Debtors' attorney.

17. The Debtors may submit a separate retention application, pursuant to 11 U.S.C. § 327 and/or any applicable law, for work that is to be performed by Kroll but is not specifically authorized by this Order.

18. The Debtors and Kroll are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

19. Notwithstanding any term in the Engagement Agreement to the contrary, the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

20. The contents of the Application and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Rules, and no other or further notice of the Application or the entry of this Order shall be required.

21. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

22. Kroll shall not cease providing claims processing services during the chapter 11 case(s) for any reason, including nonpayment, without an order of the Court.

23. In the event of any inconsistency between the Engagement Agreement, the Application and the Order, the Order shall govern.

**Dated: June 15, 2026**
**Poughkeepsie, New York**

**/s/ Kyu Y. Paek**

**Hon. Kyu Y. Paek**
**U.S. Bankruptcy Judge**