Hearing Date and Time:    **July 9, 2026 at 10:00 a.m.**[1]
Objection Deadline:    **July 2, 2026 at 12:00 p.m.**

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
Tel.: (212) 450-4000
Brian M. Resnick
Angela M. Libby
Stephen D. Piraino
Richard J. Steinberg
Sihui (Sophy) Ma
Mordechai Rivkin

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SLEEP NUMBER CORPORATION,** *et al.*, | **Case No. 26-11399 (KYP)** |
| **Debtors.**[2] | **Jointly Administered** |

**NOTICE OF HEARING REGARDING MOTION OF THE DEBTORS FOR
ENTRY OF AN ORDER ESTABLISHING PROCEDURES FOR INTERIM
COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR RETAINED
<u>PROFESSIONALS</u>**

**PLEASE TAKE NOTICE** that on June 12, 2026 (the "**Petition Date**"), the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") commenced cases by filing petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Court**").

**PLEASE TAKE FURTHER NOTICE** that, on June 25, 2026, the Debtors filed the *Motion of the Debtors for Entry of an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* (the "**Interim Compensation Procedures Motion**").

---

[1] All times herein are expressed in prevailing Eastern Time.

[2] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Sleep Number Corporation (7886); Select Comfort Retail Corporation (9757); Select Comfort Canada Holding Inc. (4273); Select Comfort SC LLC (5901); and Sleep Number Health Corporation (2499). The Debtors' mailing address is 1001 Third Avenue South, Minneapolis, MN 55404.

**PLEASE TAKE FURTHER NOTICE** that a hearing (the "**Hearing**") to consider the Interim Compensation Procedures Motion will be held on **July 9, 2026 at 10:00 a.m.** before the Honorable Kyu Y. Paek.  The Hearing will be conducted in a hybrid format that will permit either in-person attendance at One Bowling Green, New York, NY 10004-1408, Courtroom 610, or remote participation via Zoom for Government.  Hearings participants, whether appearing remotely or in-person, must register their appearance using the eCourt Appearance tool on the Court's website at https://www.nysb.uscourts.gov/ecourt-appearances by 4:00 pm two business days before the Hearing.  Once an appearance is properly registered, the Court will circulate by email the link, Meeting ID, and Password to access the Hearing using Zoom for Government.  A guide for using Zoom for Government is available at https://www.nysb.uscourts.gov/zoom-video-hearing-guide.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned from time to time by an announcement of the adjourned date or dates at the Hearing or a later hearing or by filing a notice with the Court on the docket of the Chapter 11 Cases.

**PLEASE TAKE FURTHER NOTICE** that responses or objections to the relief requested at the Hearing shall be (a) in writing, in English, and in text-searchable format, (b) filed with the Court electronically, and (c) served on the Debtors and the Notice Parties (as defined in the Interim Compensation Procedures Motion) so as to be received no later than **July 2, 2026 at 12:00 p.m.** (the "**Objection Deadline**"), in each case, in accordance with the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), and the Court's Chambers' Rules (available at https://www.nysb.uscourts.gov/content/judge-kyu-y-mike-paek), as applicable.

**PLEASE TAKE FURTHER NOTICE** that all objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default.

**PLEASE TAKE FURTHER NOTICE** that, if no responses or objections are timely filed and served with respect to the Interim Compensation Procedures Motion, the Debtors may, on or after 48 hours after the Objection Deadline, submit the proposed order to the Court, substantially in the form of the proposed order attached to the Interim Compensation Procedures Motion, under certification of counsel or certification of no objection, which order may be entered by the Court without further notice or opportunity to be heard.  **Your rights may be affected.  You should review the Interim Compensation Procedures Motion carefully and discuss it with your attorney.  If you do not have an attorney, you may wish to consult one.**

**PLEASE TAKE FURTHER NOTICE** that copies of the Interim Compensation Procedures Motion and any other document filed publicly in the Chapter 11 Cases are accessible, free of charge, at the Debtors' case website located at https://restructuring.ra.kroll.com/Sleepnumber.

