Robert J. Feinstein
Bradford J. Sandler
Shirley S. Cho
Theodore S. Heckel, Sr.
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, New York 10019
Telephone:    (212) 561-7700
Facsimile:    (212) 561-7777
Email:        rfeinstein@pszjlaw.com
              bsandler@pszjlaw.com
              scho@pszjlaw.com
              theckel@pszjlaw.com

*Proposed Counsel to the Official Committee of
Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SLEEP NUMBER CORPORATION, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 26-11399 (KYP)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 17** |

**STATEMENT OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS IN SUPPORT OF BID PROCEDURES MOTION**

The Official Committee of Unsecured Creditors (the "Committee") of Sleep Number

Corporation and its debtor affiliates (collectively, the "Debtors") in the above-captioned chapter 11

cases hereby submits this statement (this "Statement") in support of the Debtors' *Motion of

Debtors for Entry of Orders (I)(A) Approving Bidding Procedures for Sale of the Debtors' Assets,

(B) Approving the Designation of SNBR Inc., an Affiliate of Sleep Country Canada, Inc., as the*

---

[1]    The Debtors' names and last four digits of their respective employer identification numbers are as follows:  Sleep Number Corporation (7886); Select Comfort Retail Corporation (9757); Select Comfort Canada Holding Inc. (4273); Select Comfort SC LLC (5901); and Sleep Number Health Corporation (2499).  The Debtors' mailing address is 1001 Third Avenue South, Minneapolis, MN 55404.

4924-8040-5689.3 79577.00002

*Stalking Horse Bidder for the Assets, (C) Authorizing and Approving Entry Into the Stalking Horse Asset Purchase Agreement, (D) Approving Bid Protections, (E) Scheduling an Auction for, and Hearing to Approve, the Sale of the Debtors' Assets, (F) Approving the Form and Manner of Notice of Sale, Auction, and Sale Hearing, and (G) Approving the Assumption and Assignment Procedures, (II)(A) Approving the Sale of the Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances and (B) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (III) Granting Related Relief* (Docket No. 17) (the "Bid Procedures Motion"),[2] and respectfully states as follows:

## STATEMENT

1.      The Committee has been made to believe that substantially all executory contracts and unexpired leases of the Debtors will be assumed and assigned to the Stalking Horse Bidder pursuant to the Stalking Horse Agreement.  This feature makes the Stalking Horse Bid compelling to the Committee's constituency, including employees, vendors, and landlords, who negotiated meaningful changes to the Bidding Procedures.  Thus, any other Bid submitted must be weighed against the totality of the Stalking Horse Bid and maximize value for all stakeholders to be competitive or actionable.

2.      Following its appointment on June 23, 2026, the Committee worked diligently to, among other things, improve upon the favorable terms of the Stalking Horse Bid by addressing certain material issues.  The Committee immediately engaged in arm's-length discussions with the Debtors, the Stalking Horse Bidder, and other parties-in-interest, including the vitally important

---

[2]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Bid Procedures Motion.

landlord and vendor communities.  The Committee is pleased to report that the parties' efforts were fruitful.

3.      As a result of those discussions, the Committee secured important improvements to the Stalking Horse Bid, which include the following: ***First***, the Stalking Horse Bidder has agreed to increase the cap on cure payments by twenty-five percent (25%) to $10 million, which provides a direct economic benefit to unsecured creditors.  ***Second***, the Stalking Horse Bidder has agreed to bury avoidance actions against non-insiders of the Debtors, so that unsecured creditors (i.e., vendors and landlords) can rest assured knowing that they will not be sued for any preferences, which would only add insult to injury.

4.      Most retailers do not age well in chapter 11.  And with the numerous changes incorporated into the terms of the Stalking Horse Bid and Bidding Procedures, the Committee believes that the Debtors' Bidding Process is now designed to maximize value for unsecured creditors, including, among others, employees, vendors, and landlords, and all other stakeholders.

5.      To be clear, the Committee has some concerns regarding the certainty of closing the Stalking Horse Agreement and reserves all rights with respect to the Auction and the approval of any Sale Transaction (including, without limitation, determining what constitutes a higher or better Bid).  But after many discussions with the Stalking Horse Bidder, the Committee is confident that the Stalking Horse Bidder is serious about closing on the Sale Transaction reflected in the Stalking Horse Agreement.  Accordingly, the Committee supports entry of an Order authorizing and approving the Bidding Procedures, as modified to reflect the negotiated improvements described herein, including with respect to the terms of the Stalking Horse Bid.

Dated:   July 1, 2026

Respectfully submitted,

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Bradford J. Sandler*

Robert J. Feinstein
Bradford J. Sandler
Shirley S. Cho
Theodore S. Heckel, Sr.
1700 Broadway, 36th Floor
New York, New York 10019
Telephone:   (212) 561-7700
Facsimile:   (212) 561-7777
Email:        rfeinstein@pszjlaw.com
              bsandler@pszjlaw.com
              scho@pszjlaw.com
              theckel@pszjlaw.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*