DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
Tel.: (212) 450-4000
Brian M. Resnick
Angela M. Libby
Stephen D. Piraino
Richard J. Steinberg
Sihui (Sophy) Ma
Mordechai Rivkin

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SLEEP NUMBER CORPORATION,** *et al.*, | **Case No. 26-11399 (KYP)** |
| **Debtors.**[1] | **Jointly Administered Re:** |
| | **ECF No. 17** |

### NOTICE OF FILING OF AMENDMENT TO THE STALKING HORSE ASSET PURCHASE AGREEMENT

PLEASE TAKE NOTICE that, on June 12, 2026 (the "**Petition Date**"), the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") commenced cases (collectively, the "**Chapter 11 Cases**") by filing petitions for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York.

PLEASE TAKE FURTHER NOTICE that, on the Petition Date, the Debtors filed the *Motion of Debtors for Entry of Orders (I)(A) Approving Bidding Procedures for Sale of the Debtors' Assets, (B) Approving the Designation of SNBR Inc., an affiliate of Sleep Country Canada, Inc., as the Stalking Horse Bidder for the Assets, (C) Authorizing and Approving Entry into the Stalking Horse Asset Purchase Agreement, (D) Approving Bid Protections, (E) Scheduling an Auction for, and Hearing to Approve, the Sale of the Debtors' Assets, (F) Approving the Form and Manner of Notices of Sale, Auction, and Sale Hearing, and (G)*

---

[1] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Sleep Number Corporation (7886); Select Comfort Retail Corporation (9757); Select Comfort Canada Holding Inc. (4273); Select Comfort SC LLC (5901); and Sleep Number Health Corporation (2499). The Debtors' mailing address is 1001 Third Avenue South, Minneapolis, MN 55404.

*Approving the Assumption and Assignment Procedures, (II)(A) Approving the Sale of the Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances and (B) Authorizing Assumption and Assignment of Executory Contracts and Unexpired Leases, and (III) Granting Related Relief* [ECF No. 17] (the "**Bidding Procedures Motion**").

**PLEASE TAKE FURTHER NOTICE** that attached to the Bidding Procedures Motion as <u>Exhibit B</u> is the Asset Purchase Agreement, dated as of June 12, 2026, by and among the Debtors and SNBR Inc. (the "**Asset Purchase Agreement**").

**PLEASE TAKE FURTHER NOTICE** that the Debtors hereby submit an executed amendment to the Asset Purchase Agreement (the "**Asset Purchase Agreement Amendment**") attached hereto as **<u>Exhibit A</u>**.

**PLEASE TAKE FURTHER NOTICE** that copies of the Bidding Procedures Motion, the Asset Purchase Agreement, the Asset Purchase Agreement Amendment, and any other document filed publicly in the Chapter 11 Cases are accessible, free of charge, at the Debtors' case website located at https://restructuring.ra.kroll.com/SleepNumber.

[*Remainder of page intentionally left blank*]

2

Dated:    July 2, 2026
          New York, New York

DAVIS POLK & WARDWELL LLP


*/s/ Brian M. Resnick*

450 Lexington Avenue
New York, NY 10017
Tel.: (212) 450-4000
Brian M. Resnick
Angela M. Libby
Stephen D. Piraino
Richard J. Steinberg
Sihui (Sophy) Ma
Mordechai Rivkin

*Proposed Counsel to the Debtors and Debtors in Possession*

**Exhibit A**

**Asset Purchase Agreement Amendment**

**AMENDMENT NO. 1**
**TO**
**ASSET PURCHASE AGREEMENT**

This AMENDMENT NO. 1 TO ASSET PURCHASE AGREEMENT (this "**Amendment**"), dated as of July 2, 2026, to that certain Asset Purchase Agreement (as may be further amended or modified from time to time, the "**Agreement**"), dated as of June 12, 2026, is entered into by and among (i) SNBR Inc., a Delaware corporation ("**Purchaser**") and (ii) Sleep Number Corporation, a Minnesota corporation ("**Seller**"). Any capitalized term used but not defined in this Amendment shall have the meaning ascribed to such term in the Agreement.

