DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Brian M. Resnick
Angela M. Libby
Stephen D. Piraino
Richard J. Steinberg
Sihui (Sophy) Ma
Mordechai Rivkin

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SLEEP NUMBER CORPORATION,** *et al.*, | **Case No. 26-11399 (KYP)** |
| **Debtors.**[1] | **Jointly Administered** |
| | **Re: ECF Nos. 9** |

**CERTIFICATE OF NO OBJECTION REGARDING MOTION OF THE DEBTORS FOR ENTRY OF INTERIM AND FINAL ORDER AUTHORIZING (I) THE DEBTORS TO HONOR PREPETITION OBLIGATIONS TO CUSTOMERS AND RELATED THIRD PARTIES AND OTHERWISE TO CONTINUE CUSTOMER PRACTICES AND (II) FINANCIAL INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS**

Pursuant to 28 U.S.C. § 1746 and Rule 9013-3 of the Local Bankruptcy Rules for the

Southern District of New York (the "**Local Rules**"), the undersigned hereby certifies as follows:

1.      On June 12, 2026, the Debtors filed the *Motion of the Debtors for Entry of Interim*

*and Final Orders Authorizing (I) the Debtors to Honor Prepetition Obligations to Customers and*

*Related Third Parties and to Otherwise Continue Customer Practices and (II) Financial*

---

[1]  The Debtors' names and last four digits of their respective employer identification numbers are as follows: Sleep Number Corporation (7886); Select Comfort Retail Corporation (9757); Select Comfort Canada Holding Inc. (4273); Select Comfort SC LLC (5901); and Sleep Number Health Corporation (2499).  The Debtors' mailing address is 1001 Third Avenue South, Minneapolis, MN 55404.

*Institutions to Honor and Process Related Checks and Transfers* [ECF No. 9] (the "**Motion**").[2]  A proposed form of order granting the relief requested in the Motion was attached to the Motion as Exhibit B (the "**Proposed Order**).

2.      Objections and responsive pleadings to the Motion were due by July 2, 2026 at 12:00 p.m.[3] (the "**Objection Deadline**").

3.      Kroll Restructuring Administration LLC, the Debtors' claims and noticing agent, served the Motion on June 15, 2026.  *See* Aff. of Serv., ECF No. 36.

4.      In accordance with Local Rule 9013-3, the undersigned counsel represents that (a) the Objection Deadlines have passed more than 48 hours ago, (b) counsel is unaware of any unresolved objection, responsive pleading, or hearing request with respect to the Motion, and (c) counsel has reviewed the Court's docket in the Chapter 11 Cases no less than 48 hours after the Objection Deadlines passed and no unresolved objection, responsive pleading, or hearing request with respect to the Motion appears thereon.  Accordingly, in accordance with Local Rule 9013-3, the Court may grant the Motion without further pleading or hearing with respect thereto.

5.      The Debtors hereby submit a revised form of the Proposed Final Order, attached hereto as **Exhibit A** (the "**Revised Proposed Order**").  A redline comparison of the Revised Proposed Order marked against the Proposed Order is attached hereto as **Exhibit B**.

6.      Accordingly, the Debtors respectfully request that the Court enter the Revised Proposed Order granting the Motion.

---

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

[3]  All times herein are expressed in prevailing Eastern Time.

7.    Copies of the Motion, the Revised Proposed Order, and all other documents

publicly filed in the Chapter 11 Cases can be accessed free of charge at the Debtors' case website

located at https://restructuring.ra.kroll.com/SleepNumber/.


