**DAVIS POLK & WARDWELL LLP**
450 Lexington Avenue
New York, New York 10017
Tel.: (212) 450-4000
Brian M. Resnick
Angela M. Libby
Stephen D. Piraino
Richard J. Steinberg
Sihui (Sophy) Ma
Mordechai Rivkin

*Proposed Counsel to the Debtors and Debtors in Possession*

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** | **Re: ECF No. 6** |
| **SOUTHERN DISTRICT OF NEW YORK** | |

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SLEEP NUMBER CORPORATION,** *et al.*, | **Case No. 26-11399 (KYP)** |
| **Debtors.**[1] | **Jointly Administered** |

### NOTICE OF FILING OF REVISED PROPOSED ORDER (I) AUTHORIZING THE DEBTORS TO SATISFY PREPETITION CLAIMS OF (A) CRITICAL VENDORS, (B) FOREIGN VENDORS, (C) LIEN CLAIMANTS, AND (D) 503(B)(9) CLAIMANTS, (II) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS, AND (III) GRANTING RELATED RELIEF

**PLEASE TAKE NOTICE** that, on June 12, 2026, Sleep Number Corporation and its subsidiaries, as debtors and debtors in possession (collectively, the "**Debtors**"), each filed a voluntary petition (collectively, the "**Chapter 11 Cases**") for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York.

**PLEASE TAKE FURTHER NOTICE** that on June 12, 2026, the Debtors filed the *Motion of the Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to Satisfy Prepetition Claims of (A) Critical Vendors, (B) Foreign Claimants, (C) Lien Claimants, and (D) 503(b)(9) Claimants, (II) Confirming Administrative Status of Outstanding Orders, (III) Authorizing Financial Institutions to Honor and Process Related Checks and Transfers, and (IV) Granting Related Relief* [ECF No. 6] (the "**Motion**").  A Proposed Order was attached thereto as Exhibit B.

---

[1] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Sleep Number Corporation (7886); Select Comfort Retail Corporation (9757); Select Comfort Canada Holding Inc. (4273); Select Comfort SC LLC (5901); and Sleep Number Health Corporation (2499). The Debtors' mailing address is 1001 Third Avenue South, Minneapolis, MN 55404.

#102915273v2

**PLEASE TAKE FURTHER NOTICE** that the Debtors hereby file the revised proposed *Final Order (I) Authorizing the Debtors to Satisfy Prepetition Claims of (A) Critical Vendors, (B) Foreign Vendors, (C) Lien Claimants, and (D) 503(b)(9) Claimants, (II) Authorizing Financial Institutions to Honor and Process Related Checks and Transfers, and (III) Granting Related Relief* (the "**Revised Proposed Order**").  The Revised Proposed Order is attached hereto as **Exhibit A.**

**PLEASE TAKE FURTHER NOTICE** that a redline of the Revised Proposed Order reflecting changes from the Proposed Order is attached hereto as **Exhibit B**.

**PLEASE TAKE FURTHER NOTICE** that a hearing (the "**Hearing**") to consider the Motion will be held on **July 9, 2026 at 10:00 a.m.** before the Honorable Kyu Y. Paek. The Hearing will be conducted in a hybrid format that will permit either in-person attendance at One Bowling Green, New York, NY 10004-1408, Courtroom 610, or remote participation via Zoom for Government. Hearings participants, whether appearing remotely or in-person, must register their appearance using the eCourt Appearance tool on the Court's website at https://www.nysb.uscourts.gov/ecourt-appearances by 4:00 pm two business days before the Hearing. Once an appearance is properly registered, the Court will circulate by email the link, Meeting ID, and Password to access the Hearing using Zoom for Government. A guide for using Zoom for Government is available at https://www.nysb.uscourts.gov/zoom-video-hearing-guide.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and any other document filed publicly in the above-captioned proceedings are available free of charge at https://restructuring.ra.kroll.com/SleepNumber.

