UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re: Sleep Number Corporation, et al.
Case No. 26-11399 (KYP)

OBJECTION OF FAISAL MUSHTAQ TO DEBTORS' MOTION

Honorable Judge:

My name is Faisal Mushtaq, and I respectfully submit this objection to preserve my rights as a former employee and participant in the Sleep Number Executive Deferred Compensation Plan.

I devoted years of service to Sleep Number and earned approximately $107,000 in deferred compensation. This represents compensation already earned through my employment, not future compensation.

When I enrolled in the Deferred Compensation Plan, I elected a five-year post-employment distribution schedule. The enrollment process did not adequately convey the practical consequences of this election in the event of a future corporate insolvency. Had I understood that my earned compensation could remain inaccessible for years after leaving the Company and then become subject to the claims of the Company's general creditors, I would not have made that election.

I left Sleep Number more than two years ago. Despite no longer being employed by the Company, I have been unable to access my earned compensation solely because of the mandatory five-year distribution election. My compensation has therefore remained locked in the Plan, beyond my control, while I bore the investment and insolvency risks without any ability to modify my election or withdraw my funds.

Now, after years of waiting for compensation that I earned through my work, the Company seeks to return the Trust assets to the bankruptcy estate for the benefit of general creditors. I respectfully submit that this outcome is fundamentally inequitable for former employees who completed their service years ago and had no ability to protect their deferred compensation.

Unlike trade creditors or lenders, participants in this Plan earned these funds through years of employment, voluntarily deferred receipt, and reasonably expected to receive payment according to the distribution elections. Former employees had no role in the Company's financial decisions after their departure and no practical means to mitigate the risk once their elections became irrevocable.

Accordingly, I respectfully request that the Court:
1. Deny the Debtors' Motion; or
2. In the alternative, require additional protections for Plan participants, preserve all contractual and legal rights, require a full accounting of participant assets, and ensure participants receive all notices and opportunities to assert their claims.

I appreciate the Court's consideration and respectfully request that my rights be preserved throughout these proceedings.

Respectfully submitted,

Faisal Mushtaq