FAEGRE DRINKER BIDDLE & REATH LLP
James H. Millar
Nicholas A. Argentieri
1177 Avenue of the Americas, 43rd Floor
New York, New York 10036
Telephone: (212) 248-3140
Facsimile: (212) 248-3141
james.millar@faegredrinker.com
nick.argentieri@faegredrinker.com

**Hearing Date: July 15, 2026**
**Hearing Time: 10:00 a.m. ET**

*Counsel to U.S. Bank National Association, as*
*Administrative Agent and DIP Agent*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SLEEP NUMBER CORPORATION,** *et al.*, | **Case No. 26-11399 (KYP)** |
| **Debtors.**[1] | **(Jointly Administered)** |
| | **Re: Docket Nos. 17, 134, 162, 167, 168** |

**RESERVATION OF RIGHTS OF THE DIP SECURED PARTIES
WITH RESPECT TO (I) THE PROPOSED SALE TRANSACTION AND
(II) THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS**

U.S. Bank National Association, in its capacity as Administrative Agent and DIP Agent, and on behalf of the Prepetition Secured Parties and DIP Secured Parties, respectively, hereby files this reservation of rights (this "Reservation of Rights") with respect to (a) the proposed sale of substantially all of the Debtors' assets to SNBR Inc. (or the Successful Bidder), as contemplated by (i) the Debtors' proposed *Order (I) Approving Sale of Debtors' Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (II) Authorizing Assumption and Assignment of Executory*

---

[1] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Sleep Number Corporation (7886); Select Comfort Retail Corporation (9757); Select Comfort Canada Holding Inc. (4273); Select Comfort SC LLC (5901); and Sleep Number Health Corporation (2499). The Debtors' mailing address is 1001 Third Avenue South, Minneapolis, MN 55404.

*Contracts and Unexpired Leases and (III) Granting Related Relief* [Docket No. 162] (the "Proposed Sale Order") and (ii) the *Order (I) Approving Bidding Procedures for the Sale of Substantially All of the Debtors' Assets, (II) Approving the Stalking Horse Bid Protections, (III) Approving the Assumption and Assignment Procedures, (IV) Approving the Form and Manner of Notice of the Sale Hearing, and (V) Granting Related Relief* [Docket No. 167] (the "Bidding Procedures Order"), and (b) the *Notice of Potential Assumption and Assignment of Executory Contracts or Unexpired Leases and Cure Amount* [Docket No. 134] (the "Assumption Notice").[2] In support of this Reservation of Rights, the DIP Agent respectfully states as follows:

## BACKGROUND

1.       On June 12, 2026 (the "Petition Date"), each of the above-captioned debtors (collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.       On July 2, 2026, the Court entered the Bidding Procedures Order, which, among other things, approved the bidding procedures for the sale of substantially all of the Debtors' assets (the "Sale"), designated SNBR Inc. as the stalking horse bidder (the "Stalking Horse Bidder"), and approved assumption and assignment procedures in connection with the Sale.  The Sale Hearing is currently scheduled for July 15, 2026, at 10:00 a.m. ET.

---

[2]       Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Proposed Sale Order, the Bidding Procedures Order, the Assumption Notice, or the *Second Interim Order (I) Authorizing the Debtors to (A) Obtain Senior Secured Superpriority Postpetition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (III) Granting Adequate Protection to the Prepetition Secured Parties, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief* [Docket No. 226] (the "DIP Order"), or the DIP Loan Documents, as applicable.

3.      On June 25, 2026, the Debtors filed the Assumption Notice, attaching the Potential Assumed Contracts Schedule (the "Schedule"), which identifies potential executory contracts and unexpired leases that may be assumed and assigned to the Successful Bidder in connection with the Sale, together with preliminary estimated Cure Amounts.

## RESERVATION OF RIGHTS

### I.      Payment of Net Sale Proceeds at Closing

4.      The DIP Secured Parties are supportive of the Debtors' efforts to consummate the Sale as expeditiously as possible and recognize that the Sale is critical to maximizing estate value and do not seek to delay or impede the sale process.  Nonetheless, the DIP Secured Parties file this Reservation of Rights to ensure that the direct-payment rights afforded them by the DIP Loan Documents and the DIP Orders are preserved and enforced upon and after the closing of the Sale.

5.      The DIP Secured Parties hereby reserve the right to require that all net proceeds of the Sale be paid directly and immediately to the DIP Agent, for application to the DIP Facility Obligations,[3] at the closing of the Sale—rather than the net proceeds of the Sale merely becoming subject to the DIP Secured Parties' liens while otherwise remaining undistributed.

6.      Both paragraph 9 of the current Proposed Sale Order and section 9 of the Bidding Procedures Order provide that liens and encumbrances shall "attach to" the net or gross proceeds of the Sale with the same validity and priority as they applied to the Assets.  While this form of protection is standard for lenders under postpetition financing facilities, it is appropriate only as a stopgap to the bargained-for prepayment protections in Section 2.11 of the DIP Loan Agreement.

---

[3]      Section 2.11 of the DIP Loan Agreement (as amended, including by that certain *Fourteenth Amendment to Amended and Restated Credit and Security Agreement*, dated June 16, 2026) expressly requires that, upon consummation of a sale or other Disposition of the Debtors' assets, the Debtors shall prepay the DIP Facility Obligations in an amount equal to 100% of the Net Cash Proceeds of such transaction (subject only to any Reserve). *See also* ¶ 48 Proposed Sale Order.

The DIP Secured Parties therefore reserve the right to require that all net proceeds to be distributed to the DIP Agent at the closing of the Sale.

