DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Tel.: (212) 450-4000
Brian M. Resnick
Angela M. Libby
Stephen D. Piraino
Richard J. Steinberg
Sihui (Sophy) Ma
Mordechai Rivkin

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SLEEP NUMBER CORPORATION,** *et al.*, | **Case No. 26-11399 (KYP)** |
| **Debtors.**[1] | **Jointly Administered** |
| | **Re: ECF Nos. 5, 44** |

**NOTICE OF REVISED PROPOSED FINAL ORDER AUTHORIZING (I) THE
DEBTORS TO (A) HONOR PREPETITION EMPLOYEE OBLIGATIONS AND
DIRECTOR OBLIGATIONS AND (B) MAINTAIN EMPLOYEE BENEFITS
PROGRAMS AND PAY RELATED ADMINISTRATIVE OBLIGATIONS,
(II) CURRENT AND FORMER EMPLOYEES TO PROCEED WITH OUTSTANDING
WORKERS' COMPENSATION CLAIMS, AND (III) FINANCIAL INSTITUTIONS TO
HONOR AND PROCESS <u>RELATED CHECKS AND TRANSFERS</u>**

PLEASE TAKE NOTICE that, on June 12, 2026, Sleep Number Corporation and its subsidiaries, as debtors and debtors in possession (collectively, the "**Debtors**"), each filed a voluntary petition (collectively, the "**Chapter 11 Cases**") for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York.

PLEASE TAKE NOTICE that, on June 12, 2026, the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") filed the *Motion of Debtors for Entry of Interim and Final Orders Authorizing the Debtors to (A) Honor Prepetition Employee Obligations And Director Obligations and (B) Maintain Employee Benefits Programs And Pay*

---

[1] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Sleep Number Corporation (7886); Select Comfort Retail Corporation (9757); Select Comfort Canada Holding Inc. (4273); Select Comfort SC LLC (5901); and Sleep Number Health Corporation (2499). The Debtors' mailing address is 1001 Third Avenue South, Minneapolis, MN 55404.

1

*Related Administrative Obligations, (II) Current And Former Employees To Proceed With Outstanding Workers' Compensation Claims, And (III) Financial Institutions To Honor And Process Related Checks And Transfers* [ECF No. 5] (the "**Motion**"). A Proposed Final Order was attached thereto as Exhibit B.

**PLEASE TAKE FURTHER NOTICE** that the Debtors hereby file the revised proposed *Final Order (I) Authorizing the Debtors to (A) Honor Prepetition Employee Obligations And Director Obligations and (B) Maintain Employee Benefits Programs And Pay Related Administrative Obligations, (II) Current And Former Employees To Proceed With Outstanding Workers' Compensation Claims, And (III) Financial Institutions To Honor And Process Related Checks And Transfers* (the "**Revised Proposed Final Order**"). The Revised Proposed Final Order is attached hereto as **Exhibit A.**

**PLEASE TAKE FURTHER NOTICE** that a redline of the Revised Proposed Final Order reflecting changes from the Proposed Order is attached hereto as **Exhibit B**.

**PLEASE TAKE FURTHER NOTICE** that a hearing (the "**Hearing**") to consider the Motion will be held on **July 20, 2026 at 10:00 a.m.** before the Honorable Kyu Y. Paek. The Hearing will be conducted in a hybrid format that will permit either in-person attendance at One Bowling Green, New York, NY 10004-1408, Courtroom 610, or remote participation via Zoom for Government. Hearings participants, whether appearing remotely or in-person, must register their appearance using the eCourt Appearance tool on the Court's website at https://www.nysb.uscourts.gov/ecourt-appearances by 4:00 pm two business days before the Hearing. Once an appearance is properly registered, the Court will circulate by email the link, Meeting ID, and Password to access the Hearing using Zoom for Government. A guide for using Zoom for Government is available at https://www.nysb.uscourts.gov/zoom-video-hearing-guide.

**PLEASE TAKE FURTHER NOTICE** that copies of the Revised Proposed Final Order and any other document filed publicly in the above-captioned proceedings are available free of charge at  https://restructuring.ra.kroll.com/SleepNumber.

