Bradford J. Sandler, Esq.
Robert J. Feinstein, Esq.
Maxim B. Litvak, Esq. (*pro hac vice* forthcoming)
Shirley S. Cho, Esq.
Theodore S. Heckel, Sr., Esq.
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: (212) 561-7700
Facsimile:  (212) 561-7777
Email: bsandler@pszjlaw.com
          rfeinstein@pszjlaw.com
          mlitvak@pszjlaw.com
          scho@pszjlaw.com
          theckel@pszjlaw.com

*Proposed Counsel to the Official Committee of
Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SLEEP NUMBER CORPORATION, et al., | Case No. 26-11399 (KYP) |
| Debtors.[1] | (Jointly Administered) |

**CERTIFICATE OF COUNSEL TO THE APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS EFFECTIVE AS OF JUNE 26, 2026**

Pursuant to 28 U.S.C. § 1746 and Rule 9013-3 of the Local Bankruptcy Rules for the

Southern District of New York (the "Local Rules"), the undersigned hereby certifies as follows:

---

[1]  The Debtors in these cases are as follows: Sleep Number Corporation (7886); Select Comfort Retail Corporation (9757); Select Comfort Canada Holding Inc. (4273); Select Comfort SC LLC (5901); and Sleep Number Health Corporation (2499). The Debtors' mailing address is 1001 Third Avenue South, Minneapolis, MN 55404.

1.	On July 17, 2026, the *Application of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing the Employment and Retention of Pachulski Stang Ziehl & Jones LLP as Counsel to the Official Committee of Unsecured Creditors Effective as of June 26, 2026* [Docket No. 398] (the "Application") was filed with the Court. A proposed form of order was attached to the Application as Exhibit A (the "Proposed Order").

2.	Responses, if any, to the Application were required to have been filed with the Court on or before July 29, 2026 at 4:00 p.m. (Eastern Time) (the "Response Deadline").

3.	The undersigned counsel received an informal response to the Application from the United States Trustee's office and has revised the Proposed Order, attached hereto as Exhibit A. (the "Revised Proposed Order"), which addresses those comments.  A redline comparison of the Revised Proposed Order marked against the Proposed Order is attached hereto as Exhibit B.

4.	The Response Deadline has passed and no responsive pleading to the Application has appeared on the Court's docket in the above-captioned chapter 11 case or was served upon the undersigned counsel, and the only known informal responses to the Objection was resolved through the amendments incorporated into the Revised Proposed Order. Accordingly, the undersigned respectfully requests that the Revised Proposed Order attached hereto be entered at the earliest convenience of the Court.

*[Remainder of Page Intentionally Left Blank]*

Dated: July 31, 2026  Respectfully submitted,

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/  Shirley S. Cho*

Bradford J. Sandler, Esq.
Robert J. Feinstein, Esq.
Maxim B. Litvak, Esq. (*pro hac vice* forthcoming)
Shirley S. Cho, Esq.
Theodore S. Heckel, Sr., Esq.
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: (212) 561-7700
Facsimile:  (212) 561-7777
Email:bsandler@pszjlaw.com
  rfeinstein@pszjlaw.com
  mlitvak@pszjlaw.com
  scho@pszjlaw.com
  theckel@pszjlaw.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*

# **EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SLEEP NUMBER CORPORATION, et al., | Case No. 26-11399 (KYP) |
| Debtors.[1] | (Jointly Administered) |

### ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS EFFECTIVE AS OF JUNE 26, 2026

Upon consideration of the *Application of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing the Employment and Retention of Pachulski Stang Ziehl & Jones LLP as counsel for the Official Committee of Unsecured Creditors Effective as of June 26, 2026* (the "Application"),[2] pursuant to sections 328(a) and 1103(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), for an order authorizing and approving the retention and employment of Pachulski Stang Ziehl & Jones LLP ("PSZJ") as counsel for the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors (collectively, the "Debtors") in these chapter 11 cases; and upon consideration of the declarations of Bradford J. Sandler and Julie M. Bowden of GGP Services LLC, the Co-Chair of the Committee, and in support of the Application filed by the Committee; and the Court having jurisdiction to consider the Application and the relief

---

[1] The Debtors in these cases are as follows: Sleep Number Corporation (7886); Select Comfort Retail Corporation (9757); Select Comfort Canada Holding Inc. (4273); Select Comfort SC LLC (5901); and Sleep Number Health Corporation (2499). The Debtors' mailing address is 1001 Third Avenue South, Minneapolis, MN 55404.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

4928-4754-0413.5 79577.00002

requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that PSZJ does not hold or represent an interest adverse to the Debtors or their estates; and it also appearing that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Committee having provided adequate and appropriate notice of the Application under the circumstances; and after due deliberation and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1.      The Application is **GRANTED** to the extent provided herein. The Committee is authorized to retain and employ PSZJ as counsel to the Committee, effective as of June 26, 2026, to provide the following services:

  a.    Advising the Committee with respect to its rights, duties, and powers in these Chapter 11 Cases;

  b.    Assisting and advising the Committee in its consultations with the Debtors relative to the administration of these Chapter 11 Cases;

  c.    Assisting the Committee in analyzing the claims of the Debtors' creditors and the Debtors' capital structure and in negotiating with holders of claims;

  d.    Assisting the Committee in its investigation of the acts, conduct, assets, liabilities, and financial condition of the Debtors and of the operation of the Debtors' businesses;

  e.    Assisting the Committee in its investigation of, *inter alia*, the liens and claims of the Debtors' lenders and the prosecution of any claims or causes of action revealed by such investigation;

  f.    Assisting the Committee in its analysis of, and negotiations with, the Debtors or any third-party concerning matters related to, among other things, the assumption or rejection of leases of nonresidential real property and executory contracts, asset dispositions, financing or other transactions,

and the terms of one or more plans of reorganization for the Debtors and accompanying disclosure statements and related plan documents;

g.  Assisting and advising the Committee in communicating with unsecured creditors regarding significant matters in these Chapter 11 Cases;

h.  Representing the Committee at hearings and other proceedings;

i.  Assisting the Committee in preparing pleadings and applications as may be necessary and in furtherance of the Committee's interests and objectives;

j.  Preparing, on behalf of the Committee, any pleadings, including without limitation, motions, memoranda, complaints, adversary complaints, objections, or comments in connection with any of the foregoing; and

k.  Performing such other legal services as may be required or requested or as may otherwise be deemed in the interests of the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code, Bankruptcy Rules, or other applicable law.

