Bradford J. Sandler, Esq.
Robert J. Feinstein, Esq.
Maxim B. Litvak, Esq. (*pro hac vice* forthcoming)
Shirley S. Cho, Esq.
Theodore S. Heckel, Sr., Esq.
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: (212) 561-7700
Facsimile:  (212) 561-7777
Email: bsandler@pszjlaw.com
         rfeinstein@pszjlaw.com
         mlitvak@pszjlaw.com
         scho@pszjlaw.com
         theckel@pszjlaw.com

*Proposed Counsel to the Official Committee of
Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SLEEP NUMBER CORPORATION, et al., | Case No. 26-11399 (KYP) |
| Debtors.[1] | (Jointly Administered) |

**CERTIFICATE OF COUNSEL TO THE APPLICATION OF THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER
AUTHORIZING THE EMPLOYMENT AND RETENTION OF PROVINCE, LLC AS
FINANCIAL ADVISOR EFFECTIVE AS OF JUNE 26, 2026**

Pursuant to 28 U.S.C. § 1746 and Rule 9013-3 of the Local Bankruptcy Rules for the

Southern District of New York (the "Local Rules"), the undersigned hereby certifies as follows:

---

[1]  The Debtors in these cases are as follows: Sleep Number Corporation (7886); Select Comfort Retail Corporation (9757); Select Comfort Canada Holding Inc. (4273); Select Comfort SC LLC (5901); and Sleep Number Health Corporation (2499). The Debtors' mailing address is 1001 Third Avenue South, Minneapolis, MN 55404.

4923-3515-6931.3 79577.00002                    1

1.      On July 17, 2026, the *Application of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing the Employment and Retention of Province, LLC as Financial Advisor Effective as of June 26, 2026* [Docket No. 399] (the "<u>Application</u>") was filed with the Court. A proposed form of order was attached to the Application as Exhibit A (the "<u>Proposed Order</u>").

2.      Responses, if any, to the Application were required to have been filed with the Court on or before July 29, 2026 at 4:00 p.m. (Eastern Time) (the "<u>Response Deadline</u>").

3.      The undersigned counsel received an informal response to the Application from the United States Trustee's office and has revised the Proposed Order, attached hereto as <u>Exhibit A</u>. (the "<u>Revised Proposed Order</u>"), which addresses those comments.  A redline comparison of the Revised Proposed Order marked against the Proposed Order is attached hereto as <u>Exhibit B</u>.

4.      The Response Deadline has passed and no responsive pleading to the Application has appeared on the Court's docket in the above-captioned chapter 11 case or was served upon the undersigned counsel, and the only known informal response to the Application was resolved through the amendments incorporated into the Revised Proposed Order. Accordingly, the undersigned respectfully requests that the Revised Proposed Order attached hereto be entered at the earliest convenience of the Court.

*[Remainder of Page Intentionally Left Blank]*

Dated: August 3, 2026  Respectfully submitted,

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/  Shirley S. Cho*

Bradford J. Sandler, Esq.
Robert J. Feinstein, Esq.
Maxim B. Litvak, Esq. (*pro hac vice* forthcoming)
Shirley S. Cho, Esq.
Theodore S. Heckel, Sr., Esq.
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: (212) 561-7700
Facsimile:  (212) 561-7777
Email:bsandler@pszjlaw.com
  rfeinstein@pszjlaw.com
  mlitvak@pszjlaw.com
  scho@pszjlaw.com
  theckel@pszjlaw.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*

# **EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

*In re:*

**SLEEP NUMBER CORPORATION,** *et al.,*

          Debtors.[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Chapter 11

Case No. 26-11139 (KYP)

### ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF PROVINCE, LLC AS FINANCIAL ADVISOR FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS EFFECTIVE JUNE 26, 2026

Upon the application (the "<u>Application</u>")[2] of the Official Committee of Unsecured Creditors (the "<u>Committee</u>") in the above-captioned chapter 11 cases for entry of an order authorizing the Committee to employ and retain Province, LLC ("<u>Province</u>") as its financial advisor effective June 26, 2026, the date the Committee determined to employ Province as financial advisor in these cases, pursuant to sections 327(a) and 1103(a) of title 11 of the United States Code, Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules for the Southern District of New York; and upon the Declaration of Sanjuro Kietlinski of Province, LLC attached to the Application as **Exhibit B** and the Supplemental Declaration of Sanjuro Kietlinski of Province, LLC in support of the Application (collectively, (the "<u>Kietlinski Declaration</u>"), and the Court having jurisdiction pursuant to sections 157 and 1334 of title 28 of the United States Code to consider the Application and the relief requested therein; and venue being proper in this Court pursuant to sections 1408 and 1409 of title 28 of the United

---

[1] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Sleep Number Corporation (7886); Select Comfort Retail Corporation (9757); Select Comfort Canada Holding Inc. (4273); Select Comfort SC LLC (5901); and Sleep Number Health Corporation (2499). The Debtors' mailing address is 1001 Third Avenue South, Minneapolis, MN 55404.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Application.

