| | |
|---|---|
| **Hearing Date and Time:**[1] | **September 17, 2026 at 10:00 a.m.** |
| **Objection Deadline:** | **September 10, 2026 at 4:00 p.m.** |

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
Tel.: (212) 450-4000
Brian M. Resnick
Angela M. Libby
Stephen D. Piraino
Richard J. Steinberg
Sihui (Sophy) Ma
Mordechai Rivkin

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SLEEP NUMBER CORPORATION,** ***et al.*****,** | **Case No. 26-11399 (KYP)** |
| **Debtors.**[2] | **Jointly Administered** |

**NOTICE OF HEARING REGARDING MOTION OF THE DEBTORS FOR ENTRY OF ORDER APPROVING (I) OMNIBUS CLAIMS OBJECTION PROCEDURES AND (II) OMNIBUS CLAIMS HEARING PROCEDURES**

**PLEASE TAKE NOTICE** that on June 12, 2026 (the "**Petition Date**"), the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") commenced cases by filing petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Court**").

**PLEASE TAKE FURTHER NOTICE** that, on September 3, 2026, the above-captioned debtors and debtors in possession (the "**Debtors**") filed the *Motion of the Debtors For Entry of*

[1] All times herein are expressed in prevailing Eastern Time.

[2] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Sleep Number Corporation (7886); Select Comfort Retail Corporation (9757); Select Comfort Canada Holding Inc. (4273); Select Comfort SC LLC (5901); and Sleep Number Health Corporation (2499). The Debtors' mailing address is 1001 Third Avenue South, Minneapolis, MN 55404.

*Order Approving (I) Omnibus Claims Objection Procedures and (II) Omnibus Claims Hearing Procedures* (the "**Motion**").

**PLEASE TAKE FURTHER NOTICE** that a hearing (the "**Hearing**") to consider the Motion will be held on **September 17, 2026 at 10:00 a.m.** before the Honorable Kyu Y. Paek. The Hearing will be conducted in a hybrid format that will permit either in-person attendance at One Bowling Green, New York, NY 10004-1408, Courtroom 610, or remote participation via Zoom for Government. Hearing participants, whether appearing remotely or in-person, must register their appearance using the eCourt Appearance tool on the Court's website at https://www.nysb.uscourts.gov/ecourt-appearances by **4:00 p.m. two (2) business days before the Hearing**. Once an appearance is properly registered, the Court will circulate by email the link, Meeting ID, and Password to access the Hearing using Zoom for Government. A guide for using Zoom for Government is available at https://www.nysb.uscourts.gov/zoom-video-hearing-guide.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned from time to time by an announcement of the adjourned date or dates at the Hearing or a later hearing or by filing a notice with the Court on the docket of the Chapter 11 Cases.

**PLEASE TAKE FURTHER NOTICE** that responses or objections to the relief requested at the Hearing shall be (a) in writing, in English, and in text-searchable format, (b) filed with the Court electronically, and (c) served on the Debtors and the Notice Parties (as defined in the Motion) so as to be received no later than **September 10, 2026 at 4:00 p.m.** (the "**Objection Deadline**"), in each case, in accordance with the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), and the Court's Chambers' Rules (available at https://www.nysb.uscourts.gov/content/judge-kyu-y-mike-paek), as applicable.

**PLEASE TAKE FURTHER NOTICE** that all objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default.

**PLEASE TAKE FURTHER NOTICE** that, if no responses or objections are timely filed and served with respect to the Motion, the Debtors may, on or after 48 hours after the Objection Deadline, submit the proposed order to the Court, substantially in the form of the proposed order attached to the Motion, under certification of counsel or certification of no objection, which order may be entered by the Court without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and any other document filed publicly in the Chapter 11 Cases are accessible free of charge at https://restructuring.ra.kroll.com/SleepNumber.

[*Remainder of page intentionally left blank*]

Dated: September 3, 2026
New York, New York

DAVIS POLK & WARDWELL LLP

By: */s/ Brian M. Resnick*

450 Lexington Avenue
New York, NY 10017
Tel.: (212) 450-4000
Brian M. Resnick
Angela M. Libby
Stephen D. Piraino
Richard J. Steinberg
Sihui (Sophy) Ma
Mordechai Rivkin

*Counsel to the Debtors and Debtors in Possession*

**Hearing Date and Time:**[1] **September 17, 2026 at 10:00 a.m.**
**Objection Deadline:** **September 10, 2026 at 4:00 p.m.**

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4000
Brian M. Resnick
Angela M. Libby
Stephen D. Piraino
Richard J. Steinberg
Sihui (Sophy) Ma
Mordechai Rivkin

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| | **Case No. 26-11399 (KYP)** |
| **SLEEP NUMBER CORPORATION, *et al.*,** | **Jointly Administered** |
| **Debtors.**[2] | |

**MOTION OF DEBTORS FOR ENTRY OF ORDER APPROVING (I) OMNIBUS CLAIMS OBJECTION PROCEDURES AND (II) OMNIBUS CLAIMS HEARING PROCEDURES**

Sleep Number Corporation and its subsidiaries (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby file this *Motion of Debtors for Entry of Order Approving (I) Omnibus Claims*

[1] All times herein are expressed in prevailing Eastern Time.

[2] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Sleep Number Corporation (7886); Select Comfort Retail Corporation (9757); Select Comfort Canada Holding Inc. (4273); Select Comfort SC LLC (5901); and Sleep Number Health Corporation (2499). The Debtors' mailing address is 1001 Third Avenue South, Minneapolis, MN 55404.

*Objection Procedures and (II) Omnibus Claims Hearing Procedures* (this "**Motion**"). In support of this Motion, the Debtors respectfully state as follows:

## Relief Requested

1. By this Motion, and pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (as amended or modified, the "**Bankruptcy Code**"), and rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Debtors seek approval of certain procedures to (a) object to claims (the "**Omnibus Claims Objection Procedures**") and (b) streamline hearings on contested claims (the "**Omnibus Claims Hearing Procedures**").

2. A proposed form of order (the "**Proposed Order**") granting the relief requested in the Motion is attached hereto as **Exhibit A**.

## Jurisdiction and Venue

3. The United States Bankruptcy Court for the Southern District of New York (the "**Court**") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.).

4. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Debtors confirm their consent to the entry of a final order by the Court in connection with this Motion. Venue of the Chapter 11 Cases and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## General Background

5. On June 12, 2026 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors remain in possession of their property and continue to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Chapter 11 Cases are being

jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b), as ordered by the Court [ECF No. 42].

6. On June 23, 2026, the United States Trustee for Region 2 (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Committee**") pursuant to section 1102 of the Bankruptcy Code [ECF No. 110]. No request has been made for the appointment of a trustee or examiner.

7. Additional information about the events leading up to the Petition Date and the Debtors' businesses, affairs, capital structure, and prepetition indebtedness can be found in the *Declaration of Amy O'Keefe in Support of the Chapter 11 Proceedings and First Day Pleadings* [ECF No. 3].

