**Hearing Date and Time: September 17, 2026 at 10:00 a.m.**[1]
**Objection Deadline: September 10, 2026 at 4:00 p.m.**

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4000
Brian M. Resnick
Angela M. Libby
Stephen D. Piraino
Richard J. Steinberg
Sihui (Sophy) Ma
Mordechai Rivkin

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:**<br><br>**SLEEP NUMBER CORPORATION, *et al.*,**<br><br>**Debtors.**[2] | **Chapter 11**<br><br>**Case No. 26-11399 (KYP)**<br><br>**Jointly Administered** |

**NOTICE OF HEARING REGARDING MOTION OF DEBTORS TO EXTEND THE TIME TO FILE NOTICES OF REMOVAL OF CIVIL ACTIONS**

**PLEASE TAKE NOTICE** that on June 12, 2026 (the "**Petition Date**"), the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") commenced cases by filing petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Court**").

**PLEASE TAKE NOTICE** that on September 3, 2026, the Debtors filed the *Motion of Debtors to Extend the Time to File Notices of Removal of Civil Actions* (the "**Motion**").

**PLEASE TAKE FURTHER NOTICE** that a hearing (the "**Hearing**") to consider the Motion will be held on **September 17, 2026 at 10:00 a.m.** before the Honorable Kyu Y. Paek.

---

[1] All times herein are expressed in prevailing Eastern Time.

[2] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Sleep Number Corporation (7886); Select Comfort Retail Corporation (9757); Select Comfort Canada Holding Inc. (4273); Select Comfort SC LLC (5901); and Sleep Number Health Corporation (2499). The Debtors' mailing address is 1001 Third Avenue South, Minneapolis, MN 55404.

The Hearing will be conducted in a hybrid format that will permit either in-person attendance at One Bowling Green, New York, NY 10004-1408, Courtroom 610, or remote participation via Zoom for Government. Hearing participants, whether appearing remotely or in-person, must register their appearance using the eCourt Appearance tool on the Court's website at https://www.nysb.uscourts.gov/ecourt-appearances by 4:00 p.m. two (2) business days before the Hearing. Once an appearance is properly registered, the Court will circulate by email the link, Meeting ID, and Password to access the Hearing using Zoom for Government. A guide for using Zoom for Government is available at https://www.nysb.uscourts.gov/zoom-video-hearing-guide.

**PLEASE TAKE FURTHER NOTICE** that responses or objections to the relief requested at the Hearing shall be (a) in writing, in English, and in text-searchable format, (b) filed with the Court electronically, and (c) served on the Debtors and the Notice Parties (as defined in the Motion) so as to be received no later than **4:00 p.m. on September 10, 2026** (the "**Objection Deadline**"), in each case, in accordance with the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), and the Court's Chambers' Rules (available at https://www.nysb.uscourts.gov/content/judge-kyu-y-mike-paek), as applicable.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned from time to time by an announcement of the adjourned date or dates at the Hearing or a later hearing or by filing a notice with the Court on the docket of the Chapter 11 Cases.

**PLEASE TAKE FURTHER NOTICE** that all objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default.

**PLEASE TAKE FURTHER NOTICE** that, if no responses or objections are timely filed and served with respect to the Motion, the Debtors may, on or after 48 hours after the Objection Deadline, submit the proposed order to the Court, substantially in the form of the proposed order attached to the Motion, under certification of counsel or certification of no objection, which order may be entered by the Court without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and any other document filed publicly in the Chapter 11 Cases are accessible free of charge at https://restructuring.ra.kroll.com/SleepNumber.

[*Remainder of Page Intentionally Left Blank*]

Dated: September 3, 2026
New York, New York

DAVIS POLK & WARDWELL LLP

*/s/ Brian M. Resnick*

450 Lexington Avenue
New York, NY 10017
Tel.: (212) 450-4000
Brian M. Resnick
Angela M. Libby
Stephen D. Piraino
Richard J. Steinberg
Sihui (Sophy) Ma
Mordechai Rivkin

*Counsel to the Debtors and Debtors in Possession*

**Hearing Date and Time: September 17, 2026 at 10:00 a.m.**[1]
**Objection Deadline: September 10, 2026 at 4:00 p.m.**

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Brian M. Resnick
Angela M. Libby
Stephen D. Piraino
Richard J. Steinberg
Sihui (Sophy) Ma
Mordechai Rivkin

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:**<br><br>**SLEEP NUMBER CORPORATION, *et al.*,**<br><br>**Debtors.** [2] | **Chapter 11**<br><br>**Case No. 26-11399 (KYP)**<br><br>**Jointly Administered** |

**MOTION OF DEBTORS TO EXTEND THE TIME**
**TO FILE NOTICES OF REMOVAL OF CIVIL ACTIONS**

Sleep Number Corporation and its subsidiaries (collectively, the "**Debtors**" or "**Sleep Number**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby file this *Motion of Debtors to Extend the Time to File Notices of Removal of Civil Actions* (this "**Motion**"). In support of this Motion, the Debtors respectfully state as follows:

[1] All times herein are expressed in prevailing Eastern Time.

