**Hearing Date and Time: 10:00 a.m.** [1] **on October 15, 2026**
**Objection Deadline: 12:00 p.m. on October 2, 2026**
**Reply Deadline: 12:00 p.m. on October 13, 2026**

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
Tel.: (212) 450-4000
Brian M. Resnick
Angela M. Libby
Stephen D. Piraino
Richard J. Steinberg
Sihui (Sophy) Ma
Mordechai Rivkin

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SLEEP NUMBER CORPORATION, *et al.*,** | **Case No. 26-11399 (KYP)** |
| **Debtors.**[2] | **Jointly Administered** |

**NOTICE OF HEARING ON MOTION OF THE DEBTORS TO APPROVE THE (I) ADEQUACY OF INFORMATION IN THE DISCLOSURE STATEMENT, (II) SOLICITATION AND VOTING PROCEDURES, (III) FORMS OF BALLOT, NOTICES AND NOTICE PROCEDURES IN CONNECTION THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO**

**PLEASE TAKE NOTICE** that on June 12, 2026 (the "**Petition Date**"), the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") commenced cases by filing petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Court**").

[1] All times herein are expressed in prevailing Eastern Time.

[2] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Sleep Number Corporation (7886); Select Comfort Retail Corporation (9757); Select Comfort Canada Holding Inc. (4273); Select Comfort SC LLC (5901); and Sleep Number Health Corporation (2499). The Debtors' mailing address is 1001 Third Avenue South, Minneapolis, MN 55404.

**PLEASE TAKE FURTHER NOTICE** that on September 4, 2026, the Debtors filed the *Motion of the Debtors to Approve the (I) Adequacy of Information in the Disclosure Statement, (II) Solicitation and Voting Procedures, (III) Forms of Ballot, Notices and Notice Procedures in Connection Therewith, and (IV) Certain Dates with Respect Thereto* (the "**Disclosure Statement Motion**").

**PLEASE TAKE FURTHER NOTICE** that a hearing (the "**Hearing**") to consider the Disclosure Statement Motion will be held on **October 15, 2026 at 10:00 a.m.** before the Honorable Kyu Y. Paek. The Hearing will be conducted in a hybrid format that will permit either in-person attendance at One Bowling Green, New York, NY 10004-1408, Courtroom 610, or remote participation via Zoom for Government. Hearing participants, whether appearing remotely or in-person, must register their appearance using the eCourt Appearance tool on the Court's website at https://www.nysb.uscourts.gov/ecourt-appearances by 4:00 p.m. two (2) business days before the Hearing. Once an appearance is properly registered, the Court will circulate by email the link, Meeting ID, and Password to access the Hearing using Zoom for Government. A guide for using Zoom for Government is available at https://www.nysb.uscourts.gov/zoom-video-hearing-guide.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned from time to time by an announcement of the adjourned date or dates at the Hearing or a later hearing or by filing a notice with the Court.

**PLEASE TAKE FURTHER NOTICE** that responses or objections to the relief requested at the Hearing shall be (a) in writing, in English, and in text-searchable format, (b) filed with the Court electronically, and (c) served on the Debtors and the Notice Parties (as defined in the Motion) so as to be received no later than **12:00 p.m. on October 2, 2026** (the "**Objection Deadline**"), in each case, in accordance with the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), and the Court's Chambers' Rules (available at https://www.nysb.uscourts.gov/content/judge-kyu-y-mike-paek), as applicable.

**PLEASE TAKE FURTHER NOTICE** that all objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default.

**PLEASE TAKE FURTHER NOTICE** that, if no responses or objections are timely filed and served with respect to the Disclosure Statement Motion, the Debtors may, on or after 48 hours after the Objection Deadline, submit the proposed order to the Court, substantially in the form of the proposed order attached to the Disclosure Statement Motion, under certification of counsel or certification of no objection, which order may be entered by the Court without further notice or opportunity to be heard. **Your rights may be affected. You should review the Disclosure Statement Motion carefully and discuss it with your attorney. If you do not have an attorney, you may wish to consult one.**

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and any other document filed publicly in the Chapter 11 Cases are accessible free of charge at https://restructuring.ra.kroll.com/SleepNumber/.

[*Remainder of Page Intentionally Left Blank*]

Dated: September 4, 2026
New York, New York

DAVIS POLK & WARDWELL LLP

By: */s/ Brian M. Resnick*
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4000
Brian M. Resnick
Angela M. Libby
Stephen D. Piraino
Richard J. Steinberg
Sihui (Sophy) Ma
Mordechai Rivkin

*Counsel to the Debtors*
*and Debtors in Possession*

**Hearing Date and Time: 10:00 a.m.[1] on October 15, 2026**
**Objection Deadline: 12:00 p.m. on October 2, 2026**
**Reply Deadline: 12:00 p.m. on October 13, 2026**

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Tel.: (212) 450-4000
Brian M. Resnick
Angela M. Libby
Stephen D. Piraino
Richard J. Steinberg
Sihui (Sophy) Ma
Mordechai Rivkin

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SLEEP NUMBER CORPORATION, *et al.*,** | **Case No. 26-11399 (KYP)** |
| **Debtors.[2]** | **Jointly Administered** |

**MOTION OF THE DEBTORS TO APPROVE THE (I) ADEQUACY OF INFORMATION IN THE DISCLOSURE STATEMENT, (II) SOLICITATION AND VOTING PROCEDURES, (III) FORMS OF BALLOT, NOTICES AND NOTICE PROCEDURES IN CONNECTION THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO**

Sleep Number Corporation and its subsidiaries (collectively, the "**Debtors**" or "**Sleep Number**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby file this *Motion of the Debtors to Approve the (I) Adequacy of Information in the Disclosure Statement, (II) Solicitation and Voting Procedures, (III)*

[1] All times herein are expressed in prevailing Eastern Time.

[2] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Sleep Number Corporation (7886); Select Comfort Retail Corporation (9757); Select Comfort Canada Holding Inc. (4273); Select Comfort SC LLC (5901); and Sleep Number Health Corporation (2499). The Debtors' mailing address is 1001 Third Avenue South, Minneapolis, MN 55404.

*Forms of Ballot, Notices and Notice Procedures in Connection Therewith, and (IV) Certain Dates with Respect Thereto* (this "**Motion**"). In support of this Motion, the Debtors respectfully state as follows:

## Preliminary Statement

1. Contemporaneously herewith, the Debtors filed the *Joint Chapter 11 Plan of Liquidation of Sleep Number Corporation and its Debtor Affiliates* (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Plan**") and the proposed *Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of Sleep Number Corporation and its Debtor Affiliates* (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "**Disclosure Statement**").[3] The Disclosure Statement contains, among other things, detailed information describing the Debtors' prepetition businesses and operations, the events leading up to the filing of the Chapter 11 Cases, the marketing and sale process for substantially all of the Debtors' assets pursuant to section 363 of the Bankruptcy Code, and the Plan. This Motion seeks, *inter alia*, approval of the Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code (as defined below) and approval of proposed solicitation and noticing procedures. The Debtors respectfully submit that the Disclosure Statement contains adequate information and that the solicitation, voting, and noticing procedures are fair and reasonable.

## Relief Requested

2. By this Motion, and pursuant to sections 105(a), 1125, 1126, and 1128 of chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq*. (as amended or modified, the

[3] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Plan, a copy of which is attached as Exhibit [C] to the Disclosure Statement.

"**Bankruptcy Code**"), rules 2002, 3016, 3017, 3018, and 3020 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rules 3017-1, 3018-1, and 3020-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Disclosure Statement Order**" and, as entered, the "**Disclosure Statement Order**"), granting the following relief:

a. ***Disclosure Statement.*** Approving the Disclosure Statement for the Plan as containing adequate information pursuant to section 1125 of the Bankruptcy Code;

b. ***Disclosure Statement Hearing Notice.*** Approving the form and manner of notice (the "**Disclosure Statement Hearing Notice**"), filed contemporaneously herewith, of the hearing to consider the Disclosure Statement (the "**Disclosure Statement Hearing**");

c. ***Solicitation and Voting Procedures.*** Approving the procedures, substantially in the form attached to the Proposed Disclosure Statement Order as Exhibit 1, for (i) soliciting, receiving, and tabulating votes to accept or reject the Plan; (ii) voting to accept or reject the Plan; and (iii) filing objections to the Plan (the "**Solicitation and Voting Procedures**");

d. ***Ballot.*** Approving the ballot (the "**Ballot**") substantially in the form attached to the Proposed Disclosure Statement Order as Exhibit 2;

e. ***Solicitation Packages.*** Finding that the Disclosure Statement, Plan, Ballot, and other related documents that would be transmitted to Holders entitled

to vote to accept or reject the Plan (the "**Solicitation Packages**") comply with Bankruptcy Rules 2002(b) and 3017(d);

f. ***Notice of Non-Voting Status.*** Approving the notices of nonvoting status, substantially in the form attached to the Proposed Disclosure Statement Order as Exhibit 3A and Exhibit 3B (the "**Notices of Non-Voting Status**"), and the manner of notice and service thereof;

g. ***Non-Voting Status Notice Packages.*** Approving the form of notice packages and finding that the materials and documents included in the non-voting status notice packages that will be sent to, among others, Holders of Claims and Interests not entitled to vote to accept or reject the Plan (the "**Non-Voting Status Notice Packages**") comply with Bankruptcy Rules 2002(b) and 3017(d);

h. ***Confirmation Hearing Notice.*** Approving the form of notice of the hearing to consider confirmation of the Plan (the "**Confirmation Hearing**" and, the notice thereof, the "**Confirmation Hearing Notice**"), substantially in the form attached to the Proposed Disclosure Statement Order as Exhibit 4, and the manner of notice and service thereof;

i. ***Plan Supplement Notice.*** Approving the form of notice related to the filing of the Plan Supplement, substantially in the form attached to the Proposed Disclosure Statement Order as Exhibit 5 (the "**Plan Supplement Notice**"), and the manner of notice and service thereof;

j. ***Publication Notice.*** Approving the form and manner of notice of the Confirmation Hearing by publication (the "**Publication Notice**"),

substantially in the form attached to the Proposed Disclosure Statement Order as Exhibit 6;

k. ***Cover Letter***. Approving the form of letter (the "**Cover Letter**") to be sent to holders of Claims entitled to vote to accept or reject the Plan, urging them to vote in favor of the Plan, substantially in the form attached to the Proposed Disclosure Statement Order as Exhibit 7;

l. ***Confirmation Timeline.*** Establishing the following dates and deadlines, subject to modification as necessary:

| Event | Date[4] |
|---|---|
| Voting Record Date | October 8, 2026 |
| Commencement of Solicitation (the "**Solicitation Deadline**") | Four (4) Business Days after entry of the Proposed Disclosure Statement Order, or as soon as reasonably practicable thereafter |
| Publication Deadline | Ten (10) Business Days after entry of the Proposed Disclosure Statement Order, or as soon as reasonably practicable thereafter |
| Plan Supplement Filing Deadline | November 17, 2026 |
| Voting Deadline[5] | November 20, 2026, at 4:00 p.m. |
| Plan Objection Deadline | November 20, 2026, at 12:00 p.m. |
| Deadline to File Voting Report | November 25, 2026, at 4:00 p.m. |
| Deadline to File the Confirmation Brief and Omnibus Reply to Plan Objections (the "**Reply Deadline**") | November 30, 2026, at 4:00 p.m. |
| Confirmation Hearing Date | December 3, 2026, at 10:00 a.m. |

[4] The dates and times set forth herein are subject to change.
[5] The Debtors shall be authorized to extend the Voting Deadline without further order of the Court.

3. For ease of reference, and as described in further detail herein, below is a list of the various exhibits cited throughout the Motion:

| Document | Exhibit |
|---|---|
| Proposed Disclosure Statement Order | Exhibit A |
| Solicitation and Voting Procedures | Exhibit 1 to the Proposed Disclosure Statement Order |
| Form of Ballot | Exhibit 2 to the Proposed Disclosure Statement Order |
| Notice of Non-Voting Status – Claims Presumed to Accept / Deemed to Reject | Exhibit 3A to the Proposed Disclosure Statement Order |
| Notice of Non-Voting Status to Holders of Disputed Claims | Exhibit 3B to the Proposed Disclosure Statement Order |
| Confirmation Hearing Notice | Exhibit 4 to the Proposed Disclosure Statement Order |
| Plan Supplement Notice | Exhibit 5 to the Proposed Disclosure Statement Order |
| Publication Notice | Exhibit 6 to the Proposed Disclosure Statement Order |
| Cover Letter | Exhibit 7 to the Proposed Disclosure Statement Order |
| Committee Letter | Exhibit 8 to the Proposed Disclosure Statement Order |

## <u>Jurisdiction and Venue</u>

4. The United States Bankruptcy Court for the Southern District of New York (the "**Court**") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.).

5. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Debtors confirm their consent to the entry of a final order by the Court in connection with this Motion.

6. Venue of the Chapter 11 Cases and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

7. On June 12, 2026 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors remain in possession of their property and continue to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Chapter 11 Cases are being jointly administered, for procedural purposes only, pursuant to Bankruptcy Rule 1015(b), as ordered by the Court [ECF No. 42].

8. On June 23, 2026, the United States Trustee for Region 2 (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Committee**") pursuant to section 1102 of the Bankruptcy Code [ECF No. 110]. No request has been made for the appointment of a trustee or examiner.

9. Additional information about the events leading up to the Petition Date and the Debtors' businesses, affairs, capital structure, and prepetition indebtedness can be found in the *Declaration of Amy O'Keefe in Support of the Chapter 11 Proceedings and First Day Pleadings* [ECF No. 3].

## Plan Overview[6]

10. The Plan contemplates classifying Holders of Claims and Interests into the Classes of Claims and Interests as set forth therein for all purposes, including with respect to voting on, and distributions under, the Plan, pursuant to section 1126 of the Bankruptcy Code. The Debtors

[6] The Plan constitutes a separate chapter 11 plan of liquidation for each Debtor and shall include the classifications set forth therein.

propose to solicit votes to accept or reject the Plan from Holders of Claims in the following Classes (the "**Voting Classes**"):

| Class | Claims or Interest | Status | Voting Rights |
|---|---|---|---|
| 3 | Prepetition Loan Claims | Impaired | Entitled to Vote |
| 4 | General Unsecured Claims | Impaired | Entitled to Vote |

11. The Debtors will not solicit votes to accept or reject the Plan from Holders of Claims and Interests in the following Classes (the "**Non-Voting Classes**"):

| Class | Claims or Interest | Status | Voting Rights |
|---|---|---|---|
| 1 | Other Secured Claims | Unimpaired | Deemed to Accept |
| 2 | Other Priority Claims | Unimpaired | Deemed to Accept |
| 5 | Prepetition Intercompany Claims | Impaired | Presumed to Reject |
| 6 | Section 510(b) Claims | Impaired | Presumed to Reject |
| 7 | Existing Interests | Impaired | Presumed to Reject |
| 8 | Intercompany Interests | Impaired | Presumed to Reject |

12. Pursuant to the terms of the Plan (as may be revised or amended from time to time), to the extent additional Classes of Claims or Interests are (a) Impaired but not deemed to reject, the Debtors propose to solicit votes from such Classes, and such Classes will constitute a Voting Class; and (b) Impaired or Unimpaired and presumed to accept or deemed to reject, respectively, then the Debtors will not solicit votes from such Classes and such Classes will constitute a Non-Voting Class.

13. The Plan includes certain release and exculpation provisions, which release the Debtors and certain other parties who played an integral role in the Debtors' bankruptcy from liability on claims and causes of action (to the extent set forth in the Plan). Holders of Claims and Interests in Voting Classes will be given an opportunity to opt out of being a Releasing Party through a Ballot or manifest their consent thereto by not opting out. For the avoidance of doubt,

Holders of Claims and Interests that are deemed to accept or reject the Plan do not and will not constitute Releasing Parties. As described below, and as will be further developed on the record at the Confirmation Hearing, the releases and exculpation provisions contained in Article IX of the Plan are essential elements of the Plan and the Debtors' restructuring.

## Basis for Relief

### I. The Court Should Approve the Disclosure Statement as It Contains Adequate Information in Accordance with Section 1125 of the Bankruptcy Code.

14. Pursuant to section 1125 of the Bankruptcy Code, the proponent of a proposed chapter 11 plan must provide "adequate information" regarding that plan to Holders of Impaired Claims and Interests entitled to vote on the plan. 11 U.S.C. § 1125. Specifically, section 1125(a)(1) of the Bankruptcy Code states, in relevant part, as follows:

> "[A]dequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan.

*See also In re Ferretti*, 128 B.R. 16, 18 (Bankr. D.N.H. 1991) (a disclosure statement "must clearly and succinctly inform the average unsecured creditor what it is going to get, when it is going to get it, and what contingencies there are to getting its distribution.").

15. A disclosure statement must, as a whole, provide information that is "reasonably practicable" to permit an "informed judgment" by creditors and interest holders, if applicable, to vote on a plan, and "adequate information" is a flexible standard, based on the facts and circumstances of each case. *See In re Ionosphere Clubs, Inc.*, 179 B.R. 24, 28 (S.D.N.Y. 1995) (adequacy of a disclosure statement "is to be determined on a case-specific basis under a flexible

standard that can promote the policy of chapter 11 towards fair settlement through a negotiation process between informed interested parties" (internal citation omitted)); *see also In re Amfesco Indus., Inc.*, No. CV-88-2952 (JBW), 1988 WL 141524, at *5 (E.D.N.Y. Dec. 21, 1988) (stating that "[u]nder section 1125 of the Bankruptcy Code, a reasonable and typical creditor or equity security holder must be provided 'adequate information' to make an informed judgment regarding a proposed plan" (internal citation omitted)); *BSL Operating Corp. v. 125 E Taverns, Inc. (In re BSL Operating Corp.)*, 57 B.R. 945, 950 (Bankr. S.D.N.Y. 1986) (stating that "[s]ection 1125 might be described as a non-rigid 'how-to-inform' section . . . A disclosure statement . . . is evaluated only in terms of whether it provides sufficient information to permit enlightened voting by holders of claims or interests"); *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 417 (3d Cir. 1988) ("From the legislative history of § 1125 we discern that adequate information will be determined by the facts and circumstances of each case."); *In re PC Liquidation Corp.*, 383 B.R. 856, 865 (E.D.N.Y. 2008) ("The standard for disclosure is, thus, flexible and what constitutes 'adequate disclosure' in any particular situation is determined on a case-by-case basis, with the determination being largely within the discretion of the bankruptcy court.") (citations omitted). Moreover, this Court and others acknowledge that determining what constitutes "adequate information" for the purpose of satisfying section 1125 of the Bankruptcy Code resides within the broad discretion of the court. *See, e.g.*, *Kirk v. Texaco, Inc.*, 82 B.R. 678, 682 (S.D.N.Y. 1988) ("The legislative history could hardly be more clear in granting broad discretion to bankruptcy judges under § 1125(a): 'Precisely what constitutes adequate information in any particular instance will develop on a case-by-case basis. Courts will take a practical approach as to what is necessary under the circumstances of each case.'" (*quoting* H.R. Rep. No. 595, at 408–09 (1977)); *see also In re River Village Assoc.*, 181 B.R. 795, 804 (E.D. Pa. 1995)

("[T]he Bankruptcy Court is thus given substantial discretion in considering the adequacy of a disclosure statement."); *In re Lisanti Foods, Inc.*, 329 B.R. 491, 507 (D.N.J. 2005) ("The information required will necessarily be governed by the circumstances of the case."). Disclosure statements should include "all material information relating to the risks posed to creditors and equity interest holders under the proposed plan," but "should not be burdened with overly technical and extremely numerous additions, where such information would serve only to diminish the understanding of a typical creditor or interest holder." *In re Avianca Holdings S.A.*, 632 B.R. 124, 130 (Bankr. S.D.N.Y. 2021) (citation omitted).

16. In making a determination as to whether a disclosure statement contains adequate information as required by section 1125 of the Bankruptcy Code, courts typically look for disclosures related to topics such as:

a. the circumstances that gave rise to the filing of the bankruptcy petition;

b. a description of the available assets and their value;

c. the anticipated future of the debtor;

d. the source of the information provided in the disclosure statement;

e. the condition and performance of the debtor while in chapter 11;

f. claims against the debtor's estate;

g. a liquidation analysis setting forth the estimated return that creditors would receive if the debtor's case was converted to a case under chapter 7 of the Bankruptcy Code;

h. the accounting and valuation methods used to produce the financial information in the disclosure statement;

i. the future management of the debtor;

j. the chapter 11 plan or a summary thereof;

k. any financial information, including financial valuations or pro forma projections that would be relevant to creditors' determinations of whether to accept or reject the plan;

l. the risks to creditors and interest holders under the plan; and

m. the tax consequences of the plan.

*See In re Scioto Valley Mortg. Co.*, 88 B.R. 168, 170–71 (Bankr. S.D. Ohio 1988); *see also In re Source Enters.*, 2007 Bankr. LEXIS 4770, *7–8 (Bankr. S.D.N.Y. July 31, 2007) (using similar list); *In re Phoenix Petroleum*, 278 B.R. 385 at 393 (Bankr. E.D.Pa 2001) (citing similar factors that courts have used to determine the adequacy of information contained in disclosure statements, while cautioning that "no one list of categories will apply in every case").

17. Here, the Disclosure Statement provides adequate information to allow Holders of Claims in the Voting Classes to make informed decisions about whether to vote to accept or reject the Plan. Specifically, the Disclosure Statement contains, among other things, (a) a description of the Debtors' businesses and assets; (b) a description of the circumstances that gave rise to the filing of the bankruptcy petitions; (c) information about certain key events in the Chapter 11 Cases; (d) the terms of the Plan; (e) the classification and treatment of Holders of all Classes of Claims and Interests; (f) the effect of the Plan on Holders of Claims and Interests and other parties in interest thereunder; (g) certain risk factors to consider that may affect the Plan; (h) certain securities and tax issues related to the Plan and distributions to be made thereunder; and (i) the means for implementation of the Plan.

18. Based on the foregoing, the Debtors submit that the Disclosure Statement complies with all aspects of section 1125 of the Bankruptcy Code and addresses the information set forth above in a manner that provides adequate information to Holders of Claims entitled to vote to accept or reject the Plan. Accordingly, the Debtors submit that the Disclosure Statement contains "adequate information" and therefore should be approved.

## II. The Disclosure Statement Provides Sufficient Notice of the Injunction, Exculpation, and Release Provisions in the Plan.

19. Under Bankruptcy Rule 3016(c), "[i]f a plan provides for an injunction against conduct not otherwise enjoined by the Code, the plan and disclosure statement must: (1) describe in specific and conspicuous language (bold, italic, or underlined text) all acts to be enjoined; and (2) identify the entities that would be subject to the injunction." Fed. R. Bankr. P. 3016(c); *see also* Fed. R. Bankr. F. 2002(c) (requiring notices like the Confirmation Hearing Notice to contain similar disclosures).

20. Here, the Plan and, by extension, the Disclosure Statement set forth (in bold font) and describe in detail the injunction provisions for which the Debtors are seeking approval, as well as the release and exculpation provisions and instructions as to how creditors can opt out of any releases. Such provisions and instructions are also included in the Ballot and the Confirmation Hearing Notice. Therefore, the Disclosure Statement and Plan satisfy the requirements of Bankruptcy Rule 3016(c), and the Ballot and the Confirmation Hearing Notice similarly satisfy Bankruptcy Rule 2002(c).

## III. The Court Should Approve the Solicitation Materials and Timeline for Soliciting Votes on the Plan.

### A. The Court Should Approve the Voting Record Date, Solicitation Deadline, and Voting Deadline.

21. Bankruptcy Rule 3017(d)(4) provides that, for the purposes of soliciting votes in connection with the confirmation of a plan, "creditors and equity security holders include record holders of stocks, bonds, debentures, notes, and other securities on the date the order approving the disclosure statement is entered—or another date the court sets for cause and after notice and a hearing." Fed. R. Bankr. P. 3017(d)(4) (internal quotations omitted). Bankruptcy Rule 3018(a) contains a similar provision regarding determination of the record date for voting purposes. Fed. R. Bankr. P. 3018(a)(2). Additionally, Bankruptcy Rule 3017(c) provides that before approving the disclosure statement, the court must fix a time within which the holders of

claims and interests may accept or reject a plan and may fix a date for the hearing on confirmation of a plan. *See* Fed. R. Bankr. P. 3017(c).

22. The Debtors request that the Court exercise its authority under Bankruptcy Rules 3017(d) and 3018(a) to establish **October 8, 2026** as the voting record date (the "**Voting Record Date**"), four (4) Business Days after entry of the Disclosure Statement Order, or as soon as reasonably practicable thereafter, as the deadline to commence solicitation (the "**Solicitation Deadline**"), and **November 20, 2026, at 4:00 p.m.** as the voting deadline (the "**Voting Deadline**").

23. The Debtors request that, after they distribute the Solicitation Packages, the Court require that all Holders of Claims entitled to vote on the Plan complete, execute, and return their Ballots so that they are **actually received** by Kroll Restructuring Administration LLC, in its capacity as claims and solicitation agent for the Debtors (the "**Claims and Solicitation Agent**") on or before the Voting Deadline.

24. The foregoing timing will afford Holders of Claims entitled to vote on the Plan and opt-out of releases sufficient time to review and analyze such materials and subsequently make an informed decision as to whether to vote to accept or reject the Plan before the Voting Deadline, consistent with the requirements of the applicable Bankruptcy Rules. *See* Fed. R. Bankr. P. 3017(d) (after approval of a disclosure statement, the debtor must transmit the plan, the approved disclosure statement, a notice of the time within which acceptances and rejections of such plan may be filed, and any other information that the court may direct to certain Holders of Claims). Accordingly, the Debtors request that the Court approve the form of, and the Debtors' proposed procedures for distributing, the Solicitation Packages to the Holders of Claims in the Voting Classes.

**B. The Court Should Approve the Forms of the Ballot.**

25. In accordance with Bankruptcy Rule 3018(c), the Debtors have prepared and customized the Ballot. Although based on Official Form No. 314, the Ballot has been modified to address the particular circumstances of the Chapter 11 Cases and include certain additional information that is relevant and appropriate for Claims in certain of the Voting Classes. The proposed form of Ballot for all Voting Classes is annexed as **Exhibit 2** to the Proposed Disclosure Statement Order. The Debtors respectfully submit that the form of Ballot complies with Bankruptcy Rule 3018(c) and, therefore, should be approved.