*[Remainder of page intentionally left blank]*

2

Dated:   June 25, 2026
         New York, New York

                    DAVIS POLK & WARDWELL LLP

                    By:   */s/ Brian M. Resnick*
                    450 Lexington Avenue
                    New York, NY 10017
                    Tel.: (212) 450-4000
                    Brian M. Resnick
                    Angela M. Libby
                    Stephen D. Piraino
                    Richard J. Steinberg
                    Sihui (Sophy) Ma
                    Mordechai Rivkin

                    *Proposed Counsel to the Debtors and Debtors in Possession*

**Hearing Date and Time: 10:00 a.m.[1] on July 9, 2026**
**Objection Deadline: 12:00 p.m. on July 2, 2026**

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
Tel.: (212) 450-4000
Brian M. Resnick
Angela M. Libby
Stephen D. Piraino
Richard J. Steinberg
Sihui (Sophy) Ma
Mordechai Rivkin

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SLEEP NUMBER CORPORATION,** *et al.*, | **Case No. 26-11399 (KYP)** |
| **Debtors.[2]** | **Jointly Administered** |

**MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER
ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR RETAINED PROFESSIONALS**

Sleep Number Corporation and its direct and indirect subsidiaries (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby file this *Motion of the Debtors for Entry of an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* (this "**Motion**"). In support of this Motion, the Debtors respectfully state as follows:

---

[1] All times herein are expressed in prevailing Eastern Time.

[2] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Sleep Number Corporation (7886); Select Comfort Retail Corporation (9757); Select Comfort Canada Holding Inc. (4273); Select Comfort SC LLC (5901); and Sleep Number Health Corporation (2499). The Debtors' mailing address is 1001 Third Avenue South, Minneapolis, MN 55404.

**Relief Requested**

1.        By this Motion, and pursuant to sections 105, 330, and 331 of title 11 of the United States Code (the "**Bankruptcy Code**"), rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), approving and establishing procedures for interim compensation for services rendered and reimbursement of expenses incurred by attorneys and other professionals who (a) will be retained pursuant to sections 327 or 1103 of the Bankruptcy Code and (b) are required to file applications pursuant to sections 330 and 331 of the Bankruptcy Code (collectively, the "**Retained Professionals**").   Specifically, the Debtors request that the payment of fees and reimbursement of expenses of Retained Professionals be structured in accordance with the procedures described herein.

**Jurisdiction and Venue**

2.        The United States Bankruptcy Court for the Southern District of New York (the "**Court**") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.).

3.        This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).  The Debtors confirm their consent to the entry of a final order by the Court in connection with this Motion.

4.        Venue of the Chapter 11 Cases and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2

**Background**

A.    **General Background**

5.    On June 12, 2026 (the "**Petition Date**"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors remain in possession of their property and continue to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Chapter 11 Cases are being jointly administered, for procedural purposes only, pursuant to Bankruptcy Rule 1015(b), as ordered by the Court [ECF No. 42].

6.    On June 23, 2026, the United States Trustee for Region 2 (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Committee**") pursuant to section 1102 of the Bankruptcy Code [ECF No. 110].  No request has been made for the appointment of a trustee or examiner.

7.    Additional information about the events leading up to the Petition Date and the Debtors' businesses, affairs, capital structure, and prepetition indebtedness can be found in the *Declaration of Amy O'Keefe in Support of the Chapter 11 Proceedings and First Day Pleadings* [ECF No. 3].

B.    **Retention of Professionals**

8.    The Debtors have filed substantially contemporaneously herewith (or will file) applications seeking approval to employ and retain, as Retained Professionals, (a) Davis Polk & Wardwell LLP, as proposed counsel to the Debtors in the Chapter 11 Cases, (b) Guggenheim Securities LLC, as investment banker to the Debtors, (c) Kent Percy of AP Services, LLC, as chief restructuring officer of the Debtors, (d) Deloitte Touche Tohmatsu Limited, as tax advisor to the Debtors, (e) Vinson & Elkins LLP,  as proposed counsel to the special investigation committee for each of the Debtors, (f) A&G Realty Partners, LLC, as real estate advisor to the Debtors and

3

(g) Kroll Restructuring Administration LLC ("**Kroll**"), as claims and noticing agent and administrative advisor,[3] and the Debtors may seek to retain additional Retained Professionals in connection with the continued proceedings of the Chapter 11 Cases.[4] The Debtors also expect the Committee to file applications to retain certain professionals, including as counsel and as investment banker.