**RECITALS**

**WHEREAS**, pursuant to Section 10.3 of the Agreement, the Agreement may be amended by an instrument in writing duly executed by the party against whom enforcement of such amendment is sought; and

**WHEREAS**, the Purchaser and Seller desire to amend the Agreement as set forth in this Amendment.

**NOW, THEREFORE**, in consideration of the promises and the mutual agreements and covenants hereinafter set forth, and intending to be legally bound, the undersigned parties hereby agree as follows:

**AMENDMENT**

1.      The definition of "Cure Cap" set forth in Article 1 of the Agreement is hereby amended by deleting such definition and replacing it with the following:

""**Cure Cap**" means $10,000,000."

2.      Section 2.1(f) of the Agreement is hereby amended by deleting Section 2.1(f) and replacing it with the following:

"all of the Seller Group's rights, claims or causes of action (including, for the avoidance of doubt, any Avoidance Actions or any Action against any officer, director, manager, stockholder, agent, Affiliate, advisor, Representative or employee of the Seller Group) against third parties or any Transferred Employees relating to the assets, properties, business or operations of the Seller Group that are related to the Business, the Transferred Assets or the Assumed Liabilities, except for such rights, claims and causes of action solely related to the Excluded Assets or Excluded Liabilities (the "**Acquired Claims**") *provided, however*, that neither the Purchaser, nor any Person claiming by, through, or on behalf of the Purchaser (including, but not limited to, by operation of law, sale, assignment, conveyance, or otherwise) shall pursue, prosecute, litigate, institute, use offensively or defensively, assert, sell, convey, assign, or file any claim that relates to any Avoidance Actions of the Seller Group's bankruptcy estates under section 547 and section 548 of the Bankruptcy Code against any non-insider of the Seller Group;"

3. Section 6.7 of the Agreement is hereby amended by adding a new Section 6.7(f) immediately following the existing Section 6.7(g), which Section 6.7(f) shall be as follows:

"For the avoidance of doubt, for any Real Property Leases that are designated pursuant to the "Designation Rights" in Section 2.4 of the Agreement (i) the Required Employee Acceptance Threshold shall only apply at the time of Closing (and not thereafter), and (ii) the treatment of employees employed at such stores covered by designated Real Property Leases following the Closing shall be governed by the Transition Services Agreement."

4.      **Miscellaneous**.

(a)      Counterparts. This Amendment may be executed in any number of counterparts and by the different parties on separate counterparts, and each such counterpart shall be deemed to be an original, but all such counterparts shall together constitute but one and the same instrument. Delivery of the executed counterpart of this Amendment by telecopy or electronic mail shall be as effective as delivery of a manually executed counterpart to this Amendment.

(b)      Severability. The illegality or unenforceability of any provision of this Amendment or any instrument or agreement required hereunder shall not in any way affect or impair the legality or enforceability of the remaining provisions of this Amendment or any instrument or agreement required hereunder.

(c)      Headings. Section headings used in this Amendment are for convenience only, and shall not affect the construction of this Amendment.

(d)      Effect of Amendment & Entire Agreement. Except as otherwise amended and modified hereby, the provisions of the Agreement shall remain in full force and effect. This Amendment shall be deemed for all intents and purposes as an integral part of the Agreement.

(e)      References. (i) After the execution and delivery of this Amendment, any reference to the Agreement shall be deemed to include this Amendment, and (ii) any reference in any of this Amendment or the Agreement to the Agreement shall be read as a reference to the Agreement as amended hereby and as further amended, modified, restated, supplemented or extended from time to time in accordance with the terms thereof.

[*Signature Page Follows*]

IN WITNESS WHEREOF, the parties have caused this Amendment to be executed as of the date first set forth above by their duly authorized representatives.

**PURCHASER**:

SNBR INC.

By: _____
Name: Stewart Schaefer
Title: Chief Executive Officer

[**Signature Page to Amendment No. 1 to Asset Purchase Agreement**]

IN WITNESS WHEREOF the Parties have caused this Amendment to be executed as of the date first set forth above by their duly authorized representatives.

**SELLER**:

SLEEP NUMBER CORPORATION

By: _____

Name: Linda Findley
Title: President and Chief Executive Officer

[**Signature Page to Amendment No. 1 to Asset Purchase Agreement**]