[*Remainder of page intentionally left blank*]

Dated:   July 7, 2026
         New York, New York

DAVIS POLK & WARDWELL LLP

By:   /s/ *Brian M. Resnick*
      450 Lexington Avenue
      New York, New York 10017
      Tel.: (212) 450-4000
      Brian M. Resnick
      Angela M. Libby
      Stephen D. Piraino
      Richard J. Steinberg
      Sihui (Sophy) Ma
      Mordechai Rivkin

      *Proposed Counsel to the Debtors and Debtors in Possession*

**Exhibit A**

**Revised Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SLEEP NUMBER CORPORATION,** *et al.*, | **Case No. 26-11399 (KYP)** |
| **Debtors.**[1] | **Jointly Administered** |

**FINAL ORDER AUTHORIZING (I) THE DEBTORS TO HONOR PREPETITION**
**OBLIGATIONS TO CUSTOMERS AND RELATED THIRD PARTIES AND TO**
**OTHERWISE CONTINUE CUSTOMER PRACTICES AND (II) FINANCIAL**
**INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND**
**TRANSFERS**

Upon the motion (the "**Motion**")[2] of Sleep Number Corporation and its direct and indirect subsidiaries (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), for entry of interim and final orders, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, (a) authorizing, but not directing, the Debtors in their sole discretion and as they deem appropriate, to (i) honor and fulfill their Customer Obligations and (ii) continue, renew, replace, implement new, and terminate any Customer Programs in the ordinary course of business without further application to the Court and (b) authorizing the applicable financial institutions to receive, process, honor, and pay all checks or wire transfers used by the Debtors to satisfy the foregoing, as

---

[1] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Sleep Number Corporation (7886); Select Comfort Retail Corporation (9757); Select Comfort Canada Holding Inc. (4273); Select Comfort SC LLC (5901); and Sleep Number Health Corporation (2499). The Debtors' mailing address is 1001 Third Avenue South, Minneapolis, MN 55404.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and the Court having found that venue of the Chapter 11 Cases and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion and the First Day Declaration; and the Court having held a hearing, if necessary, to consider the relief requested in the Motion on a final basis (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and the First Day Declaration and at the Hearing, if any, establish just cause for the relief granted herein; and the Court having found that the relief requested in the Motion represents a sound exercise of the Debtors' business judgment and is in the best interests of the Debtors, their creditors, their estates, and all other parties in interest; and all objections and reservations of rights filed or asserted in respect of the Motion, if any, having been withdrawn, resolved, or overruled with prejudice; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT: IS HEREBY ORDERED THAT:

1.      The Motion is granted on a final basis and as set forth herein (this "**Order**").

2

2.      The Debtors are authorized, but not directed, in their sole discretion and as they deem appropriate, to (a) fulfill, pay, and/or honor all Customer Obligations and (b) continue, renew, replace, implement new, and terminate any Customer Programs as they deem appropriate, in the ordinary course of business, without further application to the Court, including making all payments, satisfying all obligations, and permitting and effecting all setoffs in connection therewith, whether relating to the period prior to, on, or subsequent to the Petition Date.

3.      The Debtors, in their sole discretion, are authorized to (a) continue utilizing third parties in connection with administering and maintaining the Customer Programs as described in the Motion and to pay or cause to be paid such claims as and when such obligations are due and (b) pay prepetition amounts owing in the ordinary course of business to third parties in connection with administering and maintaining the Customer Programs.

4.      All applicable banks and other financial institutions are hereby authorized to receive, process, honor, and pay any and all checks, drafts, wires, check transfer requests, or automated clearinghouse transfers evidencing amounts paid by the Debtors under this Order whether presented prior to, on, or after the Petition Date.  Such banks and financial institutions are authorized to rely on the Debtors' representations as to which checks are issued or authorized to be paid pursuant to this Order without any duty of further inquiry and without liability for following the Debtors' instructions.

5.      The Debtors are authorized, but not required, to (a) issue new post-petition checks or effect new fund transfers (in each case, in their sole discretion) on account of Customer Obligations to replace any prepetition checks or fund transfer requests that may

3

#102751130v3

be dishonored or rejected and (b) reimburse the relevant payee, as the case may be, for any fees or costs incurred by it in connection with a dishonored or voided check or funds transfer.