[*Remainder of Page Intentionally Left Blank*]

#102915273v2

Dated:   July 7, 2026
         New York, New York

                         DAVIS POLK & WARDWELL LLP

                         By:   */s/ Brian M. Resnick*
                         450 Lexington Avenue
                         New York, NY 10017
                         Tel.: (212) 450-4000
                         Brian M. Resnick
                         Angela M. Libby
                         Stephen D. Piraino
                         Richard J. Steinberg
                         Sihui (Sophy) Ma
                         Mordechai Rivkin

                         *Proposed Counsel to the Debtors and Debtors in Possession*

#102915273v2

## Exhibit A

**Revised Proposed Order**

#102915273v2

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SLEEP NUMBER CORPORATION,** *et al.*, | **Case No. 26-11399 (KYP)** |
| **Debtors.**[1] | **Jointly Administered** |

### FINAL ORDER (I) AUTHORIZING THE DEBTORS TO SATISFY PREPETITION CLAIMS OF (A) CRITICAL VENDORS, (B) FOREIGN VENDORS, (C) LIEN CLAIMANTS, AND (D) 503(B)(9) CLAIMANTS, (II) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS, AND (III) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**")[2] of Sleep Number Corporation and its direct and indirect subsidiaries (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), for entry of interim and final orders, pursuant to sections 105(a), 363(b), 503(b), 507(a)(2), and 546(h) of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, (a) authorizing, but not directing, the Debtors to satisfy in the ordinary course of business, in their sole discretion and business judgment: (i) prepetition claims held by vendors that are critical to the Debtors' business operations (the "**Critical Vendors**" and, such claims, the "**Critical Vendor Claims**"); (ii) prepetition claims held by suppliers, service providers, and distributors based outside the United States (the "**Foreign Vendors**" and, such

---

[1] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Sleep Number Corporation (7886); Select Comfort Retail Corporation (9757); Select Comfort Canada Holding Inc. (4273); Select Comfort SC LLC (5901); and Sleep Number Health Corporation (2499). The Debtors' mailing address is 1001 Third Avenue South, Minneapolis, MN 55404.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

claims, the "**Foreign Vendor Claims**"); (iii) prepetition claims held by third-party shippers, warehousemen, contractors, maintenance workers and other service providers (collectively, the "**Lien Claimants**" and such claims, the "**Lien Claims**"); and (iv) prepetition claims which may be entitled to administrative expense status under section 503(b)(9) of the Bankruptcy Code because such claims (to the extent undisputed) are on account of goods received by the Debtors in the ordinary course of business during the 20-day period prior to the Petition Date (the "**503(b)(9) Claims**" (and the creditors holding such claims, the "**503(b)(9) Claimants**"), and together with the Critical Vendor Claims, Foreign Vendor Claims, and Lien Claims, the "**Prepetition Trade Claims**") of creditors that provide goods or services related to the Debtors' operations (the "**Trade Creditors**"); (b) authorizing, but not directing, the Debtors to satisfy undisputed Prepetition Order Claims in the ordinary course of business, in their sole discretion; (c) authorizing the Debtors, in their sole discretion, under section 546(h) of the Bankruptcy Code, to return goods they purchased from Trade Creditors prior to the Petition Date for credit against such Trade Creditors' prepetition claims; and (d) authorizing the applicable financial institutions to receive, process, honor and pay all checks or wire transfers used by the Debtors to pay the foregoing, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and the Court having found that venue of the Chapter 11 Cases and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having

2

been provided to the Notice Parties, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion and the First Day Declaration; and the Court having held a hearing, if necessary, to consider the relief requested in the Motion on a final basis (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and the First Day Declaration and at the Hearing, if any, establish just cause for the relief granted herein; and the Court having found that the relief requested in the Motion represents a sound exercise of the Debtors' business judgment and is in the best interests of the Debtors, their creditors, their estates and all other parties in interest; and all objections and reservations of rights filed or asserted in respect of the Motion, if any, having been withdrawn, resolved, or overruled with prejudice; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted on a final basis and as set forth herein (this "**Order**").

2. The Debtors are authorized, but not directed, to pay all or part of, in their sole discretion, the Prepetition Trade Claims in the ordinary course of business.

3. Notwithstanding anything to the contrary herein, the Debtors' exercise of its discretion to pay all or part of the Prepetition Trade Claims or Prepetition Order Claims is subject in all respects to (a) the terms and conditions of the DIP Loan Agreement and the DIP Orders, (b) the Approved DIP Budget (subject to any Permitted

#102748305v5

Variances), and (c) the consent rights of the DIP Agent and the Required DIP Lenders set forth in the DIP Loan Documents.