7.      The DIP Secured Parties further emphasize their rights under section 363 of the Bankruptcy Code with respect to the Sale and the disposition of sale proceeds, including their rights as holders of valid, perfected, and superpriority liens on the DIP Collateral (including all proceeds thereof) under the DIP Orders and sections 364(c) and 364(d) of the Bankruptcy Code, their rights as holders of valid, perfected, and enforceable prepetition liens on the Prepetition Collateral, as well as their right to be heard and to consent (or withhold consent) with respect to the sale of DIP Collateral and Prepetition Collateral free and clear under section 363(f) and the allocation of proceeds therefrom, as expressly reserved under Section 11 of the Bidding Procedures Order and under the DIP Orders.

## II.      General Reservation as to Sale Terms

8.      The DIP Secured Parties reiterate that they are generally supportive of the overall sale process, the marketing process conducted to date, the upcoming auction, and the proposed timeline for closing, and do not intend by this filing to delay or impede consummation of the Sale.

9.      Notwithstanding the foregoing, the DIP Secured Parties expressly reserve the right to raise further objections or challenges to the specific terms of the Sale (including but not limited to the purchase price, allocation of consideration, treatment of the Adjustment Escrow Amount, and any other terms of the Asset Purchase Agreement or the Proposed Sale Order) to the extent that such terms are inconsistent with the DIP Orders, the DIP Loan Documents, or the DIP Secured Parties' rights thereunder or under the Bankruptcy Code.  Crucially, the aggregate amount of net sale proceeds to be paid to the DIP Secured Parties at closing must be acceptable to the DIP Secured Parties.

### III.    Assumption and Assignment of Executory Contracts

10.    The DIP Secured Parties and Prepetition Secured Parties do not object to the Debtors' efforts to maximize value through the assumption and assignment of executory contracts and unexpired leases to the Successful Bidder in connection with the Sale and recognize that assumption and assignment can reduce claims against the estates, facilitate the consummation of the Sale, and maximize value for all stakeholders.

11.    Nonetheless, the DIP Secured Parties and Prepetition Secured Parties hereby reserve the right to challenge any determination by the Debtors (or the Successful Bidder, as applicable) that a given contract or lease designated for assumption and assignment on the Potential Assumed Contracts Schedule, the Proposed Assumed Contracts Schedule, or any Designation Rights Period Assumption and Assignment Notice actually qualifies as an "executory contract" or "unexpired lease" within the meaning of section 365 of the Bankruptcy Code. The Assumption Notice itself expressly provides that the inclusion of a contract or lease on the Schedule "shall not constitute, nor be deemed to be, a determination or admission by the Debtors, the Successful Bidder (or the Stalking Horse Bidder, as applicable), or any other party in interest that such Contract or Lease is an executory contract or unexpired lease within the meaning of the Bankruptcy Code." *See* Assumption Notice at 3. Paragraph 41 of the Proposed Sale Order similarly provides that "[n]othing in this Sale Order, the Motion, or any other notice or any other document is or shall be deemed an admission by the Debtors or the Purchaser that any contract is an executory contract or must be assumed and assigned."

12.    In addition, the DIP Secured Parties and Prepetition Secured Parties reserve the right to object to the assumption and assignment of any contract or lease to the extent it is not a

true executory contract or unexpired lease, or to the extent the proposed Cure Amount or adequate assurance of future performance is improperly determined.

13. The DIP Secured Parties and Prepetition Secured Parties further reserve all rights under the Bidding Procedures Order and the Assumption and Assignment Procedures with respect to objecting to Cure Costs, the identity of the Successful Bidder, or adequate assurance of future performance, including but not limited to all rights preserved under the Designation Rights Period procedures set forth in the Bidding Procedures Order.

14. The DIP Secured Parties and Prepetition Secured Parties reserve all rights to supplement and/or amend this Reservation of Rights prior to the Sale Hearing. Nothing set forth in this Reservation of Rights should be deemed a waiver of any objections or arguments that the DIP Secured Parties or Prepetition Secured Parties may have with respect to the Proposed Sale Order, the Bidding Procedures Order, the Asset Purchase Agreement, the Assumption Notice, or any other pleadings filed by the Debtors in these Chapter 11 Cases. The DIP Secured Parties and Prepetition Secured Parties further reserve all rights, claims, defenses, and arguments under the DIP Orders, the DIP Loan Documents, and applicable law, all of which are expressly preserved.

[*Remainder of page intentionally left blank.*]

**CONCLUSION**

WHEREFORE, the DIP Agent respectfully requests that any final Sale Order entered in these Chapter 11 Cases be revised to incorporate terms acceptable to the DIP Secured Parties and the Prepetition Secured Parties, including provisions that (a) expressly confirm the DIP Secured Parties' right to receive direct payment of net sale proceeds at closing, (b) confirm that nothing in the Sale Order shall displace, limit, or substitute for the DIP Secured Parties' or the Prepetition Secured Parties' payment rights or their consent rights with respect to any sale, and (c) are otherwise consistent with the DIP Orders, the DIP Loan Documents, and the DIP Secured Parties' rights thereunder.

Dated: July 10, 2026          **FAEGRE DRINKER BIDDLE & REATH LLP**

*/s/ James H. Millar*
James H. Millar
Nicholas A. Argentieri
1177 Avenue of the Americas, 43rd Floor
New York, New York 10036
Telephone: (212) 248-3140
Facsimile: (212) 248-3141
james.millar@faegredrinker.com
nick.argentieri@faegredrinker.com

- and -

Michael R. Stewart
Adam C. Ballinger
Paige A. Naig
2200 Wells Fargo Center
90 S. 7th Street
Minneapolis, MN 55402
Telephone: (612) 766-7000
Facsimile: (612) 766-1600
michael.stewart@faegredrinker.com
adam.ballinger@faegredrinker.com
paige.naig@faegredrinker.com

*Counsel to U.S. Bank National Association, as Administrative Agent and DIP Agent*