*[Remainder of page left intentionally blank]*

2

Dated:   July, 19 2026
       New York, New York

DAVIS POLK & WARDWELL LLP

By:   */s/ Brian M. Resnick*
     450 Lexington Avenue
     New York, NY 10017
     Tel.: (212) 450-4000
     Brian M. Resnick
     Angela M. Libby
     Stephen D. Piraino
     Richard J. Steinberg
     Sihui (Sophy) Ma
     Mordechai Rivkin

*Proposed Counsel to the Debtors and Debtors in Possession*

**Exhibit A**

**Revised Proposed Final Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SLEEP NUMBER CORPORATION,** *et al.*, | **Case No. 26-11399 (KYP)** |
| **Debtors.**[1] | **Jointly Administered** |

**FINAL ORDER AUTHORIZING (I) THE DEBTORS TO
(A) HONOR PREPETITION EMPLOYEE OBLIGATIONS AND DIRECTOR
OBLIGATIONS AND (B) MAINTAIN EMPLOYEE BENEFITS PROGRAMS
AND PAY RELATED ADMINISTRATIVE OBLIGATIONS, (II) CURRENT AND
FORMER EMPLOYEES TO PROCEED WITH OUTSTANDING WORKERS'
COMPENSATION CLAIMS, AND (III) FINANCIAL INSTITUTIONS TO
HONOR AND PROCESS RELATED CHECKS AND TRANSFERS**

Upon the *Motion of the Debtors for Entry of Interim and Final Orders Authorizing (I) the Debtors to (A) Honor Prepetition Employee Obligations and Director Obligations and (B) Maintain Employee Benefits Programs and Pay Related Administrative Obligations, (II) Current and Former Employees to Proceed with Outstanding Workers' Compensation Claims, and (III) Financial Institutions to Honor and Process Related Checks and Transfers* [ECF No. 5] (the "**Motion**")[2] of Sleep Number Corporation and its subsidiaries (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), for entry of interim and final orders, pursuant to sections 105(a), 362(d), 363(b), 507(a), and 541 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, (a) authorizing, but not

---

[1] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Sleep Number Corporation (7886); Select Comfort Retail Corporation (9757); Select Comfort Canada Holding Inc. (4273); Select Comfort SC LLC (5901); and Sleep Number Health Corporation (2499). The Debtors' mailing address is 1001 Third Avenue South, Minneapolis, MN 55404.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

directing, the Debtors to, in their sole discretion, (i) honor and pay (or cause to be paid) all or a portion of the Prepetition Employee Obligations and Director Obligations and (ii) continue the Employee Programs and Director Program as they were in effect as of the Petition Date and as may be terminated, amended, supplemented, or otherwise modified from time to time by the Debtors and/or implement new programs, policies or benefits in the ordinary course of business on a post-petition basis, and to make payments pursuant to the Employee Programs and Director Program in the ordinary course of business, as well as to pay or cause to be paid related administrative obligations, (b) permitting current and former Employees holding claims under the Workers' Compensation Program to proceed with such claims in the appropriate judicial or administrative fora, and (c) authorizing the applicable financial institutions to receive, process, honor, and pay all checks or wire transfers used by the Debtors to satisfy the foregoing, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and the Court having found that venue of the Chapter 11 Cases and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion and the First Day Declaration; and the Court having held a hearing, if necessary, to consider the relief requested in the Motion on a final basis (the "**Hearing**");

2

and the Court having determined that the legal and factual bases set forth in the Motion and the First Day Declaration and at the Hearing, if any, establish just cause for the relief granted herein; and the Court having found that the relief requested in the Motion represents a sound exercise of the Debtors' business judgment and is in the best interests of the Debtors, their creditors, their estates, and all other parties in interest; and all objections and reservations of rights filed or asserted in respect of the Motion, if any, having been withdrawn, resolved, or overruled with prejudice; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is granted on a final basis and as set forth herein (this "**Order**").