2.  PSZJ shall be compensated in accordance with and will file interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable law.

3.  The Committee and PSZJ are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

4.  PSZJ is authorized to sign and file electronically all notices, orders, motions, applications and other requests for relief, all briefs, memoranda, affidavits, declarations, replies and other documents filed in support of such documents and all objections and responses related to any such documents filed by any party in these chapter 11 cases.

5.  Prior to any increases in rates for any individual retained by PSZJ and providing services in these cases, PSZJ shall file a supplemental affidavit with the Court and provide ten (10) business days' notice to the Debtors, the United States Trustee and any official

committee. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether Professional's client has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code.

6.     To the extent the Application is inconsistent with this Order, the terms of this Order shall govern.

7.     The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: _____, 2026
          New York, New York

_____
HONORABLE KYU YOUNG PAEK
UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SLEEP NUMBER CORPORATION, et al., | Case No. 26-11399 (KYP) |
| Debtors.[1] | (Jointly Administered) |

### ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS EFFECTIVE AS OF JUNE 26, 2026

Upon consideration of the *Application of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing the Employment and Retention of Pachulski Stang Ziehl & Jones LLP as counsel for the Official Committee of Unsecured Creditors Effective as of June 26, 2026* (the "Application"),[2] pursuant to sections 328(a) and 1103(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), for an order authorizing and approving the retention and employment of Pachulski Stang Ziehl & Jones LLP ("PSZJ") as counsel for the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors (collectively, the "Debtors") in these chapter 11 cases; and upon consideration of the declarations of Bradford J. Sandler and Julie M. Bowden of GGP Services LLC, the Co-Chair of the Committee, and in support of the Application filed by the Committee; and the Court having jurisdiction to consider the Application and the relief

---

[1] The Debtors in these cases are as follows: Sleep Number Corporation (7886); Select Comfort Retail Corporation (9757); Select Comfort Canada Holding Inc. (4273); Select Comfort SC LLC (5901); and Sleep Number Health Corporation (2499). The Debtors' mailing address is 1001 Third Avenue South, Minneapolis, MN 55404.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that PSZJ does not hold or represent an interest adverse to the Debtors or their estates; and it also appearing that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Committee having provided adequate and appropriate notice of the Application under the circumstances; and after due deliberation and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1.      The Application is **GRANTED** to the extent provided herein. The Committee is authorized to retain and employ PSZJ as counsel to the Committee, effective as of June 26, 2026, to provide the following services:

a.      Advising the Committee with respect to its rights, duties, and powers in these Chapter 11 Cases;

b.      Assisting and advising the Committee in its consultations with the Debtors relative to the administration of these Chapter 11 Cases;

c.      Assisting the Committee in analyzing the claims of the Debtors' creditors and the Debtors' capital structure and in negotiating with holders of claims;

d.      Assisting the Committee in its investigation of the acts, conduct, assets, liabilities, and financial condition of the Debtors and of the operation of the Debtors' businesses;

e.      Assisting the Committee in its investigation of, *inter alia*, the liens and claims of the Debtors' lenders and the prosecution of any claims or causes of action revealed by such investigation;

f.      Assisting the Committee in its analysis of, and negotiations with, the Debtors or any third-party concerning matters related to, among other things, the assumption or rejection of leases of nonresidential real property and executory contracts, asset dispositions, financing or other transactions,

and the terms of one or more plans of reorganization for the Debtors and accompanying disclosure statements and related plan documents;

g. Assisting and advising the Committee in communicating with unsecured creditors regarding significant matters in these Chapter 11 Cases;

h. Representing the Committee at hearings and other proceedings;

i. Assisting the Committee in preparing pleadings and applications as may be necessary and in furtherance of the Committee's interests and objectives;

j. Preparing, on behalf of the Committee, any pleadings, including without limitation, motions, memoranda, complaints, adversary complaints, objections, or comments in connection with any of the foregoing; and

k. Performing such other legal services as may be required or requested or as may otherwise be deemed in the interests of the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code, Bankruptcy Rules, or other applicable law.

2. PSZJ shall be compensated in accordance with and will file interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable law.

3. The Committee and PSZJ are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

4. PSZJ is authorized to sign and file electronically all notices, orders, motions, applications and other requests for relief, all briefs, memoranda, affidavits, declarations, replies and other documents filed in support of such documents and all objections and responses related to any such documents filed by any party in these chapter 11 cases.

5. Prior to any increases in rates for any individual retained by PSZJ and providing services in these cases, PSZJ shall file a supplemental affidavit with the Court and provide ten (10) business days' notice to the Debtors, the United States Trustee and any official

committee. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether Professional's client has consented to the rate increase.  The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code.

6. To the extent the Application is inconsistent with this Order, the terms of this Order shall govern.

6.7. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: _____, 2026
           New York, New York

_____
HONORABLE KYU YOUNG PAEK
UNITED STATES BANKRUPTCY JUDGE