States Code; and the Court being satisfied that notice of this Application and the opportunity for a hearing on this Application were appropriate under the particular circumstances and no further or other notice need by given; and the Court being satisfied, based on the representations made in the Application and the Kietlinski Declaration, that Province does not represent or hold any interest adverse to the Debtors or their estates as to the matters upon which Province has been and is to be employed, and that Province is a "disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code, and, as required under sections 327(a) and 1103(a) of the Bankruptcy Code, neither holds nor represents an interest that is adverse in connection with these cases; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and the Court having determined that the relief sought in the Application is in the best interests of the Committee, the Debtors, their creditors, and all parties in interest; and this Court having determined that the legal and factual bases set forth in the Application and in the Kietlinski Declaration establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1.    The Application is GRANTED to the extent set forth herein.

2.    The Committee is authorized to employ and to retain Province, LLC as its financial advisor, effective June 26, 2026, pursuant to sections 327(a) and 1103(a) of the Bankruptcy Code to provide the following services to the Committee:

  a.    becoming familiar with and analyzing the Debtors' DIP/Cash Collateral budget, assets and liabilities, and overall financial condition;
  b.    reviewing financial and operational information furnished by the Debtors;
  c.    monitoring the sale process, interfacing with the Debtors' professionals, and advising the Committee regarding the process;

d.   scrutinizing the economic terms of various agreements, including, but not limited to, various professional retentions;

e.   analyzing the Debtors' proposed business plans and developing alternative scenarios, if necessary;

f.   assessing the Debtors' various pleadings and proposed treatment of unsecured creditor claims therefrom;

g.   preparing, or reviewing as applicable, avoidance action and claim analyses;

h.   assisting the Committee in reviewing the Debtors' financial reports, including, but not limited to, statements of financial affairs, schedules of assets and liabilities, DIP/Cash Collateral budgets, and monthly operating reports;

i.   advising the Committee on the current state of these chapter 11 cases;

j.   advising the Committee in negotiations with the Debtors and third parties as necessary;

k.   if necessary, participating as a witness in hearings before the Court with respect to matters upon which Province has provided advice; and

l.   other activities as are approved by the Committee, the Committee's counsel, and as agreed to by Province, and approved by the Court.

3.   Province shall be compensated in accordance with and will file interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable law.

4.   This Order shall be immediately effective and enforceable upon its entry, and the Committee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

5.   To the extent the Application or the Kietlinski Declaration is inconsistent with this Order, the terms of this Order shall govern.

6.   Prior to applying any increases in its hourly rates beyond the rates set forth in the Application, Province shall provide ten (10) days' notice of any such increases to the Debtors and the United States Trustee, and shall file such notice with the Court. The U.S. Trustee and all parties-in-interest retain all rights to object to any rate increase on all grounds including, but not

limited to, the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

7. If new or previously undiscovered relevant connections or facts are discovered, Province shall file supplemental disclosures, as required under Bankruptcy Rule 2014.

8. Notice of the Application as provided therein shall be deemed to be good and sufficient notice of such Application, and the requirements of the Local Bankruptcy Rules are satisfied by the contents of the Application.

9. This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

Dated: _____, 2026
      New York, New York

                                        _____
                                         JUDGE KYU YOUNG PAEK
                                         UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

*In re:*

**SLEEP NUMBER CORPORATION,** *et al.,*

Debtors.[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Chapter 11

Case No. 26-11139 (KYP)

### ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF PROVINCE, LLC AS FINANCIAL ADVISOR FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS EFFECTIVE JUNE 26, 2026