## Claims Filed Against the Debtors

8. On July 13, 2026, the Debtors filed their schedules of assets and liabilities (as amended from time to time, the "**Schedules**")[3] on the docket of each of the Debtors pursuant to Bankruptcy Rule 1007.

9. On July 30, 2026, the Court entered the *Order Establishing Deadlines and Procedures for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [ECF No. 473] (the "**Bar Date Order**"). The Bar Date Order, among other things, established September 10, 2026 at 11:59 p.m. as the deadline for persons and entities holding claims that arose on or before the Petition Date to file a proof of claim (each, a "**Proof of Claim**") in the Chapter 11 Cases (the "**General Bar Date**").

[3] On July 16, 2026, the Debtors filed amended schedules of assets and liabilities on the docket of each of the Debtors pursuant to Bankruptcy Rule 1007.

## **Omnibus Claims Objection Procedures**

10. Bankruptcy Rule 3007(c) prohibits the filing of a single objection to multiple claims "[u]nless the court orders otherwise [or subdivision (d) permits]." *See* Fed. R. Bankr. P. 3007(c). Bankruptcy Rule 3007(d) allows a debtor to file an omnibus objection when the basis for the objection is that the claims subject to objection should be disallowed, in whole or in part, because they:

(a) duplicate other claims;

(b) were filed in the wrong case;

(c) have been amended by later proofs of claim;

(d) were not timely filed;

(e) have been satisfied or released during the case in accordance with the [Bankruptcy] Code, applicable rules, or a court order;

(f) were presented in a form that does not comply with applicable rules and the objection states that the objector is unable to determine a claim's validity;

(g) are interests, rather than claims; or

(h) assert priority in an amount that exceeds the maximum amount under § 507 [of the Bankruptcy Code.]

Fed. R. Bankr. P. 3007(d).

11. Moreover, Bankruptcy Rule 3007(e) provides that omnibus objections on the grounds enumerated under the Rule may be filed for up to 100 claims at a time. Fed. R. Bankr. P. 3007(e)(6) ("An omnibus objection must…contain objections to no more than 100 claims.").

12. Although the Debtors expect to object to a number of Proofs of Claim on the grounds enumerated in Bankruptcy Rule 3007(d), certain Proofs of Claim may necessitate objections on additional grounds. The Debtors believe that objecting to multiple Proofs of Claim in an omnibus fashion on grounds other than those set forth in Bankruptcy Rule 3007(d) will ease the administrative burden on the Court and the administrative and financial burden on the Debtors'

estates during the claims reconciliation process. Absent relief from the Court, the number of omnibus objections that the Debtors would be required to file would result in unreasonable strain to the Debtors and their estates.

13. Accordingly, the Debtors request that, in addition to the grounds enumerated in Bankruptcy Rule 3007(d), they, and other parties in interest, be permitted to file objections (the "**Omnibus Claims Objections**") seeking reduction, reclassification, and/or disallowance of Proofs of Claim based on one or more of the following additional grounds (collectively, the "**Additional Permitted Grounds**," and, together with the grounds enumerated under Bankruptcy Rule 3007(d), the "**Permitted Grounds**"):

(a) the amount claimed is inconsistent with the Debtors' books and records;

(b) the claim fails to specify the asserted claim amount;

(c) the Proof of Claim fails to specify sufficiently the basis for the claim or provide sufficient supporting documentation for such claim;

(d) the claim seeks recovery of amounts for which the Debtors are not liable;

(e) the claim is classified incorrectly or improperly, including that the claimant is not entitled to the asserted secured status or other priority;

(f) the claim is filed against the wrong Debtor;

(g) the claim is filed against multiple Debtors based on the same liability contrary to any confirmed Plan that may be confirmed in these cases;

(h) the claim fails to specify a Debtor against which the claim is asserted;

(i) the claim is filed in a currency other than U.S. Dollars;

(j) the claim incorrectly values the collateral securing the claim;

(k) the claim has been satisfied in full by a party that is not a Debtor;

(l) one or more of the Debtors' insurers are obligated to satisfy the claim, and the Debtors are not obligated to satisfy the claim, as determined by the applicable insurer(s) or a court of competent jurisdiction or other appropriate forum in accordance with and pursuant to the applicable

insurance policies and related agreements prior to the filing of an Omnibus Claims Objection;

(m) the claim has been waived, withdrawn, or disallowed pursuant to an agreement with the Debtors or the entry of a Court order;

(n) the claim exceeds the cap set forth in section 502(b)(6) of the Bankruptcy Code and should be reduced accordingly;

(o) the claim is objectionable under section 502(e)(1) of the Bankruptcy Code;

(p) the claim is objectionable on some other basis under applicable bankruptcy or non-bankruptcy law, including, but not limited to, that it is barred by the statute of limitations;

(q) the claim should be reduced in part due to a partial payment or satisfaction made during the cases; or

(r) the claim should be disallowed because it is on account of a contract or lease that was assumed and assigned to the Debtors' purchaser under section 365 of the Bankruptcy Code.

14. The decision of Debtors, or any party in interest, to pursue an objection (individually or on an omnibus basis) with respect to a Proof of Claim will be without prejudice to such party's right to object on other grounds (individually or on an omnibus basis) to the same Proof of Claim, or any other Proof of Claim at a later date. For the avoidance of doubt, the decision of the Debtors, or any party in interest, to pursue a purely legal objection (individually or on an omnibus basis) with respect to a Proof of Claim will be without prejudice to such party's right to pursue related fact-based objections (individually or on an omnibus basis) with respect to the same Proof of Claim or any other Proof of Claim at a later date.

15. The Debtors will comply with Bankruptcy Rule 3007 in all other respects, including that each Omnibus Claims Objection will:

(a) state in a conspicuous place that claimants receiving the objection should locate their names and claims in the objection;

(b) list claimants alphabetically, provide a cross-reference to claim numbers, and, if appropriate, list claimants by category of claims;

(c) include the asserted amount of each claim (if any), the classification of the claim (i.e., unsecured, priority, administrative expense, or secured), and the name of the Debtor(s) against which the claim is asserted;

(d) state the grounds of the objection to each claim and provide a cross-reference to the pages in the Omnibus Claims Objection pertinent to the stated grounds;

(e) state in the title the identity of the objector and the grounds for the objections;

(f) include the amount, if any, proposed as the allowed amount of each claim and the classification (i.e., unsecured, priority, administrative expense, or secured) the Debtors believe should be afforded to the claim; and

(g) be numbered consecutively with other Omnibus Claims Objections filed by the same objector.

*See* Fed. R. Bankr. P. 3007(e).

16. The Bankruptcy Code also requires that a copy of the claim objection, with notice of the hearing, be served on the affected claimant. Fed. R. Bankr. P. 3007(a)(2).