[2] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Sleep Number Corporation (7886); Select Comfort Retail Corporation (9757); Select Comfort Canada Holding Inc. (4273); Select Comfort SC LLC (5901); and Sleep Number Health Corporation (2499). The Debtors' mailing address is 1001 Third Avenue South, Minneapolis, MN 55404.

## **Jurisdiction and Venue**

1. The United States Bankruptcy Court for the Southern District of New York (the "**Court**") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.).

2. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Debtors confirm their consent to the entry of a final order by the Court in connection with this Motion.

3. Venue of the Chapter 11 Cases and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The legal predicates for the relief requested herein are 28 U.S.C. § 1452, section 105(a) of title 11 of the United States Code, 11 U.S.C. § 101, *et seq*. (as amended or modified, the "**Bankruptcy Code**"), Bankruptcy Rules 9006 and 9027 and Rule 9006-2 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**").

## **General Background**

5. On June 12, 2026 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors remain in possession of their property and continue to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b), as ordered by the Court [ECF No. 42].

6. On June 23, 2026, the United States Trustee for Region 2 (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Committee**") pursuant to section

1102 of the Bankruptcy Code [ECF No. 110]. No request has been made for the appointment of a trustee or examiner.

7. Additional information about the events leading up to the Petition Date and the Debtors' businesses, affairs, capital structure, and prepetition indebtedness can be found in the *Declaration of Amy O'Keefe in Support of the Chapter 11 Proceedings and First Day Pleadings* [ECF No. 3].

**Relief Requested**

5. Pursuant to Bankruptcy Rule 9027(a)(2), the time period by which the Debtors may file notices of removal will expire on September 10, 2026 (the "**Removal Deadline**").[3] By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), extending the Removal Deadline from September 10, 2026 to the earlier of (a) Tuesday, March 9, 2027 (one hundred and eighty (180) days from the current deadline) and (b) the date upon which an order is entered confirming a chapter 11 plan in the Debtors' Chapter 11 Cases (the "**Proposed Extended Deadline**").

6. The Debtors request that the Proposed Extended Deadline apply to any and all matters pending as of the Petition Date as specified in Bankruptcy Rule 9027(a)(2)(A), (B), and (C) (the "**Prepetition Actions**") in addition to any and all matters initiated after the Petition Date as specified in Bankruptcy Rule 9027(a)(3) (the "**Postpetition Actions**," and together with the Prepetition Actions, the "**Actions**").

7. The Debtors further request that the Order approving this Motion be without prejudice to (a) any position the Debtors might take regarding whether section 362 of the

[3] Consistent with Local Rule 9006-2, this Motion is being filed before the expiration of the Removal Period; thus, the Removal Period shall automatically be extended until the Court acts on the Motion, without the necessity for the entry of a bridge order.

Bankruptcy Code applied to stay any given Action and (b) the right of the Debtors to seek further extensions of the Removal Deadline.

**Basis For Relief Requested**

8. Bankruptcy Rule 9027 and 28 U.S.C. § 1452 govern the removal of pending civil actions. Specifically, 28 U.S.C. § 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a). Bankruptcy Rule 9027(a)(2) further provides:

> If the claim or cause of action in a civil action is pending when a bankruptcy case is commenced, the notice of removal must be filed within the longest of these periods: (A) 90 days after the order for relief in the bankruptcy case; (B) if the claim or cause of action has been stayed under §362, 30 days after an order terminating the stay is entered; or (C) in a Chapter 11 case, 30 days after a trustee qualifies—but no later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2). With respect to actions commenced post-petition, Bankruptcy Rule 9027(a)(3) provides that a notice of removal must be filed:

> If a claim or cause of action is asserted in another court after the bankruptcy case was commenced, a party filing a notice of removal must do so within the shorter of these periods: (A) 30 days after receiving (by service or otherwise) the initial pleading setting forth the claim or cause of action sought to be removed; or (B) 30 days after receiving the summons if the initial pleading has been filed but not served with the summons.

Fed. R. Bankr. P. 9027(a)(3).