**C. The Court Should Approve the Form and Distribution of Solicitation Packages, Including the Non-Voting Status Notice Package.**

26. **General Solicitation Procedures.** Upon approval of the Disclosure Statement, the Debtors propose to mail, or cause to be mailed, a Solicitation Package or a Non-Voting Status Notice Package (as applicable) that includes the materials set forth in clauses (a) and (b) below; *provided*, *however*, that, in lieu of printing and mailing or emailing the Disclosure Statement Order, Disclosure Statement, and the Plan to Holders of Claims in Voting Classes and Non-Voting Classes (as applicable), the Debtors request authorization to only provide the other documents contained in the Solicitation Package or Non-Voting Status Notice Package (as applicable), through the Debtors' case website located at https://restructuring.ra.kroll.com/SleepNumber/ (the "**Case Information Website**") (together with instructions to access the Disclosure Statement Order, Disclosure Statement, and the Plan). The Debtors intend to serve the following packages:

a. **Solicitation Package.** With respect to Holders of Claims in the Voting Classes:

(i) the Cover Letter;

(ii) the Confirmation Hearing Notice containing, among other things, instructions on how to access the Disclosure Statement, Plan, and Disclosure Statement Order on the Case Information Website;

(iii) the Ballot (also containing instructions on how to access the Disclosure Statement, Plan, and Disclosure Statement Order (without exhibits other than the Solicitation and Voting Procedures) on the Case Information Website) as well as, if applicable, a postage prepaid, pre-addressed return envelope;

(iv) the letter from the Committee recommending acceptance of the Plan as appropriate in the Committee's discretion (the "**Committee Letter**"); and

(v) any additional documents that the Court has ordered to be included in hard copy format.

b. **Non-Voting Status Notice Package.** With respect to Holders of Claims in the Non-Voting Classes:

(i) the Confirmation Hearing Notice containing instructions on how to access the Disclosure Statement, Plan, and Disclosure Statement Order on the Case Information Website;

(ii) the applicable Notice of Non-Voting Status (also containing instructions as to how to obtain or view copies of the Disclosure Statement with all exhibits, and the Disclosure Statement Order (without exhibits other than the Solicitation and Voting Procedures); and

(iii) any additional documents that the Court has ordered to be included in hard copy format.

c. With respect to the U.S. Trustee, a copy of each document contained in each version of the Solicitation Package and Non-Voting Status Notice Package, which may include a non-customized Ballot; and

d. Any additional documents that the Court has ordered to be included in hard copy format.

27. The Debtors request authorization to distribute the Solicitation Packages and Non-Voting Status Notice Packages (as applicable) to Holders of Claims by either electronic mail or regular mail. In the event that a Holder of a Claim has not provided an electronic mail address or it is not practicable to serve a Solicitation Package or Non-Voting Status Notice Package (as applicable) by electronic mail, the Debtors request authorization to distribute the Solicitation Package or Non-Voting Status Notice Package (as applicable) via regular mail; *provided*, *however*, that any Holder of a Claim may request to receive paper copies of the Solicitation Package or Non-Voting Status Notice Package (including the Plan, Disclosure Statement, and the Disclosure Statement Order) by: (a) writing to Sleep Number Corporation Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232; (b) calling Claims and Solicitation Agent at +1-844-408-3387 (toll-free in the U.S. and Canada) or +1-646-825-3128 (international, toll); or (c) emailing at SleepNumberInfo@ra.kroll.com with a reference to "Sleep Number Corporation Solicitation Inquiry" in the subject line.

28. The Debtors believe that providing instructions to Holders of Claims on how to access the Disclosure Statement, Plan, and Disclosure Statement Order, and any related documents through the Case Information Website will provide ready access to the most up-to-date versions

of such documents and will result in substantial savings to the Debtors' estates. Further, to the extent that the Debtors utilize electronic mail service, this will be consistent with the Debtors' ordinary course of business since the Debtors regularly use electronic mail to correspond with customers and vendors; and the Debtors have been using electronic mail to provide notice throughout the Chapter 11 Cases, which has not limited the Debtors' ability to provide robust notice to parties in interest during the Chapter 11 Cases. Lastly, courts in this and other districts have granted the same or similar relief to chapter 11 debtors with voluminous disclosure statements and plans. *See, e.g., In re Azul S.A.*, No. 25-11176 (SHL) (Bankr. S.D.N.Y. July 30, 2025) [ECF No. 847]; *In re GOL Linhas Aéreas Inteligentes S.A.*, No. 24-10118 (MG) (Bankr. S.D.N.Y. March 20, 2025) [ECF No. 1388]; *In re Spirit Airlines, Inc.*, No. 24-11988 (SHL) (Bankr. S.D.N.Y. Dec. 17, 2024) [ECF No. 246]; *In re SVB Fin. Grp*, No. 23-10367 (MG) (Bankr. S.D.N.Y. May 30, 2024) [ECF No. 1172]; *In re SAS AB*, No. 22-10925 (MEW) (Bankr. S.D.N.Y. Feb. 7, 2024) [ECF No. 1932]; *In re LATAM Airlines Grp. S.A.*, No. 20-11254 (JLG) (Bankr. S.D.N.Y. Mar. 21, 2022) [ECF No. 4728]; *In re Grupo Aeroméxico, S.A.B. de C.V.*, No. 20-11563 (SCC) (Bankr. S.D.N.Y. Dec. 10, 2021) [ECF No. 2292]; *In re Garrett Motion Inc.*, No. 20-12212 (MEW) (Bankr. S.D.N.Y. Mar. 12, 2021) [ECF No. 1016]; *In re Cumulus Media Inc.*, No. 17-13381 (SCC) (Bankr. S.D.N.Y. Feb. 2, 2018) [ECF No. 416].

29. The instructions contained in the Solicitation Package and Non-Voting Status Notice Package will include how to view or obtain copies of the Disclosure Statement (including the Plan and the other exhibits thereto), the Disclosure Statement Order, and all related materials (excluding Ballots) from the Claims and Solicitation Agent and/or the Court's website via PACER. The Debtors submit that such notice satisfies the requirements of Bankruptcy Rule 3017(d).

30. The Debtors will make non-customized copies of the Solicitation Packages (excluding a Ballot) and the Non-Voting Status Notice Packages available on the Case Information Website. The Debtors seek to refrain from making a form Ballot available on the Case Information Website for the purpose of encouraging Holders to use the customized Ballot that the Claims and Solicitation Agent sends to them.

31. The Debtors also propose that notice need not be sent to creditors whose Claims have already been paid in full; *provided*, *however*, that if any such creditor would be entitled to receive notice for any reason other than by virtue of the fact that the Claim had been paid in full by the Debtors, such creditor will be sent notice in accordance with the procedures set forth above.

32. With respect to Class 5 (Prepetition Intercompany Claims) and Class 8 (Intercompany Interests), the Debtors request a waiver of any requirement to serve a Notice of Non-Voting Status or any other type of notice in connection with the Plan, since such Claims and Interests are held by the Debtors.

33. The Debtors also propose to email, if an email is available, a copy of the Confirmation Hearing Notice (to the extent not already provided in the distributions set forth above) to all parties required to be noticed pursuant to Bankruptcy Rules 2002 and 3017 (the "**Notice Parties**") in lieu of any hard-copy service.

34. The Debtors anticipate that some notices may be returned by the United States Postal Service as undeliverable. The Debtors believe that it would be costly and wasteful to mail such notices to the same addresses to which previous notices have been returned as undeliverable. Therefore, the Debtors seek the Court's approval for a departure from the strict notice rule, excusing the Debtors from mailing such notices to those persons listed at such addresses following receipt of a notice returned as undeliverable unless the Debtors are subsequently provided with

accurate addresses. For purposes of serving the Solicitation Packages, the Debtors seek authorization to rely on the address information for Holders in all Classes of Claims and Interests as compiled, updated, and maintained by the Claims and Solicitation Agent as of the Voting Record Date. In the event any notices (including Ballots) are returned to the Debtors or the Claims and Solicitation Agent as undeliverable, the Debtors or the Claims and Solicitation Agent are not required to conduct any additional research for updated mailing or emails addresses based on undeliverable Solicitation Packages (including Ballots) or Non-Voting Status Notice Packages.

35. The Debtors submit that they have shown good cause for implementing the proposed notice and service procedures, and request that the Court approve such notice and service as adequate under the circumstances.

36. The Debtors respectfully request that the Debtors and/or the Claims and Solicitation Agent be authorized, as applicable, to determine all questions as to the validity, form, eligibility (including time of receipt), acceptance, and revocation or withdrawals of Ballots, which determination, absent contrary ruling by the Court, shall be final and binding.

37. **Return of Ballots.** The Debtors request that the Court approve the procedures set forth in the Ballot governing the submission of such Ballots. As part of those procedures, votes to accept or reject the Plan will be counted only if such votes are included on a valid Ballot properly executed, completed, and delivered to the Claims and Solicitation Agent so that such Ballot is **actually received** by the Claims and Solicitation Agent no later than the Voting Deadline; *provided*, *however*, that the Debtors, in their sole discretion, may accept Ballots received after the Voting Deadline, and any such late accepted Ballots shall be documented in the report tabulating the voting on the Plan (the "**Voting Report**"). Detailed instructions for online transmission of Ballots will be set forth on such Ballots.

38. In addition to accepting hard copy Ballots via first-class mail, overnight courier, or hand delivery, the Debtors request authorization to accept the Ballots submitted via an online balloting portal accessible at the Case Information Website ("**E-Balloting Portal**"). The encrypted E-Ballot data and audit trail created by such online submission shall become part of the record of any Ballot submitted in this manner and the creditor's electronic signature will be deemed immediately legally valid and effective.

**D. The Proposed Notice of Confirmation Hearing Is Reasonable and Appropriate.**

39. The Debtors will solicit the Plan on or before the Solicitation Deadline, at which time the Confirmation Hearing Notice will be served on all known Holders of Claims and Interests and the Notice Parties (regardless of whether such parties are entitled to vote on the Plan). The Confirmation Hearing Notice will include the following: (a) instructions as to how to view or obtain copies of the Disclosure Statement (including the Plan and the other exhibits thereto), the Disclosure Statement Order, and all other materials in the Solicitation Package (excluding Ballots) from the Claims and Solicitation Agent and/or the Court's website via PACER; (b) notice of the Voting Deadline; (c) notice of the Plan Objection Deadline; and (d) notice of the Confirmation Hearing Date and information related thereto.

40. Bankruptcy Rule 2002(l) permits the Court to "order notice by publication if notice by mail is impracticable or if it is desirable to supplement the notice." Fed. R. Bankr. P. 2002(l). Therefore, in addition to the foregoing distribution of the Confirmation Hearing Notice, the Debtors will publish the Publication Notice, a version of the Confirmation Hearing Notice in a format modified for publication, one time on or before ten (10) Business Days after entry of the Disclosure Statement Order, or as soon as reasonably practicable thereafter (the "**Publication Deadline**"), in *The Wall Street Journal* and/or the *Financial Times* (global edition). The notice of the Confirmation Hearing will also be available on the Case Information Website. The Debtors

believe that the Publication Notice will provide sufficient notice of, among other things, the entry of the Disclosure Statement Order, the Voting Deadline, the Plan Objection Deadline, and the Confirmation Hearing to parties who did not otherwise receive notice thereof by electronic mail. Additionally, service and publication of the Confirmation Hearing Notice comports with the requirements of Bankruptcy Rule 2002 and should be approved.

### E. The Proposed Plan Supplement Notice Is Reasonable and Appropriate.

41. The Plan contemplates the Plan Supplement to be a supplemental appendix to the Plan. The Debtors shall have the right to amend the documents contained in, and exhibits to, the Plan Supplement through the Effective Date. *See* Article XI of the Plan.

42. To ensure that all Holders of Claims and Interests receive notice of the Debtors' filing of the Plan Supplement, the Debtors propose to send the Plan Supplement Notice on the date the Debtors file the Plan Supplement, or as soon as practicable thereafter. Accordingly, the Plan Supplement Notice should be approved.

## IV. The Proposed Solicitation and Voting Procedures Are Reasonable and Appropriate

### A. The Standard for Approval of Solicitation and Voting Procedures

43. Section 1126(c) of the Bankruptcy Code provides that:

> A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under subsection (e) of this section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designated under subsection (e) of this section, that have accepted or rejected such plan. 11 U.S.C. § 1126(c).

44. Additionally, Bankruptcy Rule 3018(c) provides, in part, that "[a]n acceptance or rejection of a plan must: be in writing; identify the plan or plans; be signed by the creditor or equity security holder—or an authorized agent; and conform to Form 314." Fed. R. Bankr. P. 3018(c).

45. The Debtors propose to use the Solicitation and Voting Procedures consistent with the above requirements. The Solicitation and Voting Procedures include specific voting and tabulation requirements and procedures, as described below.

**B. Completion of Ballots**

46. To ease and clarify the process of tabulating all votes received, the Debtors propose that a Ballot be counted in determining the acceptance or rejection of the Plan only if it satisfies certain criteria. Specifically, the Solicitation and Voting Procedures provide that the Debtors may not count a Ballot if it is, among other things, illegible, not in English, unidentifiable, lacking signature or lacking necessary information, received via facsimile or via electronic mail (where submission by email is not permitted), or damaged. Further, the Debtors, subject to a contrary order of the Court, may waive any defects or irregularities as to any particular Ballot at any time, either before or after the close of voting, and any such waivers shall be documented in the Voting Report. The Debtors and the Claims and Solicitation Agent may, but are not obligated to, contact parties that submit incomplete or otherwise deficient ballots to make a reasonable effort to cure such deficiencies; *provided* that neither the Debtors nor the Claims and Solicitation Agent are required to contact such parties to provide notification of defects or irregularities with respect to completion or delivery of Ballots, nor will any of them incur any liability for failure to provide such notification.

**C. General Ballot Tabulation and Voting Procedures.**

47. The proposed Solicitation and Voting Procedures set forth specific criteria with respect to the general tabulation of Ballots, voting procedures applicable to Holders of Claims, and tabulation of such votes. The Debtors believe that the proposed Solicitation and Voting Procedures will facilitate the Plan confirmation process. Specifically, the procedures will clarify any obligations of Holders of Claims entitled to vote to accept or reject the Plan and will create a

straightforward process by which the Debtors can determine whether they have satisfied the numerosity requirements of section 1126(c) of the Bankruptcy Code. Accordingly, the Debtors submit that the Solicitation and Voting Procedures are in the best interests of their estates, Holders of Claims and Interests, and other parties in interest, and that good cause supports the relief requested herein.

**V. The Proposed Confirmation Hearing Date Is Reasonable and Appropriate.**

48. Section 1128 of the Bankruptcy Code provides that a court shall hold a hearing on confirmation of a plan and provides that parties in interest can object to confirmation. 11 U.S.C. § 1128. Additionally, Bankruptcy Rule 3017(c) provides that, on or before approval of a disclosure statement, a court shall fix a time for the hearing on confirmation of a plan. Fed. R. Bankr. P. 3017(c). In accordance with Bankruptcy Rule 3017(c) and section 1128 of the Bankruptcy Code, the Debtors request that the Court establish **December 3, 2026, at 10:00 a.m.**, as the Confirmation Hearing Date. The Debtors further request that the Confirmation Hearing may be adjourned or continued from time to time by the Court or the Debtors by announcement of the adjournment or continuance at a hearing before the Court or by filing a notice on the Court's docket.

**VI. Plan Objection Procedures.**

49. Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within the time set by the court." Local Rule 3020-1 requires that objections to confirmation of a plan be filed no later than seven (7) days before the Confirmation Hearing. Bankruptcy Rule 2002(b) provides that parties must receive at least twenty-eight (28) days' notice of the deadline for filing objections to confirmation. Accordingly, the Debtors propose **November 20, 2026, at 12:00 p.m.** as the deadline to object or respond to confirmation of the Plan (the "**Plan Objection Deadline**"). The Debtors request that the Court direct that any objections to confirmation of the Plan comply with the procedures for filing objections set forth in the

Confirmation Hearing Notice. Pursuant to Bankruptcy Rule 3020(b), "[i]f no objection is timely filed, the [C]ourt may, without receiving evidence, determine that the plan was proposed in good faith and not by any means forbidden by law." Fed. R. Bankr. P. 3020(b)(2).

50. The Debtors request that objections and responses, if any, to confirmation of the Plan (a) be in writing, in English, and in text-searchable format, (b) comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and any orders of the Court, (c) state, with specificity, the legal and factual bases thereof and, if practicable, a proposed modification to the Plan that would resolve such objection, (d) be filed with the Court no later than the Objection Deadline, and (e) be served on the following parties so as to be actually received prior to the Objection Deadline: (i) the Chambers of the Honorable Kyu Y. (Mike) Paek, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004; (ii) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Brian M. Resnick, Angela M. Libby, Stephen D. Piraino, Richard J. Steinberg, Sihui (Sophy) Ma, and Mordechai Rivkin), counsel to the Debtors; (iii) Pachulski Stang Ziehl & Jones LLP, 1700 Broadway 36th Floor New York, NY 10019 (Attn: Robert J. Feinstein, Bradford J. Sandler, Theodore S. Heckel, Sr. and Shirley S. Cho), counsel to the Official Committee of Unsecured Creditors; (iv) Faegre Drinker Biddle & Reath LLP, 2200 Wells Fargo Center, 90 S. 7th Street, Minneapolis, MN 55402 (Attn: Michael R. Stewart and Adam C. Ballinger), counsel to the Administrative Agent; and (v) U.S. Department of Justice, Office of the U.S. Trustee, Alexander Hamilton U.S. Custom House, One Bowling Green, Rm. 534, New York, New York 10004 (Attn: Andrea B. Schwartz and Daniel Rudewicz).

51. The Debtors submit that, if there are objections to confirmation, it will assist the Court and may streamline the Confirmation Hearing if the Debtors file a reply to any such

objections. Accordingly, the Debtors request that they be authorized to file and serve a reply, replies, or an omnibus reply (as applicable) to any such objection(s) and that the Court set **November 30, 2026, at 4:00 p.m.** (the "**Reply Deadline**") as the deadline for filing and service of a reply, replies, or an omnibus reply to any objection(s) to confirmation of the Plan.

52. The Debtors also request that the Court establish the Reply Deadline as the deadline for the Debtors to file their brief (the "**Confirmation Brief**"). In addition, the Debtors request that any party in interest be permitted to file and serve a statement in support of confirmation of the Plan and/or reply to any objection to confirmation of the Plan by the Reply Deadline.

53. The Debtors respectfully request that the Court approve the procedures for filing objections to the Plan and replies thereto and find that such procedures comply with Bankruptcy Rules 2002, 3017, and 3020 and Local Rule 3020-1.

**Non-Substantive Modifications**

54. The Debtors request authorization to make non-substantive or immaterial changes to the Plan and related documents without further order of the Court, including changes to correct typographical and grammatical errors, and to make conforming changes among such documents when, in the Debtors' reasonable discretion, doing so would better facilitate the solicitation or confirmation process. *See* Fed. R. Bankr. P. 3019.

**Notice**

55. Notice of this Motion will be provided to: (a) the entities on the Master Service List (as available on the Case Information Website); (b) all entities required to be noticed under Bankruptcy Rule 2002 and other applicable Bankruptcy Rules; and (c) any person or entity with a particularized interest in the subject matter of this Motion. Upon filing with the Court, the Motion will be available for inspection on the Case Information Website. The Debtors respectfully submit that no other or further notice is required.

**No Prior Request**

56. No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Disclosure Statement Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

[*Remainder of Page Intentionally Left Blank*]

Dated: September 4, 2026
New York, New York

DAVIS POLK & WARDWELL LLP

By: *Brian M. Resnick*
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4000
Brian M. Resnick
Angela M. Libby
Stephen D. Piraino
Richard J. Steinberg
Sihui (Sophy) Ma
Mordechai Rivkin

*Counsel to the Debtors*
*and Debtors in Possession*

**Exhibit A**
**Proposed Disclosure Statement Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SLEEP NUMBER CORPORATION,** ***et al.*****,** | **Case No. 26-11399 (KYP)** |
| **Debtors.**[1] | **Jointly Administered** |

**ORDER APPROVING THE (I) ADEQUACY OF INFORMATION IN THE DISCLOSURE STATEMENT, (II) SOLICITATION AND VOTING PROCEDURES, (III) FORMS OF BALLOT, NOTICES AND NOTICE PROCEDURES IN CONNECTION THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO**

Upon the motion (the "**Motion**")[2] of the Debtors, for entry of an order (this "**Order**"), pursuant to sections 1125, 1126, and 1128 of title 11 of the United States Code (the "**Bankruptcy Code**"), rules 2002, 3016, 3017, 3018, and 3020 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rules 3017-1, 3018-1, and 3020-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), approving, among other things, (a) the adequacy of information in the Disclosure Statement, (b) Solicitation and Voting Procedures, (c) forms of Ballot, notices and notice procedures in connection therewith, and (d) certain dates with respect thereto, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and the Court having found that consideration of the Motion and the relief requested therein being a core

[1] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Sleep Number Corporation (7886); Select Comfort Retail Corporation (9757); Select Comfort Canada Holding Inc. (4273); Select Comfort SC LLC (5901); and Sleep Number Health Corporation (2499). The Debtors' mailing address is 1001 Third Avenue South, Minneapolis, MN 55404.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or the Plan, as applicable.

proceeding under 28 U.S.C. § 157(b); and the Court having found that venue of the Chapter 11 Cases and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion having been provided; such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing to consider the relief requested in the Motion (the "**Disclosure Statement Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Disclosure Statement Hearing establish just cause for the relief granted herein; and the Court having determined that the relief requested in the Motion represents a sound exercise of the Debtors' business judgment and is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1. The Motion is granted as provided herein.

**I. Approval of the Disclosure Statement.**

2. The Disclosure Statement (including all applicable exhibits thereto and the notices provided for herein) is approved as containing adequate information to make an informed decision as to whether to vote to accept or reject the Plan in accordance with section 1125(a)(1) of the Bankruptcy Code, and as otherwise required by applicable law with respect to the Plan.

3. The Disclosure Statement (including all applicable exhibits thereto and the notices provided for herein) provides Holders of Claims and Interests and all other parties in interest with sufficient notice of the release, exculpation, and injunction provisions contained in Article IX of the Plan, in satisfaction of the requirements of Bankruptcy Rule 3016(c).

4. The Disclosure Statement Hearing Notice filed by the Debtors and served upon parties in interest in the Chapter 11 Cases, together with any subsequent notices identifying revised hearing dates and objection deadlines, constituted adequate and sufficient notice of the Disclosure Statement Hearing and the deadline for filing objections to the Disclosure Statement and responses thereto, and is hereby approved.

5. All objections, responses, statements, or comments, if any, in opposition to approval of the Disclosure Statement and the relief requested in the Motion that have not otherwise been resolved or withdrawn prior to, or on the record at, the Disclosure Statement Hearing are overruled in their entirety.

## II. Approval of the Timeline and Materials for Soliciting Votes.

### A. Approval of Key Dates and Deadlines with Respect to the Plan and the Disclosure Statement.

6. The following dates are hereby established (subject to modification as necessary) with respect to the solicitation of votes to accept, and voting on, the Plan:

| Event | Date[3] |
|---|---|
| Voting Record Date | October 8, 2026 |
| Commencement of Solicitation (the "**Solicitation Deadline**") | Four (4) Business Days after entry of the Proposed Disclosure Statement Order, or as soon as reasonably practicable thereafter |
| Publication Deadline | Ten (10) Business Days after entry of the Proposed Disclosure Statement Order, or as soon as reasonably practicable thereafter |
| Plan Supplement Filing Deadline | November 17, 2026 |
| Voting Deadline[4] | November 20, 2026, at 4:00 p.m. |

[3] The dates and times set forth herein are subject to change. All times herein are expressed in prevailing Eastern Time.
[4] The Debtors shall be authorized to extend the Voting Deadline without further order of the Court.

| | |
|---|---|
| Plan Objection Deadline | November 20, 2026, at 12:00 p.m. |
| Deadline to File Voting Report | November 25, 2026, at 4:00 p.m. |
| Deadline to File the Confirmation Brief and Omnibus Reply to Plan Objections (the "**Reply Deadline**") | November 30, 2026, at 4:00 p.m. |
| Confirmation Hearing Date | December 3, 2026, at 10:00 a.m. |

7. The Confirmation Hearing may be adjourned or continued from time to time by the Court or the Debtors by announcement of the adjournment or continuance at a hearing before the Court or by filing a notice on the Court's docket.

8. For reference, and as described in further detail herein, below is a list of the exhibits attached to and cited throughout this Order:

| Document | Exhibit |
|---|---|
| Solicitation and Voting Procedures | Exhibit 1 |
| Form of Ballot | Exhibit 2 |
| Notice of Non-Voting Status – Claims Presumed to Accept / Deemed to Reject | Exhibit 3A |
| Notice of Non-Voting Status to Holders of Disputed Claims | Exhibit 3B |
| Confirmation Hearing Notice | Exhibit 4 |
| Plan Supplement Notice | Exhibit 5 |
| Publication Notice | Exhibit 6 |
| Cover Letter | Exhibit 7 |
| Committee Letter | Exhibit 8 |

**B. Approval of the Form of, and Distribution of, Solicitation Packages and Non-Voting Status Notice Packages.**

9. The Solicitation Packages are approved.

10. In accordance with Bankruptcy Rule 3017(d), the Solicitation Packages shall include the following, the form of each of which is hereby approved:

a. the Cover Letter;

b. the Confirmation Hearing Notice containing, among other things, instructions on how to access the Disclosure Statement, Plan, and Disclosure Statement Order on the Case Information Website;

c. the Ballot (also containing instructions on how to access the Disclosure Statement, Plan, and Disclosure Statement Order (without exhibits other than the Solicitation and Voting Procedures) on the Case Information Website) as well as, if applicable, a postage prepaid, pre-addressed return envelope; and

d. the letter from the Committee recommending acceptance of the Plan as appropriate in the Committee's discretion (the "**Committee Letter**").