### C.    The Proposed Compensation Procedures

9.    The Debtors believe that establishing orderly procedures for the application for and payment of fees and reimbursement of expenses of Retained Professionals would (a) streamline the administration of the Chapter 11 Cases and otherwise promote efficiency for the Court and its staff, the U.S. Trustee, and all other parties in interest, (b) allow the Debtors to closely monitor the costs of administering the Chapter 11 Cases, (c) ensure that the Debtors are maintaining an appropriate level of liquidity so as to satisfy their retention obligations, and (d) ensure the accuracy of the Debtors' forecasted cash flows.  Accordingly, the Debtors propose that the payment of compensation and reimbursement of expenses of the Retained Professionals, and applications

---

[3] On June 15, 2026, the Court entered an order authorizing the Debtors' employment and retention of Kroll as claims and noticing agent to the Debtors [ECF No. 55] (the "**Kroll 156(e) Retention Order**").  Kroll shall only be considered a Retained Professional with respect to its services provided to the Debtors in its capacity as Administrative Advisor (as defined in the application to employ Kroll filed contemporaneously herewith).  As provided in paragraph 8 of the Kroll 156(e) Retention Order, Kroll shall not be required to file fee applications or otherwise seek Court approval for the compensation of its services and reimbursement of its expenses incurred in its capacity as claims and noticing agent.

[4] Other professionals may be retained by the Debtors in accordance with the Court's order granting the relief sought under the *Motion of the Debtors for Entry of an Order Authorizing the Retention and Compensation of Professionals Utilized in the Ordinary Course of Business*, filed contemporaneously herewith (such order, the "**OCP Order**").  Such professionals (the "**Ordinary Course Professionals**") would not be required to file individual retention applications and would, subject to the terms of the OCP Order, be paid in full each month without filing monthly fee statements or interim or final fee applications.  As set forth in the OCP Order, any Ordinary Course Professional seeking payment of fees and disbursements exceeding the applicable monthly cap set forth therein would be obligated to file a fee application for the amounts in excess of the applicable monthly cap.  For the avoidance of doubt, the term "Retained Professionals" used herein does not include any professional retained in accordance with the OCP Order, unless and until such professional files a retention application and such application is approved by the Court.

4

related thereto, be structured in accordance with the terms and conditions set forth in **Exhibit 1** to the Proposed Order (the "**Compensation Procedures**"),[5] and incorporated herein by reference. The Compensation Procedures are in general conformity with General Order M-412, General Order M-447, and the U.S. Trustee's *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*.

10. Pursuant to the Compensation Procedures, Retained Professionals may file Monthly Fee Statements with the Court and serve them upon the Compensation Notice Parties (which includes the Debtors, their proposed counsel, counsel to the Committee, and the U.S. Trustee). If no objections from the Compensation Notice Parties are received by the applicable Retained Professional(s) within 14 days of such filing, 80% of the fees and 100% of the expenses requested by such Retained Professional(s) would be payable by the Debtors. Interim Fee Applications may be similarly filed with the Court and served on the Compensation Notice Parties every three months, through which the Retained Professionals will seek the Court's approval of the 20% holdback of their fees.

11. Finally, the Debtors request that the Court limit service of the Monthly Fee Statements and the Interim Fee Applications (and the notices thereof) to the Compensation Notice Parties and submit that establishing a streamlined process for serving and providing notice of such statements and applications is appropriate to provide the parties most active in the Chapter 11 Cases the opportunity to review the Retained Professionals' fees and expenses while also saving the Debtors unnecessary administration costs.

---

[5] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Compensation Procedures.

**Basis for Relief**

12.    Section 330 of the Bankruptcy Code provides, in relevant part:

> After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to . . . a professional person employed under section 327 or 1103 (A) reasonable compensation for actual, necessary services rendered . . . and (B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330.

13.    Section 331 of the Bankruptcy Code provides, in relevant part:

> [A] debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days . . . or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title.  After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

11 U.S.C. § 331.

14.    Local Rule 2016-1(c) explicitly contemplates the implementation of interim compensation procedures.  Courts consider several factors in deciding whether to establish such procedures, including "the size of [the] reorganization cases, the complexity of the issues involved, and the time required on the part of the attorneys for the debtors in providing services necessary to achieve a successful reorganization of the debtors." *In re Int'l Horizons, Inc.*, 10 B.R. 895, 898 (Bankr. N.D. Ga. 1981) (establishing procedures for monthly interim compensation); *see also In re Mariner Post-Acute Network, Inc.*, 257 B.R. 723, 727–30 (Bankr. D. Del. 2000) (approving interim compensation procedures because more frequent payment avoids imposing an "intolerable burden" and "a significant economic disadvantage" on a debtor's professionals, while also permitting debtors to "better manage their cash flow," and indicating that courts should consider the size of the bankruptcy case when deciding whether to establish interim compensation procedures) (citing *In re Knudsen Corp.*, 84 B.R. 668, 672–73 (B.A.P. 9th Cir. 1988)).