6.       Nothing in this Order or any action taken by any Debtor in furtherance of the implementation hereof shall be deemed to constitute an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and all of the Debtors' rights with respect to such matters are expressly reserved.

7.       Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall (a) create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person or entity or (b) be deemed to convert the priority of any claim from a prepetition claim into an administrative expense claim.

8.       Nothing in this Order nor any Debtor's payment of claims pursuant to this Order shall be construed as or deemed to constitute (a) an agreement or admission by any Debtor as to the amount, priority, character, or validity of any claim against any Debtor on any grounds, (b) a grant of third-party beneficiary status or bestowal of any additional rights on any third party, (c) a waiver or impairment of any rights, claims, or defenses of any Debtor's or any party in interest's rights to dispute the amount, priority, character, or validity of any claim on any grounds, whether under bankruptcy or non-bankruptcy law, (d) a promise by any Debtor to pay any claim, (e) an implication or admission by any Debtor that such claim is payable pursuant to this Order, or (f) a waiver of any Debtor's or any party in interest's right to contest any lien or interest and efforts to exercise associated remedies during the Chapter 11 Cases.

#102751130v3

9.      The contents of the Motion and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Rules, and no other or further notice of the Motion or the entry of this Order shall be required.

10.     Notwithstanding Bankruptcy Rule 6004, this Order shall be effective and enforceable immediately upon its entry.

11.     The Debtors are authorized to take any action they deem necessary or appropriate to implement and effectuate the terms of, and the relief granted in, this Order without seeking further order of the Court.

12.     The Court retains jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Order.

5

#102751130v3

**Exhibit B**

**Redline – Revised Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SLEEP NUMBER CORPORATION,** *et al.*, | **Case No.** 26 [•]26-11399 ([•]KYP) |
| **Debtors.**[1] | **Jointly Administered** |

### FINAL ORDER AUTHORIZING (I) THE DEBTORS TO HONOR PREPETITION OBLIGATIONS TO CUSTOMERS AND RELATED THIRD PARTIES AND TO OTHERWISE CONTINUE CUSTOMER PRACTICES AND (II) FINANCIAL INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS

Upon the motion (the "**Motion**")[2] of Sleep Number Corporation and its direct and indirect subsidiaries (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), for entry of interim and final orders, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, (a) authorizing, but not directing, the Debtors in their sole discretion and as they deem appropriate, to (i) honor and fulfill their Customer Obligations and (ii) continue, renew, replace, implement new, and terminate any Customer Programs in the ordinary course of business without further application to the Court and (b) authorizing the applicable financial institutions to receive, process, honor, and pay all checks or wire transfers used by the Debtors to satisfy the foregoing, as

---

[1]  The Debtors' names and last four digits of their respective employer identification numbers are as follows: Sleep Number Corporation (7886); Select Comfort Retail Corporation (9757); Select Comfort Canada Holding Inc. (4273); Select Comfort SC LLC (5901); and Sleep Number Health Corporation (2499).  The Debtors' mailing address is 1001 Third Avenue South, Minneapolis, MN 55404.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and the Court having found that venue of the Chapter 11 Cases and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion and the First Day Declaration; and the Court having held a hearing, if necessary, to consider the relief requested in the Motion on a final basis (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and the First Day Declaration and at the Hearing, if any, establish just cause for the relief granted herein; and the Court having found that the relief requested in the Motion represents a sound exercise of the Debtors' business judgment and is in the best interests of the Debtors, their creditors, their estates, and all other parties in interest; and all objections and reservations of rights filed or asserted in respect of the Motion, if any, having been withdrawn, resolved, or overruled with prejudice; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT: IS HEREBY ORDERED THAT:

1.      The Motion is granted on a final basis and as set forth herein (this "**Order**").

2

#102751130v3

2.      The Debtors are authorized, but not directed, in their sole discretion and as they deem appropriate, to (a) fulfill, pay, and/or honor all Customer Obligations and (b) continue, renew, replace, implement new, and terminate any Customer Programs as they deem appropriate, in the ordinary course of business, without further application to the Court, including making all payments, satisfying all obligations, and permitting and effecting all setoffs in connection therewith, whether relating to the period prior to, on, or subsequent to the Petition Date.