4. The Debtors, in their sole discretion, may condition payment of any Prepetition Trade Claim upon agreement by such Trade Creditor to continue supplying goods or services to the Debtors on such Trade Creditor's Customary Trade Terms during the pendency of the Chapter 11 Cases or on such other terms and conditions as are acceptable to the Debtors (the "**Trade Agreement**"). The Debtors, in their sole discretion, may also provide for a waiver of preference and avoidance actions in any Trade Agreement or email agreement, as applicable, without further Order of the Court upon notice to the Committee (as defined below); *provided that* the Committee agrees to such waiver in writing (email being sufficient).

5. As a further condition of receiving payment on account of a Prepetition Trade Claim, the Debtors are authorized, in their sole discretion, to require that the applicable Trade Creditor agree to take whatever action is necessary to remove any existing Liens at such Trade Creditor's sole cost and expense and waive any right to assert a Lien on account of the paid Prepetition Trade Claim.

6. Any party that accepts payment from the Debtors on account of a Prepetition Trade Claim shall be deemed to have agreed to the terms and provisions of this Order and is bound hereby.

7. The following procedures, which the Debtors may implement in their sole discretion as a condition to satisfying Prepetition Trade Claims, are approved:

(a) Payment of Prepetition Trade Claims will include a communication of a statement substantially similar to the below:

By accepting this payment, the payee agrees to the terms of the Order of the United States Bankruptcy Court for the

4

Southern District of New York, dated [●], 2026, in *In re Sleep Number Corporation (No. 26-11399 (KYP)), entitled "Final Order (I) Authorizing the Debtors to Satisfy Prepetition Claims of (A) Critical Vendors, (B) Foreign Vendors, (C) Lien Claimants, and (D) 503(b)(9) Claimants, (II) Authorizing Financial Institutions to Honor and Process Related Checks and Transfers, and (III) Granting Related Relief"* [ECF No. [●]], a copy of which can be found at https://restructuring.ra.kroll.com/Sleepnumber, and, submits to the jurisdiction of that court for enforcement thereof.

(b)     As a condition to receiving payment on account of a Prepetition Trade Claim, the Debtors may require, in their sole discretion, that the applicable Trade Creditor agree to take whatever action is necessary to remove any existing Liens at such Trade Creditor's sole cost and expense and waive any right to assert a Lien on account of the paid Prepetition Trade Claim.

(c)     If a Trade Creditor accepts payment for a Prepetition Trade Claim and thereafter refuses to supply goods or services to the Debtors on the Customary Trade Terms, then the Debtors may, in their sole discretion, and without further order of the Court upon not less than five (5) days' notice to the Trade Creditor in writing (email being sufficient) (i) declare that the payment of such Prepetition Trade Claim (including payment of claims arising under section 503(b)(9) of the Bankruptcy Code) is a voidable post-petition transfer pursuant to section 549(a) of the Bankruptcy Code that the Debtors may recover from such Trade Creditor in cash or in goods (including by setoff against post-petition obligations) and (ii) demand that such Trade Creditor immediately return such payments in respect of its Prepetition Trade Claim to the extent that the aggregate amount of such payments exceeds the post-petition obligations then outstanding without giving effect to alleged setoff rights, recoupment rights or adjustments of any type whatsoever. Upon recovery of such payment by the Debtors, such Trade Creditor's Prepetition Trade Claim shall be reinstated in such an amount as to restore the Debtors and the applicable Trade Creditor to their original positions, as if the payment of the Prepetition Trade Claim had not been made.

8.     The Debtors are authorized, but not directed, to return (in their sole discretion) goods that were delivered before the Petition Date for an offset of the purchase price of such goods against such Trade Creditors' prepetition claims, subject to the limitations imposed by any orders of the Court and any prior rights of holders of

5

#102748305v5

security interests in such goods (or the proceeds thereof). In addition, the Debtors are authorized, but not directed, to return (in their sole discretion) goods that were delivered after the Petition Date for an offset of the purchase price of such goods against such Trade Creditors' post-petition claims, subject to the limitations imposed by any orders of the Court and any prior rights of holders of security interests in such goods (or the proceeds thereof).