2. The Debtors are authorized, but not directed, to, in their sole discretion, (a) honor or pay (or cause to be paid) all amounts required under or related to the Prepetition Employee Obligations and Director Obligations in the ordinary course of business and in accordance with the Employee Programs and Director Program as were in effect prior to the Petition Date, (b) continue to honor and pay (or cause to be paid) their obligations arising under or related to the Employee Programs and the Director Program in the ordinary course of business and in accordance with the Employee Programs and Director Program as were in effect prior to the Petition Date and as such Employee Programs and Director Program may be terminated, amended, supplemented, or otherwise modified from time to time by the Debtors in the ordinary course of business, and (c) implement new programs, policies, or benefits in the ordinary course of

3

business on a post-petition basis; *provided,* that notwithstanding anything to the contrary herein, the Debtors are not authorized to make any payments on account of the AIP or LTIP absent further order of the Court.  As set forth in the Motion, the relief set forth in this Order pertaining to Non-Insider Incentive Plans, including the AIP, LTIP, and Miscellaneous Incentive Programs, applies only to non-insider employees. The Debtors reserve the right to seek a separate motion with respect to insider incentive programs.

3.     The Debtor shall not pay any Employee or Director on account of Prepetition Employee Obligations or Director Obligations in excess of the statutory cap pursuant to section 507(a)(4) of the Bankruptcy Code absent further order of the Court. Should the Debtors seek to exceed the statutory cap pursuant to section 507(a)(4) of the Bankruptcy Code, the Debtors shall provide two-business days' notice (email being sufficient) to the U.S. Trustee and the Official Committee appointed in these Chapter 11 Cases prior to making payments to any Employee that are subject to and, when taken in the aggregate, are in excess of, the $17,150 limit set forth in section 507(a)(4) of the Bankruptcy Code. Such notice shall provide the identity of the individual, anticipated payment amount, the date of expected payment, and whether such individual is an Insider.  Should the U.S. Trustee indicate an intent to object via email during the two days prior to payment, the Debtors shall seek a hearing at the Court's convenience.

4.     Nothing in this Order (a) authorizes any payment subject to section 503(c) of the Bankruptcy Code, (b) shall prejudice any Debtor's ability to seek approval of relief pursuant to section 503(c) of the Bankruptcy Code at a later time, or (c) shall constitute a

4

determination by the Court as to whether any individual entitled to payment pursuant to this Order is an Insider.

5.       The Debtors are authorized, but not required, to, in their sole discretion, (a) continue utilizing third parties for certain services related to the Employee Programs and Director Program and to pay or cause to be paid related claims as and when such obligations are due and (b) pay prepetition amounts owing in the ordinary course of business to third parties in connection with administering and maintaining the Employee Programs and Director Program.

6.       Current and former Employees are authorized, but not directed, to proceed with their claims under the Workers' Compensation Program (whether arising before or after the Petition Date), and to pursue direct-action claims, in the appropriate judicial or administrative forum. The Debtors are authorized, but not directed, to continue the Workers' Compensation Program and pay or otherwise honor all prepetition and post-petition obligations relating thereto in the ordinary course of business. Insurers and third-party administrators are authorized to handle, administer, defend, settle, pay, or otherwise satisfy Workers' Compensation Obligations and direct-action claims, and to draw on any and all collateral provided by or on behalf of the Debtors therefor, including if and when the Debtors fail to pay and/or reimburse any insurers and/or third-party administrators for any amounts in relation to such claims. Pursuant to section 362(d) of the Bankruptcy Code, the automatic stay is modified, if and solely to the extent necessary, to permit the items in this paragraph 6, but solely with respect to direct-action

5

claims and claims under the Workers' Compensation Program. The notice requirements under Bankruptcy Rule 4001(d) with respect to this paragraph 6 are waived.

7.      All applicable banks and other financial institutions are hereby authorized to receive, process, honor, and pay any and all checks, drafts, wires, check transfer requests, or automated clearinghouse transfers evidencing amounts paid by the Debtors under this Order whether presented prior to, on, or after the Petition Date.  Such banks and financial institutions are authorized to rely on the Debtors' representations as to which checks are issued or authorized to be paid pursuant to this Order without any duty of further inquiry and without liability for following the Debtors' instructions.