Upon the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned chapter 11 cases for entry of an order authorizing the Committee to employ and retain Province, LLC ("Province") as its financial advisor effective June 26, 2026, the date the Committee determined to employ Province as financial advisor in these cases, pursuant to sections 327(a) and 1103(a) of title 11 of the United States Code, Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules for the Southern District of New York; and upon the Declaration of Sanjuro Kietlinski of Province, LLC ~~(the "Kietlinski Declaration")~~ attached to the Application as **Exhibit B**~~;~~ and the Supplemental Declaration of Sanjuro Kietlinski of Province, LLC in support of the Application (collectively, (the "Kietlinski Declaration"), and the Court having jurisdiction pursuant to sections 157 and 1334 of title 28 of the United States Code to consider the Application and the relief requested therein; and venue being proper in this Court pursuant to

---

[1] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Sleep Number Corporation (7886); Select Comfort Retail Corporation (9757); Select Comfort Canada Holding Inc. (4273); Select Comfort SC LLC (5901); and Sleep Number Health Corporation (2499). The Debtors' mailing address is 1001 Third Avenue South, Minneapolis, MN 55404.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Application.

sections 1408 and 1409 of title 28 of the United States Code; and the Court being satisfied that notice of this Application and the opportunity for a hearing on this Application were appropriate under the particular circumstances and no further or other notice need by given; and the Court being satisfied, based on the representations made in the Application and the Kietlinski Declaration, that Province does not represent or hold any interest adverse to the Debtors or their estates as to the matters upon which Province has been and is to be employed, and that Province is a "disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code, and, as required under sections 327(a) and 1103(a) of the Bankruptcy Code, neither holds nor represents an interest that is adverse in connection with these cases; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and the Court having determined that the relief sought in the Application is in the best interests of the Committee, the Debtors, their creditors, and all parties in interest; and this Court having determined that the legal and factual bases set forth in the Application and in the Kietlinski Declaration establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1.     The Application is GRANTED to the extent set forth herein.

2.     The Committee is authorized to employ and to retain Province, LLC as its financial advisor, effective June 26, 2026, ~~in accordance with the terms and conditions set forth in the Application.~~ pursuant to sections 327(a) and 1103(a) of the Bankruptcy Code to provide the following services to the Committee:

~~3. Province is authorized to provide services to the Committee, including the following:~~

   a.     becoming familiar with and analyzing the Debtors' DIP/Cash Collateral budget, assets and liabilities, and overall financial condition;

b. reviewing financial and operational information furnished by the Debtors;

c. monitoring the sale process, interfacing with the Debtors' professionals, and advising the Committee regarding the process;

d. scrutinizing the economic terms of various agreements, including, but not limited to, various professional retentions;

e. analyzing the Debtors' proposed business plans and developing alternative scenarios, if necessary;

f. assessing the Debtors' various pleadings and proposed treatment of unsecured creditor claims therefrom;

g. preparing, or reviewing as applicable, avoidance action and claim analyses;

h. assisting the Committee in reviewing the Debtors' financial reports, including, but not limited to, statements of financial affairs, schedules of assets and liabilities, DIP/Cash Collateral budgets, and monthly operating reports;

i. advising the Committee on the current state of these chapter 11 cases;

j. advising the Committee in negotiations with the Debtors and third parties as necessary;

k. if necessary, participating as a witness in hearings before the Court with respect to matters upon which Province has provided advice; and

l. other activities as are approved by the Committee, the Committee's counsel, and as agreed to by Province, and approved by the Court.

3. 4. Province shall be compensated in accordance with the Application, and will file interim and final fee applications for allowance of its compensation and expenses, and shall be subject to sections 330 and 331 of the Bankruptcy Code, the applicable Bankruptcy Rules, the Local Rules, the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Retained Professionals* [ECF No. 357], and any further order of the Court and applicable law.

4. 5. This Order shall be immediately effective and enforceable upon its entry, and the Committee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

5. 6. To the extent the Application or the Kietlinski Declaration is inconsistent with this Order, the terms of this Order shall govern.

6. 7. Prior to applying any increases in its hourly rates beyond the rates set forth in the Application, Province shall provide ten (10) days' notice of any such increases to the Debtors and the United States Trustee, and shall file such notice with the Court. The U.S. Trustee and all parties-in-interest retain all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

7. 8. If new or previously undiscovered relevant connections or facts are discovered, Province shall file supplemental disclosures, as required under Bankruptcy Rule 2014.

8. 9. Notice of the Application as provided therein shall be deemed to be good and sufficient notice of such Application, and the requirements of the Local Bankruptcy Rules are satisfied by the contents of the Application.

9. 10. This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

Dated: _____, 2026
      New York, New York

                    _____
                    JUDGE KYU YOUNG PAEK
                    UNITED STATES BANKRUPTCY JUDGE