17. In an effort to reduce service costs and enable claimants to more readily identify an objection to their claims, the Debtors propose to serve notice of the Omnibus Claims Objection (the "**Omnibus Claims Objection Notice**"), rather than the entire Omnibus Claims Objection, on each of the claimants whose claims are the subject of the applicable Omnibus Claims Objection and, if known, their counsel, substantially in the form attached to the Order as **Exhibit 1**. The proposed Omnibus Claims Objection Notice may be personalized for each claimant at the Debtors' discretion and will include an explanation of the claim objection process, a description of the basis of the Omnibus Claims Objection, information regarding the response deadline and hearing date, and identification of the claim that is the subject of the Omnibus Claims Objection. The proposed Omnibus Claims Objection Notice is for illustrative purposes only and will be modified to account for the nature of each Omnibus Claims Objection. In addition, the Omnibus Claims Objection Notice will include information on how the claimant may obtain a copy of the full Omnibus Claims

Objection, including (i) electronically on the Court's docket for the Debtors' Cases with a PACER login and password, or (ii) for free on the Debtors' approved notice and claim agent's website (the "**Case Website**") at https://restructuring.ra.kroll.com/SleepNumber.

18. Use of the Omnibus Claims Objection Notice will reduce the service costs related to the claim objection process without depriving claimants of any information they would require in order to understand and respond to any claim objection. In fact, the Omnibus Claims Objection Notice would provide greater clarity to each claimant as to the existence and basis of any objection and the procedures for responding. Accordingly, the Debtors request that the Court approve the Debtors' use of the Omnibus Claims Objection Notice.

19. In addition, to further conserve the resources of the estate, the Debtors seek authorization to limit notice of claim objections to:

(a) a complete copy of each claim objection (whether an omnibus or an individual objection) to the following parties (or their counsel) (collectively, the "**Claims Objection Notice Parties**"): (i) U.S. Trustee, (ii) counsel to the Committee, (iii) counsel to the agent under the Debtors' prepetition credit facility, and (iv) any other party that is identified on the Debtors' master service list, is entitled to notice under rule 9013-1(c) of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), or has requested notice pursuant to Bankruptcy Rule 2002;

(b) with respect to Omnibus Claims Objections, at the Debtors' discretion, service of a personalized Claims Objection Notice on each claimant whose claim is the subject of the applicable Omnibus Claims Objection and its counsel, if known; and

(c) with respect to individual claim objections, service of a complete copy of each individual objection on the claimant whose claim is the subject of the applicable individual claim objection and its counsel, if known, or, where counsel has appeared for a claimant, a complete copy of each individual objection to a claim on the claimant's counsel.

(d) With respect to service of an individual claim objection and service of an Omnibus Claims Objection Notice, the Debtors will use reasonable best efforts to send the applicable information to be served to the applicable parties (including the claimant and its counsel and the Claims Objection Notice Parties) by (a) first-class mail and (b) email (where the Debtors have

both a mailing address and an e-mail address for a particular party). Service of the Omnibus Claims Objection Notice and the individual objection on the applicable parties represents good and sufficient notice of the relevant claims objection and no further notice shall be required.

(e) In addition, a complete copy of each omnibus and individual claim objection will be filed with this Court and publicly available on the Court's electronic docket, PACER, and the Case Website.

(f) The Debtors submit that no additional service or notice should be required for claim objections.

20. Bankruptcy Rule 3007 also requires that the parties receive notice of a claim objection and the hearing thereon at least thirty (30) days prior to the hearing on the objection. It does not specify the period within which a response to the objection (a "**Response**") must be filed. To further simplify the claim objection process, the Debtors request that the Court establish that Responses to the Debtors' omnibus and individual claim objections shall be due thirty (30) calendar days after service of the objection or Omnibus Claims Objection Notice, unless such date falls on a Saturday, Sunday, or federal holiday, in which case Responses will be due on the subsequent business day.[4] To avoid confusion, the Omnibus Claims Objection Notice and the omnibus and individual claim objections will specify the time and date that Responses are due.

**<u>Omnibus Claims Hearing Procedures</u>**

21. As discussed above, as the Debtors review the Proofs of Claim and prepare objections, the Debtors anticipate that they will object to a number of Proofs of Claim on the same or similar Permitted Grounds as proposed above. In addition, the Debtors anticipate that they will very likely face responses to their objections which will raise the same or similar issues. Addressing each of these claims and objection responses using traditional claim reconciliation procedures—including full-scale, evidentiary hearings—would substantially burden the Debtors'

[4] The Debtors reserve the right to request that the Court impose a shorter response deadline with respect to certain objections, if the circumstances so require.

resources. As a result, the Debtors believe it would be beneficial to establish certain claims hearing procedures (the "**Omnibus Claims Hearing Procedures**") that have been approved in other chapter 11 cases in this and other districts to promote an orderly and efficient process for resolving the issues raised in the Omnibus Claims Objections. The Omnibus Claims Hearing Procedures would facilitate consensual resolutions where possible and expedite the resolution of disputes where necessary, all while respecting the due process rights of the claimants, the Debtors, and all other parties in interest.

22. The key features of the proposed Omnibus Claims Hearing Procedures are as follows:[5]

(a) The Debtors will schedule the return date for claims objections for hearing at periodic hearings the Debtors may schedule with the Court.

(b) Any information submitted in connection with a Proof of Claim shall be part of the record with respect to the relevant claim, and any such information already submitted need not be resubmitted in connection with the Omnibus Claims Hearing Procedures.

(c) The Court may enter an order at the scheduled hearing sustaining an objection to claims with respect to which no Response is properly filed and served or pursuant to a certificate of no objection in accordance with Local Rule 9013-3.

(d) The hearing to consider an objection to claims as to which a Response is properly filed and served (each, a "**Contested Claim**") shall be set for a contested hearing (each, an "**Omnibus Claims Hearing**") to be scheduled by the Debtors, in their sole discretion, as set forth herein. The Debtors shall schedule an Omnibus Claims Hearing for a Contested Claim as follows:

(i) For a non-evidentiary hearing to address whether the Contested Claim has failed to state a claim against the Debtors which can be allowed and should be dismissed pursuant to Bankruptcy Rule 7012 (a "**Sufficiency Hearing**"), unless the Debtors serve the holder of

[5] Capitalized terms used but not defined in this paragraph shall have the meaning ascribed to them in the Proposed Order. The key features of the Omnibus Claims Hearing Procedures presented in summary form herein are for informational purposes only and are qualified by the Omnibus Claims Hearing Procedures, as fully set forth in the Proposed Order.

the claim (the "**Claimant**") with a Notice of Merits Hearing (as defined herein), the Sufficiency Hearing shall go forward at the return date set in accordance with paragraph 22(a) above (or such other date as may be scheduled by the Debtors). The legal standard of review that will be applied by the Court at a Sufficiency Hearing will be equivalent to the standard applied by the Court upon a motion to dismiss for failure to state a claim upon which relief can be granted;

(ii) For an evidentiary hearing on the merits of a Contested Claim (a "**Merits Hearing**"), the Debtors may, in their sole discretion, serve upon the relevant Claimant (by email or overnight delivery), with a copy to counsel to the Committee and counsel to the agent under the Debtors' prepetition credit facility, and file with the Court, a notice substantially in the form attached to the Order as **<u>Exhibit 2</u>** (a "**Notice of Merits Hearing**") at least thirty (30) calendar days prior to the date of such Merits Hearing. The rules and procedures applicable to such Merits Hearing will be set forth in any scheduling order issued by the Court in connection therewith.