9. However, all deadlines under Bankruptcy Rule 9027(a) may be extended pursuant to Bankruptcy Rule 9006(b), which provides that:

> [T]he court may—at any time and for cause—extend the time to act if: (A) with or without a motion or notice, a request to extend is made before the period (or a previously extended period) expires; or (B) on motion made after the specified period expires, the failure to act within that period resulted from excusable neglect.

Fed. R. Bankr. P. 9006(b)(1).

10. It is well-settled that this Court has the authority to extend, for cause, the removal period provided under 28 U.S.C. § 1452 and Bankruptcy Rule 9027. *See, e.g.*, *In re Fairfield Sentry Ltd. Litig.*, 458 B.R. 665, 691 (S.D.N.Y. 2011) ("Bankruptcy Rule 9006(b)(1) allows the bankruptcy court to enlarge the time for removal before the time for removal expires *sua sponte*."); *see also In re N. New England Tel. Operations LLC*, 504 B.R. 372, 380 (Bankr. S.D.N.Y. 2014) (time limit for removal of civil actions may be extended pursuant to Bankruptcy Rule 9006(b)); *Jandous Elec. Constr. Corp. v. City of New York (In re Jandous Elec. Constr. Corp.)*, 106 B.R. 48, 50 (Bankr. S.D.N.Y. 1989) (same).

11. The Debtors submit that cause exists for the relief requested herein. Since the Petition Date, substantially all of the Debtors' and their professionals' attention and efforts have been directed toward ensuring a smooth transition into the Chapter 11 Cases, focusing on maximizing the value of their estates by negotiating with their creditor constituencies, negotiating and obtaining a commitment for secured superpriority debtor-in-possession financing and addressing various additional urgent and material commercial and legal matters. More specifically, the extension is appropriate because the Debtors have expended considerable time and effort by:

a) handling numerous operational issues, including responding to creditor, customer, and financial institution concerns and questions;

b) preparing and filing the Debtors' schedules of assets and liabilities and statements of financial affairs;

c) responding to numerous requests of the Committee and constructively negotiating with the Committee to consensually resolve various issues; and

d) securing a stalking horse bidder, facilitating an auction, and closing a sale of substantially all of the Debtors' assets.

12. Accordingly, the Debtors have not been able to analyze any Actions and make a determination regarding removal. Consequently, the Debtors seek an extension to allow the Debtors and their advisors the opportunity to carefully consider the possible removal of any Action.

13. The rights of any party to any Action will not be unduly prejudiced by the Debtors' requested extension. Inasmuch as section 362(a) of the Bankruptcy Code automatically stays actions against the Debtors, any Action will most likely not proceed in its respective fora during the Chapter 11 Cases, even absent the relief requested herein. Moreover, the relief requested herein does not alter any party's rights under 28 U.S.C. § 1452(b) to seek a remand. If the Debtors ultimately were to seek to remove any action pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027, any party to such action would have the right to seek to have such action remanded pursuant to 28 U.S.C. § 1452(b), which provides that "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." Accordingly, the Debtors submit that cause exists for the relief requested herein.

14. Courts in this jurisdiction have granted removal period extensions similar to the extension requested herein. *See e.g., In re Spirit Aviation Holdings, Inc.* No. 25-11897 (SHL) (Bankr. S.D.N.Y. Dec. 10, 2025) [ECF No. 576] (order extending the removal period to the earlier of (a) 180 days from the then-current deadline and (b) the date upon which an order is entered confirming a chapter 11 plan); *In re Azul S.A.* No. 25-11176 (SHL) (Bankr. S.D.N.Y. Aug. 15, 2025) [ECF No. 498] (same); *In re Gol Linhas Aéreas Inteligentes S.A.* No. 24-10118 (MG) (Bankr. S.D.N.Y. May 17, 2024) [ECF No. 620] (order extending the removal period by the later

of (a) 180 days from the then-current deadline and (b) the first business day that is 30 days after entry of an order terminating the automatic stay with respect to the particular action sought to be removed); *In re Voyager Aviation Holdings, LLC*, No. 23-11177 (JPM) (Bankr. S.D.N.Y. Nov. 6, 2023) [ECF No. 475] (order extending the removal period by the later of (a) 90 days from the then-current deadline and (b) the first business day that is 30 days after entry of an order terminating the automatic stay with respect to the particular action sought to be removed); *In re Genesis Glob. Holdco, LLC*, No. 23-10063 (SHL) (Bankr. S.D.N.Y. May 1, 2023) [ECF No. 283] (order extending the removal period through and until the date an order is entered confirming a chapter 11 plan in the debtors' cases); *In re Endo Int'l plc*, No. 22-22549 (JLG) (Bankr. S.D.N.Y. Dec. 12, 2022) [ECF No. 961] (order extending the removal period 180 days from the then-current deadline); *In re Celsius Network LLC*, No. 22-10964 (MG) (Bankr. S.D.N.Y. Oct. 21, 2022) [ECF No. 1153] (order extending the removal period through the later of (a) 180 days from the then-current deadline and (b) the first day that is 30 days after entry of an order terminating the automatic stay with respect to the particular action sought to be removed); *In re Voyager Digital Holdings, Inc.*, No. 22-10943 (MEW) (Bankr. S.D.N.Y. Sept. 28, 2022) [ECF No. 471] (same).