11. The Solicitation Packages provide the Holders of Claims entitled to vote on the Plan with adequate information to make informed decisions with respect to voting on the Plan in accordance with the Bankruptcy Code, Bankruptcy Rules 2002(b) and 3017(d), and the Local Rules.

12. The Debtors shall distribute Solicitation Packages (subject to paragraph 13 below) to all Holders of Claims in the Voting Classes who are entitled to vote on the Plan on or before the Solicitation Deadline; *provided* that, in lieu of printing and mailing or emailing this Order, Disclosure Statement, and the Plan to such Holders, the Debtors are authorized to provide the other documents contained in the Solicitation Package, together with instructions to access this Order, Disclosure Statement, and the Plan, through the Case Information Website. Service of the Solicitation Package, on or prior to the Solicitation Deadline, in accordance with this Order, satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

13. The Debtors are authorized, but not directed, to distribute the Solicitation Packages to Holders of Claims entitled to vote on the Plan by regular mail or electronic mail, where such Holder has provided an electronic mail address, *provided, however*, that the Ballots, as well as the Cover Letter, the Confirmation Hearing Notice, and the Committee Letter must be provided in paper form. Any party that receives content in the Solicitation Package in electronic format but would prefer to receive materials in paper format (to be provided at the Debtors' expense) may contact the Claims and Solicitation Agent and request paper copies.

14. Except to the extent the Debtors determine otherwise, the Debtors are not required to provide Solicitation Packages to Holders of Claims and Interests in Non-Voting Classes, as such Holders are not entitled to vote on the Plan. In lieu of Solicitation Packages, the Claims and Solicitation Agent shall send the Non-Voting Status Notice Package to all Holders of Claims and Interests in the Non-Voting Classes and to Holders of Claims that are subject to a pending objection that prohibits Holders of such Claims from voting ("**Disputed Claims**"), except as expressly provided for herein. The Non-Voting Status Notice Package shall include the following, the form of each of which is hereby approved:

a. the Confirmation Hearing Notice containing instructions on how to access the Disclosure Statement, Plan, and Disclosure Statement Order on the Case Information Website;

b. the applicable Notice of Non-Voting Status (also containing instructions as to how to obtain or view copies of the Disclosure Statement with all exhibits, and the Disclosure Statement Order (without exhibits other than the Solicitation and Voting Procedures); and

c. any additional documents that the Court has ordered to be included in hard copy format.

15. The Debtors are authorized, but not directed, to distribute the Non-Voting Status Notice Package to Holders of Claims and Interests not entitled to vote on the Plan by regular mail or electronic mail where such Holder has provided an electronic mail address; *provided* that, in lieu of printing and mailing or emailing this Order, Disclosure Statement, and the Plan to such Holders, the Debtors are authorized to provide the other documents contained in the Solicitation Package, together with instructions to access this Order, Disclosure Statement, and the Plan, through the Case Information Website. Service of the Non-Voting Status Notice Package, which shall commence on or prior to the Solicitation Deadline, in accordance with this Order, satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

16. The Debtors are not required to send Solicitation Packages or other solicitation materials or Non-Voting Status Notice Packages to: (a) Holders of Claims and Interests that have already been paid in full during the Chapter 11 Cases or that are authorized to be paid in full in the ordinary course of business pursuant to an order previously entered by this Court; or (b) any party to whom the Disclosure Statement Hearing Notice was sent but was subsequently returned as undeliverable; *provided* that the Debtors or the Claims and Solicitation Agent used reasonable efforts to ascertain such party's updated mailing or email address.

17. Any requirement to serve a Notice of Non-Voting Status or any other type of notice in connection with the Plan on Holders of Claims and Interests in Classes 5 or 8 shall be waived.

18. Within four (4) Business Days of entry of this Order, the Debtors shall send via electronic mail to the U.S. Trustee a copy of each document contained in each version of the

Solicitation Package and Non-Voting Status Notice Package, which may include a non-customized Ballot.

19. The Debtors shall make non-customized copies of the Solicitation Packages and the Non-Voting Status Notice Packages available on the Case Information Website.

20. Any Holder of a Claim in a Voting Class may request to receive paper copies of the Solicitation Package (including the Plan, Disclosure Statement, and this Order) from the Claims and Solicitation Agent at no cost to such party. Any Holder of a Claim in a Non-Voting Class may request to receive paper copies of the Non-Voting Status Notice Package, the Plan, the Disclosure Statement, and/or this Order from the Claims and Solicitation Agent at no cost to such party.

21. The Claims and Solicitation Agent is authorized to assist the Debtors in: (a) distributing the Solicitation Packages and the Non-Voting Status Notice Packages; (b) receiving, tabulating, and reporting on Ballots cast to accept or reject the Plan by Holders of Claims entitled to vote on the Plan; (c) responding to inquiries from Holders of Claims and Interests and other parties in interest relating to the Disclosure Statement, the Plan, the Ballot, the Solicitation Packages, and all other documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan and for objecting to the Plan; (d) soliciting votes on the Plan; and (e) if necessary, contacting creditors regarding the Plan as soon as practicable thereafter.

22. The Claims and Solicitation Agent is authorized to accept Ballots via electronic submission through a customized online balloting portal on the Case Information Website ("**E-Balloting Portal**"). The encrypted E-Ballot data and audit trail created by such electronic submission shall become part of the record of any Ballot submitted in this manner, and the creditor's electronic signature will be deemed to be immediately legally valid and effective.

Ballots submitted via the customized online e-balloting portal shall be deemed to contain an original signature. Ballots submitted electronically other than through the customized online balloting portal may not be counted.

**C. Approval of the Confirmation Hearing Notice and the Publication Notice.**

23. The Confirmation Hearing Notice and the Publication Notice, substantially in the forms attached hereto as **Exhibit 4** and **Exhibit 6**, respectively, comply with the requirements of applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and are approved in all respects.

24. The Confirmation Hearing Notice shall be served on or before the Solicitation Deadline and shall be served upon all known Holders of Claims and Interests and the parties on the Debtors' master service list (regardless of whether such parties are entitled to vote on the Plan). No later than ten (10) Business Days after the entry of this Order, or as soon as reasonably practicable thereafter, the Debtors shall publish the Publication Notice, substantially in the form attached hereto as **Exhibit 6**, in *The Wall Street Journal* and/or the *Financial Times* (global edition). The Confirmation Hearing Notice will also be available on the Case Information Website.

25. The Confirmation Hearing Notice and the Publication Notice provide Holders of Claims and Interests and all parties in interest in the Chapter 11 Cases with sufficient notice of, among other things, the releases, exculpatory provisions, and injunctions, as set forth in Article IX of the Plan, in satisfaction of the requirements of Bankruptcy Rule 3016(c).

**D. Approval of Notice of Filing of the Plan Supplement.**

26. The Debtors are authorized to send notice of the filing of a Plan Supplement, substantially in the form attached hereto as **Exhibit 5**, on or before the Plan Supplement Filing Deadline.

**E. Approval of the Cover Letter**

27. The Cover Letter and Committee Letter substantially in the forms attached hereto as **Exhibits 7 and 8**, respectively, are approved and the Debtors are authorized, but not directed, to send such Cover Letter and Committee Letter as part of the Solicitation Package. The Cover Letter and Committee Letter will be provided in English.

**III. Approval of the Solicitation and Voting Procedures.**

28. The Debtors are authorized to solicit, receive, and tabulate votes to accept or reject the Plan in accordance with the Solicitation and Voting Procedures attached hereto as **Exhibit 1**. The procedures set forth herein, in the Solicitation and Voting Procedures set forth in **Exhibit 1**, and in materials for soliciting votes approved hereby, including, the proposed procedures for the temporary allowance of Claims for the purpose of voting to accept or reject the Plan, and the establishment of the Voting Record Date, provide for a fair and equitable process and are consistent with section 1126 of the Bankruptcy Code, Bankruptcy Rule 3018, and the Local Rules, and are hereby approved in their entirety.

29. Pursuant to section 1126(c) of the Bankruptcy Code, and except as otherwise provided in section 1126(e) of the Bankruptcy Code, an Impaired Class of Claims has accepted the Plan if the Holders of (x) at least two-thirds in dollar amount and (y) more than one-half in number of the Allowed Claims in such Class that actually voted on the Plan have voted to accept the Plan.

**IV. Approval of the Plan Objection Procedures.**

30. The procedures set forth in the Motion regarding the filing of objections or responses to the Plan provide due, proper, and adequate notice, comport with due process, comply with Bankruptcy Rules 2002, 3017, and 3020 and Local Rule 3020-1, and are hereby approved.

31. Objections to confirmation of the Plan, if any, must (a) be in writing, in English, and in text-searchable format, (b) comply with the Bankruptcy Code, the Bankruptcy Rules, the

Local Rules, and any orders of the Court, (c) state, with specificity, the legal and factual bases thereof and, if practicable, a proposed modification to the Plan that would resolve such objection, (d) be filed with the Court no later than the Objection Deadline, and (e) be served on the following parties so as to be actually received prior to the Objection Deadline: (i) the Chambers of the Honorable Kyu Y. Paek, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004-1408, Courtroom 610; (ii) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Brian M. Resnick, Angela M. Libby, Stephen D. Piraino, Richard J. Steinberg, Sihui (Sophy) Ma, and Mordechai Rivkin), counsel to the Debtors; (iii) Pachulski Stang Ziehl & Jones LLP, 1700 Broadway, 36th Floor New York, NY 10019, (Attn: Robert J. Feinstein, Bradford J. Sandler, Theodore S. Heckel, Sr. and Shirley S. Cho), counsel to the Official Committee of Unsecured Creditors; (iv) Faegre Drinker Biddle & Reath LLP, 2200 Wells Fargo Center, 90 S. 7th Street, Minneapolis, MN 55402 (Attn: Michael R. Stewart and Adam C. Ballinger), counsel to the Administrative Agent; and (v) U.S. Department of Justice, Office of the U.S. Trustee, Alexander Hamilton U.S. Custom House, One Bowling Green, Rm. 534, New York, New York 10004 (Attn: Andrea B. Schwartz and Daniel Rudewicz).

32. Objections to confirmation of the Plan that are not timely filed, served, and actually received in the manner set forth above and in the Confirmation Hearing Notice shall not be considered unless otherwise agreed by the Debtors or determined by the Court.

33. The Debtors are authorized to file and serve replies or an omnibus reply to any such objections along with their brief in support of confirmation of the Plan either separately or by a single, consolidated reply on or before the Reply Deadline. In addition, any party in interest may

file and serve a statement in support of confirmation of the Plan and/or a reply to any objections to confirmation of the Plan by the Reply Deadline.

**V. Amendments and General Provisions.**

34. The Debtors may, without further order of the Court, make non-substantive or immaterial changes to the Disclosure Statement, Plan, and related documents, including changes to correct typographical and grammatical errors, if any, and to make conforming changes among such documents when, in the Debtors' discretion, doing so would better facilitate the solicitation or confirmation process.

35. Nothing in this Order shall be construed as a waiver of the right of the Debtors or any other party in interest, as applicable, to object to a proof of claim after the Voting Record Date.

36. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

37. The Debtors and the Claims and Solicitation Agent are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

38. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

# Exhibit 1

## Solicitation and Voting Procedures

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SLEEP NUMBER CORPORATION,** ***et al.*****,** | **Case No. 26-11399 (KYP)** |
| **Debtors.**[1] | **Jointly Administered** |

**SOLICITATION AND VOTING PROCEDURES**

**PLEASE TAKE NOTICE** that on June 12, 2026 (the "**Petition Date**"), the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") commenced cases by filing petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Court**").

**PLEASE TAKE NOTICE** that, on September 4, 2026, the Debtors filed the *Joint Chapter 11 Plan of Liquidation of Sleep Number Corporation and its Debtor Affiliates* [ECF No. 616] and the related disclosure statement [ECF No. 617] (including all appendices, exhibits, schedules, and supplements, and as altered, amended, supplemented, or otherwise modified from time to time in accordance therewith, the "**Plan**" and "**Disclosure Statement**," respectively).[2]

**PLEASE TAKE NOTICE** that, on [•], 2026, the Court entered an order (the "**Disclosure Statement Order**") approving the Disclosure Statement as containing adequate information, in compliance with section 1125(a) of the Bankruptcy Code, for the purpose of soliciting votes on the Plan. The Disclosure Statement Order also, among other things, (a) approved the form of the Ballot, the Solicitation Package, and other related notices, (b) established certain dates and deadlines in connection with the solicitation and confirmation of the Plan, and (c) scheduled a hearing for confirmation of the Plan.

### A. The Voting Record Date

The Court has approved **October 8, 2026** as the record date for purposes of determining which Holders of Claims in Classes 3 and 4 are entitled to vote on the Plan (the "**Voting Record Date**").

[1] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Sleep Number Corporation (7886); Select Comfort Retail Corporation (9757); Select Comfort Canada Holding Inc. (4273); Select Comfort SC LLC (5901); and Sleep Number Health Corporation (2499). The Debtors' mailing address is 1001 Third Avenue South, Minneapolis, MN 55404.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Disclosure Statement Order or Plan, as applicable.

**B. The Voting Deadline**

The Court has approved **November 20, 2026 at 4:00 p.m. (prevailing Eastern Time)** as the voting deadline (the "**Voting Deadline**") for the Plan. The Debtors may extend the Voting Deadline without further order of the Court.

To be counted as votes to accept or reject the Plan, votes must be submitted on an appropriate ballot (a "**Ballot**") and delivered so that the Ballot is **actually received**, in any case, no later than the Voting Deadline (as may be extended from time to time) by Kroll Restructuring Administration LLC (the "**Claims and Solicitation Agent**") in accordance with the instructions on the Ballot.

The procedures governing the submission of your vote depend on the class of your voting Claim. Therefore, please refer to your Ballot for instructions on the procedures to follow in order to submit your vote properly.

Any Holder of a Claim in a Voting Class may elect to "opt out" of the Releases by checking the appropriate box on such Holder's timely and properly submitted Ballot to indicate that such Holder elects to opt out of the Plan's release provisions. Each Holder of a Claim that returns a Ballot and does not affirmatively elect to "opt out" of being a Releasing Party will, along with its Related Parties, constitute a Releasing Party. For the avoidance of doubt, (i) Holders of Claims in Voting Classes that do not return a Ballot will not constitute Releasing Parties; and (ii) each Holder of a Claim or Interest in a Non-Voting Class shall not be a Releasing Party in its capacity as a Holder of such Claim or Interest.

**C. Form, Content, and Manner of Notices**

**1. The Solicitation Package**

The following materials shall constitute the Solicitation Package:

a. the Cover Letter;

b. the Confirmation Hearing Notice containing, among other things, instructions on how to access the Disclosure Statement, Plan, and Disclosure Statement Order on the Case Information Website;

c. the Ballot (also containing instructions on how to access the Disclosure Statement, Plan, and Disclosure Statement Order (without exhibits other than the Solicitation and Voting Procedures) on the Case Information Website) as well as, if applicable, a postage prepaid, pre-addressed return envelope;

d. the letter from the Committee recommending acceptance of the Plan as appropriate in the Committee's discretion (the "**Committee Letter**"); and

e. any additional documents that the Court has ordered to be included in hard copy format.

The Debtors will mail, or cause to be mailed, by either electronic mail or regular mail, the Solicitation Packages to all Holders of Claims in the Voting Classes including paper copies of the Confirmation Hearing Notice and the Ballot—both of which discuss how to access the Plan, Disclosure Statement, and Disclosure Statement Order (without exhibits other than the Solicitation and Voting Procedures) through the Debtors' chapter 11 case website at https://restructuring.ra.kroll.com/SleepNumber/ (the "**Case Information Website**")—as well as the Cover Letter and the Committee Letter. Any party that receives the materials in electronic format but would prefer paper format may contact the Claims and Solicitation Agent by: (a) writing to Sleep Number Corporation Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232; (b) calling the Claims and Solicitation Agent at +1-844-408-3387 (toll-free in the U.S. and Canada) or +1-646-825-3128 (international, toll); or (c) emailing at SleepNumberInfo@ra.kroll.com and reference "Sleep Number Corporation Solicitation Inquiry" in the subject line.

The Debtors shall serve, or cause to be served, in the manner prescribed by the Disclosure Statement Order all of the materials in the Solicitation Package on the U.S. Trustee and all parties who have requested service of papers in this case pursuant to Bankruptcy Rule 2002 as of the Voting Record Date. In addition, the Debtors shall send the Solicitation Package to all Holders of Claims in the Voting Classes who are entitled to vote four (4) Business Days after entry of the Disclosure Statement Order or as soon as reasonably practicable as described in Section D herein.

To avoid duplication and reduce expenses, the Debtors will use reasonable efforts to ensure that any Holder of a Claim who has filed duplicative Claims against a Debtor (whether against the same or multiple Debtors) that are classified under the Plan in the same Voting Class receives no more than one Solicitation Package (and, therefore, one Ballot) on account of such Claims and with respect to that Class as against that Debtor. Whether two or more Claims are duplicative will be left to the sole discretion of the Debtors and their professionals, and the Claims and Solicitation Agent is authorized to take instruction from the Debtors and their professionals to mark all except the latest filed among such Claims as duplicative (and therefore not entitled to receive a Solicitation Package and/or to vote) irrespective of whether an objection has been filed identifying such Claims as duplicative. Additionally, for purposes of serving the Solicitation Packages, the Debtors may rely on the address information for Voting and Non-Voting Classes as compiled, updated, and maintained by the Claims and Solicitation Agent as of the Voting Record Date. The Debtors and the Claims and Solicitation Agent are not required to conduct any additional research for updated addresses based on undeliverable Solicitation Packages (including Ballots).

**2. Non-Voting Status Notice Packages for Unimpaired Classes and Classes Deemed to Reject the Plan**

Except to the extent the Debtors determine otherwise, the Debtors are not required to provide Solicitation Packages to Holders of Claims and Interests in Non-Voting Classes, as such Holders are not entitled to vote on the Plan. In lieu of Solicitation Packages, the Debtors will mail, or cause to be mailed, by either electronic mail or regular mail, the Non-Voting Status Notice Package to all Holders of Claims in the Non-Voting Classes and to Holders of Disputed Claims (as defined below), except as expressly provided for in the Disclosure Statement Order. For the avoidance of doubt, the Debtors are not required to, and will not, mail any Non-Voting Status Notice Package to Holders of Claims and Interests in Class 5 or 8.

The following materials shall constitute the Non-Voting Status Notice Package:

a. the Confirmation Hearing Notice containing instructions as to how to obtain or view copies of the Disclosure Statement with all exhibits, and the Disclosure Statement Order (without exhibits other than the Solicitation and Voting Procedures);

b. the Notice of Non-Voting Status (also containing instructions as to how to obtain or view copies of the Disclosure Statement with all exhibits, and the Disclosure Statement Order (without exhibits other than the Solicitation and Voting Procedures)); and

c. any additional documents that the Court has ordered to be included in hard copy format.

In lieu of printing and mailing or emailing copies of the Disclosure Statement Order, Disclosure Statement, and the Plan to all Holders in Non-Voting Classes, the Debtors will provide instructions as part of the Notice of Non-Voting Status that discusses how to access these documents through the Case Information Website. Any party that receives the materials in electronic format but would prefer paper format may contact the Claims and Solicitation Agent by: (a) writing to Sleep Number Corporation Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232; (b) calling the Claims and Solicitation Agent at +1-844-408-3387 (toll-free in the U.S. and Canada) or +1-646-825-3128 (international); or (c) emailing at SleepNumberInfo@ra.kroll.com with a reference to "Sleep Number Corporation Solicitation Inquiry" in the subject line.

The Debtors shall serve, or cause to be served, in the manner prescribed by the Disclosure Statement Order all of the materials in the Non-Voting Status Notice Package on the U.S. Trustee and all parties who have requested service of papers in this case pursuant to Bankruptcy Rule 2002 as of the Voting Record Date. In addition, the Debtors shall commence sending the Non-Voting Status Notice Package to all Holders of Claims in the Non-Voting Classes four (4) Business Days after entry of the Disclosure Statement Order or as soon as reasonably practicable as described in Section D herein.

Additionally, for purposes of serving the Non-Voting Status Notice Packages, the Debtors may rely on the address information for Voting and Non-Voting Classes as compiled, updated, and maintained by the Claims and Solicitation Agent as of the Voting Record Date. The Debtors and the Claims and Solicitation Agent are not required to conduct any additional research for updated addresses based on undeliverable Non-Voting Status Notice Packages.

### D. Establishing Claim Amounts for Voting Purposes and Allowance and Disallowance of Claims for Tabulation Purposes

A claimant who holds a Claim in a Voting Class is nonetheless not entitled to vote to the extent that:

i. the Claim has been disallowed, subordinated, or expunged by a Final Order or stipulation, or provision in the Plan or the Confirmation Order, disallowing a Claim;

ii. the Claim has been withdrawn;

iii. the Claim is listed in the Schedules as zero or as Disputed, Contingent, or Unliquidated and in respect of which a Bar Date has been established but a Proof of Claim has not been timely Filed or deemed timely Filed pursuant to the Plan, the Bankruptcy Code, or any Final Order of the Bankruptcy Court;

iv. Holders of Proofs of Claim filed for $0.00, or the Claim has been agreed to be equal to "$0" or to be expunged pursuant to the Claims Objection and Settlement Procedures Order or otherwise; or

v. the Claim is not listed on the Schedules and as to which a Bar Date has been established but no Proof of Claim has been timely Filed or deemed timely Filed pursuant to either the Bankruptcy Code or any Final Order of the Bankruptcy Court or otherwise deemed timely Filed under applicable law.

**Class 3: Prepetition Loan Claims.** Each Holder of a Class 3 Prepetition Loan Claim shall be entitled to vote the amount of its Claim based on the amount held by such Holder, as of the Voting Record Date, as evidenced by the records provided by the Administrative Agent in electronic Microsoft Excel format to the Debtors or the Claims and Solicitation Agent no later than one (1) business day following the Voting Record Date.

**Class 4: General Unsecured Claims.** Each Holder of a Class 4 General Unsecured Claim shall be entitled to vote the amount of its Claim based on the amount held by such Holder as evidenced by (a) the Proofs of Claim provided to the Claims and Solicitation Agent prior to the Bar Date or, to the extent no Proof of Claim has been filed (b) the Schedules.

**All Filed and Scheduled Claims within the Voting Classes.** Solely for the purpose of voting, each Claim within the Voting Classes is temporarily allowed in an amount equal to the liquidated, noncontingent, and undisputed amount of such Claim set forth in the records provided by the applicable agent, subject to the following:

i. If a Claim is deemed Allowed[3] under the Plan, such Claim is allowed for voting purposes in the amount deemed Allowed under the Plan;

---

[3] "**Allowed**" means, with respect to any Claim or Interest, except as otherwise provided in the Plan, any Claim or Interest: (a) expressly allowed by Final Order or under the Plan; (b) arising on or before the Effective Date that has not been otherwise satisfied or extinguished before the Effective Date that (i) was validly asserted by the Claims Bar Date (or for which Claim a Proof of Claim or request for payment of an Administrative Claim is not or shall not be required to be Filed under the Plan, the Bankruptcy Code, or pursuant to a Final Order) and no objection to allowance has been interposed, including in accordance with Article VII of the Plan, (ii) was validly asserted by the Claims Bar Date (or for which Claim a Proof of Claim or request for payment of an Administrative Claim is not or shall not be required to be Filed under the Plan, the Bankruptcy Code, or pursuant to a Final Order) and as to which any objection has been resolved by a Final Order of the Bankruptcy Court to the extent such objection is determined in favor of the

ii. Subject to subparagraphs v-viii below, if a Claim has been estimated or otherwise allowed for voting purposes by order of the Court on or before the Voting Deadline, such Claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only; *provided* that nothing in the Solicitation and Voting Procedures shall limit in any way the effect of any order allowing a Claim for purposes of distribution and allowance;

iii. The Claims of one or more claimants within the same Class relating to the same purported liability ("**Duplicate Claims**") (based on the reasonable determination of the Debtors) will be provided with only one (1) Solicitation Package and one (1) Ballot for voting a single Claim in such Class, regardless of whether the Debtors have objected to such Duplicate Claim;[4]

iv. Each claimant who holds or has filed more than one (1) non-Duplicate Claim within a particular Class shall be treated as if such claimant has only one (1) Claim in such Class in the aggregate dollar amount of such Claims;

v. If a Claim is subject to an objection, or a motion, or other pleading that seeks approval of a settlement in connection with, or to set the amount of, such Claim, that, in each case, is filed with the Court on or prior to ten (10) days prior to the Voting Deadline (such claim, a "**Disputed Claim**"), such

---

respective holder, or (iii) has been compromised, settled, or otherwise resolved pursuant to the Plan; (c) that is listed in the Schedules, as such Schedules may be amended by the Debtors from time to time, as liquidated in amount and not Disputed or Contingent, and for which no Proof of Claim has been Filed; or (d) after the Effective Date, agreed upon to be Allowed by written agreement of the GUC Trustee with respect to General Unsecured Claims or the Plan Administrator, as applicable, to the extent not already deemed Disallowed or expunged; *provided*, *however*, that Claims allowed solely for the purpose of voting to accept or reject this Plan shall not be considered "Allowed Claims" for any other purpose under the Plan or otherwise, except if and to the extent otherwise determined to be Allowed as provided herein. "**Allow**," "**Allowing**," and "**Allowance**" shall have correlative meanings. Any Claim that has been or is hereafter listed on the Schedules as Contingent, Unliquidated, or Disputed, and for which no contrary or superseding Proof of Claim has been timely Filed, or that is not or has not been Allowed by a Final Order, is not considered Allowed and shall be expunged without further action by the Debtors or the Wind-Down Debtors (as applicable) and without any further notice to any party or action, order, or approval of the Bankruptcy Court. Notwithstanding anything to the contrary herein, to the extent applicable and without prejudice to the rights of any Holder of an Allowed Administrative Claim to argue that section 502(d) of the Bankruptcy Code is inapplicable to its Administrative Claim, no Claim of any Entity subject to section 502(d) of the Bankruptcy Code shall be deemed Allowed unless and until such Entity pays in full the amount, or turns over any property, that it owes such Debtor or Wind-Down Debtor, as applicable. If an Entity owes the Debtors or Wind-Down Debtors, as applicable, any amount or property, no Claim of such Entity will be deemed Allowed until the Entity pays in full the amount, or turns over any property, that it owes such Debtor or Wind-Down Debtor, as applicable. For the avoidance of doubt, a Proof of Claim Filed after the Claims Bar Date or a request for payment of an Administrative Claim Filed after the Administrative Claims Bar Date, as applicable, shall not be Allowed for any purposes whatsoever absent entry of a Final Order allowing such late-Filed Claim or as agreed by the Debtors or the Wind-Down Debtors (as applicable). Except as otherwise specified in the Plan or any Final Order, the amount of an Allowed Claim shall not include interest, late fees, or other similar related charges on such Claim from and after the Petition Date.