6

15. Specifically, although professionals are limited to seeking payment of fees and expenses no more than three times per year under section 331 of the Bankruptcy Code, the Court may increase this frequency. Although the Bankruptcy Code remains silent as to the circumstances that may warrant such increases, "[t]he legislative history noted that the appropriate case warranting more frequent applications include 'very large cases where the legal work is extensive.'" 3 Collier on Bankruptcy P 331.03 (16th 2023) (citing H.R. Rep. No. 595, 95th Cong., 1st Sess. 330 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 41–42 (1978)).

16. Finally, section 105(a) of the Bankruptcy Code grants the Court broad equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Further, bankruptcy courts can enter orders "prescribing such limitations and conditions as the court deems appropriate to ensure that the [bankruptcy] case is handled expeditiously and economically." 11 U.S.C. § 105(d); *see also In re Bambi*, 492 B.R. 183, 188 (Bankr. S.D.N.Y. 2013) (holding that bankruptcy courts have "inherent power to manage their own docket") (citation omitted); *In re Am. Cap. Equip., LLC*, 688 F.3d 145, 154 (3d Cir. 2012) (holding that "the court's equitable powers under 11 U.S.C. § 105 surely enable it to control its own docket") (citation omitted).

17. The Debtors submit that implementation of the proposed Compensation Procedures is justified and in the best interest of the Debtors' estates and their creditors and is necessary to avoid having professionals fund the bankruptcy cases. The proposed Compensation Procedures would (a) enable the Debtors and parties in interest to closely monitor costs of administration relating to the Chapter 11 Cases, (b) allow the Court and parties in interest to ensure the reasonableness and necessity of the compensation and reimbursement of expenses, (c) substantially reduce the burden imposed on the Court by avoiding the need for immediate

review of Monthly Fee Statements, and (d) eliminate undue financial burdens on the Retained Professionals.   Moreover, absent streamlined compensation procedures, the professional fee application and review process could create an exceptional burden on the Debtors, the Court, the Retained Professionals, and other parties in interest.   The proposed Compensation Procedures would greatly simplify the process and preempt unnecessary Court involvement and expenditure of judicial resources.   And, given the complexity of these Chapter 11 Cases and the volume of services that the Retained Professionals will be providing each month, more frequent applications are warranted, as contemplated by the legislative history to section 331 of the Bankruptcy Code.

18.     Finally, courts in this jurisdiction routinely approve procedures like those proposed hereby. *See, e.g.*, *In re Spirit Aviation Holdings, Inc.*, No.  25-11897 (SHL) (Bankr. S.D.N.Y. Nov. 3, 2025) [ECF No. 387]; *In re Azul S.A.*, No. 25-11176 (SHL) (Bankr. S.D.N.Y. July 18, 2025) [ECF No. 261]; *In re Acorda Therapeutics, Inc.*, No. 24-22284 (DSJ) (Bankr. S.D.N.Y. Apr. 26, 2024) [ECF No. 107]; *In re GOL Linhas Aéreas Inteligentes S.A.*, No. 24-10118 (MG) (Bankr. S.D.N.Y. Mar. 11, 2024) [ECF No. 253]; *In re Troika Media Grp., Inc.*, No. 23-11969 (DSJ) (Bankr. S.D.N.Y. Jan. 4, 2024) [ECF No. 92].

19.     Based on the foregoing, the Debtors respectfully submit that the Compensation Procedures are fair and reasonable, and that the relief requested herein is reasonable, appropriate, and in the best interests of the Debtors, their estates, and their creditors, and as such should be granted.