3.      The Debtors, in their sole discretion, are authorized to (a) continue utilizing third parties in connection with administering and maintaining the Customer Programs as described in the Motion and to pay or cause to be paid such claims as and when such obligations are due and (b) pay prepetition amounts owing in the ordinary course of business to third parties in connection with administering and maintaining the Customer Programs.

4.      All applicable banks and other financial institutions are hereby authorized to receive, process, honor, and pay any and all checks, drafts, wires, check transfer requests, or automated clearinghouse transfers evidencing amounts paid by the Debtors under this Order whether presented prior to, on, or after the Petition Date.  Such banks and financial institutions are authorized to rely on the Debtors' representations as to which checks are issued or authorized to be paid pursuant to this Order without any duty of further inquiry and without liability for following the Debtors' instructions.

5.      The Debtors are authorized, but not required, to (a) issue new post-petition checks or effect new fund transfers (in each case, in their sole discretion) on account of Customer Obligations to replace any prepetition checks or fund transfer requests that may

3

#102751130v3

be dishonored or rejected and (b) reimburse the relevant payee, as the case may be, for any fees or costs incurred by it in connection with a dishonored or voided check or funds transfer.

6.      Nothing in this Order or any action taken by any Debtor in furtherance of the implementation hereof shall be deemed to constitute an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and all of the Debtors' rights with respect to such matters are expressly reserved.

7.      Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall (a) create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person or entity or (b) be deemed to convert the priority of any claim from a prepetition claim into an administrative expense claim.

8.      Nothing in this Order nor any Debtor's payment of claims pursuant to this Order shall be construed as or deemed to constitute (a) an agreement or admission by any Debtor as to the amount, priority, character, or validity of any claim against any Debtor on any grounds, (b) a grant of third-party beneficiary status or bestowal of any additional rights on any third party, (c) a waiver or impairment of any rights, claims, or defenses of any Debtor's or any party in interest's rights to dispute the amount, priority, character, or validity of any claim on any grounds, whether under bankruptcy or non-bankruptcy law, (d) a promise by any Debtor to pay any claim, (e) an implication or admission by any Debtor that such claim is payable pursuant to this Order, or (f) a waiver of any Debtor's or any party in interest's right to contest any lien or interest and efforts to exercise associated remedies during the Chapter 11 Cases.

4

#102751130v3

9.      The contents of the Motion and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Rules, and no other or further notice of the Motion or the entry of this Order shall be required.

10.     Notwithstanding Bankruptcy Rule 6004, this ~~Interim~~ Order shall be effective and enforceable immediately upon its entry.

11.     The Debtors are authorized to take any action they deem necessary or appropriate to implement and effectuate the terms of, and the relief granted in, this Order without seeking further order of the Court.

12.     The Court retains jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Order.

~~Dated:       _____, 2026~~
~~[•], New York~~

_____
~~THE HONORABLE [•]~~
~~UNITED STATES BANKRUPTCY~~
~~JUDGE~~

5

#102751130v3

| Summary report: Litera Compare for Word 11.10.1.2 Document comparison done on 7/7/2026 4:12:05 PM | |
|---|---|
| **Style name:** Comments+Color Legislative Moves+Images | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://dmsweb.ad.dpw.com/AMERICASACTIVE/102751130/1 | |
| **Modified DMS:** iw://dmsweb.ad.dpw.com/AMERICASACTIVE/102751130/3 | |
| **Changes:** | |
| Add | 3 |
| Delete | 3 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 1 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 7 |