9. The Debtors are authorized, but not directed, to satisfy Prepetition Order Claims in cash in the ordinary course of business, in their sole discretion.

10. The Debtors will provide the Court, the Official Unsecured Creditors Committee appointed in these Chapter 11 Cases (the "**Committee**"), and the United States Trustee for Region 2 ("**U.S. Trustee**"), via email, with a list of holders of each category of Prepetition Trade Claims set forth in the Motion and the amounts owed as of the Petition Date and any amended lists, as applicable. The Debtors shall maintain a matrix of all payments made in satisfaction of Prepetition Trade Claims, which matrix shall be provided to the Committee and the U.S. Trustee on a professional eyes' only basis on a bi-weekly basis from entry of this Final with the first report providing for all payments made from the Petition Date forward. Upon reasonable request of the Committee, copies of any executed Trade Agreement or email agreements shall be provided to the Committee's advisors on a professional eyes' only basis.

11. All applicable banks and other financial institutions are hereby authorized to receive, process, honor and pay any and all checks, drafts, wires, check transfer requests or automated clearinghouse transfers evidencing amounts paid by the Debtors under this Order whether presented prior to, on, or after the Petition Date. Such banks

6

#102748305v5

and financial institutions are authorized to rely on the Debtors' representations as to which checks are issued or authorized to be paid pursuant to this Order without any duty of further inquiry and without liability for following the Debtors' instructions.

12.     The Debtors are authorized, but not required, to (a) issue new post-petition checks or effect new fund transfers (in each case, in their sole discretion) on account of the Prepetition Trade Claims to replace any prepetition checks or fund transfer requests that may be dishonored or rejected and (b) reimburse the applicable Trade Creditor or other payee, as the case may be, for any fees or costs incurred by them in connection with a dishonored or voided check or funds transfer.

13.     Nothing in this Order or any action taken by any Debtor in furtherance of the implementation hereof shall be deemed to constitute an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and all of the Debtors' rights with respect to such matters are expressly reserved.

14.     Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall (a) create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person or entity or (b) be deemed to convert the priority of any claim from a prepetition claim into an administrative expense claim.

15.     Nothing in this Order nor any Debtor's payment of claims pursuant to this Order shall be construed as or deemed to constitute (a) an agreement or admission by any Debtor as to the amount, priority, character or validity of any claim against any Debtor on any grounds, (b) a grant of third-party beneficiary status or bestowal of any additional rights on any third party, (c) a waiver or impairment of any rights, claims, or defenses of

#102748305v5

any Debtor's or any party in interest's rights to dispute the amount, priority, character or validity of any claim on any grounds, whether under bankruptcy or non-bankruptcy law, (d) a promise by any Debtor to pay any claim, (e) an implication or admission by any Debtor that such claim is payable pursuant to this Order, or (f) a waiver of any Debtor's or any party in interest's right to contest any lien or interest and efforts to exercise associated remedies during the Chapter 11 Cases.

16.    Nothing herein shall impair or prejudice the Debtors' ability to contest in their sole discretion, the extent, perfection, priority, validity, or amounts of any claims held by any Trade Creditor.

17.    The contents of the Motion and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Rules, and no other or further notice of the Motion or the entry of this Order shall be required.

18.    Notwithstanding Bankruptcy Rule 6004, this Order shall be effective and enforceable immediately upon its entry.

19.    The Debtors are authorized to take any action they deem necessary or appropriate to implement and effectuate the terms of, and the relief granted in, this Order without seeking further order of the Court.

20.    The Court retains jurisdiction over any matter arising from or related to the implementation, interpretation and enforcement of this Order.