8.      The Debtors are authorized, but not required, to (a) issue new post-petition checks or effect new fund transfers (in each case, in their sole discretion) for the Prepetition Employee Obligations and Director Obligations to replace any prepetition checks or fund transfer requests that may be dishonored or rejected and (b) reimburse the Employee, Director, or the applicable payee, as the case may be, for any fees or costs incurred by it in connection with a dishonored or voided check or funds transfer.

9.      No payment to any Employee or Director may be made pursuant to this Order to the extent that it is a transfer in derogation of section 503(c) of the Bankruptcy Code; provided that nothing herein shall prejudice the Debtors' ability to seek approval of relief pursuant to section 503(c) of the Bankruptcy Code under a separate motion.

10.     Nothing in this Order or any action taken by any Debtor in furtherance of the implementation hereof shall be deemed to constitute an assumption or rejection of

6

any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and all of the Debtors' rights with respect to such matters are expressly reserved.

11. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall (a) create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person or entity or (b) be deemed to convert the priority of any claim from a prepetition claim into an administrative expense claim.

12. Nothing in this Order nor any Debtor's payment of claims pursuant to this Order shall be construed as or deemed to constitute (a) an agreement or admission by any Debtor as to the amount, priority, character, or validity of any claim against any Debtor on any grounds, (b) a grant of third-party beneficiary status or bestowal of any additional rights on any third party, (c) a waiver or impairment of any rights, claims, or defenses of any Debtor's or any party in interest's rights to dispute the amount, priority, character, or validity of any claim on any grounds, whether under bankruptcy or non-bankruptcy law, (d) a promise by any Debtor to pay any claim, (e) an implication or admission by any Debtor that such claim is payable pursuant to this Order, or (f) a waiver of any Debtor's or any party in interest's right to contest any lien or interest and efforts to exercise associated remedies during the Chapter 11 Cases.

13. The contents of the Motion and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Rules, and no other or further notice of the Motion or the entry of this Order shall be required.

14.     Notwithstanding Bankruptcy Rule 6004, this Order shall be effective and enforceable immediately upon its entry.

15.     The Debtors are authorized to take any action they deem necessary or appropriate to implement and effectuate the terms of, and the relief granted in, this Order without seeking further order of the Court.

16.     The Court retains jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Order.

**Exhibit B**

**Revised Proposed Final Order (Redline)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| **In re:** | **Chapter 11** |
| **SLEEP NUMBER CORPORATION, *et al.*,** | **Case No. 26-11399 (KYP)** |
| **Debtors.**[1] | **Jointly Administered** |

**FINAL ORDER AUTHORIZING (I) THE DEBTORS TO
(A) HONOR PREPETITION EMPLOYEE OBLIGATIONS AND DIRECTOR
OBLIGATIONS AND (B) MAINTAIN EMPLOYEE BENEFITS PROGRAMS
AND PAY RELATED ADMINISTRATIVE OBLIGATIONS, (II) CURRENT AND
FORMER EMPLOYEES TO PROCEED WITH OUTSTANDING WORKERS'
COMPENSATION CLAIMS, AND (III) FINANCIAL INSTITUTIONS TO
HONOR AND PROCESS RELATED CHECKS AND TRANSFERS**

Upon the ~~motion~~*Motion of the Debtors for Entry of Interim and Final Orders Authorizing (I) the Debtors to (A) Honor Prepetition Employee Obligations and Director Obligations and (B) Maintain Employee Benefits Programs and Pay Related Administrative Obligations, (II) Current and Former Employees to Proceed with Outstanding Workers' Compensation Claims, and (III) Financial Institutions to Honor and Process Related Checks and Transfers* [ECF No. 5] (the "**Motion**")[2] of Sleep Number Corporation and its ~~direct and indirect~~ subsidiaries (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), for entry of interim and final orders, pursuant to sections 105(a), 362(d), 363(b), 507(a), and 541 of the Bankruptcy Code and Bankruptcy