(e) Discovery with respect to a Contested Claim will not be permitted until either (a) the Court has held a Sufficiency Hearing and determined that the Contested Claim states a claim that could be allowed and should not be dismissed pursuant to Bankruptcy Rule 7012 or (b) the Debtors have served the relevant Claimant a Notice of Merits Hearing with respect to the Contested Claim.

(f) The Debtors may file and serve a reply (a "**Reply**") to a Response no later than 4:00 p.m., prevailing Eastern Time, on the day that is two (2) calendar days prior to the date of the applicable hearing (which may fall on a Saturday, Sunday, or legal holiday notwithstanding Bankruptcy Rule 9006 or equivalent provisions).

(g) The Debtors, in their sole discretion, are authorized to further adjourn a hearing scheduled in accordance herewith at any time by providing notice to the Court and the Claimant.

## <u>Basis for Relief</u>

### A. The Omnibus Claims Objection Procedures Are Appropriate and Should Be Approved by the Court

23. Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Bankruptcy Rule 3001 states that "a proof of claim signed and filed

in accordance with these rules is prima facie evidence of the validity and amount of the claim." *See* Fed. R. Bankr. P. 3001. Under section 1111(a) of the Bankruptcy Code, scheduled claims are treated as proofs of claim. *See* 11 U.S.C. § 1111(a) ("A proof of claim . . . is deemed filed under section 501 of this title for any claim . . . that appears in the schedules . . . except a claim . . . that is scheduled as disputed, contingent or unliquidated."). As such, the Debtors must review and reconcile thousands of scheduled and filed Proofs of Claim in these Cases as part of the claims reconciliation process.

24. Bankruptcy Rule 3007(c) provides that this Court can modify the requirements for filing omnibus objections. In addition, section 105(a) of the Bankruptcy Code provides, in pertinent part, that a bankruptcy court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions [of the Bankruptcy Code]." 11 U.S.C. § 105(a). Under section 105(a) of the Bankruptcy Code, the Court has expansive equitable power to fashion any order or decree that is in the interest of preserving or protecting the value of a debtor's assets. *See, e.g.*, *Chinichian v. Campolongo* (*In re Chinichian*), 784 F.2d 1440, 1443 (9th Cir. 1986) ("Section 105 sets out the power of the bankruptcy court to fashion orders as necessary pursuant to the purposes of the Bankruptcy Code." (citations omitted)); *Comm. of Equity Sec. Holders v. Lionel Corp.* (*In re Lionel Corp.*), 722 F.2d 1063, 1069 (2d Cir. 1983) ("[A] bankruptcy judge must have substantial freedom to tailor his orders to meet differing circumstances.").

25. Authorizing the Debtors to file omnibus objections addressing no more than 100 claims at a time on the Permitted Grounds (including the Additional Permitted Grounds) is an appropriate use of the Court's power under section 105 of the Bankruptcy Code and is consistent with the purpose of Bankruptcy Rule 3007, which is intended to protect the due process rights of creditors while allowing for the efficient administration of large cases. Furthermore, approving

the proposed notice procedures for the Debtors' anticipated Omnibus Claims Objections to Proofs of Claim is an appropriate use of the Court's power under section 105(a) that will help to further reduce costs in connection with the filing of the Debtors' objections and enable the claimants to more readily identify objections to their claims.

26. The proposed Omnibus Claims Objection Notice will not deprive the claimants of the information needed to understand and respond to any claim objection. Rather, the proposed Omnibus Claims Objection Notice will provide greater clarity to each claimant as to the existence and basis of any objection and the procedures for responding than the requirements of Rule 3007(e). Specifically, rather than receiving the actual Omnibus Claims Objection containing hundreds of pages of documentation relating to other claimants, as is permitted under Bankruptcy Rule 3007, the Debtors will serve a notice to each claimant that is subject to the Omnibus Claims Objection identifying the basis of the objection, the required response deadline, and the hearing date.

27. Similar relief has been granted to debtors in other bankruptcies by courts in this district. *See In re Spirit Aviation Holdings, Inc.*, 25-11897 (SHL) (Bankr. S.D.N.Y. Feb. 02, 2026) [ECF No. 805] (authorizing the debtors to serve an omnibus claims objection notice, rather than the entire omnibus claims objection); *In re Azul S.A.*, No 25-11176 (SHL) (Bankr. S.D.N.Y. Sept. 30, 2025) [ECF No. 653] (same); *In re Endo Int'l plc*, No. 22-22549 (JLG) (Bankr. S.D.N.Y. Sept. 11, 2024) [ECF No. 4513] (same); *In re Genesis Global Holdco*, No. 23-10063 (SHL) (Bankr. S.D.N.Y. July 12, 2023) [ECF No. 498] (same); *In re Grupo Aeroméxico, S.A.B. de C.V.*, No. 20-11563 (SCC) (Bankr. S.D.N.Y. Feb. 17, 2021) [ECF No. 904] (same); *In re Avianca Holdings S.A.*, No. 20-11133 (MG) (Bankr. S.D.N.Y. Nov. 16, 2020) [ECF No. 1179] (same); *In re LATAM Airlines Grp.*, No. 20-11254 (JLG) (Bankr. S.D.N.Y. Oct. 26, 2020) [ECF No. 1251] (same).

**B. The Omnibus Claims Hearing Procedures Are Appropriate and Should Be Approved by the Court**

28. The proposed Omnibus Claims Hearing Procedures are also an appropriate use of the Court's power under section 105(a) for the orderly and efficient resolution of the Omnibus Claims Objections. Under section 105(a) of the Bankruptcy Code, the Court has expansive equitable power to fashion any order or decree that is in the interest of preserving or protecting the value of a debtor's assets. *See* 11 U.S.C. § 105(a) (providing, in pertinent part, that a bankruptcy court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]"); *Comm. of Equity Sec. Holders v. Lionel Corp.* (*In re Lionel Corp.*), 722 F.2d 1063, 1069 (2d Cir. 1983) ("[A] bankruptcy judge must have substantial freedom to tailor his orders to meet differing circumstances."). Moreover, the Court has the "inherent power" to "manage [its] owns affairs so as to achieve the orderly and expeditious disposition of cases." *Cf. Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (noting the "power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants").