**Debtors' Reservation of Rights**

15. Nothing contained herein is intended or should be construed as, or deemed to constitute, an agreement or admission as to the amount, priority, character, or validity of any claim against any Debtor on any grounds, a waiver or impairment of any Debtor's rights to dispute any claim on any grounds, or an assumption or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code. Each Debtor expressly reserves its rights to contest any claims related to the relief requested herein under applicable bankruptcy and non-bankruptcy law. Likewise, if the Court grants the relief sought herein, any payment or transfer made pursuant to the Court's order is not intended, and should not be construed, as an admission as to the amount,

priority, character, or validity of any claim or a waiver of any Debtor's rights to subsequently dispute such claim.

## Notice

16. Notice of this Motion will be provided to the following parties (or their counsel) (collectively, the "**Notice Parties**"): (a) the U.S. Trustee; (b) the Committee; (c) Faegre Drinker Biddle & Reath LLP, as counsel to the agent under the Debtors' prepetition credit facility; and (d) any other party that is identified on the Debtors' master service list,[4] is entitled to notice under rule 9013-1(c) of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), or has requested notice pursuant to Bankruptcy Rule 2002. A copy of this Motion and any order entered in respect thereto will also be made available on the Debtors' case information website located at https://restructuring.ra.kroll.com/SleepNumber. Based on the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no other or further notice is required.

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as the Court deems just and proper.

*[Remainder of page intentionally left blank]*

[4] Accessible by visiting https://restructuring.ra.kroll.com/SleepNumber.

Dated: September 3, 2026
New York, New York

DAVIS POLK & WARDWELL LLP

*/s/ Brian M. Resnick*

450 Lexington Avenue
New York, NY 10017
Tel.: (212) 450-4000
Brian M. Resnick
Angela M. Libby
Stephen D. Piraino
Richard J. Steinberg
Sihui (Sophy) Ma
Mordechai Rivkin

*Counsel to the Debtors and Debtors in Possession*

# **Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:**<br><br>**SLEEP NUMBER CORPORATION, *et al*.,**<br><br>**Debtors.** [1] | **Chapter 11**<br><br>**Case No. 26-11399 (KYP)**<br><br>**Jointly Administered** |

**ORDER EXTENDING THE TIME PERIOD WITHIN**
**WHICH THE DEBTORS MAY REMOVE ACTIONS**

Upon the motion (the "**Motion**")[2] of Sleep Number Corporation and its subsidiaries (collectively, the "**Debtors**"), for entry of an order (this "**Order**") extending the period within which the Debtors may remove Actions pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and the Court having found that venue of the Chapter 11 Cases and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion; and the Court having held a hearing, if necessary, to consider the relief

[1] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Sleep Number Corporation (7886); Select Comfort Retail Corporation (9757); Select Comfort Canada Holding Inc. (4273); Select Comfort SC LLC (5901); and Sleep Number Health Corporation (2499). The Debtors' mailing address is 1001 Third Avenue South, Minneapolis, MN 55404.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

requested in the Motion (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing (if any) establish just cause for the relief granted herein; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, their estates, and all other parties in interest; and all objections and reservations of rights filed or asserted in respect of the Motion, if any, having been withdrawn, resolved, or overruled with prejudice; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The relief requested in the Motion is hereby granted and as set forth herein.

2. Pursuant to Bankruptcy Rule 9006(b), the time period by which the Debtors may file notices of removal in this Court with respect to the Actions is extended to the earlier of (a) Tuesday, March 9, 2027, and (b) the date upon which an order is entered confirming a chapter 11 plan in the Debtors' Chapter 11 Cases (the "**Extended Removal Deadline**").

3. This Order is without prejudice to the Debtors' right to seek further extension of the Extended Removal Deadline.

4. This Order shall be without prejudice to any position the Debtors may take regarding whether section 362 of the Bankruptcy Code applies to stay any Action.

5. The contents of the Motion and the notice procedures set forth therein are good and sufficient notice and satisfy the Bankruptcy Rules and the Local Rules, and no other or further notice of the Motion or the entry of this Order shall be required.

6. The Debtors are authorized to take all such actions as are necessary or appropriate to implement the relief granted in this Order.

7. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.