[4] The Debtors reserve their right to object to Duplicate Claims on the basis that any such Claim is a Duplicate Claim or on any other grounds that the Debtors discover or elect to pursue at a later time.

Disputed Claim is temporarily disallowed for voting purposes, except as otherwise provided in a stipulation, settlement, or other agreement filed by the Debtors, ordered by the Court, or otherwise conveyed by the Debtors to the Claims and Solicitation Agent at least two (2) days prior to the Voting Deadline;[5] *provided* that, if the objection seeks to establish, modify, reduce, or reclassify the allowed amount of such Claim, then the Debtors may direct the Claims and Solicitation Agent that such Claim is temporarily allowed for voting purposes in the established, reduced, or modified amounts and/or as reclassified, except as otherwise provided in a stipulation, settlement, or other agreement filed by the Debtors or as may be otherwise ordered by the Court at least two (2) days prior to the Voting Deadline;

vi. The Claim amount contained in a Proof of Claim that has been timely filed by the applicable bar date (or deemed timely filed by the Bankruptcy Court under applicable law), except for any amounts asserted on account of any interest accrued after the Petition Date; *provided, however,* that any Ballot cast by a Holder of a Claim who timely files a Proof of Claim in respect of a (i) contingent Claim or a Claim in a wholly-unliquidated or unknown amount (based on a reasonable review by the Debtors and/or the Balloting Agent) that is not the subject of a pending objection will count for satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code and will count in the amount of $1.00 solely for the purposes of satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code, and (ii) a partially liquidated and partially unliquidated Claim, which Claim will be Allowed for voting purposes only in the liquidated amount; *provided, further, however,* that to the extent that any Claim amount contained in a Proof of Claim is different from the Claim amount set forth in a document filed with the Bankruptcy Court referenced in subparagraph (ii) or (v) above, the Claim amount in the document filed with the Bankruptcy Court shall supersede the Claim amount set forth on the respective Proof of Claim for voting purposes;

vii. The Claim amount listed in the Schedules (to the extent such Claim is not superseded by a timely Filed Proof of Claim); provided that such Claim is not scheduled as contingent, disputed, or unliquidated; if a Claim is listed in the Debtors' Schedules as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the applicable bar date for filing Proofs of Claim established by the Bankruptcy Court or (ii) deemed timely filed by an order of the Bankruptcy Court prior to the Voting Deadline, such Claim shall be disallowed for voting purposes; *provided, however,* that, to the extent that such holder's deadline to file a Claim has not yet occurred, in which case the holder will be entitled to vote in the amount of $1.00 on

---

[5] For purposes of tabulation, the Claims and Solicitation Agent may rely on an email from the Debtors with the Holder of the Claim copied thereto informing the Claims and Solicitation Agent of the settlement, stipulation, or other agreement and directing the Claims and Solicitation Agent to tabulate the vote accordingly, whether such settlement, stipulation, or agreement has been filed with the Court or not.

account of their Claim that has been scheduled in an undetermined amount or as contingent, unliquidated, or disputed;

viii. With respect to any transferred Claim, the transferee shall be entitled to receive a Solicitation Package and, if the Holder of such Claim is entitled to vote with respect to the Plan, cast a Ballot on account of such Claim only if: (1) all actions necessary to effectuate the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date; or (2) the transferee Files by the Voting Record Date (A) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (B) a sworn statement of the transferor supporting the validity of the transfer. In the event a Claim is transferred after the Voting Record Date, the transferee of such Claim shall be bound by any vote on the Plan made by the Holder of such Claim as of the Voting Record Date. Where any portion of a single Claim has been transferred to a transferee, all Holders of any portion of such single Claim may be (1) treated as a single creditor for purposes of the numerosity requirements in section 1126(c) of the Bankruptcy Code and (2) required to vote every portion of such Claim collectively to accept or reject the Plan. In the event that (1) a Ballot, (2) a group of Ballots within one Voting Class received from a single creditor, or (3) a group of Ballots received from the various Holders of multiple portions of a single Claim partially reject and partially accept the Plan, such Ballots may not be counted in the Debtors' discretion, and the Debtors' treatment of such Ballots will be set forth in the Voting Report;

ix. The Debtors shall not be required to send Solicitation Packages to creditors whose Claims are based solely on amounts scheduled by the Debtors that have already been paid in the full scheduled amount, in which case, such claims shall be disallowed for voting purposes; and

x. For the avoidance of doubt, a Holder will only be entitled to receive a Solicitation Package on account of a Claim arising from the rejection of an Executory Contract or Unexpired Lease if the Claim is filed by the Voting Record Date.

For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code separate Claims held by a single creditor in a particular Class shall be aggregated as if such creditor held one Claim in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan.

If a Proof of Claim is amended, the last filed Claim shall be subject to these rules and will supersede any earlier filed Claim, and any earlier filed Claim will be disallowed for voting purposes; *provided* that any amendment(s) to any Proof of Claim after the Voting Record Date shall not be considered for purposes of these voting procedures.

**E. Return of Ballots**

Votes to accept or reject the Plan will be counted only if such votes are included on a valid Ballot properly executed, completed, and delivered to the Claims and Solicitation Agent so that such Ballot is **actually received** by the Claims and Solicitation Agent no later than the Voting Deadline.

In addition to accepting hard copy Ballots via first-class mail, overnight courier, or hand delivery, the Claims and Solicitation Agent will accept Ballots ("**E-Ballots**") submitted via an online portal accessible at the Case Information Website.[6]

### F. Tabulation Procedures

The following voting procedures and standard assumptions shall be used in tabulating Ballots, subject to the Debtors' right to waive any of the below specified requirements for completion and submission of Ballots, so long as such requirement is not otherwise required by the Bankruptcy Code, Bankruptcy Rules, or Local Rules:

i. The Claims and Solicitation Agent will date-stamp all Ballots when received. The Claims and Solicitation Agent shall retain the Ballots and an electronic copy of the same for a period of one year after the Effective Date of the Plan and thereafter may discard such Ballots unless otherwise ordered by the Court or requested by the Debtors. The Claims and Solicitation Agent shall tabulate Ballots on a Debtor-by-Debtor basis;

ii. Consistent with the requirements of Local Rule 3018-1, the Debtors will file with the Court, on or before seven (7) days before the Confirmation Hearing, or as soon as practicable thereafter, a certification of votes (the "**Voting Report**"). The Voting Report shall, among other things, certify to the Court in writing the amount and number of Allowed Claims of each Class accepting or rejecting the Plan, and delineate every Ballot that does not conform to the voting instructions or that contains any form of irregularity including, but not limited to, those Ballots that are late or (in whole or in material part) illegible, unidentifiable, lacking signatures or lacking necessary information, received via facsimile or electronic mail (in instances where submission by email is not permitted), or damaged ("**Irregular Ballots**"). The Voting Report shall indicate the Debtors' intentions with regard to each such Irregular Ballot. The Voting Report shall be served upon the Committee and the U.S. Trustee;

iii. The method of delivery of Ballots to be sent to the Claims and Solicitation Agent is at the election and risk of each Holder, and except as otherwise provided, a Ballot will be deemed delivered only when the Claims and Solicitation Agent actually receives the executed Ballot;

iv. Delivery of a Ballot to the Claims and Solicitation Agent by facsimile, or any electronic means other than as an E-Ballot, or as otherwise expressly provided in these Solicitation and Voting Procedures, will not be valid; *provided, however*, that Ballots submitted

---

[6] The encrypted E-Ballot data and audit trail created by such online submission shall become part of the record of any E-Ballot submitted in this manner and the creditor's electronic signature will be deemed immediately legally valid and effective.

through the Claims and Solicitation Agent's portal in accordance with the instructions thereon shall be counted;

v. No Ballot should be sent to the Debtors, the Debtors' agents (other than the Claims and Solicitation Agent), any Prepetition Agents, the Debtors' financial or legal advisors, or the Court, and if so sent, and not otherwise properly and timely delivered to the Claims and Solicitation Agent, will not be counted;

vi. If multiple Ballots are received from the same Holder with respect to the same Claim prior to the Voting Deadline, the latest, properly executed Ballot, timely received by the Claims and Solicitation Agent will be deemed to reflect that Holder's intent and will supersede and revoke any prior Ballot;

vii. Holders must vote all of their Claims within a particular Class either to accept or reject the Plan and may not split any votes. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted. For the avoidance of doubt, a Holder of both 2021 Term Loan Claims and RCF Claims is required to vote all of its Class 3 Claims either to accept or reject the Plan and may not split any votes. Further, to the extent there are multiple Claims within the same Class, the Debtors may, in their discretion, aggregate the Claims of any particular Holder within a Class for the purpose of counting votes;

viii. Any person signing a Ballot in its capacity as a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity of a Holder of Claims must indicate such capacity when signing, and if required or requested by the Claims and Solicitation Agent, the Debtors, or the Court, must submit proper evidence to the requesting party to so act;

ix. The Debtors, subject to a contrary order of the Court, may waive any defects or irregularities as to any particular Irregular Ballot at any time, either before or after the close of voting, and any such waivers will be documented in the Voting Report;

x. The Debtors and the Claims and Solicitation Agent may, but are not obligated to, contact parties that submit incomplete or otherwise deficient ballots to make a reasonable effort to cure such deficiencies; *provided* that neither the Debtors, the Claims and Solicitation Agent, nor any other Entity, will be under any duty to provide notification to any party of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Report, nor will any of them incur any liability for failure to provide such notification;

xi. Unless waived or as ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured prior to the Voting Deadline or such Ballots will not be counted;

xii. In the event a designation of lack of good faith is requested by a party in interest under section 1126(e) of the Bankruptcy Code, the Court will determine whether any vote to accept or reject the Plan cast with respect to that Claim will be counted for purposes of determining whether the Plan has been accepted or rejected;

xiii. Subject to any order of the Court, the Debtors reserve the right to reject any and all Ballots not in proper form, the acceptance of which, in the reasonable opinion of the Debtors, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules; *provided* that any such rejections will be documented in the Voting Report;

xiv. Neither the Debtors, the Debtors' professionals, nor the Claims and Solicitation Agent shall be obligated to coordinate with voters to cure any Irregular Ballots;

xv. If a Claim has been estimated or otherwise Allowed for voting purposes only by order of the Court, stipulation or settlement, such Claim shall be temporarily Allowed in the amount so estimated or Allowed by the Court for voting purposes only, and not for purposes of allowance or distribution under the Plan;

xvi. If an objection to a Claim is filed, such Claim shall be treated in accordance with the procedures set forth herein;

xvii. The following Ballots shall not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of such Claim; (b) any Ballot cast by any Entity that does not hold a Claim in a Voting Class; (c) any unsigned Ballot or Ballot lacking a signature (for the avoidance of doubt, a Ballot cast via the Claims and Solicitation Agent's online "E-Ballot" portal will be deemed to contain a signature); (d) any Ballot not marked to accept or reject the Plan; (e) any Ballot marked both to accept and reject the Plan; and (f) any Ballot submitted by any Entity not entitled to vote pursuant to the procedures described herein;

xviii. After the Voting Deadline, no Ballot may be withdrawn or modified without the prior written consent of the Debtors; and

xix. The Debtors are authorized to enter into a stipulation with the Holder of any Claim agreeing to the amount of a Claim for voting purposes, and the Claims and Solicitation Agent may rely on an email sent by the Debtors (copying the Holder of the applicable Claim) directing the Claims and Solicitation Agent to tabulate the vote on account of such Claim whether the stipulation has been filed on the docket or not.

### G. Amendments to the Plan and Solicitation and Voting Procedures

The Debtors reserve the right to make non-substantive modifications to the Disclosure Statement, Plan, Confirmation Hearing Notice, Solicitation Packages, Notice of Non-Voting Status, Ballot, Solicitation and Voting Procedures, Plan Supplement Notice, Cover Letter, and related documents without further orders of the Court, including changes to correct typographical and grammatical errors, if any, and to make conforming changes to such documents before distribution. All changes to the foregoing documents shall be subject to the terms thereof as applicable.

# Exhibit 2

## Form of Ballot

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SLEEP NUMBER CORPORATION.,** ***et al.*****,** | **Case No. 26-11399 (KYP)** |
| **Debtors.**[1] | **Jointly Administered** |

**BALLOT FOR VOTING TO ACCEPT OR REJECT**
**THE JOINT CHAPTER 11 PLAN OF LIQUIDATION OF**
**SLEEP NUMBER CORPORATION AND ITS DEBTOR AFFILIATES**

**CLASS [ ]: [CLASS DESCRIPTION]**

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS CAREFULLY BEFORE COMPLETING THIS BALLOT.**

**THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE ACTUALLY RECEIVED BY KROLL RESTRUCTURING ADMINISTRATION LLC (THE "CLAIMS AND SOLICITATION AGENT" OR "KROLL") BY 4:00 P.M. (PREVAILING EASTERN TIME) ON NOVEMBER 20, 2026 (THE "VOTING DEADLINE").**

The Claims and Solicitation Agent,[2] on behalf of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), is soliciting votes to accept or reject the *Joint Chapter 11 Plan of Liquidation of Sleep Number Corporation and its Debtor Affiliates*, dated September 4, 2026 [ECF No. 616] (together with all schedules and exhibits thereto, and as may be revised, modified, amended, or supplemented from time to time, the "**Plan**") from the holders of certain Impaired Claims against the Debtors.

You are receiving this ballot (the "**Ballot**") because you hold a Claim against the Debtors as of **October 8, 2026** (the "**Voting Record Date**"). Your Claim is classified under the Plan in Class [ ]. Except as otherwise set forth in the Bar Date Order, all timely filed Claims have been deemed filed against the applicable Debtor, and, therefore, you are entitled to vote to accept or reject the Plan.

[1] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Sleep Number Corporation (7886); Select Comfort Retail Corporation (9757); Select Comfort Canada Holding Inc. (4273); Select Comfort SC LLC (5901); and Sleep Number Health Corporation (2499). The Debtors' mailing address is 1001 Third Avenue South, Minneapolis, MN 55404.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Disclosure Statement Order or Plan, as applicable.

The rights and treatment for each Class are described in the Disclosure Statement. Each of the Disclosure Statement, Plan, and order approving the Disclosure Statement and related solicitation procedures (the "**Disclosure Statement Order**") are available on the Case Information Website (as defined below) at ECF Nos. 616, 617, and [●], respectively. The Solicitation Package you are receiving with this Ballot provides instructions detailing how to access electronic versions and request hard copy format versions of each of the (a) Disclosure Statement Order as entered by the Court (without any exhibits) and (b) Disclosure Statement as approved by the Court. If you need to obtain additional solicitation materials, you may visit the Debtors' case website at https://restructuring.ra.kroll.com/SleepNumber/ or contact the Claims and Solicitation Agent by (i) writing to Sleep Number Corporation Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232; (ii) calling the Claims and Solicitation Agent at +1-844-408-3387 (toll-free in the U.S. and Canada) or +1-646-825-3128 (international, toll), or (iii) emailing at SleepNumberInfo@ra.kroll.com and reference "Sleep Number Corporation Solicitation Inquiry" in the subject line. You may also access these materials for a fee via PACER at https://www.nysb.uscourts.gov.

Pursuant to the Disclosure Statement Order, the Court has approved the Disclosure Statement as containing adequate information under section 1125 of the Bankruptcy Code. Court approval of the Disclosure Statement does not mean that the Plan has been confirmed by the Court. Rather, the Ballots will be counted and the Court will use the tabulation of the Ballots as part of its determination as to whether or not to confirm (approve) the Plan. Moreover, this Ballot may not be used for any purpose other than for voting to accept or reject the Plan, opting out of the releases (as defined below) contained in the Plan, and making certain certifications with respect to the Plan. If you believe that you have received this Ballot in error, please contact the Claims and Solicitation Agent **immediately** at the address, telephone number, or email address set forth above.

You should review the Disclosure Statement and the Plan before you submit this Ballot. You may wish to seek independent legal advice concerning the Disclosure Statement and the Plan and the classification and treatment of your Claim. Your Claim has been placed in the Class indicated on this Ballot. If you hold Claims in more than one Class, you will receive a separate Ballot for each Class in which you are entitled to vote. If you have not received a separate Ballot for each Class in which you are entitled to vote, then please contact the Claims and Solicitation Agent **immediately** at the address, telephone number, or email address set forth above.

If a controversy arises regarding whether any Claim is properly classified under the Plan, the Court shall, upon proper motion and notice, determine such controversy at the Confirmation Hearing. If the Court finds that the classification of any Claim is improper, then such Claim shall be reclassified and the Ballot previously cast by the holder of such Claim shall be counted in, and the Claim shall receive the treatment prescribed in, the Class in which the Court determines such Claim should have been classified, without the necessity of resoliciting any votes on the Plan.

**In order for your vote to be counted, this Ballot or an E-Ballot (as defined below) must be properly completed, signed, and returned to the Claims and Solicitation Agent so that it is actually received no later than 4:00 p.m. (prevailing Eastern Time) on November 20, 2026 unless such time is extended in writing by the Debtors.**

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan, opting out of releases contained in the Plan, and making certain certifications with respect to the Plan. If you believe you have received this Ballot in error, or if you believe that you have received the wrong ballot, please contact the Claims and Solicitation Agent immediately at +1-844-408-3387 (toll-free in the U.S. and Canada) or +1-646-825-3128 (international). **THE CLAIMS AND SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

**IMPORTANT NOTICE FOR ALL CREDITORS**

**PLEASE TAKE NOTICE THAT IF THE PLAN IS CONFIRMED BY THE COURT, ALL HOLDERS OF CLAIMS AGAINST, AND INTERESTS IN, THE DEBTORS (INCLUDING THOSE HOLDERS WHO ABSTAIN FROM VOTING ON OR WHO VOTE TO REJECT THE PLAN, AND THOSE HOLDERS WHO ARE NOT ENTITLED TO VOTE ON THE PLAN) WILL BE BOUND BY THE CONFIRMED PLAN AND THE TRANSACTIONS CONTEMPLATED THEREUNDER. IN ADDITION, ANY HOLDER WHO SUBMITS A BALLOT WITHOUT CHECKING THE BOX ON THIS BALLOT TO OPT OUT OF GRANTING THE RELEASES WILL BE BOUND BY CERTAIN RELEASES CONTAINED IN THE PLAN. BY RECEIVING A DISTRIBUTION (IF ANY) PURSUANT TO THE PLAN, YOU WILL BE, IN THE MANNER CONTEMPLATED IN THE PLAN, WAIVING ALL RIGHTS AND REMEDIES UNDER ANY APPLICABLE U.S. AND FOREIGN LAW, TO FURTHER DISTRIBUTIONS OR RECOVERIES FOR THE SAME CLAIM, AND YOU ARE ALSO AGREEING THAT THE DISTRIBUTION (IF ANY) PROVIDED TO YOU BY THE PLAN IS THE SOLE DISTRIBUTION (IF ANY) YOU SHALL RECEIVE IN ANY JURISDICTION FROM THE DEBTORS ON ACCOUNT OF YOUR CLAIM; PROVIDED, HOWEVER, IF YOU ARE A NON-RELEASING PARTY, THE RELEASE BELOW WILL NOT APPLY TO YOU AND THE RIGHTS YOU MAY HAVE, IF ANY, SHALL BE PRESERVED AND NOT WAIVED BY OR OTHERWISE AFFECTED BY YOUR VOTE.**

**CLASS [ ] [CLASS DESCRIPTION]**

**PLEASE COMPLETE THE FOLLOWING:**

**Item 1. Amount of Claim.**

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the holder of Claims in the class indicated above in the following aggregate amount:

| |
|---|
| **Debtor:** ________________________________________ |
| **Amount[3]:** $________________________________________ |

**Item 2. Vote on the Plan.**

The holder of the Claim against the Debtors set forth in Item 1 votes to (please check only one):

| | |
|---|---|
| ☐ **ACCEPT** (vote FOR) the Plan | ☐ **REJECT** (vote AGAINST) the Plan |
| (You will be bound by releases unless the "opt-out" box in Item 3 has been checked.) | (You will be bound by releases unless the "opt-out" box in Item 3 has been checked.) |

**YOUR VOTE ON THE PLAN WILL BE APPLIED TO EACH APPLICABLE DEBTOR IN THE SAME MANNER AND IN THE SAME AMOUNT AS INDICATED IN ITEM 1 AND ITEM 2. [ONLY FOR CLASS 3 BALLOT]**

**Item 3. Important information regarding the Debtors' Releases, Exculpation and Injunction.**

**IMPORTANT INFORMATION REGARDING THE RELEASE:**

IF YOU VOTE TO **ACCEPT** OR **REJECT** THE PLAN AND YOU WISH TO OPT OUT OF BECOMING A RELEASING PARTY AS DESCRIBED IN ITEM 3, YOU MUST CHECK THE BOX BELOW TO OPT OUT OF THE RELEASES. IF YOU VOTE AND DO NOT CHECK THE BOX BELOW, THEN THE RELEASES BELOW WILL APPLY TO YOU AND YOUR RELATED PARTIES, AND THE RIGHTS AND CLAIMS YOU MAY HAVE AGAINST THIRD PARTIES, IF ANY, SHALL BE UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED.

3 For voting purposes only, subject to tabulation rules.

The undersigned Holder elects to:

| |
|---|
| ☐ Opt out of the Release with Respect to the Released Parties |

Article IX of the Plan Provides for an exculpation (the "**Exculpation**")

1. **Pursuant to sections 1123(b) and 105(a) of the Bankruptcy Code, to the fullest extent permitted by applicable law, and except as otherwise specifically provided for in the Plan or Confirmation Order, none of the Exculpated Parties shall have or incur any liability for, and each Exculpated Party is released, discharged, and exculpated from any Cause of Action for any claim related to, any act or omission in connection with, related to, or arising out of the Chapter 11 Cases, the formulation, preparation, marketing, dissemination, negotiation, filing, or pursuit of approval, confirmation, or consummation of the DIP Facility, the DIP Documents, the Plan (including the Plan Supplement and other Plan Documents), the Disclosure Statement, the Sale Transaction, or any settlement, contract, instrument, release, or other agreement or document created or entered into in connection therewith or in the Chapter 11 Cases, and any other act taken or omitted to be taken in connection with or in contemplation of the Chapter 11 Cases, the liquidation of the Debtors, the Sale Transaction, or the administration of, or property to be distributed under, the Plan (including the issuance and distribution of any interests issued or to be issued under or in connection with the Plan), except for claims related to any act or omission that is determined in a Final Order to have constituted willful misconduct (including actual fraud) or gross negligence. Notwithstanding anything to the contrary herein, the scope of claims subject to exculpation pursuant to this** Error! Reference source not found. **is temporally limited to claims arising during the period between the commencement of the Chapter 11 Cases and the Effective Date. Each Exculpated Party shall be entitled to reasonably rely upon the advice of counsel concerning its duties and responsibilities pursuant to, or in connection with, the Plan, to the extent permitted by and under applicable law.**

2. **The Exculpated Parties have, and upon Confirmation of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code with regard to the solicitation of votes on, and distribution of consideration pursuant to, the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan. To the extent that any of the Exculpated Parties owed fiduciary duties to the Debtors, their Estates, or the Bankruptcy Court in connection with the Chapter 11 Cases, the Exculpated Parties have, and upon Confirmation of the Plan shall be deemed to have, fully, completely, professionally, and admirably satisfied such duties.**

Article IX of the Plan also provides for releases by the Debtors (the "**Debtors' Releases**")

3. **Pursuant to section 1123(b) of the Bankruptcy Code, and except as otherwise specifically provided for in the Plan or Confirmation Order, on and after the Effective Date, for good and valuable consideration, including their cooperation and contributions to the Chapter 11 Cases, the Released Parties shall be deemed released and discharged by the Debtors, the Wind-Down Debtors, their Estates, and the Plan Administrator from any and all claims, obligations, debts, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, asserted or unasserted, existing or hereinafter arising, in law, equity, or otherwise, whether for tort, fraud, contract, violations of federal, state, foreign, or other applicable laws, or otherwise, including Avoidance Actions, those Causes of Action based on veil piercing or alter-ego theories of liability, contribution, indemnification, lender liability, joint liability, or otherwise that the Debtors, the Wind-Down Debtors, their Estates, and the Plan Administrator and their respective Affiliates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Entity or that any Holder of a Claim or Interest or other Entity would have been legally entitled to assert derivatively for or on behalf of the Debtors, the Wind-Down Debtors, their Estates, or the Plan Administrator, or their respective Affiliates, based on, relating to, or in any manner arising from, in whole or in part, the following:**

a. **the Debtors, the Wind-Down Debtors, the Plan Administrator, the Chapter 11 Cases, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions, or the formulation, preparation, marketing, dissemination, negotiation, or Filing of the DIP Facility, the DIP Documents, the Plan, the Plan Documents, the Disclosure Statement, the Loan Documents, any settlement, contract, instrument, release, or other agreement or document created or entered into in connection therewith, any prepetition transactions, or in the Chapter 11 Cases, and any other prepetition or post-petition act taken or omitted to be taken in connection with or in contemplation of the Chapter 11 Cases, the liquidation of the Debtors, or the administration of, or property to be distributed under, the Plan;**

b. **any Plan Document, contract, instrument, release, or other agreement or document (including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by, or in furtherance of, the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Plan or the Disclosure Statement;**

c. **the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, or the business or contractual arrangements between the Debtors and any Released Party (excluding any assumed Executory Contract or Unexpired Lease), or the restructuring of Claims or Interests prior to or in the Chapter 11 Cases; and**

d. **the negotiation, formulation, marketing, preparation, or performance of or under the Plan, the Disclosure Statement, the Plan Supplement, the Plan Documents, the DIP Facility, the DIP Documents, or, in each case, related agreements,**