**Debtors' Reservation of Rights**

20.     Nothing contained herein is intended or should be construed as, or deemed to constitute, an agreement or admission as to the amount, priority, character, or validity of any claim against any Debtor on any grounds, a waiver or impairment of any Debtor's rights to dispute any

8

claim on any grounds, or an assumption or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code. Each Debtor expressly reserves its rights to contest any claims related to the relief requested herein under applicable bankruptcy and non-bankruptcy law. Likewise, if the Court grants the relief sought herein, any payment or transfer made pursuant to the Court's order is not intended, and should not be construed, as an admission as to the amount, priority, character, or validity of any claim or a waiver of any Debtor's rights to subsequently dispute such claim.

### Notice

21.     Notice of this Motion will be provided to the following parties (or their counsel) (collectively, the "**Notice Parties**"):  (a) the U.S. Trustee; (b) the Committee; (c) Faegre Drinker Biddle & Reath LLP, as counsel to the agent under the Debtors' prepetition credit facility and DIP Agent[6]; and (d) any other party that is identified on the Debtors' master service list,[7] is entitled to notice under rule 9013-1(c) of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), or has requested notice pursuant to Bankruptcy Rule 2002.  A copy of this Motion and any order entered in respect thereto will also be made available on the Debtors' case information website located at https://restructuring.ra.kroll.com/Sleepnumber.   Based on the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no other or further notice is required.

---

[6] As defined in the *Interim Order (I) Authorizing the Debtors to (A) Obtain Senior Secured Superpriority Postpetition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Claims with Superpriority Adminstrative Expense Status, (III) Granting Adequate Protection to the Prepetition Secured Parties, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief.* [ECF No. 74].

[7] Accessible by visiting https://restructuring.ra.kroll.com/Sleepnumber.

9

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated:   June 25, 2026
           New York, New York

DAVIS POLK & WARDWELL LLP

By:   _/s/ Brian M. Resnick_
450 Lexington Avenue
New York, NY 10017
Tel.: (212) 450-4000
Brian M. Resnick
Angela M. Libby
Stephen D. Piraino
Richard J. Steinberg
Sihui (Sophy) Ma
Mordechai Rivkin

_Proposed Counsel to the Debtors and Debtors in Possession_

10

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SLEEP NUMBER CORPORATION,** *et al.*, | **Case No. 26-11399 (KYP)** |
| **Debtors.[1]** | **Jointly Administered** |

### ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF RETAINED PROFESSIONALS

Upon the motion (the "**Motion**")[2] of Sleep Number Corporation and its subsidiaries (collectively, the "**Debtors**"), the debtors and debtors in possession in the above-captioned Chapter 11 Case, for entry of an order (this "**Order**"), pursuant to sections 105, 330, and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a), and Local Rule 2016-1, approving and establishing the procedures for interim compensation for services rendered and reimbursement of expenses incurred by Retained Professionals attached hereto as **Exhibit 1** and incorporated herein by reference (the "**Compensation Procedures**"), as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and the Court having found that venue of the Chapter 11 Cases and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, such notice having been adequate and appropriate under the

---

[1] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Sleep Number Corporation (7886); Select Comfort Retail Corporation (9757); Select Comfort Canada Holding Inc. (4273); Select Comfort SC LLC (5901); and Sleep Number Health Corporation (2499). The Debtors' mailing address is 1001 Third Avenue South, Minneapolis, MN 55404.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or the Compensation Procedures, as applicable.

circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion; and the Court having held a hearing, if necessary, to consider the relief requested in the Motion (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing (if any) establish just cause for the relief granted herein; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, their estates, and all other parties in interest; and all objections and reservations of rights filed or asserted in respect of the Motion, if any, having been withdrawn, resolved, or overruled with prejudice; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      Except as may otherwise be provided in orders of the Court authorizing the retention of specific Retained Professionals, Retained Professionals may seek interim payment of compensation and reimbursement of expenses in accordance with the Compensation Procedures attached hereto as **Exhibit 1**.  To the extent the Compensation Procedures conflict with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or Chambers' Rules, the Compensation Procedures shall govern the Chapter 11 Cases.

3.      In their respective Interim Fee Applications, all Retained Professionals who have been or are hereafter retained pursuant to section 327 or 1103 of the Bankruptcy Code (which does not include Ordinary Course Professionals) shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court.

2

4.      The amount of fees and expenses sought in any request for compensation and reimbursement of expenses shall be stated in U.S. dollars (if applicable, calculated at the prevailing exchange rate on the date of submission of the relevant fee statement or application).