8

#102748305v5

26-11399-kyp   Doc 193   Filed 07/07/26   Entered 07/07/26 23:08:55   Main Document
Pg 13 of 22

## Exhibit B

### Revised Proposed Order (Redline)

#102915273v2

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SLEEP NUMBER CORPORATION,** *et al.*, | **Case No. 26-11399 (KYP)** |
| **Debtors.**[1] | **Jointly Administered** |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS TO SATISFY PREPETITION CLAIMS OF (A) CRITICAL VENDORS, (B) FOREIGN ~~VENDORS~~VENDORS,  (C) LIEN CLAIMANTS, AND (D) 503(B)(9) CLAIMANTS, (II) ~~CONFIRMING ADMINISTRATIVE STATUS OF OUTSTANDING ORDERS, (III)~~ AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS, AND (~~IV~~III) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of Sleep Number Corporation and its direct and indirect subsidiaries (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), for entry of interim and final orders, pursuant to sections 105(a), 363(b), 503(b), 507(a)(2), and 546(h) of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, (a) authorizing, but not directing, the Debtors to satisfy in the ordinary course of business, in their sole discretion and business judgment: (i) prepetition claims held by vendors that are critical to the Debtors' business operations (the "**Critical Vendors**" and, such claims, the "**Critical Vendor Claims**"); (ii) prepetition claims held by suppliers, service providers, and distributors based outside the United States (the "**Foreign Vendors**" and, such

---

[1]  The Debtors' names and last four digits of their respective employer identification numbers are as follows: Sleep Number Corporation (7886); Select Comfort Retail Corporation (9757); Select Comfort Canada Holding Inc. (4273); Select Comfort SC LLC (5901); and Sleep Number Health Corporation (2499).  The Debtors' mailing address is 1001 Third Avenue South, Minneapolis, MN 55404.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

claims, the "**Foreign Vendor Claims**"); (iii) prepetition claims held by third-party shippers, warehousemen, contractors, maintenance workers and other service providers (collectively, the "**Lien Claimants**" and such claims, the "**Lien Claims**"); and (iv) prepetition claims which may be entitled to administrative expense status under section 503(b)(9) of the Bankruptcy Code because such claims (to the extent undisputed) are on account of goods received by the Debtors in the ordinary course of business during the 20-day period prior to the Petition Date (the "**503(b)(9) Claims**" (and the creditors holding such claims, the "**503(b)(9) Claimants**"), and together with the Critical Vendor Claims, Foreign Vendor Claims, and Lien Claims, the "**Prepetition Trade Claims**") of creditors that provide goods or services related to the Debtors' operations (the "**Trade Creditors**"); (b) ~~granting administrative priority status under sections 503(b) and 507(a)(2) of the Bankruptcy Code to all undisputed Prepetition Order Claims of the Debtors, and~~ authorizing, but not directing, the Debtors to satisfy ~~such claims~~ <u>undisputed Prepetition Order Claims</u> in the ordinary course of business, in their sole discretion; (c) authorizing the Debtors, in their sole discretion, under section 546(h) of the Bankruptcy Code, to return goods they purchased from Trade Creditors prior to the Petition Date for credit against such Trade Creditors' prepetition claims; and (d) authorizing the applicable financial institutions to receive, process, honor and pay all checks or wire transfers used by the Debtors to pay the foregoing, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and the Court having

#102748305v5

found that venue of the Chapter 11 Cases and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion and the First Day Declaration; and the Court having held a hearing, if necessary, to consider the relief requested in the Motion on a final basis (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and the First Day Declaration and at the Hearing, if any, establish just cause for the relief granted herein; and the Court having found that the relief requested in the Motion represents a sound exercise of the Debtors' business judgment and is in the best interests of the Debtors, their creditors, their estates and all other parties in interest; and all objections and reservations of rights filed or asserted in respect of the Motion, if any, having been withdrawn, resolved, or overruled with prejudice; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.     The Motion is granted on a final basis and as set forth herein (this "**Order**").

2.     The Debtors are authorized, but not directed, to pay all or part of, in their sole discretion, the Prepetition Trade Claims in the ordinary course of business.

3.     Notwithstanding anything to the contrary herein, the Debtors' exercise of its discretion to pay all or part of the Prepetition Trade Claims or Prepetition Order Claims is subject in all respects to (a) the terms and conditions of the DIP Loan

3

#102748305v5

Agreement and the DIP Orders, (b) the Approved DIP Budget (subject to any Permitted Variances), and (c) the consent rights of the DIP Agent and the Required DIP Lenders set forth in the DIP Loan Documents.