---

[1] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Sleep Number Corporation (7886); Select Comfort Retail Corporation (9757); Select Comfort Canada Holding Inc. (4273); Select Comfort SC LLC (5901); and Sleep Number Health Corporation (2499). The Debtors' mailing address is 1001 Third Avenue South, Minneapolis, MN 55404.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Rules 6003 and 6004, (a) authorizing, but not directing, the Debtors to, in their sole discretion, (i) honor and pay (or cause to be paid) all or a portion of the Prepetition Employee Obligations and Director Obligations and (ii) continue the Employee Programs and Director Program as they were in effect as of the Petition Date and as may be terminated, amended, supplemented, or otherwise modified from time to time by the Debtors and/or implement new programs, policies or benefits in the ordinary course of business on a post-petition basis, and to make payments pursuant to the Employee Programs and Director Program in the ordinary course of business, as well as to pay or cause to be paid related administrative obligations, (b) permitting current and former Employees holding claims under the Workers' Compensation Program to proceed with such claims in the appropriate judicial or administrative fora, and (c) authorizing the applicable financial institutions to receive, process, honor, and pay all checks or wire transfers used by the Debtors to satisfy the foregoing, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and the Court having found that venue of the Chapter 11 Cases and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion and the First Day Declaration; and the Court having held a hearing, if necessary, to consider the relief requested in the

2

Motion on a final basis (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and the First Day Declaration and at the Hearing, if any, establish just cause for the relief granted herein; and the Court having found that the relief requested in the Motion represents a sound exercise of the Debtors' business judgment and is in the best interests of the Debtors, their creditors, their estates, and all other parties in interest; and all objections and reservations of rights filed or asserted in respect of the Motion, if any, having been withdrawn, resolved, or overruled with prejudice; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      The Motion is granted on a final basis and as set forth herein (this "**Order**").

2.      The Debtors are authorized, but not directed, to, in their sole discretion, (a) honor or pay (or cause to be paid) all amounts required under or related to the Prepetition Employee Obligations and Director Obligations in the ordinary course of business and in accordance with the Employee Programs and Director Program as were in effect prior to the Petition Date, (b) continue to honor and pay (or cause to be paid) their obligations arising under or related to the Employee Programs and the Director Program in the ordinary course of business and in accordance with the Employee Programs and Director Program as were in effect prior to the Petition Date and as such Employee Programs and Director Program may be terminated, amended, supplemented, or otherwise modified from time to time by the Debtors in the ordinary course of business, and (c) implement new programs, policies, or benefits in the ordinary course of

3

business on a post-petition basis.; *provided,* that notwithstanding anything to the contrary herein, the Debtors are not authorized to make any payments on account of the AIP or LTIP absent further order of the Court.  As set forth in the Motion, the relief set forth in this Order pertaining to Non-Insider Incentive Plans, including the AIP, LTIP, and Miscellaneous Incentive Programs, applies only to non-insider employees. The Debtors reserve the right to seek a separate motion with respect to insider incentive programs.

3.     The Debtor shall not pay any Employee or Director on account of Prepetition Employee Obligations or Director Obligations in excess of the statutory cap pursuant to section 507(a)(4) of the Bankruptcy Code absent further order of the Court. Should the Debtors seek to exceed the statutory cap pursuant to section 507(a)(4) of the Bankruptcy Code, the Debtors shall provide two-business days' notice (email being sufficient) to the U.S. Trustee and the Official Committee appointed in these Chapter 11 Cases prior to making payments to any Employee that are subject to and, when taken in the aggregate, are in excess of, the $17,150 limit set forth in section 507(a)(4) of the Bankruptcy Code. Such notice shall provide the identity of the individual, anticipated payment amount, the date of expected payment, and whether such individual is an Insider.  Should the U.S. Trustee indicate an intent to object via email during the two days prior to payment, the Debtors shall seek a hearing at the Court's convenience.

4.     3.     Nothing in this Order (a) authorizes any payment subject to section 503(c) of the Bankruptcy Code, (b) shall prejudice any Debtor's ability to seek approval of relief pursuant to section 503(c) of the Bankruptcy Code at a later time, or (c) shall

4

constitute a determination by the Court as to whether any individual entitled to payment pursuant to this Order is an Insider.

5. 4. The Debtors are authorized, but not required, to, in their sole discretion, (a) continue utilizing third parties for certain services related to the Employee Programs and Director Program and to pay or cause to be paid related claims as and when such obligations are due and (b) pay prepetition amounts owing in the ordinary course of business to third parties in connection with administering and maintaining the Employee Programs and Director Program.