29. The use of a Sufficiency Hearing is consistent with the Bankruptcy Rules, which permit bankruptcy courts to hold a summary hearing to rule on the sufficiency of pleadings in support of claims. As a procedural matter, the Debtors' objection, omnibus or otherwise, to a claim initiates a contested matter, which is governed by Bankruptcy Rule 9014. *See* 1983 Advisory Committee Note to FED R. BANKR. P. 3007, reprinted in 9 COLLIER ON BANKRUPTCY App. 3007 (15th ed. rev. 2009) (a "contested matter initiated by an objection to a claim is governed by rule 9014"). Bankruptcy Rule 9014(c), in turn, specifically authorizes bankruptcy courts to implement the formal rules used in adversary proceedings for claims objections—including Bankruptcy Rule 7012(b), which incorporates Federal Rule of Civil Procedure 12(b)(6) (dismissal

for failure to state a claim) and Rule 12(c) (judgment on the pleadings). *See* Fed. R. Bankr. P. 9014(c); 7012(b). Under these rules, the bankruptcy court is authorized to hold a summary hearing and to rule on claims where a Claimant has failed to make a prima facie case against the Debtors. Where the Claimant fails to do so, the claim is appropriately disallowed pursuant to Bankruptcy Rule 7012(b). Sufficiency Hearings comport with these rules and the Court's inherent power to manage its own affairs so as to achieve the orderly and expeditious disposition of these chapter 11 cases. Because the Sufficiency Hearings contemplate judgment on the pleadings, the lack of an evidentiary hearing will expedite the disposition of claims that fail to state a claim against the Debtors which can be allowed.

30. Similar procedures have been authorized in other bankruptcies in this district. *See, e.g.*, *In re Azul S.A.*, No 25-11176 (SHL) (Bankr. S.D.N.Y. Sept. 30, 2025) [ECF No. 653] (approving claims hearing procedures that incorporated a sufficiency hearing); *In re Genesis Global Holdco*, No. 23-10063 (SHL) (Bankr. S.D.N.Y. July 12, 2023) [ECF No. 498] (same); *In re Grupo Aeroméxico, S.A.B. de C.V.*, No. 20-11563 (SCC) (Bankr. S.D.N.Y. Feb. 17, 2021) [ECF No. 904] (same); *In re Sears Holding Corp.*, No. 18-23538 (RDD) (Bankr. S.D.N.Y. Apr. 2, 2019) [ECF No. 3014] (same); *In re Great Atl. & Pac. Tea Co.*, No. 15-23007 (RDD) (Bankr. S.D.N.Y. Mar. 22, 2016) [ECF No. 2613] (same).

31. The Debtors will provide to all claimants who are served an Omnibus Claims Objection a copy of the Omnibus Claims Hearing Procedures as part of the service of the Omnibus Claims Objection. Each Omnibus Claims Objection will also contain the following language:

> The attached Court-Ordered Claims Hearing Procedures (the "**Procedures**") apply and govern the objection to your Proof(s) of Claim. The Procedures provide for certain mandatory actions by a claimant within certain time periods. Therefore, please review the Procedures carefully. Failure to comply with the Procedures may result in the disallowance and expungement of the Proof of Claim without further notice to a claimant.

32. Under these circumstances, the Court can and should enter an order that allows the litigation of each Omnibus Claims Objection and defenses thereto as part of one organized process instead of requiring the Objectors to pursue the objections in strict compliance with Bankruptcy Rule 3007.

**Reservation of Rights**

33. Nothing contained herein is intended or should be construed as, or deemed to constitute, an agreement or admission as to the amount, priority, character, or validity of any claim against any Debtor on any grounds, or a waiver or impairment of any Debtor's rights to dispute any claim on any grounds. Each Debtor expressly reserves its rights to contest any claims under applicable bankruptcy and non-bankruptcy law. Likewise, if the Court grants the relief sought herein, any payment or transfer made pursuant to the Court's order is not intended, and should not be construed, as an admission as to the amount, priority, character, or validity of any claim or a waiver of any Debtor's rights to subsequently dispute such claim.

**Notice**

34. Notice of this Motion will be provided to the following parties (or their counsel) (collectively, the "**Notice Parties**"): (a) the U.S. Trustee; (b) the Committee; (c) Faegre Drinker Biddle & Reath LLP, as counsel to the agent under the Debtors' prepetition credit facility; and (d) any other party that is identified on the Debtors' master service list[6], is entitled to notice under Local Rule 9013-1(c), or has requested notice pursuant to Bankruptcy Rule 2002. A copy of this Motion and any order entered in respect thereto will also be made available on the Debtors' case information website located at https://restructuring.ra.kroll.com/SleepNumber. Based on the

[6] Accessible by visiting https://restructuring.ra.kroll.com/SleepNumber.

circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no other or further notice is required.

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as the Court deems just and proper.

[*Remainder of page intentionally left blank*]

Dated: September 3, 2026
New York, New York

DAVIS POLK & WARDWELL LLP

By: */s/ Brian M. Resnick*
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4000
Brian M. Resnick
Angela M. Libby
Stephen D. Piraino
Richard J. Steinberg
Sihui (Sophy) Ma
Mordechai Rivkin

*Counsel to the Debtors
and Debtors in Possession*

# **Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:**<br><br>**SLEEP NUMBER CORPORATION, *et al.*,**<br><br>**Debtors.** [1] | **Chapter 11**<br><br>**Case No. 26-11399 (KYP)**<br><br>**Jointly Administered** |

**ORDER APPROVING (I) OMNIBUS CLAIMS OBJECTION PROCEDURES AND (II) OMNIBUS CLAIMS HEARING PROCEDURES**

Upon the motion (the "**Motion**")[2] of Sleep Number Corporation. and certain of its affiliates (collectively, the "**Debtors**"), for entry of an order (this "**Order**"), pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 3007 approving the Omnibus Claims Objection Procedures and Omnibus Claims Hearing Procedures as more fully described in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion having been provided; such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion and held a hearing, if necessary, to consider the relief requested

[1] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Sleep Number Corporation (7886); Select Comfort Retail Corporation (9757); Select Comfort Canada Holding Inc. (4273); Select Comfort SC LLC (5901); and Sleep Number Health Corporation (2499). The Debtors' mailing address is 1001 Third Avenue South, Minneapolis, MN 55404.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

in the Motion (the "**Hearing**"); and upon the record of the Hearing, and upon all of the proceedings had before the Court; and after due deliberation the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing (if any) establish good and sufficient cause for the relief granted herein and is in the best interests of the Debtors, their estates, their creditors, and all other parties in interest; and all objections and reservations of rights filed or asserted in respect of the Motion, if any, having been withdrawn, resolved, or overruled with prejudice; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The relief requested in the Motion is hereby granted as set forth herein.

2. The Debtors[3] and other parties in interest are authorized to object to claims in accordance with the following procedures (the "**Omnibus Claims Objection Procedures**"):

(a) Notwithstanding anything to the contrary in Bankruptcy Rule 3007(d), the Debtors and other parties in interest are authorized to file Omnibus Claims Objections to claims seeking reduction, reclassification, and/or disallowance of claims on one or more of the following grounds (the "**Additional Permitted Grounds**" and, together with the grounds set forth in Bankruptcy Rule 3007(d), the "**Permitted Grounds**"):

(i) The amount claimed is inconsistent with the Debtors' books and records;

[3] Except as otherwise indicated, for the purposes of the Omnibus Claims Objection Procedures and the Omnibus Claims Hearing Procedures, the term "Debtors" shall mean the Debtors or any other party in interest that has been authorized by the Court to use the foregoing procedures.