**instruments, or other documents, or any other act, omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date; *provided*, that if any Released Party directly or indirectly brings or asserts any Claim or Cause of Action that has been released or is contemplated to be released pursuant to the Plan in any way arising out of or related to any document or transaction that was in existence prior to the Effective Date against any other Released Party, and such Released Party does not abandon such Claim or Cause of Action upon request, then the release set forth in the Plan shall automatically and retroactively be null and void ab initio with respect to the Released Party bringing or asserting such Claim or Cause of Action; *provided*, *further*, that the immediately preceding proviso shall not apply to (i) any action by a Released Party in the Bankruptcy Court (or any other court determined to have competent jurisdiction), including any appeal therefrom, to prosecute the amount, priority, or secured status of any prepetition Claim or Administrative Claim against the Debtors or (ii) any release or indemnification provided for in any settlement or granted under any other Final Order (*provided*, that, in the case of the preceding proviso, the Debtors shall retain all defenses related to any such action).**

4. **The foregoing releases in this Article IX.E shall not apply to any Retained Causes of Action or any claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes willful misconduct (including actual fraud) or gross negligence. Notwithstanding anything contained herein to the contrary, the foregoing release shall not release any obligation of any party under the Plan or any document, instrument, or agreement executed to implement the Plan (including the Plan Supplement).**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases described in the Plan, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute its finding that each release described in the Plan is 5. in exchange for the good and valuable consideration provided by the Released Parties (including the Released Parties' contributions to facilitate the resolution of the Chapter 11 Cases and implementation of the Plan), a good faith settlement, and compromise of such claims, 6. in the best interests of the Debtors and all Holders of Claims, 7. fair, equitable, and reasonable, 8. given and made after due notice and opportunity for hearing, and 9. subject to the occurrence of the Effective Date, a bar to the Debtors or the Wind-Down Debtors asserting any claim, Cause of Action, or liability related thereto, of any kind whatsoever, against any of the applicable Released Parties or their respective property.**

Article IX of the Plan also provides for voluntary releases by the Releasing Parties (the "**Voluntary Releases**")

1. **Except as otherwise specifically provided for in the Plan or Confirmation Order, on and after the Effective Date and to the fullest extent authorized by applicable law, for good and valuable consideration, including their cooperation and contributions to the Chapter 11 Cases, each Releasing Party shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged the Released Parties from any and all claims, interests, obligations, debts, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, asserted or unasserted, existing or hereinafter arising, in law, equity, or otherwise, whether for tort, fraud, contract, violations of federal, state, foreign, or other applicable laws, or otherwise, including Avoidance Actions, those Causes of Action based on veil piercing or alter-ego theories of liability, contribution, indemnification, joint liability, or otherwise that such Releasing Party would have been legally entitled to assert (whether individually or collectively), based on, relating to, or in any manner arising from, in whole or in part, the following:**

a. **the Debtors, the Wind-Down Debtors, the Plan Administrator, the Chapter 11 Cases, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions, or the formulation, preparation, marketing, dissemination, negotiation, or Filing of the DIP Facility, the DIP Documents, the Plan, the Plan Documents, the Disclosure Statement, the Loan Documents, any settlement, contract, instrument, release, or other agreement or document created or entered into in connection therewith, any prepetition transactions, or in the Chapter 11 Cases, and any other prepetition or post-petition act taken or omitted to be taken in connection with or in contemplation of the Chapter 11 Cases, the liquidation of the Debtors, or the administration of, or property to be distributed under, the Plan;**

b. **any Plan Document, contract, instrument, release, or other agreement or document (including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by, or in furtherance of, the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Plan or the Disclosure Statement;**

c. **the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between the Debtors and any Released Party (excluding any assumed Executory Contract or Unexpired Lease), the restructuring of Claims or Interests prior to or in the Chapter 11 Cases;**

d. **the negotiation, formulation, marketing, preparation, or performance of or under the Plan, the Disclosure Statement, the Plan Supplement, the Plan Documents, the DIP Facility, the DIP Documents, or, in each case, related agreements, instruments, or other documents, or any other act, omission, transaction, agreement,**

**event, or other occurrence taking place on or before the Effective Date; *provided*, that if any Released Party directly or indirectly brings or asserts any claim or Cause of Action that has been released or is contemplated to be released pursuant to the Plan in any way arising out of or related to any document or transaction that was in existence prior to the Effective Date against any other Released Party, and such Released Party does not abandon such claim or Cause of Action upon request, then the release set forth in the Plan shall automatically and retroactively be null and void ab initio with respect to the Released Party bringing or asserting such claim or Cause of Action; *provided*, *further*, that the immediately preceding proviso shall not apply to (i) any action by a Released Party in the Bankruptcy Court (or any other court determined to have competent jurisdiction), including any appeal therefrom, to prosecute the amount, priority, or secured status of any prepetition Claim or Administrative Claim against the Debtors or (ii) any release or indemnification provided for in any settlement or granted under any other Final Order (*provided*, that, in the case of the proceeding proviso, the Debtors shall retain all defenses related to any such action).**

2. **The foregoing releases in this Article IX.F shall not apply to any Retained Causes of Action or any claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes willful misconduct (including actual fraud) or gross negligence. Notwithstanding anything contained herein to the contrary, the foregoing releases shall not release any obligation of any party under the Plan or any document, instrument, or agreement executed to implement the Plan (including the Plan Supplement).**

3. **Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases described in the Plan, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute its finding that each release described in the Plan is a. in exchange for the good and valuable consideration provided by the Released Parties, a good faith settlement, and compromise of such claims, b. in the best interests of the Debtors and all Holders of Claims, c. fair, equitable, and reasonable, d. given and made after due notice and opportunity for hearing, and e. subject to the occurrence of the Effective Date, a bar to the Releasing Party asserting any claim, Cause of Action, or liability related thereto, of any kind whatsoever, against any of the applicable Released Parties or their respective property.**

Article IX of the Plan also provides for an injunction (the "**Injunction**")

1. **Except as otherwise specifically provided in the Plan, the Confirmation Order, or any Final Order entered by the Bankruptcy Court in the Chapter 11 Cases, all Entities who have held, hold, or may hold claims, interests, Causes of Action, or liabilities that arose prior to the Effective Date, and all other parties in interest, along with their respective Related Parties, are permanently enjoined, from and after the Effective Date, on account of, in connection with, or with respect to any such claim, interest, Cause of Action, or liability for which an Exculpated Party has been exculpated under** Error! Reference source not found. **of the Plan or for which a Released Party has been released under** Error! Reference source not found. **or** Error! Reference source not found. **of the Plan (as applicable), from (1) commencing or continuing in any manner any action or other proceeding on account of, in connection with, or with respect to any such claims, interests, Causes of Action, or liabilities released, exculpated, or settled pursuant to the Plan, other than to enforce any right to a distribution pursuant to the Plan, (2) the enforcement, attachment, collection, or recovery by any manner or means of any judgment, award, decree, or order against any Released Party or Exculpated Party, or the property or interest in property thereof, on account of, in connection with, or with respect to any such claims, interests, Causes of Action, or liabilities released, exculpated, or settled pursuant to the Plan, other than to enforce any right to a Plan Distribution, (3) creating, perfecting, or enforcing any Lien or encumbrance against any Released Party or Exculpated Party, or the property or interest in property thereof, on account of, in connection with, or with respect to any such claims, interests, Causes of Action, or liabilities released, exculpated, or settled pursuant to the Plan, other than to enforce any right to a Plan Distribution, (4) asserting any right of setoff or subrogation against any obligation due from any Released Party or Exculpated Party, or against the property or interest in property thereof, on account of, in connection with, or with respect to any such claims, interests, Causes of Action, or liabilities released, exculpated, or settled pursuant to the Plan, notwithstanding an indication of a claim, interest, Cause of Action, or liability or otherwise that such Entity asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise, except to the extent that (a) a right to setoff is asserted with respect to a Proof of Claim that explicitly preserves such setoff and is timely and properly Filed by the Effective Date or pursuant to section 502(h) of the Bankruptcy Code and Bankruptcy Rule 3002(c)(3) or (b) such Entity was excused from Filing or otherwise not required to File a Proof of Claim pursuant to a Final Order of the Bankruptcy Court, and (5) interfering with the implementation or Consummation of the Plan or any of the Plan Documents. Such injunction shall extend to any successors or assignees of the Released Parties and Exculpated Parties and their respective properties and interest in properties. Each of the Debtors, the Wind-Down Debtors, the Plan Administrator, the Exculpated Parties, and the Released Parties is expressly authorized hereby to seek the enforcement of such injunctions.**

2. **No Entity may commence, continue, amend, or otherwise pursue, join in, or support any other Entity commencing, continuing, amending, or pursuing, a Cause of Action or claim of any kind against any Released Party or Exculpated Party, as applicable, that arose, arises from, or is reasonably likely to arise from, or relates to or is reasonably likely to relate to, any claim subject to Articles IX.D, E, or F of the Plan without first (1) requesting a determination from the Bankruptcy Court, after notice (to all affected**

**parties) and a hearing, that such claim or Cause of Action, as applicable, represents a colorable claim against a Debtor or a Released Party, as applicable, and is not a claim or Cause of Action that was released or exculpated under or pursuant to the Plan, which request must attach the complaint or petition proposed to be filed by the requesting Entity (which complaint or petition must satisfy the applicable Rules of Federal Procedure), and (2) obtaining from the Bankruptcy Court, in the form of a Final Order, specific authorization for such Entity to bring such claim or Cause of Action, as applicable, against a Debtor or any other Released Party or Exculpated Party, as applicable. Any such request shall include a proposed attorney fee reserve, subject to modification by the Bankruptcy Court, that shall be deposited to the Bankruptcy Court's registry to indemnify all potential defendants against costs associated with the successful defense of any claim that is allowed to proceed. For the avoidance of doubt, any Entity that obtains such determination and authorization and subsequently wishes to amend the authorized complaint or petition to add any claim or Cause of Action, not explicitly included in the authorized complaint or petition must first obtain authorization from the Bankruptcy Court *before* filing any such amendment in the court where such complaint or petition is pending. The Bankruptcy Court shall have sole and exclusive jurisdiction to determine whether a claim or Cause of Action, is colorable and, only to the extent legally permissible, shall have jurisdiction to adjudicate the underlying colorable claim or Cause of Action.**

<u>Article IX of the Plan also provides for a Setoff and Recoupment</u>

**Except as otherwise expressly provided for in the Plan or the Confirmation Order, each Debtor and Wind-Down Debtor, as applicable, pursuant to the Bankruptcy Code (including section 553 of the Bankruptcy Code), applicable non-bankruptcy law, or as may be agreed to by the Holder of a Claim, may, but shall not be required to, set off or recoup (to the extent applicable) against any Allowed Claim and any Plan Distribution to be made on account of such Claim, any and all claims, rights, and Causes of Action of any nature that such Debtor or Wind-Down Debtor, as applicable, may have against the Holder of such Claim pursuant to the Bankruptcy Code or applicable non-bankruptcy law, to the extent such Claims, rights, or Causes of Action against such Holder have not been otherwise compromised or settled on or prior to the Effective Date (whether pursuant to the Plan or otherwise); *provided*, that neither the failure to effect such a setoff or recoupment nor the allowance of any Claim shall constitute a waiver, abandonment, or release by such Debtor, or Wind-Down Debtor, of any such claims, rights, and Causes of Action that they may have against such Holder. Except as otherwise specifically provided in the Plan, including <u>Article IX.G</u>, nothing herein shall (1) alter any rights of setoff or recoupment (to the extent available under applicable law) of any Holder of an Allowed Claim or Allowed Administrative Claim against the Debtors or Wind-Down Debtors (as applicable) or (2) constitute a waiver of the rights, claims, or defenses of the Debtors, the Wind-Down Debtors, or any other party in interest to dispute such rights of setoff or recoupment on any grounds. In no event shall any Holder of a Claim be entitled to set off any such Claim against any Claim, right, or Cause of Action of the Debtor, unless (1) such Holder has indicated in any timely and properly Filed Proof of Claim or otherwise that such Holder asserts, has, or intends to preserve any right of setoff pursuant to section 553 of the Bankruptcy Code or otherwise or (2) such Holder was not required to File a Proof of Claim pursuant to a Final Order of the Bankruptcy Court (including the Bar Date Order).**

**Item 4. Acknowledgments and Certification.** By signing this Ballot, the undersigned certifies that the undersigned has been provided with a copy of or information regarding where to obtain the Disclosure Statement, including the Plan and all other exhibits thereto, the Disclosure Statement Order without exhibits and a Confirmation Hearing Notice. The undersigned further acknowledges that it is either (i) the Holder of the Claim being voted on this ballot, or (ii) an authorized signatory for the Holder of the Claim being voted on this Ballot. The undersigned further acknowledges that the solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement Order, and the procedures for the solicitation of votes to accept or reject the Plan contained therein.

Name of Holder: ____________________________________________

Signature: ____________________________________________

Name of Signatory (if different than Holder):____________________________________________

If authorized by Agent, Title of Agent: ____________________________________________

Address: ____________________________________________

Telephone Number: ____________________________________________

Email Address: ____________________________________________

Date Completed: ____________________________________________

**VOTING DEADLINE: November 20, 2026, at 4:00 p.m. (prevailing Eastern Time)**

**If the Claims and Solicitation Agent does not actually receive this Ballot on or before November 20, 2026, at 4:00 p.m. (prevailing Eastern Time), and if the Voting Deadline is not extended, your vote may be counted only in the discretion of the Debtors.**

**For your vote to be counted, this Ballot must be properly completed, signed and returned so that it is actually received by the Claims and Solicitation Agent, by the Voting Deadline.**

**PLEASE SUBMIT A BALLOT BY *ONE* OF THE FOLLOWING METHODS:**

**SUBMISSION OF A HARD COPY BALLOT**

**You may submit your Ballot in the envelope provided (with a signature) or by first-class mail, overnight courier, or hand delivery to the address below.**

| **If by First-Class Mail, Hand Delivery or Overnight Courier:** |
|---|
| Sleep Number Corporation Ballot Processing Center<br>c/o Kroll Restructuring Administration LLC<br>850 3rd Avenue, Suite 412<br>Brooklyn, NY 11232 |

**(To arrange hand delivery of your ballot, please email Sleepnumberballots@ra.kroll.com (with "Sleep Number ballot delivery" in the subject line) at least 24 hours before arrival at the Kroll address above and provide the anticipated date and time of delivery.)**

**SUBMISSION THROUGH THE ONLINE E-BALLOTING PORTAL**

**Alternatively, to submit your Ballot via the Claims and Solicitation Agent's online balloting portal, visit https://restructuring.ra.kroll.com/SleepNumber/. Under Case Navigation, click on "Submit E- Ballot" and follow the instructions to submit your Ballot.**

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

**Unique E-Ballot ID:____________________________________**

**The Claims and Solicitation Agent's online balloting portal is the sole manner in which Ballots will be accepted via electronic or online transmission ("E-Ballot"). Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.**

**Each E-Ballot ID is to be used solely for voting only those Claims described in Item 1 of your Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID you receive, as applicable. Creditors who cast a Ballot using the Claims and Solicitation Agent's online portal should NOT also submit a paper Ballot.**

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

1. The Debtors are soliciting the votes of holders of Claims with respect to the Plan attached as **Exhibit C** to the Disclosure Statement. Capitalized terms used in the Ballot or in these instructions (the "**Ballot Instructions**") but not defined therein or herein shall have the meaning set forth in the Plan. **Please read the Plan and Disclosure Statement carefully before completing this Ballot.**

2. The Plan can be confirmed by the Court and thereby made binding upon you if (i) it is accepted by the holders of (x) at least two-thirds in dollar amount and (y) more than one-half in number of the Allowed Claims in at least one Class of creditors that votes on the Plan; and (ii) the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

3. To ensure that your Ballot is counted, you **must** complete and submit this hard copy Ballot by mail or an E-Ballot. **Ballots will not be accepted by facsimile or other electronic means (other than via the online balloting portal).**

4. **Use of Hard Copy Ballot.** To ensure that your hard copy Ballot is counted, you must: (a) complete your Ballot in accordance with these instructions; (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Ballot; (c) check the box in Item 3 of the Ballot if you wish to opt out of the releases; and (d) clearly sign and return your Ballot in the enclosed pre-addressed envelope or via first-class mail, overnight courier, or hand delivery to:

| **If by First-Class Mail, Hand Delivery or Overnight Mail:** |
|---|
| Sleep Number Corporation Ballot Processing Center<br>c/o Kroll Restructuring Administration LLC<br>850 3rd Avenue, Suite 412<br>Brooklyn, NY 11232 |

**(To arrange hand delivery of your ballot, please email Sleepnumberballots@ra.kroll.com (with "Sleep Number ballot delivery" in the subject line) at least 24 hours before arrival at the Kroll address above and provide the anticipated date and time of delivery in accordance with paragraph 7 below.)**

5. **Use of Online Ballot Portal**. To ensure that your E-Ballot is counted, please follow the instructions of the Debtors' case administration website at https://restructuring.ra.kroll.com/SleepNumber and under the Case Navigation section of the website, click on "Submit E-Ballot" and follow the instructions to submit your Ballot. You will need to enter your unique E-Ballot ID indicated above. The online balloting portal is the sole manner in which Ballots will be accepted via electronic or online transmission. **Ballots will not be accepted by facsimile or electronic means (other than the online balloting portal).**

6. You may opt out of the releases provisions set forth above and in the Plan by checking the "OPT-OUT" box in Item 3. If you vote either to accept or reject the Plan, and you do not check the box in Item 3, you will be deemed to have consented to the Plan's release provision described above, and you will be deemed to have unconditionally, irrevocably, and forever released and discharged the Released Parties (as defined in the Plan) from, among other things, any and all claims that relate to the Debtors. If you would otherwise be entitled to be a Released Party under the Plan, but you opt out of the releases, then you will not be a Released Party.

7. Your Ballot (whether submitted by hard copy or through the online balloting portal) **must** be returned to the Claims and Solicitation Agent so as to be **actually received** by the Claims and Solicitation Agent on or before the Voting Deadline. **The Voting Deadline is November 20, 2026, at 4:00 p.m. (prevailing Eastern Time).**

8. If a Ballot is received after the Voting Deadline and if the Voting Deadline is not extended, it will not be counted. Additionally, **the following Ballots will not be counted**:

   (a) any Ballot that partially rejects and partially accepts the Plan;
   (b) any Ballot that both accepts and rejects the Plan;
   (c) any Ballot that neither accepts nor rejects the Plan;
   (d) any Ballot sent to the Debtors, the Debtors' agents (other than the Claims and Solicitation Agent), any Prepetition Agents, or the Debtors' financial or legal advisors;
   (e) any Ballot sent by facsimile or any electronic means other than via the online balloting portal;
   (f) any Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim;
   (g) any Ballot cast by an Entity that does not hold a Claim in the Class indicated in Item 1 of the Ballot;
   (h) any Ballot submitted by a holder not entitled to vote pursuant to the Plan; and/or
   (i) any unsigned Ballot.

9. The method of delivery of a Ballot to the Claims and Solicitation Agent is at the election and risk of each holder of a Claim. Except as otherwise provided herein, such delivery will be considered made only when the Claims and Solicitation Agent **actually receives** the executed Ballot. In all cases, holders should allow sufficient time to assure timely delivery.

10. If multiple Ballots are received from the same holder of a Claim with respect to the same Claim prior to the Voting Deadline, the latest timely received, and properly completed Ballot will supersede and revoke any earlier received Ballots.

11. You must vote all of your Claims within a Class either to accept or reject the Plan and may **not** split your vote. Further, if a holder has multiple Claims within a Class, the Debtors may, in their discretion, aggregate the Claims of any particular holder with

multiple Claims within such Class for the purpose of distributing ballots and counting votes.

12. This Ballot does **not** constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

13. **Please be sure to sign and date your Ballot**.

14. If you hold Claims in more than one Class under the Plan you may receive more than one ballot coded for each different Class. Each ballot votes **only** your Claims indicated on that ballot, so please complete and return each ballot that you received.

**Please return your Ballot promptly.**

**If you have any questions regarding this Ballot, these Ballot Instructions or the procedures for voting, please contact the Claims and Solicitation Agent by calling +1-844-408-3387 (toll-free in the U.S. and Canada) or +1-646-825-3128 (international, toll), or by emailing SleepNumberInfo@ra.kroll.com with reference to "Sleep Number Corporation Solicitation Inquiry" in the subject line. If you feel that the Claims and Solicitation Agent has not adequately answered your questions, please request that the Claims and Solicitation Agent put you in contact with the Debtors' counsel and they will attempt to reach out.**

**THE CLAIMS AND SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

**If the Claims and Solicitation Agent does not actually receive this Ballot on or before the Voting Deadline, which is on November 20, 2026, at 4:00 p.m. (prevailing Eastern Time), and if the Voting Deadline is not extended, the vote transmitted hereby may be counted only in the discretion of the Debtors.**

# Exhibit 3A

## Notice of Non-Voting Status – Claims Presumed to Accept / Deemed to Reject

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SLEEP NUMBER CORPORATION, *et al.*,** | **Case No. 26-11399 (KYP)** |
| **Debtors.**[1] | **Jointly Administered** |

**NOTICE OF NON-VOTING STATUS TO HOLDERS OF (I) UNIMPAIRED CLAIMS CONCLUSIVELY PRESUMED TO ACCEPT THE PLAN, AND (II) IMPAIRED CLAIMS OR INTERESTS DEEMED TO REJECT THE PLAN**

**NOTICE IS HEREBY GIVEN** as follows:

On June 12, 2026 (the "**Petition Date**"), the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") commenced cases by filing petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Court**").

On September 4, 2026, the Debtors filed the *Joint Chapter 11 Plan of Liquidation of Sleep Number Corporation and its Debtor Affiliates* [ECF No 616] and the related disclosure statement [ECF No. 617] (including all appendices, exhibits, schedules, and supplements, and as altered, amended, supplemented, or otherwise modified from time to time in accordance therewith, the "**Plan**" and "**Disclosure Statement**," respectively).[2]

On [•], 2026, the Court entered an order (the "**Disclosure Statement Order**") approving the Disclosure Statement as containing adequate information, in compliance with section 1125(a) of the Bankruptcy Code, for the purpose of soliciting votes on the Plan. The Disclosure Statement Order also, among other things, (a) approved the form of the Ballot, the Solicitation Package, and other related notices, (b) established certain dates and deadlines in connection with the solicitation and confirmation of the Plan, and (c) scheduled a hearing for confirmation of the Plan.

You are receiving this notice because our records indicate that you are a Holder of a Claim against the Debtors in one of the following Non-Voting Classes:

---

[1] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Sleep Number Corporation (7886); Select Comfort Retail Corporation (9757); Select Comfort Canada Holding Inc. (4273); Select Comfort SC LLC (5901); and Sleep Number Health Corporation (2499). The Debtors' mailing address is 1001 Third Avenue South, Minneapolis, MN 55404.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Disclosure Statement Order or Plan, as applicable.

| Class | Claims and Interests | Status | Voting Rights |
|---|---|---|---|
| 1 | Other Secured Claims | Unimpaired | Deemed to Accept |
| 2 | Other Priority Claims | Unimpaired | Deemed to Accept |
| 6 | Section 510(b) Claims | Impaired | Presumed to Reject |
| 7 | Existing Interests | Impaired | Presumed to Reject |

Under the terms of the Plan, Holders of Claims in a Non-Voting Class are either **deemed to accept** or **presumed to reject** the Plan, as provided above. Therefore, **you are not entitled to vote on the Plan on account of such Claim. You may wish to seek independent legal advice concerning the Plan and the classification and treatment of your Claim thereunder. No Entity has been authorized to give any information or advice, or to make any representation, other than what is included in the Plan, Disclosure Statement, or any materials accompanying this notice. If the Plan is confirmed by the Court, all Holders of Claims against and Interests in the Debtors (including those Holders who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.**

If you hold a separate, additional Claim for which you are entitled to vote (or part of your Claim falls into a Class of Claims entitled to vote) you will also receive a Ballot via a separate mailing from the Debtors' claims and solicitation agent, Kroll Restructuring Administration, LLC (the "**Claims and Solicitation Agent**"). In such an instance, the Debtors encourage you to follow the instructions on and/or accompanying the Ballot.

A hearing at which the Court will consider confirmation of the Plan (the "**Confirmation Hearing**") will commence on **December 3, 2026, at 10:00 a.m. (prevailing Eastern Time)**, before the Court. Instructions for registering to participate in the Confirmation Hearing are contained in the Confirmation Hearing Notice that accompanied this notice. The Confirmation Hearing may be adjourned or continued from time to time by the Court or the Debtors by announcement of the adjournment or continuance at a hearing before the Court or by filing a notice on the Court's docket.

The Debtors may, without further order of the Court, make non-substantive or immaterial changes to the Plan, Disclosure Statement, Solicitation Packages, Non-Voting Status Notice Packages, and related documents without further order of the Court, including changes to correct typographical and grammatical errors, and to make conforming changes among such documents when, in the Debtors' reasonable discretion, doing so would better facilitate the solicitation or confirmation process.