5.      All notices given in accordance with the Compensation Procedures shall be deemed sufficient and adequate notice and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court.

6.      The Debtors shall include all payments to Retained Professionals on their monthly operating reports.

7.      For the avoidance of doubt, unless otherwise indicated, any period of time prescribed or allowed by this Order shall be computed in accordance with Bankruptcy Rule 9006.

8.      Any Bankruptcy Rule or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

9.      The Debtors are authorized to take any action they deem necessary or appropriate to implement and effectuate the terms of, and the relief granted in, this Order without seeking further order of the Court.

10.     The Court retains jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Order.

## Exhibit 1

### Compensation Procedures[1]

**Monthly Fee Statements**

a. On or after the 5th day of each month following the month or months for which compensation is sought, each Retained Professional seeking interim allowance of its fees and expenses may file a statement, which will include the relevant time entries and descriptions and expense details, with the Court for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month or months (a "**Monthly Fee Statement**"); however, a courtesy copy of the Monthly Fee Statements need not be delivered to the Judge's chambers because this Order does not alter the fee application requirements outlined in section 330 and 331 of the Bankruptcy Code.

b. Each Retained Professional shall serve a copy of its Monthly Fee Statement by first-class mail or by email on the following parties (collectively, the "**Compensation Notice Parties**"):

   (i)    the Debtors, Sleep Number Corporation, 1001 Third Avenue South, Minneapolis MN 55404, Attn: General Counsel;

   (ii)   (proposed) counsel to the Debtors, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY, 10017, Attn: Brian M. Resnick, Angela M. Libby, Stephen D. Piraino, Richard J. Steinberg, Sihui (Sophy) Ma and Mordechai Rivkin, (SleepNumberNotice@davispolk.com);

   (iii)  the U.S. Trustee, 1 Bowling Green, Rm 534, New York, NY 10014, Attn: Andrea B. Schwartz, Esq. and Daniel Rudewicz, Esq.;

   (iv)   (proposed) counsel to the Committee;

   (v)    Counsel to the DIP Agent, Faegre Drinker Biddle & Reath LLP, 2200 Wells Fargo Center, 90 S. 7th Street, Minneapolis, MN 55402, Attn: Michael R. Stewart (michael.stewart@faegredrinker.com) and Adam C. Ballinger (adam.ballinger@faegredrinker.com).

c. Any Retained Professional that does not file a Monthly Fee Statement for a particular month or months may subsequently submit a consolidated Monthly Fee Statement that includes a request for compensation earned or expenses incurred during previous months.

d. Each Monthly Fee Statement must contain a list of the individuals who provided services during the statement period for which compensation is being sought, their respective titles and billing rates, the aggregate hours spent by each individual, a reasonably detailed

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

breakdown of the disbursements incurred (no Retained Professional should seek reimbursement of an expense that would otherwise not be allowed pursuant to the Local Rules and this Court's *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases* dated January 29, 2013 (General Order M-447, Morris, C.J.) and the U.S. Trustee's *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (collectively, the "**Fee Guidelines**")), and contemporaneously maintained time entries (redacted or modified to protect any privileged information) for each individual in increments of a tenth of an hour, or as close thereto as practical, unless otherwise ordered by this Court.

e.  Compensation Notice Parties will have until 4:00 p.m.[2] on the day that is 20 days after the filing of a Monthly Fee Statement (the "**Objection Deadline**") to object to requested fees and expenses in accordance with the procedures described in subparagraph (f) below (such objection, a "**Preliminary Fee Statement Objection**").

f.  If any of the Compensation Notice Parties wish to object to a Retained Professional's Monthly Fee Statement, the objecting party shall, pursuant to subparagraph (e) above and within 20 days after delivery of the Monthly Fee Statement, deliver via email a written notice upon such Retained Professional and each of the other Compensation Notice Parties (the "**Preliminary Objection Notice**")[3] setting forth with reasonable detail the nature of the objection and the amount at issue (the "**Disputed Amount**"). Thereafter, the objecting party and the Retained Professional shall attempt to resolve the objection on a consensual basis. If such objection is resolved, the Debtors shall promptly pay 80% of the agreed-upon fees and 100% of the agreed-upon expenses. If, however, the parties are unable to reach a resolution of the objection within 14 days after delivery of the Preliminary Objection Notice (or such longer or shorter period as mutually agreed to by the Retained Professional and the objecting party), the objecting party shall file its objection to the Disputed Amount (the "**Fee Statement Objection**") with the Court within three business days and serve such Fee Statement Objection on the applicable Retained Professional and each of the Compensation Notice Parties, in each case, in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or Chambers' Rules. Thereafter, the Retained Professional may either (i) file with the Court a response to the Fee Statement Objection, together with a request for payment of the Disputed Amount, or (ii) forego payment of the Disputed Amount until the next hearing on an Interim Fee Application or Final Fee Application (each as defined below), at which time the parties may request that the Court consider the Fee Statement Objection.