4.     ~~The undisputed Prepetition Order Claims are hereby granted administrative priority status under sections 503(b) and 507(a)(2) of the Bankruptcy Code.~~

4.     ~~5.~~     The Debtors, in their sole discretion, may condition payment of any Prepetition Trade Claim upon agreement by such Trade Creditor to continue supplying goods or services to the Debtors on such Trade Creditor's Customary Trade Terms during the pendency of the Chapter 11 Cases or on such other terms and conditions as are acceptable to the Debtors~~.~~ (the "**Trade Agreement**").  The Debtors, in their sole discretion, may also provide for a waiver of preference and avoidance actions in any Trade Agreement or email agreement, as applicable, without further Order of the Court upon notice to the Committee (as defined below); *provided that* the Committee agrees to such waiver in writing (email being sufficient).

5.     ~~6.~~     As a further condition of receiving payment on account of a Prepetition Trade Claim, the Debtors are authorized, in their sole discretion, to require that the applicable Trade Creditor agree to take whatever action is necessary to remove any existing Liens at such Trade Creditor's sole cost and expense and waive any right to assert a Lien on account of the paid Prepetition Trade Claim.

6.     ~~7.~~     Any party that accepts payment from the Debtors on account of a Prepetition Trade Claim shall be deemed to have agreed to the terms and provisions of this Order and is bound hereby.

#102748305v5

7.    8.    The following procedures, which the Debtors may implement in their sole discretion as a condition to satisfying Prepetition Trade Claims, are approved:

(a)    Payment of Prepetition Trade Claims will include a communication of a statement substantially similar to the below:

> By accepting this payment, the payee agrees to the terms of the Order of the United States Bankruptcy Court for the Southern District of New York, dated [●], 2026, in *In re Sleep Number Corporation (No. 26-11399 (KYP)), entitled "[Final] Order (I) Authorizing the Debtors to Satisfy Prepetition Claims of (A) Critical Vendors, (B) Foreign ClaimantsVendors, (C) Lien Claimants, and (D) 503(b)(9) Claimants, (II) Confirming Administrative Status of Outstanding Orders, (III) Authorizing Financial Institutions to Honor and Process Related Checks and Transfers, and (IVIII) Granting Related Relief*" [ECF No. [●]], a copy of which can be found at https://restructuring.ra.kroll.com/Sleepnumber, and, submits to the jurisdiction of that court for enforcement thereof.

(b)    As a condition to receiving payment on account of a Prepetition Trade Claim, the Debtors may require, in their sole discretion, that the applicable Trade Creditor agree to take whatever action is necessary to remove any existing Liens at such Trade Creditor's sole cost and expense and waive any right to assert a Lien on account of the paid Prepetition Trade Claim.

(c)    If a Trade Creditor accepts payment for a Prepetition Trade Claim and thereafter refuses to supply goods or services to the Debtors on the Customary Trade Terms, then the Debtors may, in their sole discretion, and without further order of the Court (i)upon not less than five (5) days' notice to the Trade Creditor in writing (email being sufficient) (i) declare that the payment of such Prepetition Trade Claim (including payment of claims arising under section 503(b)(9) of the Bankruptcy Code) is a voidable post-petition transfer pursuant to section 549(a) of the Bankruptcy Code that the Debtors may recover from such Trade Creditor in cash or in goods (including by setoff against post-petition obligations) and (ii) (ii) demand that such Trade Creditor immediately return such payments in respect of its Prepetition Trade Claim to the extent that the aggregate amount of such payments exceeds the post-petition obligations then outstanding without giving effect to alleged setoff rights, recoupment rights or adjustments of any type whatsoever. Upon recovery of such payment by the Debtors, such Trade Creditor's Prepetition Trade Claim shall be reinstated in such an amount as to restore the Debtors and the

5

applicable Trade Creditor to their original positions, as if the payment of the Prepetition Trade Claim had not been made.

8.    ~~9.~~    The Debtors are authorized, but not directed, to return (in their sole discretion) goods that were delivered before the Petition Date for an offset of the purchase price of such goods against such Trade Creditors' prepetition claims, subject to the limitations imposed by any orders of the Court and any prior rights of holders of security interests in such goods (or the proceeds thereof).  In addition, the Debtors are authorized, but not directed, to return (in their sole discretion) goods that were delivered after the Petition Date for an offset of the purchase price of such goods against such Trade Creditors' post-petition claims, subject to the limitations imposed by any orders of the Court and any prior rights of holders of security interests in such goods (or the proceeds thereof).