6. 5. Current and former Employees are authorized, but not directed, to proceed with their claims under the Workers' Compensation Program (whether arising before or after the Petition Date), and to pursue direct-action claims, in the appropriate judicial or administrative forum. The Debtors are authorized, but not directed, to continue the Workers' Compensation Program and pay or otherwise honor all prepetition and post-petition obligations relating thereto in the ordinary course of business. Insurers and third-party administrators are authorized to handle, administer, defend, settle, pay, or otherwise satisfy Workers' Compensation Obligations and direct-action claims, and to draw on any and all collateral provided by or on behalf of the Debtors therefor, including if and when the Debtors fail to pay and/or reimburse any insurers and/or third-party administrators for any amounts in relation to such claims. Pursuant to section 362(d) of the Bankruptcy Code, the automatic stay is modified, if and solely to the extent necessary, to permit the items in this paragraph 56, but solely with respect to direct-action

5

claims and claims under the Workers' Compensation Program. The notice requirements under Bankruptcy Rule 4001(d) with respect to this paragraph 56 are waived.

7. 6. All applicable banks and other financial institutions are hereby authorized to receive, process, honor, and pay any and all checks, drafts, wires, check transfer requests, or automated clearinghouse transfers evidencing amounts paid by the Debtors under this Order whether presented prior to, on, or after the Petition Date. Such banks and financial institutions are authorized to rely on the Debtors' representations as to which checks are issued or authorized to be paid pursuant to this Order without any duty of further inquiry and without liability for following the Debtors' instructions.

8. 7. The Debtors are authorized, but not required, to (a) issue new post-petition checks or effect new fund transfers (in each case, in their sole discretion) for the Prepetition Employee Obligations and Director Obligations to replace any prepetition checks or fund transfer requests that may be dishonored or rejected and (b) reimburse the Employee, Director, or the applicable payee, as the case may be, for any fees or costs incurred by it in connection with a dishonored or voided check or funds transfer.

9. 8. No payment to any Employee or Director may be made pursuant to this Interim Order to the extent that it is a transfer in derogation of section 503(c) of the Bankruptcy Code; provided that nothing herein shall prejudice the Debtors' ability to seek approval of relief pursuant to section 503(c) of the Bankruptcy Code under a separate motion.

6

10. 9. Nothing in this Order or any action taken by any Debtor in furtherance of the implementation hereof shall be deemed to constitute an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and all of the Debtors' rights with respect to such matters are expressly reserved.

11. 10. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall (a) create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person or entity or (b) be deemed to convert the priority of any claim from a prepetition claim into an administrative expense claim.

12. 11. Nothing in this Order nor any Debtor's payment of claims pursuant to this Order shall be construed as or deemed to constitute (a) an agreement or admission by any Debtor as to the amount, priority, character, or validity of any claim against any Debtor on any grounds, (b) a grant of third-party beneficiary status or bestowal of any additional rights on any third party, (c) a waiver or impairment of any rights, claims, or defenses of any Debtor's or any party in interest's rights to dispute the amount, priority, character, or validity of any claim on any grounds, whether under bankruptcy or non-bankruptcy law, (d) a promise by any Debtor to pay any claim, (e) an implication or admission by any Debtor that such claim is payable pursuant to this Order, or (f) a waiver of any Debtor's or any party in interest's right to contest any lien or interest and efforts to exercise associated remedies during the Chapter 11 Cases.

7

13. ~~12.~~ The contents of the Motion and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Rules, and no other or further notice of the Motion or the entry of this Order shall be required.

14. ~~13.~~ Notwithstanding Bankruptcy Rule 6004, this Order shall be effective and enforceable immediately upon its entry.

15. ~~14.~~ The Debtors are authorized to take any action they deem necessary or appropriate to implement and effectuate the terms of, and the relief granted in, this Order without seeking further order of the Court.

16. ~~15.~~ The Court retains jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Order.

~~Dated:          _____, 2026~~
~~          , New York~~

_____
~~THE HONORABLE~~
~~UNITED STATES BANKRUPTCY~~
~~JUDGE~~

8