(ii) The claim fails to specify the asserted claim amount;

(iii) The Proof of Claim fails to specify sufficiently the basis for the claim or provide sufficient supporting documentation for such claim;

(iv) The claim seeks recovery of amounts for which the Debtors are not liable;

(v) The claim is classified incorrectly or improperly, including that the claimant is not entitled to the asserted secured status or other priority;

(vi) The claim is filed against the wrong Debtor;

(vii) The claim is filed against multiple Debtors based on the same liability contrary to any confirmed Plan that may be confirmed in these cases;

(viii) The claim fails to specify a Debtor against which the claim is asserted;

(ix) The claim is filed in a currency other than U.S. Dollars;

(x) The claim incorrectly values the collateral securing the claim;

(xi) The claim has been satisfied in full by a party that is not a Debtor;

(xii) One or more of the Debtors' insurers are obligated to satisfy the claim, and the Debtors are not obligated to satisfy the claim, as determined by the applicable insurer(s) or a court of competent jurisdiction or other appropriate forum in accordance with and pursuant to the applicable

insurance policies and related agreements prior to the filing of an Omnibus Claims Objection;

(xiii) The claim has been waived, withdrawn, or disallowed pursuant to an agreement with the Debtors or the entry of a Court order;

(xiv) the claim exceeds the cap set forth in section 502(b)(6) of the Bankruptcy Code and should be reduced accordingly;

(xv) The claim is objectionable under section 502(e)(1) of the Bankruptcy Code;

(xvi) The claim is objectionable on some other basis under applicable bankruptcy or non-bankruptcy law, including, but not limited to, that it is barred by the statute of limitations;

(xvii) the claim should be reduced in part due to a partial payment or satisfaction made during the cases; or

(xviii) the claim should be disallowed because it is on account of a contract or lease that was assumed and assigned to the Debtors' purchaser under section 365 of the Bankruptcy Code.

(b) The decision of Debtors, or any party in interest, to pursue an objection (individually or on an omnibus basis) with respect to a Proof of Claim will be without prejudice to such party's right to object on other grounds (individually or on an omnibus basis) to the same Proof of Claim or any other Proof of Claim at a later date. For the avoidance of doubt, the decision of the Debtors, or any party in interest, to pursue a purely legal objection (individually or on an omnibus basis) with respect to a Proof of Claim will be without prejudice to such

party's right to pursue related fact-based objections (individually or on an omnibus basis) with respect to the same Proof of Claim or any other Proof of Claim at a later date.

(c) The Debtors are authorized to file Omnibus Claims Objections to no more than 100 claims at a time on the Permitted Grounds. Such Omnibus Claims Objections shall list claimants alphabetically, provide a cross-reference to claim numbers, and, if appropriate, list claimants by category of claims.

(d) Except as expressly provided herein, the Debtors shall comply with the requirements for Omnibus Claims Objections set forth in Bankruptcy Rule 3007(e).

(e) Any order sustaining an Omnibus Claims Objection shall be treated as an order for each claim referenced in the Omnibus Claims Objection as if an individual order had been entered for such claim.

(f) The Debtors are authorized, but not required, to serve an Omnibus Claims Objection Notice, rather than the entire Omnibus Claims Objection, on each claimant whose claim is the subject of the applicable Omnibus Claims Objection and, if known, its counsel. The Omnibus Claims Objection Notice shall be in a form substantially similar to the notice attached hereto as **Exhibit 1** and shall include an explanation of the claim objection process, a description of the basis of the Omnibus Claims Objection, information regarding the response deadline and hearing date, identification of the claim that is the subject of the Omnibus Claims Objection (with reference to an attached exhibit or otherwise), and information on how the claimant may obtain a complete copy of the Omnibus Claims Objection.

The Debtors retain the right to serve Omnibus Claims Objections in their entirety in appropriate circumstances as determined in the Debtors' sole discretion.

(g) The Debtors shall file all omnibus and individual objections with this Court to be made publicly available for free on the website of the Debtors' approved notice and claim agent, Kroll Restructuring, LLC ("**Kroll**") at https://restructuring.ra.kroll.com/SleepNumber.

(h) Notice of claim objections shall be limited to: (i) a complete copy of each claim objection (whether an omnibus objection or an individual objection) to the Claims Objection Notice Parties; (ii) with respect to Omnibus Claims Objections, service of an Omnibus Claims Objection Notice on the claimant whose claim is the subject of the applicable Omnibus Claims Objection and its counsel, if known; and (iii) with respect to individual claim objections, service of a complete copy of each individual objection on the claimant whose claim is the subject of the applicable individual claim objection and its counsel, if known, or, where counsel has appeared for a claimant, a complete copy of each individual objection to a claim on the claimant's counsel.

(i) With respect to service of an individual claim objection and service of an Omnibus Claims Objection Notice, the Debtors will use reasonable best efforts to send the applicable information to be served to the applicable parties (including the claimant and its counsel and the Claims Objection Notice Parties) by (a) first-class mail and (b) email (where the Debtors have both a mailing address and an e-mail address for a particular party). Service of the Omnibus Claims Objection Notice and the individual objection on the applicable parties represents

good and sufficient notice of the relevant claims objection and no further notice shall be required.

3. Responses to the Debtors' individual and Omnibus Claims Objections shall be due thirty (30) calendar days after the Debtors provide service of the objection; *provided* that the Debtors reserve the right to request that this Court impose an alternative response deadline or grant expedited consideration with respect to certain objections, if the circumstances so require, which may result in shortened notice of both the hearing date and the response deadline.

4. The following Omnibus Claims Hearing Procedures (the "**Omnibus Claims Hearing Procedures**") shall apply:

(a) The Debtors[4] shall schedule the return date for claims objections for hearing at periodic hearings the Debtors may schedule with the Court.

(b) Any information submitted in connection with a Proof of Claim shall be part of the record with respect to the relevant claim, and any such information already submitted need not be resubmitted in connection with the Omnibus Claims Hearing Procedures.

(c) The Court may enter an order at the scheduled hearing sustaining an objection to claims with respect to which no Response is properly filed and served or pursuant to a certificate of no objection in accordance with Local Rule 9013-3.