The deadline for filing objections to the Plan is **November 20, 2026, at 12:00 p.m. (prevailing Eastern Time)** (the "**Objection Deadline**"). Objections to confirmation of the Plan, if any, must (a) be in writing, in English, and in text-searchable format, (b) comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules for the Southern District of New York, and any orders of the Court, (c) state, with specificity, the legal and factual bases thereof and, if practicable, a proposed modification to the Plan that would resolve such objection, (d) be filed with the Court no later than the Objection Deadline, and (e) be served on the following parties so as to be actually received prior to the Objection Deadline: (i) the Chambers of the

Honorable Kyu Y. Paek, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004-1408; (ii) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Brian M. Resnick, Angela M. Libby, Stephen D. Piraino, Richard J. Steinberg, Sihui (Sophy) Ma, and Mordechai Rivkin), counsel to the Debtors; (iii) Pachulski Stang Ziehl & Jones LLP, 1700 Broadway, 36th Floor, New York, NY 10019 (Attn: Robert J. Feinstein, Bradford J. Sandler, Theodore S. Heckel, Sr. and Shirley S. Cho), counsel to the Official Committee of Unsecured Creditors; (iv) Faegre Drinker Biddle & Reath LLP, 2200 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN (Attn: Michael R. Stewart and Adam C. Ballinger), counsel to the Administrative Agent, and (v) U.S. Department of Justice, Office of the U.S. Trustee, Alexander Hamilton U.S. Custom House, One Bowling Green, Rm. 534, New York, New York 10004 (Attn: Andrea B. Schwartz and Daniel Rudewicz). **UNLESS AN OBJECTION IS TIMELY AND PROPERLY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE COURT.**

If a controversy arises regarding whether any Claim or Interest is properly classified under the Plan, the Court shall, upon proper motion and notice, determine such controversy at the Confirmation Hearing. If the Court finds that the classification of any Claim or Interest is improper, then such Claim or Interest shall be reclassified and the Ballot previously cast by the holder of such Claim or Interest shall be counted in, and the Claim or Interest shall receive the treatment prescribed in, the Class in which the Court determines such Claim or Interest should have been classified, without the necessity of resoliciting any votes on the Plan.

Copies of the Plan, Disclosure Statement, Disclosure Statement Order, any other materials related to the Plan and Disclosure Statement (except for ballots), and any other document filed publicly in the Chapter 11 Cases, are available free of charge at https://restructuring.ra.kroll.com/SleepNumber/ (the "**Case Information Website**"). The Claims and Solicitation Agent may be contacted at SleepNumberinfo@ra.kroll.com.

# Exhibit 3B

## Notice to Disputed Claim Holders

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SLEEP NUMBER CORPORATION, *et al.*,** | **Case No. 26-11399 (KYP)** |
| **Debtors.**[1] | **Jointly Administered** |

**NOTICE OF NON-VOTING STATUS**
**WITH RESPECT TO DISPUTED CLAIMS**

**NOTICE IS HEREBY GIVEN** as follows:

On June 12, 2026 (the "**Petition Date**"), the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") commenced cases by filing petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Court**").

On September 4, 2026, the Debtors filed the *Joint Chapter 11 Plan of Liquidation of Sleep Number Corporation and its Debtor Affiliates* [ECF No 616] and the related disclosure statement [ECF No. 617] (including all appendices, exhibits, schedules, and supplements, and as altered, amended, supplemented, or otherwise modified from time to time in accordance therewith, the "**Plan**" and "**Disclosure Statement**," respectively).[2]

On [•], 2026, the Court entered an order (the "**Disclosure Statement Order**") approving the Disclosure Statement as containing adequate information, in compliance with section 1125(a) of the Bankruptcy Code, for the purpose of soliciting votes on the Plan. The Disclosure Statement Order also, among other things, (a) approved the form of the Ballot, the Solicitation Package, and other related notices, (b) established certain dates and deadlines in connection with the solicitation and confirmation of the Plan, and (c) scheduled a hearing for confirmation of the Plan.

You are receiving this notice as a Holder or potential Holder of a Claim against or Interest in the Debtors with respect to which, due to the nature and treatment of such Claim or Interest under the Plan, **you are not entitled to vote on the Plan**. Specifically, under the terms of the Plan, Holders of Claims subject to a pending objection by the Debtors, are **not** entitled to vote on the Plan.

[1] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Sleep Number Corporation (7886); Select Comfort Retail Corporation (9757); Select Comfort Canada Holding Inc. (4273); Select Comfort SC LLC (5901); and Sleep Number Health Corporation (2499). The Debtors' mailing address is 1001 Third Avenue South, Minneapolis, MN 55404.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Disclosure Statement Order or Plan, as applicable.

A hearing at which the Court will consider confirmation of the Plan (the "**Confirmation Hearing**") will commence on **<u>December 3, 2026, at 10:00 a. m. (prevailing Eastern Time)</u>**, before the Court. Instructions for registering to participate in the Confirmation Hearing are contained in the Confirmation Hearing Notice that accompanied this notice. The Confirmation Hearing may be adjourned or continued from time to time by the Court or the Debtors by announcement of the adjournment or continuance at a hearing before the Court or by filing a notice on the Court's docket.

The deadline for filing objections to the Plan is **<u>November 20, 2026 at 12:00 p.m. (prevailing Eastern Time)</u>** (the "**Objection Deadline**"). Objections to confirmation of the Plan, if any, must (a) be in writing, in English, and in text-searchable format, (b) comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules for the Southern District of New York, and any orders of the Court, (c) state, with specificity, the legal and factual bases thereof and, if practicable, a proposed modification to the Plan that would resolve such objection, (d) be filed with the Court no later than the Objection Deadline, and (e) be served on the following parties so as to be actually received prior to the Objection Deadline: (i) the Chambers of the Honorable Kyu Y. Paek United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004-1408; (ii) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Brian M. Resnick, Angela M. Libby, Stephen D. Piraino, Richard J. Steinberg, Sihui (Sophy) Ma and Mordechai Rivkin), counsel to the Debtors; (iii) Pachulski Stang Ziehl & Jones LLP, 1700 Broadway, 36th Floor New York, NY 10019, (Attn: Robert J. Feinstein, Bradford J. Sandler, Theodore S. Heckel, Sr. and Shirley S. Cho), counsel to the Official Committee of Unsecured Creditors; (iv) Faegre Drinker Biddle & Reath LLP, 2200 Wells Fargo Center, 90 South Seventh Street Minneapolis, MN (Attn: Michael R. Stewart and Adam C. Ballinger), counsel to the Administrative Agent, and (v) U.S. Department of Justice, Office of the U.S. Trustee, Alexander Hamilton U.S. Custom House, One Bowling Green, Rm. 534, New York, New York 10004 (Attn: Andrea B. Schwartz and Daniel Rudewicz). **UNLESS AN OBJECTION IS TIMELY AND PROPERLY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE COURT.**

Copies of the Plan, Disclosure Statement, any other materials related to the Plan and Disclosure Statement (except for ballots), and any other document filed publicly in the Chapter 11 Cases, are available free of charge at https://restructuring.ra.kroll.com/SleepNumber/ (the "**Case Information Website**"). The Claims and Solicitation Agent may be contacted at SleepNumberballots@ra.kroll.com.

You are not entitled to vote any disputed portion of your Claim on the Plan unless one or more of the following events have taken place before a date that is two (2) Business Days before the Voting Deadline (each a "**Resolution Event**"):

1. Agreement of the Parties. A stipulation or other agreement is executed between the Holder of such Claim and the applicable Debtor allowing such Claim (temporarily for voting purposes) or permanently in an agreed upon amount.

2. Other Order of the Court. The Court otherwise orders the allowance of such Claim for purposes of voting to accept or reject the Plan.

3. Voluntary Withdrawal. The pending objection to such Claim is voluntarily withdrawn by the objecting party.

If a timely Resolution Event occurs, then, no later than two (2) Business Days following the occurrence of such Resolution Event, the Debtors shall cause the Claims and Solicitation Agent to distribute a Solicitation Package to the relevant Holder via hand delivery, first-class mail, or (if such Claimant consents) email, which must be returned to the Claims and Solicitation Agent no later than the Voting Deadline, which is on November 20, 2026 at 4:00 p.m. prevailing Eastern Time. The Debtors may extend the Voting Deadline without further order of the Court by filing a notice on the Court's docket.

# Exhibit 4

## Confirmation Hearing Notice

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SLEEP NUMBER CORPORATION,** ***et al.*****,** | **Case No. 26-11399 (KYP)** |
| **Debtors.**[1] | **Jointly Administered** |

**NOTICE OF HEARING TO CONSIDER CONFIRMATION OF THE JOINT CHAPTER 11 PLAN OF LIQUIDATION OF SLEEP NUMBER CORPORATION AND RELATED VOTING AND OBJECTION DEADLINES**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. On June 12, 2026 (the "**Petition Date**"), the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") commenced cases by filing petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Court**").

2. On September 4, 2026, the Debtors filed the *Joint Chapter 11 Plan of Liquidation of Sleep Number Corporation and its Debtor Affiliates* [ECF No 616] and the related disclosure statement [ECF No. 617] (including all appendices, exhibits, schedules, and supplements, and as altered, amended, supplemented, or otherwise modified from time to time in accordance therewith, the "**Plan**" and "**Disclosure Statement**," respectively).[2]

3. On [•], 2026, the Court entered an order (the "**Disclosure Statement Order**") approving the Disclosure Statement as containing adequate information, in compliance with section 1125(a) of the Bankruptcy Code, for the purpose of soliciting votes on the Plan. The Disclosure Statement Order also, among other things, (a) approved the form of the Ballot, the Solicitation Package, and other related notices, (b) established certain dates and deadlines in connection with the solicitation and confirmation of the Plan, and (c) scheduled a hearing for confirmation of the Plan.

**Confirmation Hearing**

4. The hearing at which the Court will consider Confirmation of the Plan (the "**Confirmation Hearing**") will commence on **December 3, 2026, at 10:00 a.m.**[3], before the Honorable Kyu Y. Paek, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004-1408, in person and/or via Zoom for Government.

[1] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Sleep Number Corporation (7886); Select Comfort Retail Corporation (9757); Select Comfort Canada Holding Inc. (4273); Select Comfort SC LLC (5901); and Sleep Number Health Corporation (2499). The Debtors' mailing address is 1001 Third Avenue South, Minneapolis, MN 55404.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Disclosure Statement Order or Plan, as applicable.

[3] All times herein are expressed in prevailing Eastern Time.

Parties wishing to appear at or attend the Confirmation Hearing in person or via Zoom (whether "live" or "listen only") must register their appearance at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl **by 4:00 p.m. two (2) Business Days before the Confirmation Hearing**. Parties who timely register their appearance will receive an invitation from the Court with a Zoom link allowing them to attend the Confirmation Hearing.

5. The Confirmation Hearing may be adjourned or continued from time to time by the Court or the Debtors by announcement of the adjournment or continuance at a hearing before the Court or by filing a notice on the Court's docket.

6. The Debtors may, without further order of the Court, make non-substantive or immaterial changes to the Plan and related documents without further order of the Court, including changes to correct typographical and grammatical errors, and to make conforming changes among such documents when, in the Debtors' reasonable discretion, doing so would better facilitate the solicitation or confirmation process. All changes to the foregoing documents shall be subject to the terms thereof as applicable.

## Objections to Plan Confirmation

7. The deadline for filing objections to the Plan is **November 20, 2026, at 12:00 p.m.** (the "**Objection Deadline**").

8. Objections to confirmation of the Plan, if any, must (a) be in writing, in English, and in text-searchable format, (b) comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules for the Southern District of New York, and any orders of the Court, (c) state, with specificity, the legal and factual bases thereof and, if practicable, a proposed modification to the Plan that would resolve such objection, (d) be filed with the Court no later than the Objection Deadline, and (e) be served on the following parties so as to be actually received prior to the Objection Deadline:

i. the Chambers of the Honorable Kyu Y. Paek, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004-1408;

ii. counsel to the Debtors Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Brian M. Resnick, Angela M. Libby, Stephen D. Piraino, Richard J. Steinberg, Sihui (Sophy) Ma, and Mordechai Rivkin);

iii. counsel to the Official Committee of Unsecured Creditors, Pachulski Stang Ziehl & Jones LLP, 1700 Broadway, 36th Floor New York, NY 10019 (Attn: Robert J. Feinstein, Bradford J. Sandler, Theodore S. Heckel, Sr. and Shirley S. Cho);

iv. counsel to the Administrative Agent, Faegre Drinker Biddle & Reath LLP, 2200 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN (Attn: Michael R. Stewart and Adam C. Ballinger);

v. U.S. Department of Justice, Office of the U.S. Trustee, Alexander Hamilton U.S. Custom House, One Bowling Green, Rm. 534, New York, New York 10004 (Attn: Andrea B. Schwartz and Daniel Rudewicz).

**UNLESS AN OBJECTION IS TIMELY AND PROPERLY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE COURT.**

**Voting**

9. Pursuant to the Plan, the Debtors created the following Classes of Claims and Interests:

| Class | Claims or Interests | Status | Voting Rights |
|---|---|---|---|
| 1 | Other Secured Claims | Unimpaired | Deemed to Accept |
| 2 | Other Priority Claims | Unimpaired | Deemed to Accept |
| 3 | Prepetition Loan Claims | Impaired | Entitled to Vote |
| 4 | General Unsecured Claims | Impaired | Entitled to Vote |
| 5 | Prepetition Intercompany Claims | Impaired | Presumed to Reject |
| 6 | Section 510(b) Claims | Impaired | Presumed to Reject |
| 7 | Existing Interests | Impaired | Presumed to Reject |
| 8 | Intercompany Interests | Impaired | Presumed to Reject |

10. A Holder's ability to vote on the Plan depends on, among other things, which Class its Claim is in, as set forth in the table above, and whether it held such Claim on **October 8, 2026** (the "**Voting Record Date**"). The Debtors are soliciting votes on the Plan from Holders of Claims classified in Classes 3 and 4 of the Plan (the "**Voting Classes**" and, Holders of Claims in such Classes, the "**Voting Holders**"). Detailed instructions regarding how to vote on the Plan are contained on the ballot (the "**Ballot**") distributed to Voting Holders. To be counted as a vote on the Plan, each Ballot must be completed, executed, and returned in accordance with the instructions that were transmitted on or with such Ballot, such that the Ballot is actually received by the Claims and Solicitation Agent by **November 20, 2026, at 4:00 p.m.** (the "**Voting Deadline**"). Except to the extent that the Debtors so determine or as permitted by the Court, Ballots that are received after the Voting Deadline will not be counted or otherwise used by the Debtors in connection with the Debtors' request for Confirmation of the Plan (or any permitted modification thereof). Any Ballot that does not comply with the instructions that were transmitted with such Ballot or does not comply with the Disclosure Statement Order may not be counted.

11. Holders, other than those in Class 5 and Class 8, of: (a) Unimpaired Claims and Interests and (b) Claims and Interests that will receive no distribution under the Plan are not entitled to vote on the Plan and, therefore, will receive a Notice of Non-Voting Status instead of a Ballot.

If you have not received a Ballot (or you have received a Ballot listing an amount you believe to be incorrect) or if the Solicitation and Voting Procedures otherwise state that you are not entitled to vote on the Plan, but you believe that you should be entitled to vote on the Plan (or vote an amount different than the amount listed on your Ballot), then you must serve on the Debtors and file with the Court a motion pursuant to Bankruptcy Rule 3018(a) (a "**Rule 3018(a) Motion**") for an order temporarily allowing your Claim for purposes of voting to accept or reject the Plan. The applicable Holder will not be entitled to vote to accept or reject the Plan on account of the disputed portion of such Claim unless either of the following events (each a "**Resolution Event**") occurs no later than two (2) Business Days prior to the Voting Deadline: (x) an order of the Court is entered temporarily allowing such Claim for voting purposes only pursuant to Bankruptcy Rule 3018(a), after notice and a hearing; or (y) a stipulation or other agreement is executed between the Holder of such Claim and the applicable Debtor allowing such Claim (temporarily for voting purposes) or permanently in an agreed upon amount. In accordance with Bankruptcy Rule 3018, as to any creditor filing a Rule 3018(a) Motion, such creditor's Ballot will not be counted unless temporarily allowed by the Court for voting purposes after notice and a hearing. Rule 3018(a) Motions that are not timely filed and served in the manner as set forth above may not be considered.

12. The Debtors have attempted to identify all parties with whom they may have recently conducted business to ensure that the Debtors provide proper notice of the Confirmation Hearing to all interested parties. However, not all of those parties are creditors of the Debtors. Accordingly, the fact that you are receiving this notice does not require further action if you do not have, or are not aware of, a Claim (i.e., a right to receive payment) against or Interest in one or more Debtors.

**Effects of Confirmation and Plan Implementation**

13. If the Plan is confirmed by the Court, all Holders of Claims against and Interests in the Debtors (including those Holders who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.

14. Following Confirmation, subject to satisfaction or waiver of the conditions precedent in Article X of the Plan, the Plan will be consummated on the Effective Date. Among other things, on the Effective Date, certain release, injunction, exculpation, and discharge provisions—which are integral to the Restructuring Transactions—set forth in Article IX of the Plan will become effective.

**YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED THEREBY. THE PLAN'S RELEASES, EXCULPATION, AND INJUNCTION PROVISIONS ARE ATTACHED FOR YOUR CONVENIENCE AS SCHEDULE 1 HERETO.**

**ALL HOLDERS OF CLAIMS IN VOTING CLASSES THAT TIMELY AND PROPERLY RETURN A BALLOT AND DO NOT ELECT TO OPT OUT OF THE RELEASES CONTAINED IN ARTICLE IX OF THE PLAN, BY CHECKING THE OPT-OUT BOX ON A BALLOT OR FILING AN OBJECTION TO SUCH RELEASES, WILL BE DEEMED TO HAVE EXPRESSLY, UNCONDITIONALLY, GENERALLY,**

**INDIVIDUALLY, AND COLLECTIVELY CONSENTED TO THE RELEASE OF ALL CLAIMS AND CAUSES OF ACTION AGAINST THE DEBTORS AND THE RELEASED PARTIES. BY OBJECTING TO OR ELECTING TO OPT OUT OF THE RELEASES SET FORTH IN ARTICLE IX OF THE PLAN, YOU MAY FOREGO THE BENEFIT OF OBTAINING THE RELEASES UNDER ARTICLE IX OF THE PLAN IF YOU WOULD OTHERWISE BE A RELEASED PARTY IN CONNECTION THEREWITH. PLEASE BE ADVISED THAT ANY RECOVERY YOU MAY BE ENTITLED UNDER THE PLAN WILL BE THE SAME REGARDLESS OF WHETHER YOU OPT OUT OF THE RELEASES UNDER ARTICLE IX OF THE PLAN.**

15. Copies of the Plan, Disclosure Statement, Disclosure Statement Order, any other solicitation materials (except for the Ballot), and any other document filed publicly in the Chapter 11 Cases, are available free of charge at https://restructuring.ra.kroll.com/SleepNumber/ (the "**Case Information Website**"). The Claims and Solicitation Agent may be contacted at SleepNumberinfo@ra.kroll.com.

[*Remainder of Page Intentionally Left Blank*]

Dated: [•], 2026
New York, New York

DAVIS POLK & WARDWELL LLP

*/s/*

450 Lexington Avenue
New York, NY 10017
Tel.: (212) 450-4000
Brian M. Resnick
Angela M. Libby
Stephen D. Piraino
Richard J. Steinberg
Sihui (Sophy) Ma
Mordechai Rivkin

**Schedule 1**

**Exculpation, Release, and Injunction Provisions in the Plan**

Article IX of the Plan Provides for an exculpation (the "**Exculpation**")

1. **Pursuant to sections 1123(b) and 105(a) of the Bankruptcy Code, to the fullest extent permitted by applicable law, and except as otherwise specifically provided for in the Plan or Confirmation Order, none of the Exculpated Parties shall have or incur any liability for, and each Exculpated Party is released, discharged, and exculpated from any Cause of Action for any claim related to, any act or omission in connection with, related to, or arising out of the Chapter 11 Cases, the formulation, preparation, marketing, dissemination, negotiation, filing, or pursuit of approval, confirmation, or consummation of the DIP Facility, the DIP Documents, the Plan (including the Plan Supplement and other Plan Documents), the Disclosure Statement, the Sale Transaction, or any settlement, contract, instrument, release, or other agreement or document created or entered into in connection therewith or in the Chapter 11 Cases, and any other act taken or omitted to be taken in connection with or in contemplation of the Chapter 11 Cases, the liquidation of the Debtors, the Sale Transaction, or the administration of, or property to be distributed under, the Plan (including the issuance and distribution of any interests issued or to be issued under or in connection with the Plan), except for claims related to any act or omission that is determined in a Final Order to have constituted willful misconduct (including actual fraud) or gross negligence. Notwithstanding anything to the contrary herein, the scope of claims subject to exculpation pursuant to this** Error! Reference source not found. **is temporally limited to claims arising during the period between the commencement of the Chapter 11 Cases and the Effective Date. Each Exculpated Party shall be entitled to reasonably rely upon the advice of counsel concerning its duties and responsibilities pursuant to, or in connection with, the Plan, to the extent permitted by and under applicable law.**

2. **The Exculpated Parties have, and upon Confirmation of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code with regard to the solicitation of votes on, and distribution of consideration pursuant to, the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan. To the extent that any of the Exculpated Parties owed fiduciary duties to the Debtors, their Estates, or the Bankruptcy Court in connection with the Chapter 11 Cases, the Exculpated Parties have, and upon Confirmation of the Plan shall be deemed to have, fully, completely, professionally, and admirably satisfied such duties.**

Article IX of the Plan also provides for releases by the Debtors (the "**Debtors' Releases**")

3. **Pursuant to section 1123(b) of the Bankruptcy Code, and except as otherwise specifically provided for in the Plan or Confirmation Order, on and after the Effective Date, for good and valuable consideration, including their cooperation and contributions to the Chapter 11 Cases, the Released Parties shall be deemed released and discharged by the**

**Debtors, the Wind-Down Debtors, their Estates, and the Plan Administrator from any and all claims, obligations, debts, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, asserted or unasserted, existing or hereinafter arising, in law, equity, or otherwise, whether for tort, fraud, contract, violations of federal, state, foreign, or other applicable laws, or otherwise, including Avoidance Actions, those Causes of Action based on veil piercing or alter-ego theories of liability, contribution, indemnification, lender liability, joint liability, or otherwise that the Debtors, the Wind-Down Debtors, their Estates, and the Plan Administrator and their respective Affiliates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Entity or that any Holder of a Claim or Interest or other Entity would have been legally entitled to assert derivatively for or on behalf of the Debtors, the Wind-Down Debtors, their Estates, or the Plan Administrator, or their respective Affiliates, based on, relating to, or in any manner arising from, in whole or in part, the following:**

a. **the Debtors, the Wind-Down Debtors, the Plan Administrator, the Chapter 11 Cases, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions, or the formulation, preparation, marketing, dissemination, negotiation, or Filing of the DIP Facility, the DIP Documents, the Plan, the Plan Documents, the Disclosure Statement, the Loan Documents, any settlement, contract, instrument, release, or other agreement or document created or entered into in connection therewith, any prepetition transactions, or in the Chapter 11 Cases, and any other prepetition or post-petition act taken or omitted to be taken in connection with or in contemplation of the Chapter 11 Cases, the liquidation of the Debtors, or the administration of, or property to be distributed under, the Plan;**

b. **any Plan Document, contract, instrument, release, or other agreement or document (including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by, or in furtherance of, the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Plan or the Disclosure Statement;**

c. **the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, or the business or contractual arrangements between the Debtors and any Released Party (excluding any assumed Executory Contract or Unexpired Lease), or the restructuring of Claims or Interests prior to or in the Chapter 11 Cases; and**

d. **the negotiation, formulation, marketing, preparation, or performance of or under the Plan, the Disclosure Statement, the Plan Supplement, the Plan Documents, the DIP Facility, the DIP Documents, or, in each case, related agreements, instruments, or other documents, or any other act, omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date; *provided*, that if any Released Party directly or indirectly brings or asserts any Claim or Cause of Action that has been released or is contemplated to be released pursuant to the Plan**

**in any way arising out of or related to any document or transaction that was in existence prior to the Effective Date against any other Released Party, and such Released Party does not abandon such Claim or Cause of Action upon request, then the release set forth in the Plan shall automatically and retroactively be null and void ab initio with respect to the Released Party bringing or asserting such Claim or Cause of Action; *provided*, *further*, that the immediately preceding proviso shall not apply to (i) any action by a Released Party in the Bankruptcy Court (or any other court determined to have competent jurisdiction), including any appeal therefrom, to prosecute the amount, priority, or secured status of any prepetition Claim or Administrative Claim against the Debtors or (ii) any release or indemnification provided for in any settlement or granted under any other Final Order (*provided*, that, in the case of the preceding proviso, the Debtors shall retain all defenses related to any such action).**

4. **The foregoing releases in this Article IX.E shall not apply to any Retained Causes of Action or any claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes willful misconduct (including actual fraud) or gross negligence. Notwithstanding anything contained herein to the contrary, the foregoing release shall not release any obligation of any party under the Plan or any document, instrument, or agreement executed to implement the Plan (including the Plan Supplement).**

5. **Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases described in the Plan, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute its finding that each release described in the Plan is (a) in exchange for the good and valuable consideration provided by the Released Parties (including the Released Parties' contributions to facilitate the resolution of the Chapter 11 Cases and implementation of the Plan), a good faith settlement, and compromise of such claims, (b) in the best interests of the Debtors and all Holders of Claims, (c) fair, equitable, and reasonable, (d) given and made after due notice and opportunity for hearing, and (e) subject to the occurrence of the Effective Date, a bar to the Debtors or the Wind-Down Debtors asserting any claim, Cause of Action, or liability related thereto, of any kind whatsoever, against any of the applicable Released Parties or their respective property.**

Article IX of the Plan also provides for voluntary releases by the Releasing Parties (the "**Voluntary Releases**")

6. **Except as otherwise specifically provided for in the Plan or Confirmation Order, on and after the Effective Date and to the fullest extent authorized by applicable law, for good and valuable consideration, including their cooperation and contributions to the Chapter 11 Cases, each Releasing Party shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged the Released Parties from any and all claims, interests, obligations, debts, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, asserted or unasserted, existing or hereinafter arising, in law, equity, or otherwise, whether for tort, fraud, contract, violations of federal, state, foreign, or other applicable laws, or otherwise, including Avoidance Actions, those Causes of Action based on veil piercing or alter-ego theories of liability, contribution, indemnification, joint liability, or otherwise that such Releasing Party would have been legally entitled to assert (whether individually or collectively), based on, relating to, or in any manner arising from, in whole or in part, the following:**

a. **the Debtors, the Wind-Down Debtors, the Plan Administrator, the Chapter 11 Cases, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions, or the formulation, preparation, marketing, dissemination, negotiation, or Filing of the DIP Facility, the DIP Documents, the Plan, the Plan Documents, the Disclosure Statement, the Loan Documents, any settlement, contract, instrument, release, or other agreement or document created or entered into in connection therewith, any prepetition transactions, or in the Chapter 11 Cases, and any other prepetition or post-petition act taken or omitted to be taken in connection with or in contemplation of the Chapter 11 Cases, the liquidation of the Debtors, or the administration of, or property to be distributed under, the Plan;**

b. **any Plan Document, contract, instrument, release, or other agreement or document (including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by, or in furtherance of, the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Plan or the Disclosure Statement;**

c. **the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between the Debtors and any Released Party (excluding any assumed Executory Contract or Unexpired Lease), the restructuring of Claims or Interests prior to or in the Chapter 11 Cases;**

d. **the negotiation, formulation, marketing, preparation, or performance of or under the Plan, the Disclosure Statement, the Plan Supplement, the Plan Documents, the DIP Facility, the DIP Documents, or, in each case, related agreements, instruments, or other documents, or any other act, omission, transaction, agreement,**