g.  After the expiration of the Objection Deadline, the Debtors shall promptly pay the Retained Professional 80% of the fees and 100% of the expenses requested in each Monthly Fee Statement that are not subject to a Preliminary Fee Statement Objection timely filed and properly served in accordance herewith. If a Preliminary Fee Statement Objection with

---

[2] All times herein are expressed in prevailing Eastern Time.

[3] For the purpose of serving a Preliminary Objection Notice, service by email upon the Debtors' counsel shall be deemed sufficient service on the Debtors.

respect to a particular Monthly Fee Statement is timely and properly served, the Debtors shall withhold payment of only that portion of the Monthly Fee Statement to which the Preliminary Fee Statement Objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in this paragraph.

**Interim Fee Applications**

a.  Commencing with the period ending August 31, 2026, and for each three-month interval or such other interval convenient to the Court thereafter (in each case, without giving effect to Bankruptcy Rule 9006) (each, an "**Interim Fee Period**"), each Retained Professional may file with the Court and serve on the Compensation Notice Parties an application (an "**Interim Fee Application**")[4] for interim Court approval and allowance of compensation and reimbursement of expenses requested by such Retained Professional in its Monthly Fee Statements, including any holdbacks, filed during each applicable Interim Fee Period. The initial Interim Fee Period may include the period from the Petition Date (or the effective date of the Retained Professional's retention) through and including August 31, 2026.

b.  Retained Professionals may file their Interim Fee Applications on or before the 45th day following the end of each Interim Fee Period, or as soon as reasonably practicable thereafter.

c.  Each Interim Fee Application must include any information requested by the Court or required by the applicable Local Rules and the Fee Guidelines.

d.  Parties in interest shall have until 4:00 p.m. on the day that is 21 days after the service of an Interim Fee Application to file an objection thereto (a "**Fee Application Objection**" and, together with any Fee Statement Objections, the "**Objections**").

e.  The Debtors may request that the Court consider the Interim Fee Applications once every three months or at such other intervals as the Court deems appropriate.

f.  The Court, in its discretion, may approve an uncontested Interim Fee Application without the need for a hearing if no Objections are timely filed. Upon allowance by the Court of a Retained Professional's Interim Fee Application, the Debtors are authorized and directed to promptly pay such Retained Professional all fees (including any holdback) requested and expenses not previously paid in such Interim Fee Application.

g.  The pendency of an Interim Fee Application, or an order of the Court that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Fee Statement of any Retained Professional, shall not disqualify a Retained Professional from future compensation or reimbursement.

---

4  Unless otherwise ordered by the Court (including in a confirmed chapter 11 plan), final fee applications (each, a "**Final Fee Application**") shall comply with the applicable protocols herein related to Interim Fee Applications.

3

h.  Neither (i) the payment of, or the failure to pay, in whole or in part, any Monthly Fee Statement or interim compensation and reimbursement to a Retained Professional nor (ii) the filing of, or failure to file, an Objection will bind any party in interest or the Court with respect to any subsequent interim or final allowance of any compensation of fees for services rendered or reimbursement of expenses incurred.

i.  (Proposed) counsel for the Committee may, in accordance with these Compensation Procedures, collect and submit statements of expenses, with supporting vouchers, from members of the Committee; provided, that these reimbursement requests must comply with the Fee Guidelines. The Debtors are authorized to promptly pay, upon the receipt of invoices therefor included with a Monthly Fee Statement and in accordance with these Compensation Procedures, the actual and necessary expenses incurred by a natural person who is a member of the Committee in the performance of the duties of the Committee.

j.  No Retained Professional may file a Monthly Fee Statement or file an Interim Fee Application until the Court enters an order approving the retention of such Professional pursuant to section 327 or 1103 of the Bankruptcy Code.

***