9.    The Debtors are authorized, but not directed, to satisfy Prepetition Order Claims in cash in the ordinary course of business, in their sole discretion.

10.    The Debtors will provide the Court, the Official Unsecured Creditors Committee appointed in these Chapter 11 Cases (the "**Committee**"), and the United States Trustee for Region 2 ("**U.S. Trustee**"), via email, with a list of holders of each category of Prepetition Trade Claims set forth in the Motion and the amounts owed as of the Petition Date and any amended lists, as applicable.  The Debtors shall maintain a matrix of all payments made in satisfaction of Prepetition Trade Claims, which matrix shall be provided to the Committee and the U.S. Trustee on a professional eyes' only basis on a bi-weekly basis from entry of this Final with the first report providing for all payments made from the Petition Date forward.  Upon reasonable request of the

6

Committee, copies of any executed Trade Agreement or email agreements shall be provided to the Committee's advisors on a professional eyes' only basis.

11. ~~10.~~ All applicable banks and other financial institutions are hereby authorized to receive, process, honor and pay any and all checks, drafts, wires, check transfer requests or automated clearinghouse transfers evidencing amounts paid by the Debtors under this Order whether presented prior to, on, or after the Petition Date. Such banks and financial institutions are authorized to rely on the Debtors' representations as to which checks are issued or authorized to be paid pursuant to this Order without any duty of further inquiry and without liability for following the Debtors' instructions.

12. ~~11.~~ The Debtors are authorized, but not required, to (a) issue new post-petition checks or effect new fund transfers (in each case, in their sole discretion) on account of the Prepetition Trade Claims to replace any prepetition checks or fund transfer requests that may be dishonored or rejected and (b) reimburse the applicable Trade Creditor or other payee, as the case may be, for any fees or costs incurred by them in connection with a dishonored or voided check or funds transfer.

13. ~~12.~~ Nothing in this Order or any action taken by any Debtor in furtherance of the implementation hereof shall be deemed to constitute an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and all of the Debtors' rights with respect to such matters are expressly reserved.

14. ~~13.~~ Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall (a) create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person or entity or (b) be

7

#102748305v5

deemed to convert the priority of any claim from a prepetition claim into an administrative expense claim.

15. ~~14.~~ Nothing in this Order nor any Debtor's payment of claims pursuant to this Order shall be construed as or deemed to constitute (a) an agreement or admission by any Debtor as to the amount, priority, character or validity of any claim against any Debtor on any grounds, (b) a grant of third-party beneficiary status or bestowal of any additional rights on any third party, (c) a waiver or impairment of any rights, claims, or defenses of any Debtor's or any party in interest's rights to dispute the amount, priority, character or validity of any claim on any grounds, whether under bankruptcy or non-bankruptcy law, (d) a promise by any Debtor to pay any claim, (e) an implication or admission by any Debtor that such claim is payable pursuant to this Order, or (f) a waiver of any Debtor's or any party in interest's right to contest any lien or interest and efforts to exercise associated remedies during the Chapter 11 Cases.

16. ~~15.~~ Nothing herein shall impair or prejudice the Debtors' ability to contest in their sole discretion, the extent, perfection, priority, validity, or amounts of any claims held by any Trade Creditor.

17. ~~16.~~ The contents of the Motion and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Rules, and no other or further notice of the Motion or the entry of this Order shall be required.

18. ~~17.~~ Notwithstanding Bankruptcy Rule 6004, this Order shall be effective and enforceable immediately upon its entry.

8

#102748305v5

19. ~~18.~~     The Debtors are authorized to take any action they deem necessary or appropriate to implement and effectuate the terms of, and the relief granted in, this Order without seeking further order of the Court.

20. ~~19.~~     The Court retains jurisdiction over any matter arising from or related to the implementation, interpretation and enforcement of this Order.

~~Dated:        _____, 2026
            _____, New York~~

_____
~~THE HONORABLE
UNITED STATES BANKRUPTCY
JUDGE~~

#102748305v5