(d) The hearing to consider an objection to claims as to which a Response is properly filed and served (each, a "**Contested Claim**") shall be set for

[4] Except as otherwise indicated, for the purposes of the Omnibus Claims Objection Procedures and the Omnibus Claims Hearing Procedures, the term "Debtors" shall mean the Debtors or any other party in interest that has been authorized by the Court to use the foregoing procedures.

a contested hearing (each, an "**Omnibus Claims Hearing**") to be scheduled by the Debtors, in their sole discretion, as set forth herein. The Debtors shall schedule an Omnibus Claims Hearing for a Contested Claim as follows:

(i) For a non-evidentiary hearing to address whether the Contested Claim has failed to state a claim against the Debtors which can be allowed and should be dismissed pursuant to Bankruptcy Rule 7012 (a "**Sufficiency Hearing**"), unless the Debtors serve the holder of the claim (the "**Claimant**") with a Notice of Merits Hearing (as defined herein), the Sufficiency Hearing shall go forward at the return date set in accordance with paragraph 4(a) hereof (or such other date as may be scheduled by the Debtors). The legal standard of review that will be applied by the Court at a Sufficiency Hearing will be equivalent to the standard applied by the Court upon a motion to dismiss for failure to state a claim upon which relief can be granted;

(ii) For an evidentiary hearing on the merits of a Contested Claim (a "**Merits Hearing**"), the Debtors may, in their sole discretion, serve upon the relevant Claimant (by email or overnight delivery), with a copy to counsel to the Committee and counsel to the agent under the Debtors' prepetition credit facility, and file with the Court, a notice substantially in the form attached hereto as **Exhibit 2** (a "**Notice of Merits Hearing**") at least thirty (30) calendar days prior to the date of such Merits Hearing. The rules and procedures applicable to such Merits Hearing will be set forth in any scheduling order issued by the Court in connection therewith.

(e) Discovery with respect to a Contested Claim will not be permitted until either (a) the Court has held a Sufficiency Hearing and determined that the Contested Claim states a claim that could be allowed and should not be dismissed pursuant to Bankruptcy Rule 7012 or (b) the Debtors have served the relevant Claimant a Notice of Merits Hearing with respect to the Contested Claim.

(f) The Debtors may file and serve a reply (a "**Reply**") to a Response no later than 4:00 p.m., prevailing Eastern Time, on the day that is two (2) calendar days prior to the date of the applicable hearing (which may fall on a Saturday, Sunday, or legal holiday notwithstanding Bankruptcy Rule 9006 or equivalent provisions).

(g) The Debtors, in their sole discretion, are authorized to further adjourn a hearing scheduled in accordance herewith at any time by providing notice to the Court and the Claimant.

5. Nothing in this Order shall constitute an admission of the validity, nature, amount or priority of any claims asserted in these Chapter 11 Cases.

6. Entry of this Order is without prejudice to the Debtors' rights to seek authorization to modify or supplement the relief granted herein.

7. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. The contents of the Motion and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Rules, and no other or further notice of the Motion or the entry of this Order shall be required.

9. The Debtors and Kroll are authorized to take any action they deem necessary or appropriate to implement and effectuate the terms of, and the relief granted in this Order without seeking further order of the Court.

10. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# **Exhibit 1**

## **Notice of Omnibus Claims Objection**

**THIS OBJECTION SEEKS TO REDUCE AND ALLOW OR DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF THE [insert ordinal] OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT COUNSEL TO SLEEP NUMBER CORPORATION, DAVIS POLK & WARDWELL LLP, AT 212-450-4000.**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SLEEP NUMBER CORPORATION, *et al.*,** | **Case No. 26-11399 (KYP)** |
| **Debtors.** [1] | **Jointly Administered** |

**NOTICE OF HEARING ON DEBTORS' [insert ordinal] OMNIBUS CLAIMS OBJECTION TO PROOFS OF CLAIM**
**<u>([insert basis for objection])</u>**

**PLEASE TAKE NOTICE** that, on ____________________, 2026, Sleep Number Corporation and its direct and indirect subsidiaries (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases filed their **[insert ordinal]** Omnibus Claims Objection to Proofs of Claim (**[insert basis for objection]**) the

[1] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Sleep Number Corporation (7886); Select Comfort Retail Corporation (9757); Select Comfort Canada Holding Inc. (4273); Select Comfort SC LLC (5901); and Sleep Number Health Corporation (2499). The Debtors' mailing address is 1001 Third Avenue South, Minneapolis, MN 55404.

("**Objection**") with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

The Objection requests that the Bankruptcy Court expunge, reduce, reclassify, and/or disallow one or more of your claims listed on **Exhibit A** annexed hereto on the ground that **[insert basis for disallowance, reduction, reclassification or expungement]**. **Any claim that the Bankruptcy Court expunges and disallows will be treated as if it had not been filed and you will not be entitled to any distribution on account thereof.**

**PLEASE TAKE FURTHER NOTICE** that the *Court-Ordered Omnibus Claims Hearing Procedures* (the "**Omnibus Claims Hearing Procedures**") annexed hereto as **Exhibit B** apply and govern the objection to your Proof(s) of Claim. The Omnibus Claims Hearing Procedures provide for certain mandatory actions by a claimant within certain time periods. Therefore, please review the Omnibus Claims Hearing Procedures carefully. Failure to comply with the Omnibus Claims Hearing Procedures may result in the disallowance and expungement of a Proof of Claim without further notice to a claimant.

If you do NOT oppose the disallowance, expungement, reduction, or reclassification of your claim(s) listed on **Exhibit A**, then you do NOT need to file a written response to the Objection and you do NOT need to appear at the hearing.

If you DO oppose the disallowance, expungement, reduction, or reclassification of your claim(s) listed on **Exhibit A**, then you MUST file with the Court and serve on the parties listed below a written response to the Objection so that it is received on or before **4:00 p.m., prevailing Eastern Time on ____________________, 2026** (the "**Response Deadline**").

Your response, if any, must contain at a minimum the following: (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number and title of the

Objection to which the response is directed; (ii) the name of the claimant and description of the basis for the amount of the claim; (iii) a concise statement setting forth the reasons why the claim should not be disallowed, expunged, reduced, or reclassified for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Objection; (iv) all documentation or other evidence of the claim, to the extent not included with the Proof of Claim previously filed with the Bankruptcy Court, upon which you will rely in opposing the Objection; (v) the address(es) to which the Debtors must return any reply to your response, if different from that presented in the Proof of Claim; and (vi) the name, address, and telephone number of the person (which may be you or your legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the claim on your behalf.

The Bankruptcy Court will consider a response only if the response is timely filed, served, and received. A response will be deemed timely filed, served, and received only if the original response is actually received on or before the Response Deadline by (i) the Chambers of the Honorable Kyu Y. Paek, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004-1408; (ii) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Brian M. Resnick, Angela M. Libby, Stephen D. Piraino, Sihui (Sophy) Ma, and Mordechai Rivkin), counsel to the Debtors; (iii) Pachulski Stang Ziehl & Jones LLP, 1700 Broadway, 36th Floor, New York, NY 10019 (Attn: Robert J. Feinstein, Bradford J. Sandler, and Shirley S. Cho), counsel to the Committee; (iv) Faegre Drinker Biddle & Reath LLP, 2200 Wells Fargo Center, 90 S. 7th Street, Minneapolis, Minnesota 55402 (Attn: Mike Stewart and Adam Ballinger), counsel to the Administrative Agent; and (v) U.S. Trustee, 1 Bowling Green, Room 534, New York, NY 10004, Attn: Andrea Schwartz, Esq. and Daniel Rudewicz, Esq..