**event, or other occurrence taking place on or before the Effective Date; *provided*, that if any Released Party directly or indirectly brings or asserts any claim or Cause of Action that has been released or is contemplated to be released pursuant to the Plan in any way arising out of or related to any document or transaction that was in existence prior to the Effective Date against any other Released Party, and such Released Party does not abandon such claim or Cause of Action upon request, then the release set forth in the Plan shall automatically and retroactively be null and void ab initio with respect to the Released Party bringing or asserting such claim or Cause of Action; *provided*, *further*, that the immediately preceding proviso shall not apply to (i) any action by a Released Party in the Bankruptcy Court (or any other court determined to have competent jurisdiction), including any appeal therefrom, to prosecute the amount, priority, or secured status of any prepetition Claim or Administrative Claim against the Debtors or (ii) any release or indemnification provided for in any settlement or granted under any other Final Order (*provided*, that, in the case of the proceeding proviso, the Debtors shall retain all defenses related to any such action).**

7. **The foregoing releases in this Article IX.F shall not apply to any Retained Causes of Action or any claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes willful misconduct (including actual fraud) or gross negligence. Notwithstanding anything contained herein to the contrary, the foregoing releases shall not release any obligation of any party under the Plan or any document, instrument, or agreement executed to implement the Plan (including the Plan Supplement).**

8. **Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases described in the Plan, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute its finding that each release described in the Plan is a. in exchange for the good and valuable consideration provided by the Released Parties, a good faith settlement, and compromise of such claims, b. in the best interests of the Debtors and all Holders of Claims, c. fair, equitable, and reasonable, d. given and made after due notice and opportunity for hearing, and e. subject to the occurrence of the Effective Date, a bar to the Releasing Party asserting any claim, Cause of Action, or liability related thereto, of any kind whatsoever, against any of the applicable Released Parties or their respective property.**

Article IX of the Plan also provides for an injunction (the "**Injunction**")

9. **Except as otherwise specifically provided in the Plan, the Confirmation Order, or any Final Order entered by the Bankruptcy Court in the Chapter 11 Cases, all Entities who have held, hold, or may hold claims, interests, Causes of Action, or liabilities that arose prior to the Effective Date, and all other parties in interest, along with their respective Related Parties, are permanently enjoined, from and after the Effective Date, on account of, in connection with, or with respect to any such claim, interest, Cause of Action, or liability for which an Exculpated Party has been exculpated under** Error! Reference source not found. **of the Plan or for which a Released Party has been released under** Error! Reference source not found. **or** Error! Reference source not found. **of the Plan (as applicable), from (1) commencing or continuing in any manner any action or other proceeding on account of, in connection with, or with respect to any such claims, interests, Causes of Action, or liabilities released, exculpated, or settled pursuant to the Plan, other than to enforce any right to a distribution pursuant to the Plan, (2) the enforcement, attachment, collection, or recovery by any manner or means of any judgment, award, decree, or order against any Released Party or Exculpated Party, or the property or interest in property thereof, on account of, in connection with, or with respect to any such claims, interests, Causes of Action, or liabilities released, exculpated, or settled pursuant to the Plan, other than to enforce any right to a Plan Distribution, (3) creating, perfecting, or enforcing any Lien or encumbrance against any Released Party or Exculpated Party, or the property or interest in property thereof, on account of, in connection with, or with respect to any such claims, interests, Causes of Action, or liabilities released, exculpated, or settled pursuant to the Plan, other than to enforce any right to a Plan Distribution, (4) asserting any right of setoff or subrogation against any obligation due from any Released Party or Exculpated Party, or against the property or interest in property thereof, on account of, in connection with, or with respect to any such claims, interests, Causes of Action, or liabilities released, exculpated, or settled pursuant to the Plan, notwithstanding an indication of a claim, interest, Cause of Action, or liability or otherwise that such Entity asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise, except to the extent that (a) a right to setoff is asserted with respect to a Proof of Claim that explicitly preserves such setoff and is timely and properly Filed by the Effective Date or pursuant to section 502(h) of the Bankruptcy Code and Bankruptcy Rule 3002(c)(3) or (b) such Entity was excused from Filing or otherwise not required to File a Proof of Claim pursuant to a Final Order of the Bankruptcy Court, and (5) interfering with the implementation or Consummation of the Plan or any of the Plan Documents. Such injunction shall extend to any successors or assignees of the Released Parties and Exculpated Parties and their respective properties and interest in properties. Each of the Debtors, the Wind-Down Debtors, the Plan Administrator, the Exculpated Parties, and the Released Parties is expressly authorized hereby to seek the enforcement of such injunctions.**

10. **No Entity may commence, continue, amend, or otherwise pursue, join in, or support any other Entity commencing, continuing, amending, or pursuing, a Cause of Action or claim of any kind against any Released Party or Exculpated Party, as applicable, that arose, arises from, or is reasonably likely to arise from, or relates to or is reasonably likely to relate to, any claim subject to Articles IX.D, E, or F of the Plan without first (1) requesting a determination from the Bankruptcy Court, after notice (to all affected**

**parties) and a hearing, that such claim or Cause of Action, as applicable, represents a colorable claim against a Debtor or a Released Party, as applicable, and is not a claim or Cause of Action that was released or exculpated under or pursuant to the Plan, which request must attach the complaint or petition proposed to be filed by the requesting Entity (which complaint or petition must satisfy the applicable Rules of Federal Procedure), and (2) obtaining from the Bankruptcy Court, in the form of a Final Order, specific authorization for such Entity to bring such claim or Cause of Action, as applicable, against a Debtor or any other Released Party or Exculpated Party, as applicable. Any such request shall include a proposed attorney fee reserve, subject to modification by the Bankruptcy Court, that shall be deposited to the Bankruptcy Court's registry to indemnify all potential defendants against costs associated with the successful defense of any claim that is allowed to proceed. For the avoidance of doubt, any Entity that obtains such determination and authorization and subsequently wishes to amend the authorized complaint or petition to add any claim or Cause of Action, not explicitly included in the authorized complaint or petition must first obtain authorization from the Bankruptcy Court *before* filing any such amendment in the court where such complaint or petition is pending. The Bankruptcy Court shall have sole and exclusive jurisdiction to determine whether a claim or Cause of Action, is colorable and, only to the extent legally permissible, shall have jurisdiction to adjudicate the underlying colorable claim or Cause of Action.**

<u>Article IX of the Plan also provides for a Setoff and Recoupment</u>

**Except as otherwise expressly provided for in the Plan or the Confirmation Order, each Debtor and Wind-Down Debtor, as applicable, pursuant to the Bankruptcy Code (including section 553 of the Bankruptcy Code), applicable non-bankruptcy law, or as may be agreed to by the Holder of a Claim, may, but shall not be required to, set off or recoup (to the extent applicable) against any Allowed Claim and any Plan Distribution to be made on account of such Claim, any and all claims, rights, and Causes of Action of any nature that such Debtor or Wind-Down Debtor, as applicable, may have against the Holder of such Claim pursuant to the Bankruptcy Code or applicable non-bankruptcy law, to the extent such Claims, rights, or Causes of Action against such Holder have not been otherwise compromised or settled on or prior to the Effective Date (whether pursuant to the Plan or otherwise); *provided*, that neither the failure to effect such a setoff or recoupment nor the allowance of any Claim shall constitute a waiver, abandonment, or release by such Debtor, or Wind-Down Debtor, of any such claims, rights, and Causes of Action that they may have against such Holder. Except as otherwise specifically provided in the Plan, including <u>Article IX.G</u>, nothing herein shall (1) alter any rights of setoff or recoupment (to the extent available under applicable law) of any Holder of an Allowed Claim or Allowed Administrative Claim against the Debtors or Wind-Down Debtors (as applicable) or (2) constitute a waiver of the rights, claims, or defenses of the Debtors, the Wind-Down Debtors, or any other party in interest to dispute such rights of setoff or recoupment on any grounds. In no event shall any Holder of a Claim be entitled to set off any such Claim against any Claim, right, or Cause of Action of the Debtor, unless (1) such Holder has indicated in any timely and properly Filed Proof of Claim or otherwise that such Holder asserts, has, or intends to preserve any right of setoff pursuant to section 553 of the Bankruptcy Code or otherwise or (2) such Holder was not required to File a Proof of Claim pursuant to a Final Order of the Bankruptcy Court (including the Bar Date Order).**

# Exhibit 5

## Plan Supplement Notice

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SLEEP NUMBER CORPORATION,** ***et al.*****,** | **Case No. 26-11399 (KYP)** |
| **Debtors.**[1] | **Jointly Administered** |

# NOTICE OF FILING OF PLAN SUPPLEMENT

**PLEASE TAKE NOTICE** that, on June 12, 2026 (the "**Petition Date**"), the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") commenced cases by filing petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Court**").

**PLEASE TAKE FURTHER NOTICE** that, on September 4, 2026, the Debtors filed the *Joint Chapter 11 Plan of Liquidation of Sleep Number Corporation and its Debtor Affiliates* [ECF No. 616] and the related disclosure statement [ECF No. 617] (including all appendices, exhibits, schedules, and supplements, and as altered, amended, supplemented, or otherwise modified from time to time in accordance therewith, the "**Plan**" and "**Disclosure Statement**," respectively).[2]

**PLEASE TAKE FURTHER NOTICE** that, on [•], 2026, the Court entered an order (the "**Disclosure Statement Order**") approving the Disclosure Statement as containing adequate information, in compliance with section 1125(a) of the Bankruptcy Code, for the purpose of soliciting votes on the Plan. The Disclosure Statement Order also, among other things, (a) approved the form of the Ballot, the Solicitation Package, and other related notices, (b) established certain dates and deadlines in connection with the solicitation and confirmation of the Plan, and (c) scheduled a hearing for confirmation of the Plan.

**PLEASE TAKE FURTHER NOTICE** that the Debtors hereby file this Plan Supplement in accordance with that deadline. This Plan Supplement includes the following materials in connection with Confirmation, as may be amended, modified, or supplemented from time to time by the Debtors, in accordance with the Plan: [•] and [•] any other documentation that is contemplated by the Plan.

---

[1] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Sleep Number Corporation (7886); Select Comfort Retail Corporation (9757); Select Comfort Canada Holding Inc. (4273); Select Comfort SC LLC (5901); and Sleep Number Health Corporation (2499). The Debtors' mailing address is 1001 Third Avenue South, Minneapolis, MN 55404.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Disclosure Statement Order or Plan, as applicable.

**PLEASE TAKE FURTHER NOTICE** that the forms of documents contained in the Plan Supplement are integral to, and are considered part of, the Plan. If the Plan is confirmed, the documents contained in the Plan Supplement will be approved by the Court pursuant to the order confirming the Plan.

**PLEASE TAKE FURTHER NOTICE** that the hearing at which the Court will consider confirmation of the Plan (the "**Confirmation Hearing**") will commence on **December 3, 2026 at 10:00 a.m.**[3], before the Honorable Kyu Y. Paek, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004-1408, in person and/or via Zoom for Government. Parties wishing to appear at or attend the Confirmation Hearing in person or via Zoom (whether "live" or "listen only") must register their appearance at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl **by 4:00 p.m. two (2) Business Days before the Confirmation Hearing**. Parties who timely register their appearance will receive an invitation from the Court with a Zoom link allowing them to attend the Confirmation Hearing.

**PLEASE TAKE FURTHER NOTICE** that the Confirmation Hearing may be continued from time to time by the Court or the Debtors without further notice other than by such adjournment being announced in open court and/or by a notice of adjournment filed with the Court **and served on all parties entitled to notice.**

**PLEASE TAKE FURTHER NOTICE** that the deadline for filing objections to the Plan is **November 20, 2026, at 12:00 p.m.** (the "**Objection Deadline**"). Objections to confirmation of the Plan, if any, must (a) be in writing, in English, and in text-searchable format, (b) comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules for the Southern District of New York, and any orders of the Court, (c) state, with specificity, the legal and factual bases thereof and, if practicable, a proposed modification to the Plan that would resolve such objection, (d) be filed with the Court no later than the Objection Deadline, and (e) be served on the following parties so as to be actually received prior to the Objection Deadline: (i) the Chambers of the Honorable Kyu Y. Paek, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004-1408; (ii) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Brian M. Resnick, Angela M. Libby, Stephen D. Piraino, Richard J. Steinberg, Sihui (Sophy) Ma, and Mordechai Rivkin), counsel to the Debtors; (iii) Pachulski Stang Ziehl & Jones LLP, 1700 Broadway, 36th Floor, New York, NY 10019 (Attn: Robert J. Feinstein, Bradford J. Sandler, Theodore S. Heckel, Sr. and Shirley S. Cho), counsel to the Official Committee of Unsecured Creditors; (iv) Faegre Drinker Biddle & Reath LLP, 2200 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN (Attn: Michael R. Stewart and Adam C. Ballinger), counsel to the Administrative Agent; (v) U.S. Department of Justice, Office of the U.S. Trustee, Alexander Hamilton U.S. Custom House, One Bowling Green, Rm. 534, New York, New York 10004 (Attn: Andrea B. Schwartz and Daniel Rudewicz). **UNLESS AN OBJECTION IS TIMELY AND PROPERLY SERVED AND FILED IN**

[3] All times herein are expressed in prevailing Eastern Time.

**ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE COURT.**

**PLEASE TAKE FURTHER NOTICE** that copies of the Plan Supplement, Plan, Disclosure Statement, any other materials related to the Plan and Disclosure Statement (except for the Ballot), and any other document filed publicly in the Chapter 11 Cases, are available free of charge at https://restructuring.ra.kroll.com/SleepNumber/ (the "**Case Information Website**"). The Claims and Solicitation Agent may be contacted **by: (a) calling (844) 408-3387 (US/Canada, Toll-Free) or +1 (646) 825-3128 (International, Toll) or (b) emailing SleepNumberInfo@ra.kroll.com with reference to "Sleep Number Corporation" in the subject line**.

[*Remainder of Page Intentionally Left Blank*]

Dated: [•], 2026
New York, New York

DAVIS POLK & WARDWELL LLP

By: */s/*

450 Lexington Avenue
New York, NY 10017
Tel.: (212) 450-4000
Brian M. Resnick
Angela M. Libby
Stephen D. Piraino
Richard J. Steinberg
Sihui (Sophy) Ma
Mordechai Rivkin

*Counsel to the Debtors*
*and Debtors in Possession*

**Exhibit 6**

**Publication Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **SLEEP NUMBER CORPORATION,** ***et al.*****,** | **Case No. 26-11399 (KYP)** |
| **Debtors.**[1] | **Jointly Administered** |

**NOTICE OF HEARING TO CONSIDER CONFIRMATION OF THE JOINT CHAPTER 11 PLAN OF LIQUIDATION OF SLEEP NUMBER CORPORATION AND ITS DEBTOR AFFILIATES AND RELATED VOTING AND OBJECTION DEADLINES**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. On June 12, 2026 (the "**Petition Date**"), the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") commenced cases by filing petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Court**").

2. Reference is made herein to the *Joint Chapter 11 Plan of Liquidation of Sleep Number Corporation and its Debtor Affiliates* [ECF No. 616] and the related disclosure statement [ECF No. 617] (including all appendices, exhibits, schedules, and supplements, and as altered, amended, supplemented, or otherwise modified from time to time in accordance therewith, the "**Plan**" and "**Disclosure Statement**," respectively).[2]

3. On [●], 2026, the Court entered an order (the "**Disclosure Statement Order**") approving the Disclosure Statement as containing adequate information, in compliance with section 1125(a) of the Bankruptcy Code, for the purpose of soliciting votes on the Plan. The Disclosure Statement Order also, among other things, (a) approved the form of the Ballot, the Solicitation Package, and other related notices, (b) established certain dates and deadlines in connection with the solicitation and confirmation of the Plan, and (c) scheduled a hearing for confirmation of the Plan.

**Confirmation Hearing**

4. The hearing at which the Court will consider Confirmation of the Plan (the "**Confirmation Hearing**") will commence on **December 3, 2026 at 10:00 a.m.**,[3] before the Honorable Kyu Y. Paek, United States Bankruptcy Court for the Southern District of New York,

[1] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Sleep Number Corporation (7886); Select Comfort Retail Corporation (9757); Select Comfort Canada Holding Inc. (4273); Select Comfort SC LLC (5901); and Sleep Number Health Corporation (2499). The Debtors' mailing address is 1001 Third Avenue South, Minneapolis, MN 55404.
[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Disclosure Statement Order or Plan, as applicable.
[3] All times herein are expressed in prevailing Eastern Time.

One Bowling Green, New York, New York 10004, in person and/or via Zoom for Government. Parties wishing to appear at or attend the Confirmation Hearing in person or via Zoom (whether "live" or "listen only") must register their appearance at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl **by 4:00 p.m. two (2) Business Days in advance of the Confirmation Hearing**. Parties who timely register their appearance will receive an invitation from the Court with a Zoom link allowing them to attend the Confirmation Hearing.

5. The Confirmation Hearing may be adjourned or continued from time to time by the Court or the Debtors by announcement of the adjournment or continuance at a hearing before the Court or by filing a notice on the Court's docket.

6. The Debtors may, without further order of the Court, make non-substantive or immaterial changes to the Plan and related documents without further order of the Court, including changes to correct typographical and grammatical errors, and to make conforming changes among such documents when, in the Debtors' reasonable discretion, doing so would better facilitate the solicitation or confirmation process.

**Objections to Plan Confirmation**

7. The deadline for filing objections to the Plan is **November 20, 2026, at 12:00 p.m.** (the "**Objection Deadline**").

8. Objections to confirmation of the Plan, if any, must (a) be in writing, in English, and in text-searchable format, (b) comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules for the Southern District of New York, and any orders of the Court, (c) state, with specificity, the legal and factual bases thereof and, if practicable, a proposed modification to the Plan that would resolve such objection, (d) be filed with the Court no later than the Objection Deadline, and (e) be served on the following parties so as to be actually received prior to the Objection Deadline:

(i) the Chambers of the Honorable Kyu Y. Paek, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004;

(ii) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Brian Resnick, Angela Libby, Stephen Piraino, Richard Steinberg, Sihui (Sophy) Ma, and Mordechai Rivkin), counsel to the Debtors;

(iii) Pachulski Stang Ziehl & Jones LLP (Attn: Robert J. Feinstein, Bradford Sandler, Malhar Pagay, and Maxim Litvak), counsel to the Official Committee of Unsecured Creditors appointed in these cases;

(iv) Faegre Drinker Biddle & Reath LLP, 2200 Wells Fargo Center, 90 S. 7th Street, Minneapolis, MN 55402 (Attn: Michael R. Stewart and Adam C. Ballinger), counsel to the Administrative Agent; and

(v) U.S. Department of Justice, Office of the U.S. Trustee, Alexander Hamilton U.S. Custom House, One Bowling Green, Rm. 534, New York, New York 10004 (Attn: Andrea B. Schwartz and Daniel Rudewicz).

**UNLESS AN OBJECTION IS TIMELY AND PROPERLY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE COURT.**

## Voting

9. Pursuant to the Plan, the Debtors created the following Classes of Claims and Interests:

| Class | Claims or Interests | Status | Voting Rights |
|---|---|---|---|
| 1 | Other Secured Claims | Unimpaired | Deemed to Accept |
| 2 | Other Priority Claims | Unimpaired | Deemed to Accept |
| 3 | Prepetition Loan Claims | Impaired | Entitled to Vote |
| 4 | General Unsecured Claims | Impaired | Entitled to Vote |
| 5 | Prepetition Intercompany Claims | Impaired | Presumed to Reject |
| 6 | Section 510(b) Claims | Impaired | Presumed to Reject |
| 7 | Existing Interests | Impaired | Presumed to Reject |
| 8 | Intercompany Interests | Impaired | Presumed to Reject |

10. A Holder's ability to vote on the Plan depends on, among other things, which Class its Claim is in, as set forth in the table above, and whether it held such Claim on **October 8, 2026** (the "**Voting Record Date**"). The Debtors are soliciting votes on the Plan from Holders of Claims classified in Classes 3 and 4 of the Plan (the "**Voting Classes**" and, Holders of Claims in such Classes, the "**Voting Holders**"). Detailed instructions regarding how to vote on the Plan are contained on the ballot (the "**Ballot**") distributed to Voting Holders. To be counted as a vote on the Plan, each Ballot must be completed, executed, and returned in accordance with the instructions that were transmitted on or with such Ballot, such that the Ballot is actually received by the Claims and Solicitation Agent by **November 20, 2026, at 4:00 p.m. (prevailing Eastern Time)** (the "**Voting Deadline**"). Except to the extent that the Debtors so determine or as permitted by the Court, Ballots that are received after the Voting Deadline will not be counted or otherwise used by the Debtors in connection with the Debtors' request for Confirmation of the Plan (or any permitted modification thereof). Any Ballot that does not comply with the instructions that were transmitted with such Ballot or does not comply with the Disclosure Statement Order may not be counted.

11. Holders, other than those in Class 5 and Class 8, of: (a) Unimpaired Claims and Interests and (b) Claims and Interests that will receive no distribution under the Plan are not entitled to vote on the Plan and, therefore, will receive a Notice of Non-Voting Status instead of a Ballot. If you have not received a Ballot (or you have received a Ballot listing an amount you believe to

be incorrect) or if the Solicitation and Voting Procedures otherwise state that you are not entitled to vote on the Plan, but you believe that you should be entitled to vote on the Plan (or vote an amount different than the amount listed on your Ballot), then you must serve on the Debtors and file with the Court a motion pursuant to Bankruptcy Rule 3018(a) (a "**Rule 3018(a) Motion**") for an order temporarily allowing your Claim for purposes of voting to accept or reject the Plan. The applicable Holder will not be entitled to vote to accept or reject the Plan on account of the disputed portion of such Claim unless either of the following events (each a "**Resolution Event**") occurs no later than two (2) Business Days prior to the Voting Deadline: (x) an order of the Court is entered temporarily allowing such Claim for voting purposes only pursuant to Bankruptcy Rule 3018(a), after notice and a hearing; or (y) a stipulation or other agreement is executed between the Holder of such Claim and the applicable Debtor allowing such Claim (temporarily for voting purposes) or permanently in an agreed upon amount. In accordance with Bankruptcy Rule 3018, as to any creditor filing a Rule 3018(a) Motion, such creditor's Ballot will not be counted unless temporarily allowed by the Court for voting purposes after notice and a hearing. Rule 3018(a) Motions that are not timely filed and served in the manner as set forth above may not be considered.

**Effects of Confirmation and Plan Implementation**

12. If the Plan is confirmed by the Court, all Holders of Claims against and Interests in the Debtors (including those Holders who are not entitled to vote on the Plan) will be bound by the confirmed Plan and the transactions contemplated thereby.

13. Following Confirmation, subject to satisfaction or waiver of the conditions precedent in Article X of the Plan, the Plan will be consummated on the Effective Date. Among other things, on the Effective Date, certain release, injunction, exculpation, and discharge provisions—which are integral to the Restructuring Transactions—set forth in Article IX of the Plan will become effective.

**YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED THEREBY. THE PLAN'S RELEASES, EXCULPATION, AND INJUNCTION PROVISIONS ARE ATTACHED FOR YOUR CONVENIENCE AS SCHEDULE 1 HERETO.**

**ALL HOLDERS OF CLAIMS IN VOTING CLASSES THAT TIMELY AND PROPERLY RETURN A BALLOT AND DO NOT ELECT TO OPT OUT OF THE RELEASES CONTAINED IN ARTICLE IX OF THE PLAN, BY CHECKING THE OPT-OUT BOX ON A BALLOT OR FILING AN OBJECTION TO SUCH RELEASES, WILL BE DEEMED TO HAVE EXPRESSLY, UNCONDITIONALLY, GENERALLY, INDIVIDUALLY, AND COLLECTIVELY CONSENTED TO THE RELEASE OF ALL CLAIMS AND CAUSES OF ACTION AGAINST THE DEBTORS AND THE RELEASED PARTIES. BY OBJECTING TO OR ELECTING TO OPT OUT OF THE RELEASES SET FORTH IN ARTICLE IX OF THE PLAN, YOU MAY FOREGO THE BENEFIT OF OBTAINING THE RELEASES UNDER ARTICLE IX OF THE PLAN IF YOU WOULD OTHERWISE BE A RELEASED PARTY IN CONNECTION THEREWITH. PLEASE BE ADVISED THAT ANY RECOVERY YOU MAY BE ENTITLED TO UNDER THE PLAN**

**WILL BE THE SAME REGARDLESS OF WHETHER YOU OPT OUT OF THE RELEASES UNDER ARTICLE IX OF THE PLAN.**

14. Copies of the Plan, Disclosure Statement, Disclosure Statement Order, any other solicitation materials (except for the Ballot), and any other document filed publicly in the Chapter 11 Cases, are available free of charge at https://restructuring.ra.kroll.com/SleepNumber/ (the "**Case Information Website**"). The Claims and Solicitation Agent may be contacted at SleepNumberinfo@ra.kroll.com.