Except as otherwise permitted under the Omnibus Claims Hearing Procedures, a hearing will be held on **____________________, 2026** to consider the Objection. The hearing will be held at _________, prevailing Eastern Time, in the United States Bankruptcy Court for the Southern District of New York. If you file a written response to the Objection, you should plan to appear at the hearing. The Debtors, however, reserve the right to continue the hearing on the Objection with respect to your claim(s). If the Debtors do continue the hearing with respect to your claim(s), then the hearing will be held at a later date. If the Debtors do not continue the hearing with respect to your claim(s), then a hearing on the Objection will be conducted on the above date.

If the Bankruptcy Court does NOT disallow, expunge, reduce, or reclassify your claim(s) listed on **Exhibit A** on the grounds set forth above, then the Debtors have the right to object on other grounds to the claim(s) (or to any other claims you may have filed) at a later date. You will receive a separate notice of any such objections.

If you wish to view the complete Objection, you can do so for free at https://restructuring.ra.kroll.com/SleepNumber. **CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.**

*[Remainder of Page Intentionally Left Blank]*

Dated: [__________]
New York, New York

DAVIS POLK & WARDWELL LLP

By: ________________________________
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4000
Brian M. Resnick
Angela M. Libby
Stephen D. Piraino
Richard J. Steinberg
Sihui (Sophy) Ma
Mordechai Rivkin

*Counsel to the Debtors*
*and Debtors in Possession*

# Exhibit B

## to Exhibit 1

## Omnibus Claims Hearing Procedures

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:**<br><br>**SLEEP NUMBER CORPORATION, *et al.*,**<br><br>**Debtors.** [1] | **Chapter 11**<br>**Case No. 26-11399 (KYP)**<br>**Jointly Administered** |

**<u>COURT-ORDERED OMNIBUS CLAIMS HEARING PROCEDURES</u>**

The Omnibus Claims Hearing Procedures (the "**Omnibus Claims Hearing Procedures**") described herein have been ordered by the United States Bankruptcy Court for the Southern District of New York (the "**Court**") to apply to the chapter 11 cases of the Sleep Number Corporation and its affiliated debtors.

**<u>Omnibus Claims Hearing Procedures</u>**

1. The Debtors shall schedule the return date for claims objections for hearing at periodic hearings the Debtors may schedule with the Court.

2. The Court may enter an order at the scheduled hearing sustaining an objection to proofs of claim (each, a "**Proof of Claim**") with respect to which no response (a "**Response**")[2] is properly filed and served or pursuant to a certificate of no objection in accordance with Local Rule 9013-3.

---

[1] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Sleep Number Corporation (7886); Select Comfort Retail Corporation (9757); Select Comfort Canada Holding Inc. (4273); Select Comfort SC LLC (5901); and Sleep Number Health Corporation (2499). The Debtors' mailing address is 1001 Third Avenue South, Minneapolis, MN 55404.

[2] Any information submitted in connection with a Proof of Claim shall be part of the record with respect to the relevant Claim, and any such information already submitted need not be resubmitted in connection with the Omnibus Claims Hearing Procedures.

3. The hearing to consider an objection to Proofs of Claim as to which a Response is properly filed and served (each, a "**Contested Claim**") shall be set for a contested hearing (each, an "**Omnibus Claims Hearing**") to be scheduled by the Debtors, in their sole discretion, as set forth herein.

4. The Debtors shall schedule an Omnibus Claims Hearing for a Contested Claim as follows:

(a) For a non-evidentiary hearing to address whether the Contested Claim has failed to state a claim against the Debtors which can be allowed and should be dismissed pursuant to Bankruptcy Rule 7012 (a "**Sufficiency Hearing**"), unless the Debtors serve the Claimant with a Notice of Merits Hearing (as defined herein), the Sufficiency Hearing shall go forward at the return date set in accordance with paragraph 1 of these Omnibus Claims Hearing Procedures. The legal standard of review that will be applied by the Court at a Sufficiency Hearing will be equivalent to the standard applied by the Court upon a motion to dismiss for failure to state a claim upon which relief can be granted.

(b) For an evidentiary hearing on the merits of a Contested Claim (a "**Merits Hearing**"), the Debtors may, in their sole discretion, serve upon the relevant Claimant, by email or overnight delivery, with a copy to counsel to the Committee and counsel to the agent under the Debtors' prepetition credit facility, and file with the Court, a notice substantially in the form attached to the Order as **Exhibit 2** (a "**Notice of Merits Hearing**") at least thirty (30) calendar days prior to the date of such Merits Hearing. The rules and procedures applicable to such

Merits Hearing will be set forth in any scheduling order issued by the Court in connection therewith.

5. Discovery with respect to a Contested Claim will not be permitted until either (a) the Court has held a Sufficiency Hearing and determined that the Contested Claim states a claim that could be allowed and should not be dismissed pursuant to Bankruptcy Rule 7012 or (b) the Debtors have served the relevant Claimant a Notice of Merits Hearing with respect to the Contested Claim.

6. The Debtors may file and serve a reply (a "**Reply**") to a Response no later than 4:00 p.m., prevailing Eastern Time, on the day that is two (2) calendar days prior to the date of the applicable hearing (which may fall on a Saturday, Sunday, or legal holiday notwithstanding Bankruptcy Rule 9006 or equivalent provisions).

7. The Debtors, in their sole discretion, are authorized to further adjourn a hearing scheduled in accordance herewith at any time by providing notice to the Court and the Claimant.

**Exhibit 2**

**Notice of Merits Hearing**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SLEEP NUMBER CORPORATION, *et al.*,** | **Case No. 26-11399 (KYP)** |
| **Debtors.** [1] | **Jointly Administered** |

**NOTICE OF SCHEDULING OF MERITS HEARING WITH RESPECT TO DEBTORS' OBJECTION TO PROOF OF CLAIM NO. [____]**

PLEASE TAKE NOTICE that on [_______ ___], 2026, Sleep Number Corporation and its direct and indirect subsidiaries (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases, objected to proof of claim number [____] (the "**Proof of Claim**") filed by [_______] (the "**Claimant**") pursuant to the [Title of Applicable Claims Objection] (the "**Objection**").

PLEASE TAKE FURTHER NOTICE that on [_______ ___], 2026, at [_] (Prevailing Eastern Time), in accordance with the *Order Approving (I) Omnibus Claims Objection Procedures and (II) Omnibus Claims Hearing Procedures* [Date] (ECF No. [•]) (the "**Order**"), a copy of which is attached hereto, the United States Bankruptcy Court for the Southern District of New York (the "**Court**") will commence a Merits Hearing (as defined in the Order) for the purposes of holding an evidentiary hearing on the merits of the Proof of Claim. The rules and procedures applicable to such Merits Hearing will be set forth in any scheduling order issued by the Court in connection therewith.

PLEASE TAKE FURTHER NOTICE that the Debtors may further adjourn the Merits Hearing at any time by providing notice to the Court and the Claimant.

Dated: [_______ __], 2026
New York, New York

---

[1] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Sleep Number Corporation (7886); Select Comfort Retail Corporation (9757); Select Comfort Canada Holding Inc. (4273); Select Comfort SC LLC (5901); and Sleep Number Health Corporation (2499). The Debtors' mailing address is 1001 Third Avenue South, Minneapolis, MN 55404.