[*Remainder of Page Intentionally Left Blank*]

Dated: [•], 2026
New York, New York

DAVIS POLK & WARDWELL LLP

*/s/*

450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4000
Brian M. Resnick
Angela M. Libby
Stephen D. Piraino
Richard J. Steinberg
Sihui (Sophy) Ma
Mordechai Rivkin

## Schedule 1

**Exculpation, Release, and Injunction Provisions in the Plan**

Article IX of the Plan Provides for an exculpation (the "**Exculpation**")

11. **Pursuant to sections 1123(b) and 105(a) of the Bankruptcy Code, to the fullest extent permitted by applicable law, and except as otherwise specifically provided for in the Plan or Confirmation Order, none of the Exculpated Parties shall have or incur any liability for, and each Exculpated Party is released, discharged, and exculpated from any Cause of Action for any claim related to, any act or omission in connection with, related to, or arising out of the Chapter 11 Cases, the formulation, preparation, marketing, dissemination, negotiation, filing, or pursuit of approval, confirmation, or consummation of the DIP Facility, the DIP Documents, the Plan (including the Plan Supplement and other Plan Documents), the Disclosure Statement, the Sale Transaction, or any settlement, contract, instrument, release, or other agreement or document created or entered into in connection therewith or in the Chapter 11 Cases, and any other act taken or omitted to be taken in connection with or in contemplation of the Chapter 11 Cases, the liquidation of the Debtors, the Sale Transaction, or the administration of, or property to be distributed under, the Plan (including the issuance and distribution of any interests issued or to be issued under or in connection with the Plan), except for claims related to any act or omission that is determined in a Final Order to have constituted willful misconduct (including actual fraud) or gross negligence. Notwithstanding anything to the contrary herein, the scope of claims subject to exculpation pursuant to this** Error! Reference source not found. **is temporally limited to claims arising during the period between the commencement of the Chapter 11 Cases and the Effective Date. Each Exculpated Party shall be entitled to reasonably rely upon the advice of counsel concerning its duties and responsibilities pursuant to, or in connection with, the Plan, to the extent permitted by and under applicable law.**

12. **The Exculpated Parties have, and upon Confirmation of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code with regard to the solicitation of votes on, and distribution of consideration pursuant to, the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan. To the extent that any of the Exculpated Parties owed fiduciary duties to the Debtors, their Estates, or the Bankruptcy Court in connection with the Chapter 11 Cases, the Exculpated Parties have, and upon Confirmation of the Plan shall be deemed to have, fully, completely, professionally, and admirably satisfied such duties.**

Article IX of the Plan also provides for releases by the Debtors (the "**Debtors' Releases**")

13. **Pursuant to section 1123(b) of the Bankruptcy Code, and except as otherwise specifically provided for in the Plan or Confirmation Order, on and after the Effective Date, for good and valuable consideration, including their cooperation and contributions to the Chapter 11 Cases, the Released Parties shall be deemed released and discharged by the**

**Debtors, the Wind-Down Debtors, their Estates, and the Plan Administrator from any and all claims, obligations, debts, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, asserted or unasserted, existing or hereinafter arising, in law, equity, or otherwise, whether for tort, fraud, contract, violations of federal, state, foreign, or other applicable laws, or otherwise, including Avoidance Actions, those Causes of Action based on veil piercing or alter-ego theories of liability, contribution, indemnification, lender liability, joint liability, or otherwise that the Debtors, the Wind-Down Debtors, their Estates, and the Plan Administrator and their respective Affiliates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Entity or that any Holder of a Claim or Interest or other Entity would have been legally entitled to assert derivatively for or on behalf of the Debtors, the Wind-Down Debtors, their Estates, or the Plan Administrator, or their respective Affiliates, based on, relating to, or in any manner arising from, in whole or in part, the following:**

a. **the Debtors, the Wind-Down Debtors, the Plan Administrator, the Chapter 11 Cases, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions, or the formulation, preparation, marketing, dissemination, negotiation, or Filing of the DIP Facility, the DIP Documents, the Plan, the Plan Documents, the Disclosure Statement, the Loan Documents, any settlement, contract, instrument, release, or other agreement or document created or entered into in connection therewith, any prepetition transactions, or in the Chapter 11 Cases, and any other prepetition or post-petition act taken or omitted to be taken in connection with or in contemplation of the Chapter 11 Cases, the liquidation of the Debtors, or the administration of, or property to be distributed under, the Plan;**

b. **any Plan Document, contract, instrument, release, or other agreement or document (including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by, or in furtherance of, the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Plan or the Disclosure Statement;**

c. **the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, or the business or contractual arrangements between the Debtors and any Released Party (excluding any assumed Executory Contract or Unexpired Lease), or the restructuring of Claims or Interests prior to or in the Chapter 11 Cases; and**

d. **the negotiation, formulation, marketing, preparation, or performance of or under the Plan, the Disclosure Statement, the Plan Supplement, the Plan Documents, the DIP Facility, the DIP Documents, or, in each case, related agreements, instruments, or other documents, or any other act, omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date; *provided*, that if any Released Party directly or indirectly brings or asserts any Claim or Cause of Action that has been released or is contemplated to be released pursuant to the Plan**

**in any way arising out of or related to any document or transaction that was in existence prior to the Effective Date against any other Released Party, and such Released Party does not abandon such Claim or Cause of Action upon request, then the release set forth in the Plan shall automatically and retroactively be null and void ab initio with respect to the Released Party bringing or asserting such Claim or Cause of Action; *provided*, *further*, that the immediately preceding proviso shall not apply to (i) any action by a Released Party in the Bankruptcy Court (or any other court determined to have competent jurisdiction), including any appeal therefrom, to prosecute the amount, priority, or secured status of any prepetition Claim or Administrative Claim against the Debtors or (ii) any release or indemnification provided for in any settlement or granted under any other Final Order (*provided*, that, in the case of the preceding proviso, the Debtors shall retain all defenses related to any such action).**

14. **The foregoing releases in this Article IX.E shall not apply to any Retained Causes of Action or any claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes willful misconduct (including actual fraud) or gross negligence. Notwithstanding anything contained herein to the contrary, the foregoing release shall not release any obligation of any party under the Plan or any document, instrument, or agreement executed to implement the Plan (including the Plan Supplement).**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases described in the Plan, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute its finding that each release described in the Plan is 15. in exchange for the good and valuable consideration provided by the Released Parties (including the Released Parties' contributions to facilitate the resolution of the Chapter 11 Cases and implementation of the Plan), a good faith settlement, and compromise of such claims, 16. in the best interests of the Debtors and all Holders of Claims, 17. fair, equitable, and reasonable, 18. given and made after due notice and opportunity for hearing, and 19. subject to the occurrence of the Effective Date, a bar to the Debtors or the Wind-Down Debtors asserting any claim, Cause of Action, or liability related thereto, of any kind whatsoever, against any of the applicable Released Parties or their respective property.**

Article IX of the Plan also provides for voluntary releases by the Releasing Parties (the "**Voluntary Releases**")

20. **Except as otherwise specifically provided for in the Plan or Confirmation Order, on and after the Effective Date and to the fullest extent authorized by applicable law, for good and valuable consideration, including their cooperation and contributions to the Chapter 11 Cases, each Releasing Party shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged the Released Parties from any and all claims, interests, obligations, debts, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, asserted or unasserted, existing or hereinafter arising, in law, equity, or otherwise, whether for tort, fraud, contract, violations of federal, state, foreign, or other applicable laws, or otherwise, including Avoidance Actions, those Causes of Action based on veil piercing or alter-ego theories of liability, contribution, indemnification, joint liability, or otherwise that such Releasing Party would have been legally entitled to assert (whether individually or collectively), based on, relating to, or in any manner arising from, in whole or in part, the following:**

a. **the Debtors, the Wind-Down Debtors, the Plan Administrator, the Chapter 11 Cases, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions, or the formulation, preparation, marketing, dissemination, negotiation, or Filing of the DIP Facility, the DIP Documents, the Plan, the Plan Documents, the Disclosure Statement, the Loan Documents, any settlement, contract, instrument, release, or other agreement or document created or entered into in connection therewith, any prepetition transactions, or in the Chapter 11 Cases, and any other prepetition or post-petition act taken or omitted to be taken in connection with or in contemplation of the Chapter 11 Cases, the liquidation of the Debtors, or the administration of, or property to be distributed under, the Plan;**

b. **any Plan Document, contract, instrument, release, or other agreement or document (including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by, or in furtherance of, the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Plan or the Disclosure Statement;**

c. **the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between the Debtors and any Released Party (excluding any assumed Executory Contract or Unexpired Lease), the restructuring of Claims or Interests prior to or in the Chapter 11 Cases;**

d. **the negotiation, formulation, marketing, preparation, or performance of or under the Plan, the Disclosure Statement, the Plan Supplement, the Plan Documents, the DIP Facility, the DIP Documents, or, in each case, related agreements, instruments, or other documents, or any other act, omission, transaction, agreement,**

**event, or other occurrence taking place on or before the Effective Date; *provided*, that if any Released Party directly or indirectly brings or asserts any claim or Cause of Action that has been released or is contemplated to be released pursuant to the Plan in any way arising out of or related to any document or transaction that was in existence prior to the Effective Date against any other Released Party, and such Released Party does not abandon such claim or Cause of Action upon request, then the release set forth in the Plan shall automatically and retroactively be null and void ab initio with respect to the Released Party bringing or asserting such claim or Cause of Action; *provided*, *further*, that the immediately preceding proviso shall not apply to (i) any action by a Released Party in the Bankruptcy Court (or any other court determined to have competent jurisdiction), including any appeal therefrom, to prosecute the amount, priority, or secured status of any prepetition Claim or Administrative Claim against the Debtors or (ii) any release or indemnification provided for in any settlement or granted under any other Final Order (*provided*, that, in the case of the proceeding proviso, the Debtors shall retain all defenses related to any such action).**

21. **The foregoing releases in this Article IX.F shall not apply to any Retained Causes of Action or any claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes willful misconduct (including actual fraud) or gross negligence. Notwithstanding anything contained herein to the contrary, the foregoing releases shall not release any obligation of any party under the Plan or any document, instrument, or agreement executed to implement the Plan (including the Plan Supplement).**

22. **Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases described in the Plan, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute its finding that each release described in the Plan is a. in exchange for the good and valuable consideration provided by the Released Parties, a good faith settlement, and compromise of such claims, b. in the best interests of the Debtors and all Holders of Claims, c. fair, equitable, and reasonable, d. given and made after due notice and opportunity for hearing, and e. subject to the occurrence of the Effective Date, a bar to the Releasing Party asserting any claim, Cause of Action, or liability related thereto, of any kind whatsoever, against any of the applicable Released Parties or their respective property.**

Article IX of the Plan also provides for an injunction (the "**Injunction**")

23. **Except as otherwise specifically provided in the Plan, the Confirmation Order, or any Final Order entered by the Bankruptcy Court in the Chapter 11 Cases, all Entities who have held, hold, or may hold claims, interests, Causes of Action, or liabilities that arose prior to the Effective Date, and all other parties in interest, along with their respective Related Parties, are permanently enjoined, from and after the Effective Date, on account of, in connection with, or with respect to any such claim, interest, Cause of Action, or liability for which an Exculpated Party has been exculpated under** Error! Reference source not found. **of the Plan or for which a Released Party has been released under** Error! Reference source not found. **or** Error! Reference source not found. **of the Plan (as applicable), from (1) commencing or continuing in any manner any action or other proceeding on account of, in connection with, or with respect to any such claims, interests, Causes of Action, or liabilities released, exculpated, or settled pursuant to the Plan, other than to enforce any right to a distribution pursuant to the Plan, (2) the enforcement, attachment, collection, or recovery by any manner or means of any judgment, award, decree, or order against any Released Party or Exculpated Party, or the property or interest in property thereof, on account of, in connection with, or with respect to any such claims, interests, Causes of Action, or liabilities released, exculpated, or settled pursuant to the Plan, other than to enforce any right to a Plan Distribution, (3) creating, perfecting, or enforcing any Lien or encumbrance against any Released Party or Exculpated Party, or the property or interest in property thereof, on account of, in connection with, or with respect to any such claims, interests, Causes of Action, or liabilities released, exculpated, or settled pursuant to the Plan, other than to enforce any right to a Plan Distribution, (4) asserting any right of setoff or subrogation against any obligation due from any Released Party or Exculpated Party, or against the property or interest in property thereof, on account of, in connection with, or with respect to any such claims, interests, Causes of Action, or liabilities released, exculpated, or settled pursuant to the Plan, notwithstanding an indication of a claim, interest, Cause of Action, or liability or otherwise that such Entity asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise, except to the extent that (a) a right to setoff is asserted with respect to a Proof of Claim that explicitly preserves such setoff and is timely and properly Filed by the Effective Date or pursuant to section 502(h) of the Bankruptcy Code and Bankruptcy Rule 3002(c)(3) or (b) such Entity was excused from Filing or otherwise not required to File a Proof of Claim pursuant to a Final Order of the Bankruptcy Court, and (5) interfering with the implementation or Consummation of the Plan or any of the Plan Documents. Such injunction shall extend to any successors or assignees of the Released Parties and Exculpated Parties and their respective properties and interest in properties. Each of the Debtors, the Wind-Down Debtors, the Plan Administrator, the Exculpated Parties, and the Released Parties is expressly authorized hereby to seek the enforcement of such injunctions.**

24. **No Entity may commence, continue, amend, or otherwise pursue, join in, or support any other Entity commencing, continuing, amending, or pursuing, a Cause of Action or claim of any kind against any Released Party or Exculpated Party, as applicable, that arose, arises from, or is reasonably likely to arise from, or relates to or is reasonably likely to relate to, any claim subject to Articles IX.D, E, or F of the Plan without first (1) requesting a determination from the Bankruptcy Court, after notice (to all affected**

**parties) and a hearing, that such claim or Cause of Action, as applicable, represents a colorable claim against a Debtor or a Released Party, as applicable, and is not a claim or Cause of Action that was released or exculpated under or pursuant to the Plan, which request must attach the complaint or petition proposed to be filed by the requesting Entity (which complaint or petition must satisfy the applicable Rules of Federal Procedure), and (2) obtaining from the Bankruptcy Court, in the form of a Final Order, specific authorization for such Entity to bring such claim or Cause of Action, as applicable, against a Debtor or any other Released Party or Exculpated Party, as applicable. Any such request shall include a proposed attorney fee reserve, subject to modification by the Bankruptcy Court, that shall be deposited to the Bankruptcy Court's registry to indemnify all potential defendants against costs associated with the successful defense of any claim that is allowed to proceed. For the avoidance of doubt, any Entity that obtains such determination and authorization and subsequently wishes to amend the authorized complaint or petition to add any claim or Cause of Action, not explicitly included in the authorized complaint or petition must first obtain authorization from the Bankruptcy Court *before* filing any such amendment in the court where such complaint or petition is pending. The Bankruptcy Court shall have sole and exclusive jurisdiction to determine whether a claim or Cause of Action, is colorable and, only to the extent legally permissible, shall have jurisdiction to adjudicate the underlying colorable claim or Cause of Action.**

<u>Article IX of the Plan also provides for a Setoff and Recoupment</u>

**Except as otherwise expressly provided for in the Plan or the Confirmation Order, each Debtor and Wind-Down Debtor, as applicable, pursuant to the Bankruptcy Code (including section 553 of the Bankruptcy Code), applicable non-bankruptcy law, or as may be agreed to by the Holder of a Claim, may, but shall not be required to, set off or recoup (to the extent applicable) against any Allowed Claim and any Plan Distribution to be made on account of such Claim, any and all claims, rights, and Causes of Action of any nature that such Debtor or Wind-Down Debtor, as applicable, may have against the Holder of such Claim pursuant to the Bankruptcy Code or applicable non-bankruptcy law, to the extent such Claims, rights, or Causes of Action against such Holder have not been otherwise compromised or settled on or prior to the Effective Date (whether pursuant to the Plan or otherwise); *provided*, that neither the failure to effect such a setoff or recoupment nor the allowance of any Claim shall constitute a waiver, abandonment, or release by such Debtor, or Wind-Down Debtor, of any such claims, rights, and Causes of Action that they may have against such Holder. Except as otherwise specifically provided in the Plan, including <u>Article IX.G</u>, nothing herein shall (1) alter any rights of setoff or recoupment (to the extent available under applicable law) of any Holder of an Allowed Claim or Allowed Administrative Claim against the Debtors or Wind-Down Debtors (as applicable) or (2) constitute a waiver of the rights, claims, or defenses of the Debtors, the Wind-Down Debtors, or any other party in interest to dispute such rights of setoff or recoupment on any grounds. In no event shall any Holder of a Claim be entitled to set off any such Claim against any Claim, right, or Cause of Action of the Debtor, unless (1) such Holder has indicated in any timely and properly Filed Proof of Claim or otherwise that such Holder asserts, has, or intends to preserve any right of setoff pursuant to section 553 of the Bankruptcy Code or otherwise or (2) such Holder was not required to File a Proof of Claim pursuant to a Final Order of the Bankruptcy Court (including the Bar Date Order).**

# Exhibit 7

## Cover Letter

**Sleep Number Corporation**
1001 3rd Ave S., Minneapolis, MN 55404
[●], 2026

Re: *Sleep Number Corporation, et al.*, Chapter 11 Case No. 26-11399 (KYP) (Bankr. S.D.N.Y.)

TO ALL HOLDERS OF CLAIMS ENTITLED TO VOTE ON THE PLAN:

Sleep Number Corporation and its subsidiaries (the "**Debtors**")[1] each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York (the "**Court**") on June 12, 2026.

You have received this letter and the enclosed materials because you are entitled to vote on the *Joint Chapter 11 Plan of Liquidation of Sleep Number Corporation and its Debtor Affiliates* (as revised, modified, amended, or supplemented from time to time, the "**Plan**").

On [●], 2026, the Court entered an order (the "**Disclosure Statement Order**"), (a) approving the *Disclosure Statement for the Joint Chapter 11 Plan of Liquidation of Sleep Number Corporation and its Debtor Affiliates* (the "**Disclosure Statement**")[2] as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (b) authorizing the Debtors to solicit votes on the Plan; (c) approving the solicitation materials and documents to be included in the Solicitation Packages (as defined below); (d) approving the Notice of Non-Voting Status and related materials and documents to be included in the Non-Voting Status Notice Packages; and (e) approving procedures for soliciting, receiving, and tabulating votes on the Plan, and for filing objections to the Plan.

**You are receiving this letter because you are entitled to vote on the Plan. Therefore, you should read this letter carefully and discuss it with your attorney. If you do not have an attorney, you may wish to consult one.**
**The Plan contains release, exculpation, and injunction provisions.**
**You may opt out of the Releases provisions**
**by checking the box in Item 3 of your Ballot.**

Your solicitation package, approved by the Court for distribution in connection with the solicitation of votes on the Plan, must contain the following (the "**Solicitation Package**") *provided*, *however*, that in lieu of printing and mailing or emailing copies of the Disclosure Statement Order, Disclosure Statement, and the Plan to all Holders of Claims in the Voting Classes, the Court approved the Debtors providing instructions as part of the Ballot and the Confirmation

[1] The Debtors' names and last four digits of their respective employer identification numbers are as follows: Sleep Number Corporation (7886); Select Comfort Retail Corporation (9757); Select Comfort Canada Holding Inc. (4273); Select Comfort SC LLC (5901); and Sleep Number Health Corporation (2499). The Debtors' mailing address is 1001 Third Avenue South, Minneapolis, MN 55404.

[2] Capitalized terms not otherwise defined herein shall have the same meanings set forth in the Disclosure Statement Order or Plan, as applicable.

Hearing Notice that discusses how to access these documents through the Case Information Website (as defined below):

i. this Cover Letter;

ii. the Confirmation Hearing Notice containing, among other things, instructions on how to access the Disclosure Statement, Plan, and Disclosure Statement Order on the Case Information Website;

iii. the Ballot (also containing instructions on how to access the Disclosure Statement, Plan, and Disclosure Statement Order (without exhibits other than the Solicitation and Voting Procedures) on the Case Information Website) as well as, if applicable, a postage prepaid, pre-addressed return envelope;

iv. the letter from the Committee recommending acceptance of the Plan as appropriate in the Committee's discretion (the "**Committee Letter**"); and

v. any additional documents that the Court has ordered to be included in hard copy format.

The Debtors believe that acceptance of (voting for) the Plan is in the best interests of their estates, Holders of Claims and Interests, and all other parties in interest. Moreover, the Debtors believe that any alternative to the confirmation of the Plan could result in extensive delays and increase administrative expenses, which, in turn, likely would impact any distributions on account of Claims and Interests asserted in the Chapter 11 Cases.

**The Debtors strongly urge you to timely submit your properly executed Ballot casting a vote to accept the Plan in accordance with the instructions in your Ballot. The Voting Deadline is November 20, 2026, at 4:00 p.m. (prevailing Eastern Time)**

The materials in the Solicitation Package are intended to be self-explanatory. If you have any questions, however, please feel free to contact Kroll Restructuring Administration LLC, the claims and solicitation agent retained by the Debtors in these chapter 11 cases (the "**Claims and Solicitation Agent**"), at +1-844-408-3387 (toll-free in the U.S. and Canada), +1-646-825-3128 (international, toll), or SleepNumberInfo@ra.kroll.com. You may also access these materials for a fee via PACER at https://www.nysb.uscourts.gov. Please be advised that the Claims and Solicitation Agent is authorized to answer questions about, and provide additional copies of solicitation materials, but may **not** advise you as to whether you should vote to accept or reject the Plan.

Sincerely,

_________________________________________

Sleep Number Corporation
on its own behalf and for each of the other Debtors

# Exhibit 8

**Committee Letter**

[•], 2026

Re: *In re: Sleep Number Corporation, et al.*,
Case No. 26-11399 (KYP) (Jointly Administered) (Bankr. S.D.N.Y.) (the "Bankruptcy Cases")

**TO CREDITORS HOLDING CLASS 4 GENERAL UNSECURED CLAIMS**

On June 12, 2026 (the "Petition Date"), Sleep Number Corporation and certain of its affiliates (the "Company" or the "Debtors") each filed a voluntary petition with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

On June 23, 2026, the Office of the United States Trustee, a division of the United States Department of Justice, appointed the Official Committee of Unsecured Creditors (the "Committee") in the Bankruptcy Cases. The Committee was appointed to represent the interests of all unsecured creditors in these cases. The current members of the Committee are (i) Horizon Media, LLC; (ii) Leggett & Platt, Inc.; (iii) HomTex Incorporated; (iv) Ryder Transportation Services; (v) GGP Services LLC; (vi) CLAR Minneapolis MN Lessee, LLC; and (vii) Ms. June Evans.

On or about [•], 2026, the Debtors received approval to solicit your vote in connection with the *Joint Chapter 11 Plan of Liquidation of Sleep Number Corporation and Its Debtor Affiliates* [Docket No. 616] (the "Plan"). The Plan is a plan of liquidation that provides for the distribution of the Debtors' remaining assets and the orderly wind-down of the Debtors' Estates. ***After reviewing the Plan, the Committee recommends that holders of general unsecured claims VOTE TO ACCEPT THE PLAN.***

- During the Bankruptcy Cases, the Debtors, in consultation with the Committee, which had engaged in extensive discussions and negotiations with Sleep Country that led to a materially better stalking horse price that gave more benefits and protections to unsecured creditors, ultimately sold substantially all of their assets to Sleep Country pursuant to a sale approved by the Bankruptcy Court. The final sales purchase price was a material increase over the purchaser's starting offer (with $700 million in value being received by the Debtors' estate including over $529 million in cash). However, because the secured claim of the pre-petition secured lenders in these cases (the "Prepetition Lenders") was so high, the substantial increase in the purchase price was insufficient to satisfy the secured debt. The estimated size of the prepetition secured lenders' deficiency claim after application of the sale proceeds was $290 million.

- The Committee engaged in extensive negotiations regarding the treatment of Holders of Class 4 General Unsecured Claims under the Plan with the Debtors and the Prepetition Lenders, which resulted in material improvement to the starting proposed offer. The benefits to unsecured creditors in the Plan were memorialized in a settlement stipulation between the parties set forth at docket number __ as summarized below:

- Holders of Class 4 General Unsecured Claims will receive their Pro Rata share of the ***sum of $3.5 million*** in Cash funded from the Debtors' Estates (the "GUC Trust Assets"), less the fees and expenses of the GUC Trust (such net amount, the "GUC Trust Net Assets").

- The GUC Trust Assets will be contributed to a separate post-confirmation trust (the "GUC Trust") established solely for the benefit of Holders of Allowed Class 4 General Unsecured Claims (excluding the Prepetition Loan Deficiency Claims).

- ***Notably, the significant Prepetition Loan Deficiency Claims are excluded from Class 4 and the Holders of the Prepetition Loan Deficiency Claims will not be beneficiaries of the GUC Trust, meaning that the lenders' deficiency claims will not dilute recoveries to Holders of Class 4 General Unsecured Claims***.

- In addition, the Plan provides for a ***waiver of all preference claims*** against non-insiders, including all of the Debtors' vendors, so unsecured creditors will not be at risk of clawback litigation.

- The Purchaser is in the process of evaluating which executory contracts and real estate leases it may wish to acquire and the Committee anticipates that a significant number of contracts and leases will be assigned to the Purchaser. The Debtors have also satisfied, pursuant to prior Court orders supported by the Committee, approximately $20 million of payments to critical vendors and approximately $16 million owed to vendors who provided goods that qualify for priority treatment under section 503(b)(9) of the Bankruptcy Code will be paid under the Plan. These benefits will lead many unsecured creditors to receive a full or nearly full recovery, and the Committee's negotiations will allow the other "out of the money" unsecured creditors to receive a recovery from the GUC Trust Assets.

Because the Plan provides these benefits to Holders of Class 4 General Unsecured Claims, **the Committee recommends that Holders of Class 4 General Unsecured Claims vote in favor of the Plan. The Committee also supports the releases contained in the Plan.** The Committee believes that the Plan provides for an orderly and efficient wind-down of the Debtors' Estates and the best available recovery for Holders of Class 4 General Unsecured Claims.

**Your vote is important.**

**The Committee strongly urges that you timely vote to ACCEPT the Plan.**

Please contact any of the undersigned counsel for the Committee with any questions.

Robert J. Feinstein, Esq.
Bradford J. Sandler, Esq.
Shirley S. Cho, Esq.

**PACHULSKI STANG ZIEHL & JONES LLP**
1700 Broadway, 36th Floor

New York, NY 10019
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email: bsandler@pszjlaw.com
rfeinstein@pszjlaw.com
scho@pszjlaw.com